UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRIFOLS, S.A. and GRIFOLS SHARED SERVICES NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,<br><br>Defendant. | Index No. 1:24-cv-00576-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>CROSS MOTION TO STRIKE</u>**

Dated: December 20, 2024

*/s/ David S. Korzenik*
David S. Korzenik
Gillian Vernick

**MILLER KORZENIK
SOMMERS RAYMAN LLP**
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
dkorzenik@mkslex.com

*Attorneys for Defendants*

Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck ("Defendants", "Gotham") submit this Memorandum of Law in support of its Cross Motion to Strike prejudicial and impertinent pleadings from the Amended Complaint ("AC") and from Plaintiffs' Memorandum of Law, Dkt. 27, under F.R.C.P. 12(f).

## PRELMINARY STATEMENT

Defendant Daniel Yu ("Yu") is the founder of Gotham City Research LLC, and a veteran investor with an excellent track record. He studied mathematics and finance at MIT, after which he began his career in investment management in New York. After the 2008 financial crisis, Yu transitioned out of finance and into the tech industry. It was during this time, 17 years ago when Yu was in his early twenties, that he was involved in an ill-advised prank. Mr. Yu accepted responsibility for his conduct and paid the required restitution. He has worked hard and successfully to move on from this episode of his life. The referenced "conviction" is plainly irrelevant to any matter at issue in this case and has no possible bearing on it.

Despite that, Plaintiff Grifols, S.A. ("Grifols") repeatedly lobs personal attacks at Mr. Yu in its pleadings for this defamation action, calling Yu a "convicted felon" with a "sordid criminal history" and "criminal enterprise," denigrating him as a "fraudster" and "criminal," who served "multiple stints in jail," and making false claims of "identify theft." No element of any claim in the AC requires these impertinent and immaterial allegations. They are so unrelated to Grifols' claims as to be unworthy of any consideration, serving only to prejudice Gotham. Defendants previously asked Grifols to amend its pleading to remove the inflammatory, scandalous and immaterial shots fired at Mr. Yu. Nevertheless, Grifols persists, also *opening* its opposition brief to Defendant's Motion to Dismiss ("Opp. Mem.", Dkt. 27) by calling Mr. Yu a "convicted criminal and fraudster." This abusive pleading is only intended to harass, embarrass, and

1

prejudice Mr. Yu. We ask the Court to strike them from the pleadings and to strike or redact them from the Opposition brief.

## ARGUMENT

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading… any redundant, immaterial, impertinent, or scandalous matter." The resolution of a motion to strike is "left to the court's discretion." *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991). A motion to strike may be granted upon a showing that the allegations in question have "no possible bearing on" the subject matter of the litigation. *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 894 (2d Cir. 1976). "[W]here the materiality of the alleged matter is highly unlikely or where its effect would be prejudicial, the Court may order it stricken." *Velez v. Lisi*, 164 F.R.D. 165, 166 (S.D.N.Y. 1995). To succeed on a motion to strike surplus material from the pleading, the party must show "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration ... and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *DDR Const. Servs., Inc. v. Siemens Indus., Inc.,* 770 F. Supp. 2d 627, 664 (S.D.N.Y. 2011).

Grifols' unwarranted personal attacks against Mr. Yu "can have no possible bearing on the [] action, and therefore are not "appropriately within the pleadings." *Lipsky,* 551 F.2d at 894. Defendants move to strike the following paragraphs in Grifols' AC:

- ¶ 2: "Defendants are … led by convicted felon Daniel Yu,"
- ¶ 12: "Yu, has served multiple stints in jail, including one jail term after being charged with theft, identity theft, ~~and other financial crimes~~."
- ¶ 12: "Yu formed Gotham as a vehicle and shield for his criminal enterprise,"
- ¶ 51: "Defendants are fraudsters and criminals,"
- Sect. II. A heading: "Daniel Yu is a Convicted Felon,"
- ¶ 96: "Yu has a sordid criminal history and is a convicted felon,"
- ¶ 96: "He has served time in jail for theft and has previously been charged with identity theft and other financial crimes." and

2

- ¶ 97: "In 2013, after being released from jail, Yu ironically began publishing 'reports concerning purported fraud and mismanagement by public companies, using Gotham as his mouthpiece."
-

Defendants also move to strike the following sentence in the preliminary statement of Grifols' Opp. Mem.: "Daniel Yu, is a convicted criminal and fraudster." Opp. Mem., at 1. and elsewhere in the Memorandum in which the same and related allegations appear,

Plaintiffs' AC attempts to plead defamation, unjust enrichment, tortious interference with business, and aiding and abetting stemming from Defendants' publication of a Jan. 9, 2024 report, "*Grifols SA: Scranton and the Undisclosed Debts*" (the "Report"), a report which opines on the economic realities of Grifols, a Spanish pharmaceutical company. As stated above, Mr. Yu was involved in an episode in his early twenties when he was working at a different company in a different industry. In the almost two-decades since, Mr. Yu has moved on with his life, re-entering the financial sector, founding his own company, and earning a reputation as a reputable short researcher and investor. Notwithstanding that many of the allegations made against Mr. Yu are mischaracterized or flatly inaccurate, the Court could take all of statements in the Complaint denigrating Mr. Yu as true and they *still would* have "no possible bearing on the subject matter of the litigation." *Lipsky*, 551 F.2d at 893. No element of any three claims in AC contemplates the criminal history of the speaker or disallows a "felon" or "criminal" from speaking or engaging in business.

The elements of defamation are (1) a written defamatory statement of and concerning plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability. *Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 177 (2d Cir. 2000).

The elements of unjust enrichment are "proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021). The elements of tortious interference with business are "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 547 F.3d 115, 132 (2d Cir. 2008).

In *Velez*, the court denied a motion to strike, finding that allegations that defendants "met and agreed" to "plan to prepare a false 'paper trail'" to incriminate plaintiff and commit perjury were "sufficiently related" to claims that "defendants entered into and acted upon a conspiracy to retaliate against plaintiff." Unlike *Velez*, here, the allegations that Yu is a "convicted felon" and "fraudster" stemming from a 17-year-old matter in another state concerning Yu's former job at a tech company is in no way "sufficiently related" to the claims pled here. *See Velez*, 164 F.R.D. at 167. This case involves a short report by Gotham City Research, a financial publication, opining on the economic substance of Grifols business. These impertinent statements have nothing to do with Yu's work as an activist short or his work at Gotham and GIP. Nor does it have any possible bearing on any other defendant in this action. The prejudicial statements should be stricken as totally immaterial and impertinent in this case. Grifols relies on this in its AC and Opp. Mem. to harass the Defendant and paint its pleadings with a purely and improperly prejudicial brush. These allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration and serve only to prejudice the moving party. They are not appropriate within

the pleadings or any submissions in this case. They should not be seen as acceptable features of any litigation.

## **CONCLUSION**

For the above reasons, the statements should be struck from the pleadings and the Memorandum.


Dated: Dec. 20, 2024                         */s/ David S. Korzenik*

                                             David S. Korzenik
                                             Gillian Vernick
                                             **MILLER KORZENIK**
                                             **SOMMERS RAYMAN LLP**
                                             1501 Broadway, Suite 2015
                                             New York, New York 10036
                                             Tel: 212-752-9200
                                             dkorzenik@mkslex.com