# MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

Jan. 3, 2025

The Honorable Lewis Liman
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Grifols, S.A. et al v. Yu et al.*, No. 1:24-cv-00576-LJL; Motion for Leave, Conference, Procedure and Briefing Schedule for Anti-SLAPP Motion for Fees.

Dear Judge Liman:

      We write on behalf of all defendants. We seek leave to file a motion for legal fees under N.Y. Civ. Rights Law § 70-a(1), which new authority from this federal district found to be permissible in federal court. We seek leave to do so in conjunction with Defendant's fully briefed motion to dismiss, Dkt. 26, and motion to strike, Dkt. 29. We also seek a conference with the Court regarding the anti-SLAPP motion and to set a briefing schedule in which to do so.

      We recently filed the now fully briefed Motion to Dismiss for failure to state a claim under F.R.C.P. 12(b)(6), Dkt. Nos. 26, 28. We did not initially move under § 70-a(1) because Your Honor's ruling in *Brady v. NYP Holdings Inc.,* No. 21-cv-2482, 2922 WL 992631 (S.D.N.Y. March 31, 2022), took the view that § 70-a(1) did not apply in Federal court, but only in New York state court. Since *Brady,* a number of instructive New York rulings on § 70-a(1) have followed. Most recently, Judge J. Paul Oetken ruled 1) that a § 70-a(1) motion for fees could indeed be made in Federal court, 2) that such motion could be made in conjunction with a 12(b)6 motion; and 3) that no independent counterclaim need be initiated as a predicate to any such motion. *Bobulinsky v. Tarlov*, 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024).

      In *Tarlov*, Judge Oetken undertook a comprehensive *Erie* analysis of New York's anti-SLAPP statute regarding mandatory attorneys' fees, § 70-a(1).[1] Judge Oetken found § 70-a(1) to be a *substantive* provision whose "substantial basis" standard governs when a SLAPP defendant can recover damages from being forced to defend a SLAPP. Sect. 70-a(1) was thus deemed applicable in federal court under *Erie*. Judge Oetken respectfully disagreed with the decisions from this federal district finding § 70-a(1) inapplicable in federal court, including the ruling in *Brady.*[2] The court in *Tarlov* found that § 70-a(1) is

---

[1] *Tarlov* involved the very same procedural posture as here: a motion to dismiss under Rule 12(b)(6) of a New York defamation action for failure to state a claim. The plaintiff in *Tarlov* also brought claims of defamation by implication, defamation *per se* and injurious falsehood. Plaintiff here brings parallel defamation, unjust enrichment, tortious interference with business, and aiding and abetting all three above torts.

[2] The briefing by the parties in *Brady* was unusually limited – defendant *N.Y. Post* treated the anti-SLAPP statute in a single footnote in its Memorandum of Law in support of Def.'s Motion to Dismiss.

not a "sanction" but a substantive state-law fee-shifting provision under *Erie*, and thus not in conflict with Rule 11. See *Tarlov*, No. 24-CV-2349-JPO, at 33, fn 24.[3] Judge Oetken found that § 70-a(1) did not conflict with Rule 12(b)(6) because it turned on a completely *different question*, per *Adelson* and *Shady Grove*. *Id*. at 21-25. It is notable too that absence of *plausible* pleading per Rule 12(b)6 would necessarily constitute absence of "*substantial basis*" per § 70-a – a more demanding standard facing a plaintiff.

      The anti-SLAPP motion would supplement and follow the 12(b)(6) motion now fully briefed, Dkt. Nos. 26, 28, and Motion to Strike, Dkt. 29. If Your Honor does not think this procedure is appropriate given the prior ruling in *Brady*, we will bring this anti-SLAPP motion for fees under § 70-a(1) in New York state court. A ruling on this issue now will avoid needless extended motion practice in two courts on this single discrete and purely legal issue. The legal issues as we would frame them are effectively set forth in *Tarlov*.

                                                */s/ David S. Korzenik*

                                                David S. Korzenik

                                                *Counsel for Defendants*

---

[3] One other case that Judge Oetken disagreed with at fn. 24 was by Judge Caproni, *National Academy v. Multimedia*, 551 F. Supp 3d 408 (S.D.N.Y. 2021). But it is quite telling that in a later case, Judge Caproni made clear that her ruling in *National Academy* **should not be read** to say that an anti-SLAPP fee claim cannot be brought in federal court. In *Max v. Lissner*, No. 22-CV-5070 (VEC), 2023 WL 2346365, at *8 (SDNY 2023), *app. dismissed* (2023), Judge Caproni clarified that *Nat'l Academy* and *Carroll* "do not stand for the proposition that the federal courts cannot entertain a claim that a defamation plaintiff violated the substantive state law by commencing a defamation lawsuit in state court based on statements made in connection with an issue of public interest without a substantial basis in fact and law." Thus, Judge Caproni too stepped away from the view that anti-SLAPP is inapplicable in federal court.