

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

January 6, 2025

**Via ECF**

Hon. Lewis J. Liman, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *Grifols, S.A., et al. v. Yu, et al.*
         No. 1:24-cv-00576-LJL

Dear Judge Liman,

      This firm represents Plaintiffs Grifols, S.A. and Grifols Shared Services North America, Inc. ("Grifols"). We write in response to Defendants Daniel Yu, Gotham City Research, LLC, Cyrus De Weck, and General Industrial Partners, LLP's (collectively, "Defendants") request for leave to file a belated anti-SLAPP motion for legal fees under N.Y. Civ. Rights Law § 70-a(1). ECF No. 36. Defendants' untimely request—a meritless litigation tactic designed to manufacture leverage against Grifols—should be denied for multiple reasons.

      First, the Court should deny Defendants' request to seek legal fees under § 70-a(1) for the threshold reason that the Court should deny Defendants' Motion to Dismiss. Grifols' Amended Complaint, as well as its opposition to Defendants' motion, sets forth in detail how Defendants, faced with impending financial losses, crafted a scheme designed to create panic in the market, thereby causing an artificial drop in the value of Grifols' stock and enabling Defendants to reap ill-gotten financial gains. This specific set of facts demonstrates this suit does not—and cannot— quash protected "free speech." A ruling on Defendants' Motion to Dismiss will demonstrate that there indeed is a "substantial basis" for Grifols to bring its claims against Defendants and, in turn, would prohibit Defendants from recovering attorneys' fees under § 70a(1). This alone renders Defendants' proposed motion futile and a waste of judicial resources.[1]

      Second, Defendants' proposed motion is not permitted in federal court. Defendants cite no binding authority that permits a defendant to seek legal fees under New York's anti-SLAPP statute in federal court. The Second Circuit's precedential decision in *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) dictates the analysis this Court must follow to determine whether a provision of a state's anti-SLAPP statute applies in federal court. There, the Second Circuit held that the Court must determine whether any Federal Rule of Civil Procedure answers the same questions as the relevant provision of the state anti-SLAPP statute at issue. *La Liberte*, 966 F.3d at 87. "If so, the Federal Rule governs[.]" *Id.*

---

[1]       At a minimum, any proposed anti-SLAPP motion should be deferred until the Court decides Defendants' Motion to Dismiss.

**Proskauer»**

Hon. Lewis J. Liman, U.S.D.J.
Page 2

When previously faced with this inquiry, Your Honor found that N.Y. Civ. Right Law § 70-a(1) is inapplicable in federal court given it addresses the same question as Fed. R. Civ. P. 11. *Brady v. NYP Holdings, Inc*., No. 21-CV-3482 (LJL), 2022 WL 992631, at *11 (S.D.N.Y. Mar. 31, 2022). Many other courts in this Circuit have found the same, noting conflicts with Rule 12(b)(6) and 56. *See, e.g*., *Coritsidis v Khal Bnei Torah of Mount Ivy*, 22-CV-10502 (CS), 2024 WL 37122, at *6 (S.D.N.Y. Jan. 3, 2024) (finding New York's anti-SLAPP law inapplicable in federal court and denying request for attorneys' fees under the statute); *Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 22-CV-7463 (ALC), 2023 WL 6385993, at *6 (S.D.N.Y. Sept. 29, 2023) (same); *Exec. Park Partners LLC v. Benicci Inc*., No. 22-CV-02560 (PMH), 2023 WL 3739093, at *1 (S.D.N.Y. May 31, 2023) (same); *Prince v. Intercept*, 634 F. Supp. 3d 114, 142 (S.D.N.Y. 2022)(LAP) (same); *Kesner v. Buhl*, 590 F. Supp. 3d 680, 701 (S.D.N.Y. 2022)(PAE) ("[G]ranting relief under [N.Y. Civ. Rights Law] § 70-a would require the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil Procedure."); *Waite v. Gonzalez*, No. 21-CV-2506 (PKC), 2023 WL 2742296, at *12 (E.D.N.Y. Mar. 31, 2023) ("The Court is dubious as to whether New York's anti-SLAPP law applies in federal court.").

Defendants now contend that Your Honor should disregard the overwhelming weight of authority in this Circuit and instead effectively reverse *Brady* to adopt the recent and outlying decision in *Bobulinski v. Tarlov*, No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024). But *Bobulinski* is not persuasive here and does not represent a change in precedent. "[T]he decisions of district courts, even those located within the same district, are not binding on other district courts[.]" *Lohnn v. Int'l Bus. Machines Corp*., No. 21-CV-6379 (LJL), 2022 WL 36420, at *9, n.2 (S.D.N.Y. Jan. 4, 2022) (internal citations omitted). Absent a ruling from the Second Circuit modifying its holding in *La Liberte*, or vacating any of the numerous decisions that relied on the *La Liberte* analysis and contradict *Bobulinski*, no binding authority exists sufficient to permit Defendants to seek fees under § 70-a(1) in this matter.

Third, even if the Court were inclined to entertain Defendants' request, the proposed motion would still be futile when analyzed under their self-serving interpretation of authority. Defendants seek to have their proposed motion scrutinized under *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014), which informed *Bobulinski*. There, the Second Circuit found that Nevada's Anti-SLAPP statute applied in Federal Court because that statute is "***substantive*** within the meaning of *Erie*" and "does not squarely conflict with a valid federal rule." *Adelson*, 774 F.3d at 809 (emphasis added). In *Bobulinski*, the Court found that *La Liberte* was distinguishable and in turn, inapplicable, because the *La Liberte* analysis applied only to federal rules and a California state statute that are "procedural" in nature. *Bobulinski*, 2024 WL 4893277 at *12 ("Here, however, [§ 70a(1)] is not procedural. The only procedural rule that the Court is applying is a federal rule: Rule 12(b)(6). And the only element of New York's anti-SLAPP law that the Court is applying is substantive."). Based on that finding, *Bobulinski* went on to explain that because § 70-a(1) is substantive and Rule 12(b)(6) is procedural in nature, Rule 12(b)(6) "does not answer the question" posed by §70-a(1). *Bobulinski*, 2024 WL 4893277 at *14 (internal quotations omitted).

**Proskauer»**

Hon. Lewis J. Liman, U.S.D.J.
Page 3

Grifols respectfully submits that *Bobulinski* overlooked the fact that other Federal Rules **are** substantive in nature and **do** answer the same question posed by § 70-a(1). As Your Honor noted in *Brady*, Rule 11 answers the same **substantive** questions as §70-(a)1. *Brady*, 2022 WL 992631, at *11. Rule 11 is inherently substantive because sanctions may be awarded only if a plaintiff's claims are frivolous or were brought for an improper purpose. *See* Fed. R. Civ. P. 11(b). Additionally, Rule 11 answers the exact question that is posed by § 70a(1): was the case "commenced or continued without a substantial basis in fact and law." N.Y. Civ. Rights Law § 70-a (1); *see also Bobulinski,* 2024 WL 4893277 at *11. Indeed, a pleading violates "Rule 11 if it is 'frivolous, legally unreasonable, or factually without foundation[.]'" *Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, at *8 (S.D.N.Y. Aug. 22, 2023). Moreover, the relief granted by § 70-a(1), an award of attorney's fees, is also expressly permitted by Rule 11. *See* Fed. R. Civ. P. 11(c)(4); *Pharma Connect, LLC v. Mission Pharmacal Co*., No. 21-CV-11096 (LJL), 2023 WL 112552, at *2 (S.D.N.Y. Jan. 4, 2023) ("For Rule 11 violations, courts may impose a sanction against the offending party including 'an order directing payment ... of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'"). Thus, even if the Court were to scrutinize Defendants' proposed motion under *Adelson*, it should reach the same conclusion it set forth in *Brady*: because it answers the same question as § 70a(1), "Rule 11—and not the anti-SLAPP provision—would govern any application by Defendants for sanctions." *Brady*, 2022 WL 992631 at *11. This also renders Defendants' proposed motion futile.[2]

Finally, Defendants' delay in seeking leave to file their proposed motion is unreasonable, tactical, and requires denial. Defendants concede that they contemplated but ultimately elected not to move for fees pursuant to § 70-a(1) previously. ECF No. 36 at 1. Indeed, in Defendants' June 26, 2024 letter to Grifols, Defendants threatened Grifols with a motion under both the New York and California anti-SLAPP statutes. ECF No. 26-4 at 7. This demonstrates that as of at least June 2024, Defendants claimed they had a sufficient basis to bring such a motion. Yet Defendants failed to seek such relief when they moved to dismiss four months later on October 22, 2024. The sole purported justification that Defendants now offer for changing their mind (now that the briefing on their motion to dismiss has closed) is a recent district court decision in *Bobulinski*. But as explained above, that decision is not precedential, conflicts with other decisions from this Court, and Grifols respectfully submits, is not persuasive. Thus, the Court should not entertain Defendants' belated proposed motion.

We thank the Court for its time and attention and remain available for any questions Your Honor may have.

---

[2]     For clarity, Defendants have not sent a Rule 11 letter to Grifols as required by Fed. R. Civ. P. 11(c)(2). Nor would such a letter have any merit given the validity of Grifols' claims.

Proskauer»

Hon. Lewis J. Liman, U.S.D.J.
Page 4

Respectfully submitted,

*Peter D. Doyle*

Peter D. Doyle