**MILLER KORZENIK SOMMERS RAYMAN LLP**
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

*Via ECF*                                                                                                                                            Jan. 6, 2025
The Honorable Lewis Liman
United States Courthouse
500 Pearl Street
New York, NY 10007

                Re: ***Grifols, S.A. et al v. Yu et al., No. 1:24-cv-00576-LJL***; Reply on Motion for Leave, Conference, Procedure and Briefing Schedule for Anti-SLAPP Fee Motion

Dear Judge Liman:

      We reply on behalf of all Defendants ("Gotham") to Plaintiff Grifols, S.A's ("Grifols") letter in opposition to Defendants request for leave to file a motion for legal fees under N.Y. Civ. R. Law § 70-a(1).

      First, there is no question that Grifols' lawsuit directed against Gotham's Report is "an action involving public petition and participation," defined broadly as a claim based upon **"*any communication*** in a place open to the public…in connection with an ***issue of public interest***." N.Y. Civ. R. Law § 76-a. "'Public interest' shall be defined broadly" as "any subject other than a purely private matter." § 76-a(1)(c). "[C]ases where 'the subject matter was not a matter of legitimate public concern are extremely rare.'" Kesner v. Buhl, 590 F. Supp. 3d 680, 693 (S.D.N.Y. 2022), aff'd sub nom. No. 22-875, 2023 WL 4072929 (2d Cir. June 20, 2023). A report published on the internet about the publicly reported business activities of an international company traded on the New York Stock Exchange is indisputably a "communication…open to the public…in connection with an issue of public interest." *Id*.; *see also Kesner*, 590 F. Supp. 3d at 693 ("reports of improper business practices" were public concern under anti-SLAPP.)

      Second, Grifols asks this Court to disregard *Bobulinski*'s comprehensive analysis in lieu of inapplicable cases, all of which have since been clarified by Judge Caproni in *Max v. Lissner*. *See* Dkt. 37, Def. Ltr., at 2, fn. 3. Judge Caproni expressly stated that *Nat'l Acad.*,[1] *Carroll*,[2] and *Kesner*[3] "do not stand for the proposition that the federal courts cannot entertain a claim that a defamation plaintiff violated the substantive state law by commencing a defamation lawsuit in state court based on statements made in connection with an issue of public interest without a substantial basis in fact and law." *Max v. Lissner*, No. 22-CV-5070 (VEC), 2023 WL 2346365, at *8 (S.D.N.Y. Mar. 3, 2023), *app. dismissed* (June 21, 2023). Yet Grifols' cited cases all expressly rely on that mistaken premise:

---

[1] *Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design*, Inc., 551 F. Supp. 3d 408 (S.D.N.Y. 2021) (Caproni, J.).
[2] *Carroll v. Trump*, 590 F. Supp. 3d 575, 582–85 (S.D.N.Y. 2022).
[3] *Kesner v. Buhl*, 590 F. Supp. 3d 680, 700–01 (S.D.N.Y. 2022) (relying on a misreading of *Nat'l Acad.*).

- Coritsidis v. Khal Bnei Torah of Mount Ivy, No. 22-CV-10502 (CS), 2024 WL 37122, at *6 (S.D.N.Y. Jan. 3, 2024): relying on cases citing *Nat'l Acad.,*
- Prince v. Intercept, 634 F. Supp. 3d 114, 141 (S.D.N.Y. 2022): relying on *Nat'l Acad.* and *Carroll*,
- Editor's Pick Luxury LLC v. Red Points Sols. SL, No. 1:22-CV-07463 (ALC), 2023 WL 6385993, at *6 (S.D.N.Y. Sept. 29, 2023): relying on *Nat'l Acad.*,
- Exec. Park Partners LLC v. Benicci Inc., No. 22-CV-02560 (PMH), 2023 WL 3739093, at *7 (S.D.N.Y. May 31, 2023): relying on *Prince*,
- Waite v. Gonzalez, No. 21CV2506PKCRLM, 2023 WL 2742296, at *12 (E.D.N.Y. Mar. 31, 2023): declining to address the question, relying on *Nat'l Acad., Carroll,* and *Prince*, and
- Kesner v. Buhl, 590 F. Supp. 3d 680, 701 (S.D.N.Y. 2022) (2d Cir. June 20, 2023): expressly inapplicable by *Lissner*, further inapposite as Defendant *moved to dismiss* on an anti-SLAPP counterclaim under N.Y. C.P.L.R. § 3211(g).

*Bobulinski* is not an outlier, as Grifols misrepresents, but the clear progeny of *Lissner*.[4] Judge Caproni, the presiding judge over *Nat'l Acad.*, made clear that an anti-SLAPP motion for legal fees under § 70-a is a substantive "***cause of action*** for the defamation defendant if the defamation plaintiff commenced or continued the defamation lawsuit without a substantial basis in fact." *Lissner*, 2023 WL 2346365, at *8. Judge Oetken's comprehensive *Erie* analysis in *Bobulinski* clearly adheres to *Lissner*'s holding.

Further, there is no need to modify *La Liberte* to reach *Bobulinski*'s conclusion. That is because both *La Liberte* and *Bobulinski* undertake the same analysis under *Shady Grove* and then, if necessary, *Erie*. *La Liberte* analyzed California's "procedural mechanism" of a special motion to strike, allowing "the early and inexpensive dismissal of nonmeritorious claims[.]" *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020). The *La Liberte* court found this was a question already answered by Rule 12 and 56. *Id*. at 87. *Bobulinski,* making the *Shady Grove* analysis, found § 70-a "is not procedural," and the "only procedural rule the Court is applying in a federal rule: Rule 12(b)(6)." *Bobulinski*, 2024 WL 4893277, at *12. *Bobulinski* is the same posture in which Gotham's request comes—the only procedural rule Gotham has asked the Court to apply is Rule 12(b)(6). In short, each state's anti-SLAPP law is different and therefore fares differently under an *Erie* analysis. New York's places its procedural components in the C.P.L.R., and its substantive components in its substantive law, N.Y. Civil Rights Law, which includes a variety of provisions governing substantive defamation law.

The Second Circuit has had no problem applying a fee-shifting provision on a Rule 12(b)(6) motion. *See Adelson v. Harris*, 973 F. Supp. 2d 467, 494 n.21 (S.D.N.Y. 2013), *aff'd*, 774 F.3d 803 (2d Cir. 2014) (finding mandatory fee-shifting provision in Nevada's anti-SLAPP statute was substantive and did not conflict with federal rule). *La Liberte* understood this, distinguishing the language of California's special motion to strike as "quite different" from Nevada's fee shifting provision. *La Liberte*, 966 F.3d at 87 n.3. *Bobulinski* found *Adelson*, not *La Liberte*, controls the analysis of § 70-a because "[i]n short, the anti-SLAPP law here—a motion for attorney's fees upon a Rule 12(b)(6)

---

[4] *Bobulinski v. Tarlov,* No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024).

dismissal—is **doing no procedural work** here; it is merely defining the substantive standard for entitlement to attorney's fees." *Bobulinski*, 2024 WL 4893277, at 14.

In no way did *Bobulinski* "overlook" arguments about Rule 11 but simply disagreed. Rather, *Bobulinski* recognized that "New York courts have treated this provision not as a 'sanction,' but rather as a 'mandatory award of attorneys' fees to the prevailing defendant' in a SLAPP suit."[5] *Bobulinski*, 2024 WL 4893277, at *17 fn 24 (citing *Reeves v. Associated Newspapers, Ltd*., 232 A.D.3d 10, 18 (N.Y. App. Div. 2024). This follows Supreme Court authority that "[t]reating state-law fee-shifting provisions as 'sanctions' would be contrary to the settled law that such provisions are substantive under *Erie* and 'should be followed' in diversity cases in federal court." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260, fn 31 (1975)).

Finally, Gotham's request is timely. The parties' motion to dismiss was fully briefed just weeks ago, and the *Bobulinski* decision, authority in favor of this request, was not made until November 26, 2024. On this basis, we request for leave to file this motion for attorney's fees and related damages in conjunction with Defendant's fully briefed motion to dismiss, Dkt. 26, and motion to strike, Dkt. 29, and conference with the Court regarding the anti-SLAPP motion and briefing schedule.

*/s/ David S. Korzenik*

David S. Korzenik
Gillian Vernick

*Counsel for Defendants*

---

[5] Note too that § 70-a(1) is not merely a fee shifting provisions but is a broader damages provision in which legal fees are only a subset of damages that a SLAPP defendant can seek. *See* § 70-a(1)(a) –(c). It includes "compensatory damages" per § 70-a(1)(b) and "punitive damages" per § 70-a(1)(c). In short, it is a substantive damages remedy.

3