UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRIFOLS, S.A. and GRIFOLS SHARED SERVICES NORTH AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL YU, an individual, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK, an individual, JOHN DOES 1-10, and XYZ CORPORATIONS 1-10.<br><br>Defendants. | No. 1:24-cv-00576-LJL |

**GRIFOLS, S.A. AND GRIFOLS SHARED SERVICES NORTH AMERICA, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
<u>MOTION TO STRIKE</u>**

PROSKAUER ROSE LLP

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com

*Counsel for Plaintiffs Grifols, S.A. and Grifols Shared Services North America, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1
FACTUAL BACKGROUND ................................................................................................... 3
ARGUMENT ............................................................................................................................ 4
    I.    The Allegations Referencing Yu's Criminal Background Should Not Be Stricken Because They Are Relevant to Grifols' Claims Against Yu. .......................................... 5
    II.   Defendants Cannot Demonstrate that Evidence of Yu's Prior Criminal History is Inadmissible at this Stage of the Litigation ................................................................... 8
    III.  Defendants Fail to Demonstrate Any Unfair Prejudice as a Result of Grifols' Allegations Concerning Yu's Criminal History. ........................................................... 10
CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Accurate Grading Quality Assur., Inc. v. Khothari*,
  No. 12-9130 (LTS), 2014 WL 5073576 (S.D.N.Y. Sept. 30, 2014) ..........................................7

*Brady v. Basic Rsch., L.L.C.*,
  101 F. Supp. 3d 217 (E.D.N.Y. 2015) ......................................................................................8

*Bright Kids NYC Inc. v. Kelly*,
  No. 19-1175 (JMF), 2020 WL 6891814 (S.D.N.Y. Nov. 24, 2020) ........................................10

*Cabble v. Rollieson*,
  No. 04-9413 (LTS), 2006 WL 464078 (S.D.N.Y. Feb. 27, 2006) ..........................................11

*Carofino v. Forester*,
  450 F.Supp.2d 257 (S.D.N.Y. 2006) ........................................................................................9

*Catskill Dev., L.L.C. v. Park Place Ent. Corp.*,
  547 F.3d 115 (2d Cir. 2008) .....................................................................................................6

*Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.*,
  205 F.R.D. 148 (S.D.N.Y. 2002) ............................................................................................10

*Copantitla v. Fiskardo Estiatorio, Inc.*,
  788 F. Supp. 2d 253 (S.D.N.Y. 2011) ....................................................................................10

*Corcoran v. CHG-Meridian U.S. Fin., Ltd.*,
  No. 5:11-CV-1462 MAD, 2014 WL 1976671 (N.D.N.Y. May 15, 2014) ...............................8

*Dubai Equine Hosp. v. Equine Imaging*,
  LLC, No. 18-6925 (VSB), 2019 WL 3811922 (S.D.N.Y. Aug. 14, 2019) ...............................9

*Erdman v. Victor*,
  No. 20-4162 (LGS), 2021 WL 5359660 (S.D.N.Y. Nov. 17, 2021) ................................6, 7, 8

*Forschner Group, Inc. v. B–Line A.G.*,
  943 F.Supp. 287 (S.D.N.Y. 1996) ............................................................................................4

*Gelles v. TDA Indus., Inc.*,
  No. 90-5133 (MBM), 1991 WL 39673 (S.D.N.Y. Mar. 18, 1991) ..........................................7

*Gregory Wayne Designs, LLC v. Lowry*,
  No. 24-2109 (PAE), 2024 WL 3518584 (S.D.N.Y. July 24, 2024) ..........................................9

*Impulsive Music v. Pomodoro Grill, Inc.*,
    2008 WL 4998474 (W.D.N.Y. 2008) ...................................................................................10

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887 (2d Cir. 1976)..................................................................................4, 8, 9

*Lynch v. Southampton Animal Shelter Found. Inc.*,
    278 F.R.D. 55 (E.D.N.Y. 2011) ..................................................................................10, 12

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964).................................................................................................6

*Philip Morris Cap. Corp. v. Nat'l R.R. Passenger Corp.*,
    No. 19-10378 (JMF), 2021 WL 797671 (S.D.N.Y. Feb. 26, 2021)...........................................9

*Roe v. City of New York*,
    151 F.Supp.2d 495 (S.D.N.Y. 2001).................................................................................4

*Schoolcraft v. City of New York*,
    299 F.R.D. 65 (S.D.N.Y. 2014) ........................................................................................4

*Tucker v. Nat'l Student Mktg. Corp.*,
    No. 75-4929, 1977 WL 1041 (S.D.N.Y. Sept. 20, 1977) .............................................................7

*Velez v. Lisi*,
    164 F.R.D. 165 (S.D.N.Y. 1995) ....................................................................................2, 9

*Wahlstrom v. Metro-N. Commuter R.R. Co.*,
    No. 96-3589 (PKL), 1996 WL 684211 (S.D.N.Y. Nov. 25, 1996) ........................................11

**OTHER AUTHORITIES**

5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011) ..........................................................................12

Fed. R. Civ. P. 12(f)......................................................................................................1, 4, 8

Fed. R. Evid. 609(b)..........................................................................................................8, 9

Fed. R. of Evid. 404(a).........................................................................................................9

Fed. R. Civ. P. 11 .............................................................................................................10

Fed. R. Civ. Evid. 404(b).......................................................................................................9

Fed. R. Civ. Evid. 609..........................................................................................................8

Plaintiffs Grifols, S.A. and Grifols Shared Services North America, Inc. (collectively, "Grifols") submit this Memorandum of Law in opposition to Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck's (collectively, "Defendants") Motion to Strike certain allegations from Grifols' Amended Complaint and from Grifols' Memorandum of Law in Opposition to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(f) (the "Motion"). ECF No. 29.

## PRELIMINARY STATEMENT

Grifols alleges that Defendants deliberately spread lies about Grifols to the investing public to manipulate the market for their financial gain. To support its assertion that Defendants acted with actual malice, Grifols alleges (1) why Defendants knew or should have known each defamatory statement was false, and (2) that Defendants devised their "trash and cash" scheme to avoid the massive losses they were exposed to from their unsuccessful bet against Grifols' stock, and to turn those impending losses into a profit. To bolster that Defendants perpetrated their financial fraud with malicious intent, Grifols also alleges (3) that Defendant Daniel Yu has a history of financial fraud and was convicted of such offenses. Yu's criminal convictions are, therefore, highly relevant to the disputed issue of whether Defendants acted with actual malice when they carried out the actions alleged in the Amended Complaint.

There is no dispute that Yu was convicted of these crimes involving financial fraud. His convictions are public record and cannot be disputed. Nevertheless, Defendants seek to strike these facts from Grifols' Amended Complaint. The Motion should be denied because Defendants fail to make *any* of the three showings required to strike material from a pleading.

First, Defendants cannot show that Grifols' allegations about Yu's criminal history are irrelevant to Grifols' claims and Yu's defenses. As discussed above, these allegations are relevant

1

to the disputed issue of Defendants' intent in connection with their scheme to tank the value of Grifols' stock by spreading lies about Grifols. In similar cases involving defamation claims, courts have denied motions to strike allegations about criminal allegations, easily finding they are relevant to the issue of scienter. The Court should reach the same conclusion here.

Second, Defendants cannot demonstrate that the evidence supporting these allegations is inadmissible. In fact, Defendants' Motion does not even address the admissibility of the evidence relating to Yu's criminal convictions, thereby conceding this point. As discussed below, courts frequently deny motions to strike matter from a pleading because it is premature at the pleading stage to determine whether certain evidence will be admissible at trial. Even the case that Defendants principally rely on for their motion, *Velez v. Lisi*, 164 F.R.D. 165 (S.D.N.Y. 1995), denied the motion to strike as premature.

Third, Defendants cannot demonstrate that they will be unfairly prejudiced by the inclusion of Grifols' allegations concerning Yu's criminal history in Grifols' pleading. Yu does not dispute that he was convicted of the alleged crimes. Nor does he dispute that these convictions are public record and were covered by the press *prior* to Grifols filing this lawsuit. Instead, Defendants inappropriately attempt to rely on a rambling declaration from a different Defendant, Cyrus de Weck, on behalf of Yu, to support Defendants' Motion. As an initial matter, that declaration, which was also submitted in support of Defendants' Motion to Dismiss and contains numerous false assertions of fact that Grifols vehemently disputes (*e.g.*, Grifols never filed any "complaint" against Defendants with the SEC), is procedurally improper and should not be considered at this stage of the litigation. Nevertheless, for purposes of this Motion, the declaration should also be rejected out-of-hand given its failure to assert any "fact" that is relevant to the Court's analysis beyond a single paragraph that parrots Defendants' boilerplate and conclusory arguments set forth

2

in their brief. While his criminal history certainly may be embarrassing, there is no reason, and certainly none articulated in the Motion, that its inclusion in Grifols' Amended Complaint will *unfairly* prejudice Yu or the other Defendants. Particularly at the pleading stage, where there is no jury, it is not apparent how Defendants might be unfairly prejudiced by these allegations remaining in the Amended Complaint and Grifols' Opposition to the Motion to Dismiss.

Accordingly, Defendants have failed to meet their burden of showing that the material they seek to strike is irrelevant, inadmissible, and unfairly prejudicial. The Motion should be denied.

## FACTUAL BACKGROUND

Grifols' Amended Complaint alleges that Defendants amassed a large short position in Grifols, betting that Grifols' share price would decline. AC ¶¶ 118–120. That bet proved ill-advised after Grifols engaged in debt deleveraging transactions, which resulted in significant gains in Grifols' share price at the end of 2023. *Id.* ¶ 119. As a result, Defendants faced massive losses due to an impending "short squeeze." *Id.* ¶¶ 119–20. To salvage their trade, on January 9, 2024, Defendants sought to panic the market by publishing the Gotham Report, which was littered with lies about Grifols. *Id.* ¶¶ 121–24. Shortly after Defendants published the Gotham Report, a panicked sell-off ensued and Defendants immediately dumped their short position, resulting in a purported $10 million windfall for Defendants. *Id.* ¶ 128; ECF No. 27 at 3, fn 3.

Grifols' Amended Complaint sets forth 28 discrete false and defamatory statements in the Gotham Report. AC ¶¶ 137–216. In support of its claims, Grifols makes numerous allegations that demonstrate Defendants made these false statements with actual malice. Among those are seven allegations that reference the fact that Yu is a convicted felon and has a history of committing crimes that sound in financial fraud and directly impute his penchant for honesty. *Id.* ¶¶ 2, 12, 51,

96, 97. As explained below, these allegations, which are based on undisputed, publicly available facts, are directly relevant to Yu's intent to deceive investors and harm Grifols.[1]

## ARGUMENT

Under Federal Rule of Civil Procedure 12(f), a court may strike "from any pleading any […] redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). In general, "motions to strike are disfavored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter." *Forschner Group, Inc. v. B–Line A.G.*, 943 F.Supp. 287, 291 (S.D.N.Y. 1996). In *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976), the Second Circuit held that "it is settled that [12(f)] motion[s] will be denied, unless it can be shown that no evidence in support of the allegation would be admissible […] Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing." *Id*. at 893. To prevail on their Motion, Defendants must show: (1) the allegations they seek to strike have no bearing on the relevant issues; (2) no evidence in support of the allegations would be admissible; and (3) permitting the allegations to stand would result in prejudice to the movant. *Schoolcraft v. City of New York*, 299 F.R.D. 65, 67 (S.D.N.Y. 2014); *Roe v. City of New York*, 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001). Defendants are required to make *each* of these showings yet fail to make *any* of them.

[1] Grifols' original Complaint contained an entire section detailing Yu's criminal history, including the events that resulted in him pleading guilty to a felony on two separate occasions. *See* ECF No. 1, ¶¶ 93-107. These allegations were appropriate to include given their relevance to Yu's intent and whether he acted with malice towards Grifols. Nevertheless, as a courtesy to Yu, Grifols agreed to his request to remove much of the detail related to his crimes, including the recounting of Yu's arrest reports, when Grifols amended its complaint in September 2024. The only allegations concerning Yu's criminal history that remain in Grifols' Amended Complaint—which Defendants now seek to strike—are those that simply state Yu is a convicted felon with a history of financial crimes. And while Grifols submits that the relevance of these remaining allegations is self-evident without getting into the specific details of Yu's crimes, should the Court require additional information to analyze the relevance of these allegations, Grifols will submit to the Court the publicly available documents that confirm the details of Yu's prior criminal charges and convictions.

I.   **The Allegations Referencing Yu's Criminal Background Should Not Be Stricken Because They Are Relevant to Grifols' Claims Against Yu.**

Defendants argue the Court should strike Grifols' allegations referencing Yu's criminal history and felony convictions because they are "immaterial" and "have no possible bearing" on this action. Mot. at 1-2. Defendants attempt to support their assertions with nothing more than unsworn attorney argument that attempts to recharacterize the details of Yu's criminal history and even describes one of Yu's felony convictions as a "prank" *Id.* at 1. Setting aside that a felony theft conviction is not a "prank," Defendants' arguments are incorrect and omit critical details. Defendants' statement that Yu's "episode," otherwise known as his first felony conviction, happened while he was "working in a different industry" outside of the financial world, is a misrepresentation. *Id.* at 3. Defendants presumably are trying manufacture a supposed lack of relevance between Yu's crimes and Grifols' claims, all of which are financial in nature. However, public records make clear that Yu's first arrest in 2007 was while Yu was working ***as a securities analyst*** for Dividend Capital. ECF No.1; ¶ 94. Defendants also attempt to obscure Yu's criminal history by stating that Yu was only involved in a single incident 17 years ago. Mot. at 1. But this is another lie. Indeed, Yu also pled guilty to a separate felony—attempting to influence a public servant—in 2012, five years after his first conviction. ECF No. 1; ¶ 107. Regardless, Defendants' Motion should be denied because the facts Grifols alleges concerning Yu's previous crimes are relevant to Grifols' claims against Yu and tend to rebut Yu's defenses thereto.

Grifols' Amended Complaint asserts three causes of action against Yu individually: (i) defamation; (ii) tortious interference with business relations; and (iii) unjust enrichment. *See* ECF No. 22, ¶¶ 231-244; 255-266; and 276-281. Remarkably, the Motion does not address the required scienter for these claims, even though this is a focus of their motion to dismiss, which concedes that Grifols' claims for defamation and tortious interference both require an element of intent be

5

proven. *See* ECF No. 25 at 25 (*quoting New York Times Co. v. Sullivan*, 376 U.S. 254, 276 (1964) ("[Malice] is a state of mind involving the knowing falsehood of a particular statement alleged to be false.")); *see also* ECF No. 25 at 30 (*quoting Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 547 F.3d 115, 132 (2d Cir. 2008) ("In New York, a claim for tortious interference with business relations requires a plaintiff to show […] the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means[.]")). For its defamation claim, Grifols must show Defendants acted with malicious intent in making knowingly false statements about Grifols. For its tortious interference claim, Grifols must show Defendants acted with a wrongful intent or dishonest means when interfering with Grifols' business relations.

Intent is a state of mind, and the facts Grifols alleges about Yu's prior crimes, especially the nature of those crimes, are highly relevant to whether Yu is likely to be of the mind to both knowingly lie about Grifols and take action to manipulate the share price of Grifols' stock. Indeed, the felonies Yu ultimately pled guilty to—theft and attempting to influence a public service— directly impute his penchant for telling the truth. Yu was also charged with felony counts of identity theft, criminal possession of a financial device, and forgery. ECF No. 1, ¶¶ 94, 106. These charges—all financial in nature—involve the use of improper or deceitful means to achieve an illegal goal. Thus, allegations concerning these charges are probative of whether Yu is likely to use dishonest means—this time, a knowingly false short report—to manipulate the market and in turn, Grifols' stock price.

It therefore strains credulity for Defendants to contend that Grifols' allegations and statement concerning Yu's criminal history "have no possible bearing on the subject matter." This is especially so given that courts have refused to strike allegations referencing a defendant's past crimes when such crimes may inform the defendant's intent in the case at issue. *Erdman v. Victor*,

6

No. 20-4162 (LGS), 2021 WL 5359660, at *4 (S.D.N.Y. Nov. 17, 2021); *Tucker v. Nat'l Student Mktg. Corp.*, No. 75-4929, 1977 WL 1041, at *5 (S.D.N.Y. Sept. 20, 1977) (refusing to strike references in the complaint to defendant's prior criminal convictions since they were probative of defendant's state of mind when defendant allegedly engaged in fraudulent behavior); *Gelles v. TDA Indus., Inc.*, No. 90-5133 (MBM), 1991 WL 39673, at *7 (S.D.N.Y. Mar. 18, 1991) (declining to strike mentions of criminal history even though they were not central to core claims of the complaint); *Accurate Grading Quality Assur., Inc. v. Khothari,* No. 12-9130 (LTS), 2014 WL 5073576, at *16–17 (S.D.N.Y. Sept. 30, 2014) (denying motion to strike and finding information about one of the defendant's criminal history relevant to the claims asserted and thus is not inappropriately prejudicial or inflammatory).

*Erdman* is instructive here. There, the plaintiff sued the defendant for defamation based upon statements the defendant made about plaintiff to various law enforcement agencies and government officials. *Erdman*, 2021 WL 5359660, at *1. The plaintiff included an entire section in his complaint detailing the defendant's criminal history, including a prior felony conviction related to political contributions, as well as other findings by various courts that the defendant had a penchant for dishonesty. Like Grifols, the *Erdman* plaintiff specifically included allegations that the defendant "is a convicted felon" and that the defendant's "disregard for the truth helped him to implement his malicious plan to defame [the p]laintiff." *See Erdman v. Victor*, No. 20-4162 (LGS) at ECF No. 68; ¶¶ 103-111. Like Defendants here, the *Erdman* defendant sought to strike these allegations from the plaintiff's complaint contending they had no bearing on the claims at issue. *Erdman,* 2021 WL 5359660, at *1, *4; *see also Erdman v. Victor*, No. 20-4162 (LGS) at ECF No. 82 at 19. The court denied the plaintiff's motion to strike these allegations finding that they "are

7

directly related to actual malice and are not impertinent or immaterial." *Id.* at *4. The Court should reach the same conclusion here and deny Defendants' Motion.

## II. Defendants Cannot Demonstrate that Evidence of Yu's Prior Criminal History is Inadmissible at this Stage of the Litigation.

Defendants' Motion should also be denied because Defendants, at least at this stage of the litigation, cannot demonstrate that the entirety of evidence concerning Yu's prior criminal history is inadmissible. "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, ***it is settled that the motion will be denied***, ***unless it can be shown that no evidence in support of the allegation would be admissible***." *Lipsky*, 551 F.2d at 893 (emphasis added). "Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Id.*

Evidence of a prior criminal conviction can be admissible in a defamation case if it is used to impeach a witness's credibility. *See Brady v. Basic Rsch., L.L.C.,* 101 F. Supp. 3d 217, 225–26 (E.D.N.Y. 2015) (denying motion to strike allegations concerning past censures of a defendant by government agencies and finding, in part, "[such] evidence may be used to impeach one of the defendant's credibility"); *Corcoran v. CHG-Meridian U.S. Fin., Ltd.*, No. 5:11-CV-1462 MAD, 2014 WL 1976671, at *4 (N.D.N.Y. May 15, 2014) (finding the fact that defendant was charged with a felony conviction over ten years prior to lawsuit was still admissible in defamation case). Indeed, Rule 609 of the Federal Rules of Evidence deems a prior conviction admissible, even if over ten years old, so long as the crime involved dishonesty or false statement and the probative value of the conviction substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b).

8

Evidence of Yu's prior convictions fits the requirements of Rule 609(b) to a tee. ECF No. 1, ¶¶ 93-107. Moreover, "[t]he Second Circuit follows an 'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, that is, such evidence is admissible to prove matters other than the defendant's criminal propensity." *Carofino v. Forester*, 450 F.Supp.2d 257, 271 (S.D.N.Y. 2006) (internal citations omitted). Under this framework, evidence supporting Grifols' allegations concerning Yu's prior criminal history is admissible. This, in turn, renders Grifols' allegations concerning Yu's crimes admissible.

Moreover, should Defendants argue that introducing such evidence at trial is improper character evidence under Federal Rule of Evidence 404(a), that argument is premature and underscores why Defendants' Motion should be denied. "Evidentiary issues are not the province of a motion to strike." *Gregory Wayne Designs, LLC v. Lowry*, No. 24-2109 (PAE), 2024 WL 3518584, at *9 (S.D.N.Y. July 24, 2024) (*citing Lipsky*, 551 F.2d at 893). A court "cannot, and need not, decide on the basis of the pleadings alone whether the allegations ... would be admissible at trial." *Philip Morris Cap. Corp. v. Nat'l R.R. Passenger Corp.*, No. 19-10378 (JMF), 2021 WL 797671, at *9 (S.D.N.Y. Feb. 26, 2021); *Dubai Equine Hosp. v. Equine Imaging*, LLC, No. 18-6925 (VSB), 2019 WL 3811922, at *3 (S.D.N.Y. Aug. 14, 2019) (denying motion to strike, based on claim that evidence was inconsistent with Rule 404(b), in part because "[e]videntiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings."). The relevance and admissibility of evidence concerning Yu's criminal history "require[s] the context of an ongoing and unfolding trial in which to be properly decided" and in any event should not be decided "on the sterile field of the pleadings alone." *Lipsky,* 551 F.2d at 893. Even the sole case Defendants cite to substantively to support its Motion, *Velez v. Lisi*, 164 F.R.D. 165 (S.D.N.Y. 1995), supports Grifols' position. Indeed, the *Velez* court denied the

9

defendants' motion to strike as premature stating, "[w]hile these allegations may not pass Rule 11 scrutiny at a later stage in the litigation, we cannot say at this time that they have no possible bearing on the subject matter of plaintiff's claim." *Id*. at 167. This too requires Defendants' Motion be denied, at a minimum, as premature.

### III. Defendants Fail to Demonstrate Any Unfair Prejudice as a Result of Grifols' Allegations Concerning Yu's Criminal History.

Finally, Defendants' Motion also must be denied because Defendants fail to demonstrate any unfair prejudice resulting from Grifols' allegations concerning Yu's criminal history. "[A]llegations that 'supply background or historical material or other matter of an evidentiary nature' normally will 'not be stricken from the pleadings ***unless they are unduly prejudicial to the defendant***.'" *Lynch v. Southampton Animal Shelter Found. Inc*., 278 F.R.D. 55, 67–68 (E.D.N.Y. 2011) (*citing Impulsive Music v. Pomodoro Grill, Inc*., 2008 WL 4998474 (W.D.N.Y. 2008)) (emphasis added); *Cnty. Vanlines Inc. v. Experian Info. Sols., Inc*., 205 F.R.D. 148, 153 (S.D.N.Y. 2002) (explaining that a motion to strike must be denied absent a showing of unfair prejudice).

Here, Defendants do not even attempt to explain how Grifols' allegations about Yu's criminal history are "unfairly prejudicial." They instead contend, in conclusory fashion, that the allegations only "serve only to prejudice" Defendants. ECF No. 29-4. "[M]ere assertions by the moving party that he is prejudiced are insufficient." *Cnty. Vanlines Inc*., 205 F.R.D. at 153; *Bright Kids NYC Inc. v. Kelly*, No. 19-1175 (JMF), 2020 WL 6891814, at *5 (S.D.N.Y. Nov. 24, 2020) (denying motion to strike where movant asserted "in conclusory fashion" that they would be "unfairly prejudice[d]" if the allegations at issue were allowed to remain); *Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253, 308 (S.D.N.Y. 2011) ("Defendants' arguments as to prejudice are merely conclusory, and given the disfavor with which federal courts view motions to strike, such arguments fail to suffice on such motions."). This principle is especially applicable here given

10

Yu failed to offer any sworn testimony attempting to either rebut the nature of his crimes or demonstrate that he is personally is prejudiced by Grifols' allegations concerning his criminal history.

Instead, Defendants strangely append a Declaration of Defendant Cyrus de Weck to their Motion.[2] The declaration fails to contain any fact or statement that is relevant to this Motion beyond a single paragraph that parrots Defendants' boilerplate and conclusory arguments set forth in their brief. *See* ECF No. 29-1, ¶ 36. Defendants' attempt to rely on testimony from de Weck on behalf of Yu, including any attempts to describe the nature of Yu's crimes or set forth any prejudice that Yu has experienced because of Grifols' allegations, is improper and should be rejected.

Moreover, to the extent that Defendants assert prejudice based upon perceived negativity that could be imputed to them because of Grifols' allegations about Yu' criminal history, material that does not "cast a positive light upon the defendant" is not necessarily "so unduly prejudicial to the defendant that striking the paragraphs is warranted." *Wahlstrom v. Metro-N. Commuter R.R. Co.*, No. 96 -3589 (PKL), 1996 WL 684211, at *3 (S.D.N.Y. Nov. 25, 1996). Rather, for the motion to strike to succeed on this basis, the Amended Complaint must include "a scandalous allegation […] that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson,* No. 04-9413 (LTS), 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006).

Grifols' allegations here do not meet this threshold, especially given Grifols is merely referencing relevant facts about Yu's criminal history that are already well-within the public purview. "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding

---

[2]  Defendants also appended this same Declaration of Cyrus De Weck to their Reply Brief in further support of Defendants' Motion to Dismiss. ECF No. 28-1. Grifols addresses the impropriety of the declaration, as it pertains to Defendants' Motion to Dismiss, in Grifols' January 2, 2025 proposed sur-reply. *See* ECF 33 at 3.

prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 67 (E.D.N.Y. 2011) (*citing* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011)). These facts within Grifols' allegations about Yu's criminal history have been "public" and "generally available" since well before Grifols filed suit, including as referenced in news publications about Yu.[3] And while the allegations are almost certainly embarrassing to Yu, that is not grounds to strike them from Grifols' Amended Complaint and Opposition to Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Grifols respectfully requests the Court deny Defendants' Motion to Strike in full.

Dated: January 17, 2025      **PROSKAUER ROSE LLP**

By: *Peter D. Doyle*

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com

*Counsel for Plaintiffs Grifols,
S.A. and Grifols Shared Services
North America, Inc.*

---

[3] *See, e.g.*, https://shortshortworld.news/2021/03/gotham-research-what-are-you-hiding/ (noting Yu has "been charged with theft, burglary, identity theft and criminal possession of a financial device" and that Yu "pleaded guilty to multiple charges and was sentenced to a three month stretch in a Colorado jail.").

12

## WORD COUNT CERTIFICATION

Counsel for Grifols hereby certifies that this brief complies with Local Civil Rule 7.1(c) and contains 3,894 words.

Dated: January 17, 2025                                                                 */s/ Peter D. Doyle*.