UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRIFOLS, S.A. and GRIFOLS SHARED SERVICES NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,<br><br>Defendant. | Index No. 1:24-cv-00576-LJL |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
<u>CROSS MOTION TO STRIKE</u>**

Dated: January 28, 2025

*/s/ David S. Korzenik*
David S. Korzenik
Gillian Vernick

**MILLER KORZENIK
SOMMERS RAYMAN LLP**
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
dkorzenik@mkslex.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**INTRODUCTION** ………………………………………………………………………1

**I.   INCLUSION OF DECADES OLD CONDUCT IS IMMATERIAL TO LEGAL BURDEN, INADMISSIBLE, AND PREJUDICIAL TO DEFENDANTS.** ...................... 2

  a.   **Decades-Old Conduct Has No Possible Bearing on Burden of Proving Knowing Falsity of 2024 Statements.** ........................................................... 2

  b.   **Decades-Old Criminal Conduct Inadmissible under FRE 609, 404.** ........... 5

    i.   **This Is Not an "Exceptional Circumstance" to Disrupt Presumption of Inadmissibility of 10+ Year Old Conviction under FRE 609(b).** ........... 5

    ii.  **This is Improper Character Evidence Under FRE 404(b).** .................... 8

  c.   **Evidence of Past Criminal Conviction and Jail Time Are Per Se Prejudicial.** ................................................................................................ 10

**CONCLUSION** ……………………………………………………………………… 10

Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck ("Defendants", "Gotham") submit this Memorandum of Law in further support of Motion to Strike prejudicial pleadings from Amended Complaint ("AC") under Rule 12(f).

## INTRODUCTION

Grifols mischaracterizes and exaggerates Defendant Daniel Yu's past misconduct to tar all Defendants with a highly prejudicial impact. Mr. Yu's past has no connection to any element of Grifols' claims against Gotham—nothing to do with short selling, short reporting, or anything written or published by Defendants; nothing to do with Grifols or that industry, nothing to do with Mr. Yu's knowledge of Grifols; and nor any other Defendants. In short, the alleged conduct Grifols calls "highly relevant" is divorced from anything possibly connected or admissible here.

No sworn affidavit is necessary to show that calling a defendant a "convicted criminal," "fraudster," and "felon" is highly prejudicial. These mischaracterizations, even if true, do not show any Defendant acted with actual malice. Grifols' reliance on these unfocused allegations demonstrates: 1) its actual malice argument falls far short that legal burden; 2) the overwhelming bulk of AC is a continuation of Grifols' PR stunt started in its original Complaint; and 3) Grifols' action has all the markings of a SLAPP suit.

It cannot be argued that Mr. Yu's past is relevant to *this case*. Yet Grifols claims 17-year-old conduct when Mr. Yu worked for a different company in a different job is "highly relevant" and needed to "bolster" its already deficient actual malice pleading. It is telling that Grifols *already removed* some of this allegedly "highly relevant" evidence against Mr. Yu from its initial pleading "as a courtesy." Pl. Mem. in Opp., Dkt. 41, at 4, fn 1. No Plaintiff removes "highly relevant" evidence "as a courtesy." Grifols' removal admits that this information is immaterial and deserves to be struck under Rule 12(f).

1

## I.   INCLUSION OF DECADES OLD CONDUCT IS IMMATERIAL TO LEGAL BURDEN, INADMISSIBLE, AND PREJUDICIAL TO DEFENDANTS.

"To properly decide a motion to strike, the issues must be framed." *Burger v. Health Ins. Plan of Greater New York*, 684 F. Supp. 46, 52 (S.D.N.Y. 1988). Grifols mischaracterizes its claim as "financial fraud" and Mr. Yu's alleged past crimes as "financial in nature." Pl. Opp. to Strike Br., at 6. That mischaracterization is not the proper frame to analyze this motion to strike.

Grifols' lawsuit is not about a securities claim, financial fraud, or any financial crime "manipulat[ing] the market" or "Grifols stock price."[1] *Id*. This lawsuit is for <u>defamation</u> and ride-along claims of enrichment and interreference tied to the same alleged underlying <u>defamation</u> published by Gotham. The mindset that Grifols must—and fails to—plead is "the knowing falsehood of a particular statement alleged to be false." *New York Times Co. v. Sullivan*, 376 U.S. 254, 276 (1964).[2] The "financial crimes" canard is an attempt to divert the Court from that standard. And Mr. Yu's past conduct is not "financial in nature." Pl. Opp. to Strike Br., at 5. Mr. Yu has never been convicted or charged with a financial crime.

### a.   Decades-Old Conduct Has No Possible Bearing on Burden of Proving Knowing Falsity of 2024 Statements.

"Once the issues are framed, the court turns to the particular allegations." *Burger*, 684 F. Supp. at 52. Grifols claims its use of decades-old conduct is "highly relevant" to actual malice, yet none of the references to Yu's "sordid criminal history" appear in any legal argument section of AC or its 12(b)(6) opposition, nor are they tied to a legal burden generally. Grifols' name calling and hyperbole appear only in the opening paragraphs before the parties are introduced

---

[1] Grifols already tried and failed to manufacture a financial crime by reporting Gotham to the SEC with no success. *See* Dkt. 29, Ex. 1, Aff. of Cyrus De Weck.

[2] Grifols ride-along tortious interference with business claim requires a showing that "the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means." *Catskill Dev., L.L.C. v. Park Place Ent. Corp*., 547 F.3d 115, 132 (2d Cir. 2008). All arguments related to a lack of connection to "actual malice" are analogous to the "wrongful purpose" standard that Grifols similarly fails to plead.

2

and then limited to the introduction of Defendants. *See* Dkt. 22, AC ¶ 2 ("convicted felon"), ¶ 12 ("stints in jail"), ¶ 12 ("criminal enterprise"), ¶ 51 ("fraudsters and criminals"), Sect. II. A heading ("Convicted Felon"), ¶ 96 ("sordid criminal history…convicted felon"), ¶ 96 ("has served time in jail"); 12(b)(6) Opp. Br., Dkt. 27, Preliminary Statement ("criminal," "fraudster'). This bears the mark of "wholly irrelevant" inclusions, "a fact that is clear from the manner in which plaintiff introduces these claims as taunting asides." *See Anderson v. Davis Polk & Wardwell,* 850 F. Supp. 2d 392, 417 (S.D.N.Y. 2012) (striking inclusion of co-worker personal lives in discrimination case), *overruled other grounds, Doolittle v. Bloomberg L.P.,* No. 22-CV-09136, 2023 WL 7151718, at *9 (S.D.N.Y. Oct. 31, 2023).

It is not until the Strike Opposition that Grifols argues these references are "highly relevant" to its legal burden. And still, Grifols "has failed to allege or provide a satisfactory argument linking" the decades old conduct with the challenged 2024 publication. *See Parrish v. Sollecito*, No. 01 CIV.5420 (VM), 2002 WL 1072227, at *2 (S.D.N.Y. May 28, 2002).

In *Parrish*, plaintiff alleged in a complaint for hostile work environment that defendant had an extramarital affair with an employee at a different location. *Id.*, at *1. The court granted defendant's motion to strike this, acknowledging that while "other instances of hostility direct at persons other than the plaintiff may lend some support to a plaintiff's claim of a hostile workplace environment," plaintiff had not alleged any facts showing that *her hostility* allegations "extend[ed]" to other settings. *Id*. Even accepting Grifols argument that theft in the early 2000s "impute[s]" someone's "penchant for honesty," Grifols similarly has not shown Mr. Yu's alleged conduct 17 years ago "extends" to the facts *here* – "fail[ing] to allege or provide a satisfactory argument linking" Mr. Yu's early 2000s conduct to the 2024 publication. *See id*.

3

Grifols has no support in its cited caselaw. In every case Grifols cites, there is some nexus to facts, parties, or causes of action. *See Erdman v. Victor*, No. 20 CIV. 4162, 2021 WL 5359660, at *4 (S.D.N.Y. Nov. 17, 2021) (allowing defendant's FEC violation and behavior at present company after plaintiff alleged defendant made false statements to FEC and to present company); *Tucker v. Nat'l Student Mktg. Corp.*, No. 75 CIV. 4929, 1977 WL 1041, at *5 (S.D.N.Y. Sept. 20, 1977) (allowing "criminal convictions and civil actions brought by the SEC based upon the filing and issuance of false and misleading reports" in violation of Securities Exchange Act and financial fraud case); *Gelles v. TDA Indus., Inc.*, No. 90-5133, 1991 WL 39673, at *7 (S.D.N.Y. Mar. 18, 1991) (allowing criminal convictions as "circumstances surrounding these episodes may be relevant to show that the alleged misstatements by [parties] were material and that [plaintiff] reasonably relied on them in exchanging his shares"); *Accurate Grading Quality Assur., Inc. v. Khothari,* No. 12-9130, 2014 WL 5073576, at *16–17 (S.D.N.Y. Sept. 30, 2014) (allowing past crime to allege "that [the party] repeated the same type of fraud.")

Here, it cannot be shown—and Grifols <u>does not show</u>—any possible nexus between this conduct and the facts, parties or claims in this case. Instead, the inclusion "serves no purpose except to inflame the reader," and accordingly, should be stricken. *See Oram v. SoulCycle LLC,* 979 F. Supp. 2d 498, 512 (S.D.N.Y. 2013) (striking alleged customer mistreatment in case regarding collective bargaining agreement).

Plaintiff claims *Erdman* is "instructive here." Opp. Strike Br., at 7. It's not clear what that "instruction" might be – *Erdman* gives one-line with no analysis on the motion to strike. Further, *Erdman*'s facts are distinguishable. In *Erdman*, the court denied striking defendant's violation of FEC campaign finance laws after the complaint alleged defendant made false statements *to the FEC*. Dkt. 68, Second Amended Complaint ("SAC"), ¶ 97-100; *Erdman*, 2021 WL 5359660, *4.

4

Additionally, the *Erdman* court denied striking defendant's behavior at his present company where plaintiff alleged defendant made false statements *to that company*. *Id.*, *1.

Unlike in *Erdman*, Yu did not engage in this conduct while working at Gotham or GIP, nor was he a short reporter or investor then. Grifols further misconstrues *Erdman*, where plaintiff pled defendant *abused the court system* repeatedly to make defamatory statements and extort him, SAC, ¶ 104, and quoted *the court's* statement, not its own name-calling, that defendant there was a "convicted felon." ¶ 110. In contrast, AC makes <u>no effort</u> to tie allegations of past misconduct to a legal burden, sprinkling "wholly irrelevant…taunting asides" in the introduction. *See Anderson,* 850 F. Supp. 2d at 417. In short, this name-calling "unnecessarily reflects on the moral character" of Yu and "detracts from the dignity of the court." *See Anderson,* 850 F. Supp. 2d at 416.

   b. **Decades-Old Criminal Conduct is Inadmissible under FRE 609 and 404.**

Grifols argues that these allegations should not be struck because "at this stage of the litigation," it cannot be demonstrated that evidence of Mr. Yu's past conduct is inadmissible. First, many courts have struck prejudicial inclusions without analyzing them through the lense of admissibility. *See e.g. Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969) aff'd 422 F.2d 342 (2d Cir. 1970) (striking "prejudicial nature of the accusation" with "doubtful relevance" from complaint without "definitive adjudication of the ultimate materiality and relevant of the evidence…matters reserved for the trial judge.") Second, even reviewing through the lenses of admissibility, both FRE 609 and 404 resist admission.

   i. **This Is Not an "Exceptional Circumstance" to Disrupt Presumption of Inadmissibility of 10+ Year Old Conviction under FRE 609(b).**

Mr. Yu's decades-old convictions have no probative value. *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978) ("convictions more than ten years old have very little or no

5

probative value.") Therefore, under FRE 609, "[e]vidence of the conviction is admissible *only if* it's probative value, supported by specific facts and circumstances, *substantially* outweigh its prejudicial effect." FRE 609(b)(1) (emphasis added). This standard is met "very rarely and only in exceptional circumstances." *See e.g. Zinman v. Black & Decker, Inc.,* 983 F.2d 431, 434 (2d Cir. 1993). FRE 609's stringent balancing test creates a presumption against admissibility, even for "dishonest acts." *Marshall v. Port Auth. of New York & New Jersey,* No. 19-CV-2168 (LJL), 2022 WL 17491006, at *4 (S.D.N.Y. Dec. 5, 2022).

All allegations that Grifols claims as "highly relevant" are over ten years old. Therefore, there is a presumption against admissibility. *Id*. They are *only admissible if* this is an "exceptional circumstance" where 609's stringent balancing test is met. When analyzing whether "exceptional circumstances" are present, the Second Circuit considers "the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has 'mended his ways' or engaged in similar conduct recently." *Daniels v. Loizzo,* 986 F. Supp. 245, 252 (S.D.N.Y. 1997).

Here, the nature and age of this conviction – a theft plea from 17 years ago, violation of probation and jail time for those violations in 2008 and 2012 – bar admissibility. *See id*. at 252 (twelve-year old assault and firearm conviction not admitted as probative); *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977) ("convictions have more probative value as they become more recent.") And while credibility is an important issue in the case, Mr. Yu has clearly "mended his ways," with no criminal wrongdoing since. *See Daniels*, 986 F. Supp. at 252; *United States v. Puco*, 453 F.2d 539, 541 (2d Cir. 1971) (not admitting 21-year-old conviction when defendant had not "run afoul of law since 1950"). Grifols "should be able to sufficiently

6

attack the veracity" of Mr. Yu's statements "without resorting to a 'piling on' effect by using his older conviction." *See Daniels*, 986 F. Supp. at 252.

Grifols argues that Mr. Yu's past "directly impute[s] his penchant for telling the truth," but "Rule 609(b) makes even crimes involving dishonest acts are presumptively inadmissible if they are more than ten years old." *Marshall*, 2022 WL 17491006, at *4. And here facts indicate this is not an "exceptional circumstance" where "very rarely" convictions over ten years are to be admitted. *Zinman*, 983 F.2d at 434. Further, Grifols provides no basis in fact or circumstance whatsoever to group all Defendants as "fraudsters and criminals," AC, ¶ 51, and Gotham as a "criminal enterprise," ¶ 12. But that is Grifols' obvious intent with its reliance on this hyperbole.

Grifols makes the same argument the court in *Marshall* rejected. In *Marshall*, the court denied evidence that the defendant was convicted decades earlier of fraudulent accosting in a case where defendant had been arrested for criminal trespass and was bringing charges under 42 U.S.C. § 1983 for false arrest and failure to intervene, amongst other state charges. *Marshall*, 2022 WL 17491006, at *1. The court exercised its discretion in not admitting the convictions, despite credibility being a "crucial issue," because the weight of other factors counseled against admitting the older convictions. *Id*. The court stated: "Admission of the convictions would do more to brand the Plaintiff as a 'criminal' and to prejudicially suggest that if Plaintiff was properly arrested in the past he must have been lawfully arrested in this case than to offer the Jury probative evidence[.]" *Id*., at *4.

Yet that is the argument Grifols is making– that "Yu's prior crimes, especially the nature of those crimes," allegedly theft and attempting to influence a public service, "directly impute his penchant for truth telling." Opp. Strike Br., at 6. And because "these charges…involve the use of improper or deceitful means to achieve an illegal goal…. allegations concerning these charges

7

are probative of whether Yu is likely to use dishonest means—this time[.]" *Id*. Grifols seeks to "brand" Mr. Yu, and other Defendants baselessly, as "criminal" and "convict," rather than offer the court "probative evidence by which to judge whether his [] testimony is truthful or not." *Id*., \*4. As in *Marshall*, the court should exercise its discretion against these decades-old convictions.

### ii. This is Improper Character Evidence Under FRE 404(b).

This evidence is inadmissible under Rule 404 as evidence of prior crime to show Mr. Yu has a propensity for dishonesty. *See United States v. Garnes,* 102 F.4th 628, 641 (2d Cir. 2024) (FRE 404(b) "prohibits a court from admitting evidence of a defendant's other crimes or bad acts when it is proffered to show that a defendant has bad character or the propensity to commit the charged crime.") Grifols *admits* this is the import of this information, stating that because Mr. Yu's past "charges…involve the use of improper or deceitful means to achieve an illegal goal…allegations concerning these charges are probative of whether Yu is likely to use dishonest means—this time[.]" Opp. Strike Br., at 6. Grifols' use of "the evidence directly support[s] the one inference which is specially forbidden by Rule 404(b)." *See United States v. Mohel,* 604 F.2d 748, 755 (2d Cir. 1979) (evidence offered conclusion that defendant "had been a cocaine dealer in the past… therefore had a bad character or propensity to commit the crime in issue.")

Under FRE 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." While the Second Circuit follows an "inclusionary approach to other crimes, wrongs, or acts evidence," Grifols is using Mr. Yu's past for an *expressly prohibited* argument. *See Carofino v. Forester*, 450 F.Supp.2d 257, 271 (S.D.N.Y. 2006) (permitted to prove matters *other than criminal propensity*). Grifols fails each factor the Second Circuit employs to judge admissibility of other crimes, wrongs, or acts evidence: (1) "the prior

8

act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice[.]" *United States v. Cadet,* 664 F.3d 27, 32 (2d Cir. 2011).

First, Grifols offers Yu's past criminal convictions and jail time *expressly* for an improper propensity purpose— as Grifols states, "allegations concerning these [past] charges are probative of whether Yu is likely to use dishonest means—this time," making the argument that once "dishonest," always dishonest. Opp. Strike Br., at 6. Grifols does nothing to dispel the improper use of the evidence, arguing no proper purpose such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(2).

Second, "[t]here is no presumption that other-crime evidence is relevant." *Mohel*, 604 F.2d at 751. "Caution and judgment are called for," and the court should "require [the party seeking admission] to explain why the evidence is relevant and necessary." *Id*. As argued above, Grifols has not make the required relevancy nor necessity showing about the prior misconduct. In fact, Grifols <u>already removed</u> portions of the same so called "highly relevant" information as a "courtesy." Opp. Strike Br., fn. 1. It stretches credibility to now argue this is "necessary." *See id*.

Third, the zero probative value of Yu's prior misconduct is *entirely* outweighed by danger of "undue tendency to suggest decision on an improper basis." *Garnes*, 102 F.4th at 640. Any probative value of Yu's conduct is "greatly diminished by its age." *See Puco*, 453 F.2d at 543 ("21-year-old conviction is greatly diminished by its age.") This reflects the principle that "old convictions are not a meaningful index of a propensity to lie." *Id*. Grifols' argues that because of the "prior crimes, especially the nature of those crimes…Yu is likely to be of the mind to both knowingly lie about Grifols." Opp. Strike Br., 6. The "inference" Grifols requests "is specially forbidden by Rule 404(b)." *See Mohel,* 604 F.2d at 755.

    **c. Evidence of Past Criminal Conviction and Jail Time Are Per Se Prejudicial.**

Second Circuit caselaw dictates that prior crimes evidence "is always highly prejudicial." *See e.g., Puco*, 453 F.2d at 542 ("Reference to a defendant's criminal record is always highly prejudicial.") Further, "the risk of [unfair prejudice] is even greater because the statements at issue reflect an inaccurate and exaggerated version" of Yu's criminal history. *See Garnes*, 102 F.4th at 640 (distinguishing facts from prejudicial effect of an exaggerated "criminal record"). Grifols' accusations, including calling Yu a "convicted felon," with a "sordid criminal past" who served "jail time," and baselessly dragging all Defendants into conduct they did not engage in by calling them "fraudsters," "criminals," and part of a "criminal enterprise" is extremely prejudicial as it "tends to have some adverse effect upon a defendant." *See United States v. Jenkins*, No. 02 CR. 1384, 2003 WL 21047761, at *1 (S.D.N.Y. May 8, 2003) (Evidence is prejudicial "when it tends to have some adverse effect upon a defendant.") AC, ¶¶ 12, 51, 97.

Grifols claims it is "premature" to make this judgment on the pleadings. But there is a "strong reason" to alter the pleadings – multiple federal rules of evidence and federal rules of civil procedure warrant the removal of this prejudicial name-calling entirely divorced from the facts of this case. *See Lipsky,* 551 F.2d at 893. And Grifols pleadings are hardly "sterile"– the Amended Complaint is 78 pages long. *Id*. If Grifols could not provide "context" in its 78-page pleading and 17-page opposition brief to justify the "relevance and admissibility of evidence concerning Yu's criminal history," then clearly there is none.

## CONCLUSION

    For the above reasons, the statements should be struck from the pleadings.

Dated: January 28, 2025                              */s/ David S. Korzenik*

                                                           David S. Korzenik
                                                           Gillian Vernick

**MILLER KORZENIK**
**SOMMERS RAYMAN LLP**
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
dkorzenik@mkslex.com

11