UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRIFOLS, S.A. and GRIFOLS SHARED SERVICES NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,<br><br>Defendant. | Index No. 1:24-cv-00576-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
ANTI-SLAPP MOTION FOR ATTORNEY'S FEES AND OTHER RELIEF**

Dated: January 31, 2025

        David S. Korzenik
        Gillian Vernick

        **MILLER KORZENIK
        SOMMERS RAYMAN LLP**
        1501 Broadway, Suite 2015
        New York, New York 10036
        Tel: 212-752-9200
        dkorzenik@mkslex.com

        *Attorneys for Defendants
        Gotham City Research,
        Daniel Yu, General Industrial
        Partners LLP and
        Cyrus de Weck*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 2

**ARGUMENT** ................................................................................................................................ 3

    I.    GRIFOLS' COMPLAINT IS A SLAPP SUIT AIMED AT THE EXERCISE OF GOTHAM'S SPEECH ON A MATTER OF PUBLIC INTEREST................................3

    II.    THE CONSEQUENCE OF A COMPLAINT'S DISMISSAL UNDER FRCP 12(b)(6) IS A MANDATORY AWARD OF FEES UNDER N.Y. CIV. R. LAW § 70-a. ......... 4

    III.    GOTHAM IS ENTITLED TO FEES UNDER § 70-a BECAUSE GRIFOLS FAILS TO MEET HEIGHTENED SUBSTANTIAL BASIS STANDARD. ........................... 6

        a.    Grifols Fails to Allege a Substantial Basis that the Report Contained Actionable Statements of Fact, Not Opinion............................................................................ 7

        b.    Grifols Fails to Establish a Substantial Basis that Report is Substantially False.... 9

        c.    Complaint Fails to Establish Substantial Basis that Gotham Published with Knowledge Each Challenged Statement Was False or Made With a High Degree of Awareness of Its Probable Falsehood.................................................................. 10

    IV.    GOTHAM IS OWED FEES BECAUSE GRIFOLS' LAWSUIT IS BY DEFINITION A SLAPP SUIT UNDER NEW YORK LAW AND POLICY. .................................. 12

**CONCLUSION** ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Aristocrat Plastic Surgery, P.C. v. Silva*,
206 A.D.3d 26 (1st Dep't 2022) ............................................................................................... 16

*Biro v. Conde Nast*,
883 F.Supp.2d 441 (S.D.N.Y. 2012) ................................................................................... 13, 15

*Bobulinski v. Tarlov*,
No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024) ............................... passim

*Carey v. Carey*,
74 Misc. 3d 1214(A) (N.Y. Sup. Ct. 2022) ............................................................................ 14, 15

*Cassava Scis., Inc. v. Bredt*,
No. 1:22-CV-9409-GHW, 2024 WL 1347362 (S.D.N.Y. Mar. 28, 2024) ................................. 14

*Castle Vil. Owners Corp. v. Greater N.Y. Mut. Ins. Co.*,
58 A.D.3d 178 (1st Dept. 2008) ................................................................................................. 9

*Celle v. Filipino Rep. Ent. Inc.*,
209 F.3d 163 (2d Cir. 2000) ..................................................................................................... 10

*Chau v. Lewis*,
771 F.3d 118 (2d Cir. 2014) ..................................................................................................... 13

*Golan v. Daily News, L.P.*,
77 Misc. 3d 258 (Sup. Ct. N.Y. Cty. 2022) ........................................................................... 7, 14

*Guccione v. Hustler Mag., Inc.*,
800 F.2d 298 (2d Cir. 1986) ..................................................................................................... 13

*Hanlin v. Sternlicht*,
6 A.D.3d 334 (1st Dep't 2004) ................................................................................................ 14

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
491 U.S. 657 (1989) ............................................................................................................ 14, 15

*Immuno AG v. Moor-Jankowski*,
 77 NY2d 235 (1991) ................................................................................................................ 10

*InkMango, Inc. v. Warren*,
84 Misc. 3d 1227(A) (N.Y. Sup. Ct. 2024) ............................................................... 9, 10, 11, 12

*Kesner v. Buhl*,
  590 F. Supp. 3d 680 (S.D.N.Y. 2022) ............................................................................... 7

*Kipper v. NYP Holdings Co.*,
  12 NY3d 348 (Ct. App. 2009) ................................................................................. 14, 15

*Lax v. City Univ. of New York*,
  80 Misc. 3d 1212(A) (N.Y. Sup. Ct. 2023) ..................................................................... 16

*Lindberg v. Dow Jones & Co., Inc.*,
  No. 20-CV-8231, 2021 WL 3605621 (S.D.N.Y. Aug. 11, 2021) ...................................... 7

*Mann v. Abel*,
  10 N.Y.3d 271 (Ct. App. 2008) ...................................................................................... 11

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964) ........................................................................................................ 10

*Reeves v. Associated Newspapers, Ltd.*,
  232 A.D.3d 10 (1st Dept. 2024) ................................................................................ passim

*Sackler v. Am. Broad. Companies, Inc.*,
  71 Misc. 3d 693 (N.Y. Sup. Ct. 2021) .............................................................................. 9

*St. Amant v. Thompson*,
  390 U.S. 727 (1968) ........................................................................................................ 14

*Swiezy v. Investigative Post, Inc.*,
  228 A.D.3d 1266 (4th Dep't 2024) ............................................................................ 11, 13

*Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead*,
  98 F. Supp. 2d 347 (S.D.N.Y. 2000) ................................................................................ 8

**Statutes**

New York Civil Rights Law § 70-a ................................................................................ passim
New York Civil Rights Law § 76-a ................................................................................ 4, 6, 7

**Other Authorities**

New York State Senate, Sponsor Memo, Bill 2019-S52A (July 22, 2020) ............................... 6, 8

**PRELIMINARY STATEMENT**

Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck ("Defendants," "Gotham") published a report on Plaintiff Grifols S.A. ("Grifols") "*Grifols SA: Scranton and the Undisclosed Debts*" (the "Report"). The Report, published January 9, 2024, criticizes Grifols, and in doing so, relies transparently on Grifols' own public statements and filings.

The substantive features of New York's new anti-SLAPP law are contained in New York Civil Rights Law §70-a and §76-a.[1] The purpose of this important legislation is to protect defendant speakers from bearing the unfair costs of defending their speech when subjects of their publications attack them in court. The legislation recognizes that even when speakers "win" in court and defeat a libel plaintiff's claims, the plaintiff has still "won" by imposing punitive costs on the "successful" defendant speaker.

To protect against this speech-destructive dynamic, the anti-SLAPP law (the "Statute") creates a presumptive "*cordon sanitaire*" that favors the defendant at threshold. There are three parts to it that are relevant here:

1. The Statute defines a SLAPP suit as a lawsuit against "any communication in a place open to the public or a public forum in connection with an issue of public interest." § 76-a(1)(a).

2. The Statute defines an "issue of public interest" "broadly" as "any subject other than a purely private matter." § 76-a (a), (d). As such, Grifols' case is a "SLAPP" suit. Gotham need not show here that Grifols' suit is abusive or punitive. It is abusive and

---

[1] The New York Civil Rights Law contains several provisions that govern New York's substantive law of defamation including §§ 74 and 79-h.

punitive, but the definition of a "SLAPP" has a deliberately low and easily reached threshold.

3. The Statute then provides for a *mandatory* award of fees if the libel suit was "commenced or continued" without a "substantial basis in fact or in law." § 70-a.

The consequence of those key features of the anti-SLAPP law in federal court is that if Grifols' libel claims are dismissed under FRCP 12(b)(6) for lack of *plausibility*, then by definition, its libel claims "lack a substantial basis in law or fact." *See Bobulinski v. Tarlov*, No. 24-CV-2349 (JPO), 2024 WL 4893277, at *13 (S.D.N.Y. Nov. 26, 2024). Upon a 12(b)(6) ruling in a defendant's favor, fees are mandatory. *Id*.

The further logical consequence of the new anti-SLAPP law is that if **some** of the libel claims were to survive the plausibility test of 12(b)(6), then:

a. Fees must be awarded to a defendant on those claims that fail the plausibility test.[2]

b. Any surviving claims must be further tested under the anti-SLAPP's "substantial basis" standard and fees must then be awarded as to those claims if they fail that heightened standard. *See infra* Sect. III.

That may mean that *plausible but **not** substantially based* claims proceed in federal court. But the anti-SLAPP provides that non-substantially based claims **should not proceed** without fees in favor of the encumbered defendant. The anti-SLAPP law is not merely a *disincentive* to libel plaintiffs, but an affirmative *protection* for libel defendants.[3] *Any continuation* of a case that

---

[2] Libel plaintiffs lard their complaints with multiple claims to add to the costs and burden that their defendants must bear to defend themselves. This is the new reality that speakers face in the present environment where libel plaintiffs have become more emboldened and active, even though First Amendment protections have not changed.

[3] This is not an anomaly. The Statute provides that a plaintiff may not "commence or continue" a SLAPP without "substantial basis." § 70-a. As long as one does so, the defendant deserves the protection of a fee award to spare them that burden. A plaintiff does not get to initiate a libel case that lacks a substantial basis to see if they *might* find a substantial basis. If suit is initiated and continued without that required basis, the defendant deserves the law's protection in the form of fees. The remedy is supplied when the fees are most needed.

2

lacks a substantial basis requires mandatory fees for the defendant who must continue to defend such a suit. § 70-a. That is the protection New York substantive law provides defendant speakers.

The present motion is directed specifically at fees that follow from Sec. 70-a(1)(a). Other kinds of "damages" under Sect. 70-a(1)(b) and (c) may follow when punitive purpose is demonstrated. Those damages are not waived. Grifols' emerging punitive purposes are already apparent, and Gotham may address them in due course. However at this stage, Gotham simply asks the court for fees under Sect. 70-a(1)(a), which engages purely legal issues.

## ARGUMENT

### I. GRIFOLS' COMPLAINT IS A SLAPP SUIT AIMED AT THE EXERCISE OF GOTHAM'S SPEECH ON A MATTER OF PUBLIC INTEREST.

"A SLAPP suit, typically sounding in defamation, is brought to intimidate or silence a person who has spoken out about a matter of public interest." *Reeves v. Associated Newspapers, Ltd.,* 232 A.D.3d 10, 12 (1st Dept. 2024). In November 2020, New York amended its anti-strategic lawsuit against public participation ("anti-SLAPP") statute to "protect citizens' exercise of the rights of free speech and petition about matters of public interest." New York State Senate, Sponsor Memo, Bill 2019-S52A (July 22, 2020). The new anti-SLAPP statute expanded protections for defendant speakers by broadening its application to a lawsuit targeting "any communication in a place open to the public…in connection with an issue of public interest[.]" § 76-a. It *requires* awarding mandatory attorneys' fees and other costs to a defendant in any SLAPP action "commenced or continued without a substantial basis in fact and law[.]" § 70-a.

Grifols' suit is a SLAPP suit simply because it is brought based upon Gotham's "exercise of the constitutional right of free speech in connection with an issue of public interest." § 76-a.

"Public interest" is defined "broadly" as "any subject other than a purely private matter." § 76-a(d). "[C]ases where 'the subject matter was not a matter of legitimate public concern are

3

extremely rare.'" *Kesner v. Buhl*, 590 F. Supp. 3d 680, 693 (S.D.N.Y. 2022), *aff'd sub nom*. No. 22-875, 2023 WL 4072929 (2d Cir. June 20, 2023). New York courts find "matters of' 'public concern' generally include matters of political, social, or other concern to the community, even those that do not affect the general population." *Lindberg v. Dow Jones & Co., Inc.,* No. 20-CV-8231, 2021 WL 3605621, at *8 (S.D.N.Y. Aug. 11, 2021) (internal quotations omitted). "Simply put, the 2020 amendments expanded the scope of anti-SLAPP protections to encompass all public communications on any nonprivate matter." *Reeves,* 232 A.D.3d at 12.

The Gotham Report's discussion of publicly reported business activities of an international company traded on the New York Stock Exchange is indisputably a "communication…open to the public…in connection with an issue of public interest." § 76-a(1)(c). The Report alleges that, in reviewing Grifols' public finances, financial statement discrepancies, obfuscations and irregularities led Gotham to believe the company is an over-valued company and misunderstood by the market. Potential "improper business practices, particularly where such conduct may result in loss to stakeholders," are a matter of public concern. *Lindberg,* 2021 WL 3605621, at *8; *see also Kesner*, 590 F. Supp. at 693 ("reports of improper business practices" matter of public concern); *Golan v. Daily News, L.P.*, 77 Misc. 3d 258, 263-64 (Sup. Ct. N.Y. Cty. 2022), *aff'd,* 214 A.D.3d 558 (1st Dep't 2023) ("deceptive practices" matter of public interest.") But given the statute's exceptionally broad definition of "public concern," there is little to argue here. This lawsuit is therefore a "SLAPP" under § 76-a's definition of a SLAPP.

### II. THE CONSEQUENCE OF A COMPLAINT'S DISMISSAL UNDER RULE 12(b)(6) IS A MANDATORY AWARD OF FEES UNDER N.Y. CRL § 70-a.

The New York Senate specifically amended the law to provide for a *mandatory* award of fees and costs "to address threat of personal damages and litigation costs…as a means of

4

harassing, intimidating or punishing individuals, unincorporated associations, not-for-profit corporations and others who have involved themselves in public affairs." Sponsor Mem., S52A (quoting original legislative intent for § 70-a). The anti-SLAPP law states "costs and attorney's fees *shall be recovered* upon a demonstration . . . that [an action involving public petition and participation] . . . was commenced or continued without a substantial basis in fact and law." § 70-a(1)(a) (emphasis added).

"Substantial basis" is a "higher standard…to make it easier for defendants in SLAPP suits to win motions to dismiss[.]" *Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead*, 98 F. Supp. 2d 347, 359 (S.D.N.Y. 2000). When a libel complaint fails Rule 12's "plausible" pleading standard on a failure to state a claim, it necessarily fails Sect. 70-a's "higher standard" of "substantial basis." *See Bobulinski*, 2024 WL 4893277, at *13. "In other words, whatever else the phrase 'without a substantial basis in fact and law' means, it is certainly triggered by the failure to state a claim." *Id.*

This logical deduction has been reached uniformly by New York state appellate courts. *See e.g. Reeves*, 218 N.Y.S.3d at 21-25 (reviewing extensive legislative memorandum, caselaw and statutory language to conclude that "a complaint which fails to state a claim also lack a substantial basis") (internal quotes omitted). "[T]hat these decisions involved trial courts' dismissals under CPLR 3211(a)(7)—New York's version of Rule 12(b)(6)—does not change the analysis." *Bobulinski*, 2024 WL 4893277, at *13.

Therefore, if the Court dismisses Grifols' Amended Complaint ("AC") for failure to state a claim under Rule 12, New York's anti-SLAPP provides for a *mandatory* award of fees and other costs under § 70-a. *See id*. (granting motion to dismiss and awarding fees under § 70-a for "fail[ure] to adequately allege three independent elements of defamation").

5

### III.  GOTHAM IS ENTITLED TO FEES UNDER § 70-a BECAUSE GRIFOLS FAILS TO MEET HEIGHTENED SUBSTANTIAL BASIS STANDARD.

Even if Grifols' AC was found to be "plausible"—and it is not—it comes nowhere near the "more stringent standard" of "substantial basis" under § 70-a. *See Sackler v. Am. Broad. Companies, Inc.*, 71 Misc. 3d 693, 700 (N.Y. Sup. Ct. 2021), *ad. to*, (N.Y. Sup. Ct. 2024) ("The Legislature viewed 'substantial' as a more stringent standard than the 'reasonable' standard that would otherwise apply."). *See also InkMango, Inc. v. Warren*, 84 Misc. 3d 1227(A), (N.Y. Sup. Ct. 2024) (substantial basis "more exacting than the liberal pleading standard.") Because the AC fails this "more exacting" standard in addition to the plausible standard, Gotham is in all events entitled to fees under § 70-a.

The First Department determined that "substantial basis" means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Reeves*, 232 A.D.3d at 22. (quoting *Castle Vil. Owners Corp. v. Greater N.Y. Mut. Ins. Co.,* 58 A.D.3d 178, 183 (1st Dept. 2008)). The substantial basis standard asks the court to "look beyond the face of the pleadings to determine whether the claim is supported by substantial evidence." *InkMango*, 84 Misc. 3d at 2 (quoting *Reeves*, 232 A.D.3d at 24).[4] In applying the "substantial basis" test, the *Reeves* court provided "it may be helpful to use the practical test—whether the allegations and evidence presented would require submission to a jury as a question of fact." *Id*.

Here, Grifols has failed to adequately allege, let alone support with "substantial evidence," three independent elements of defamation: that Gotham published (1) a substantially false, (2) defamatory statement of fact (as opposed to one of protected opinion), (3) made with

---

[4] *InkMango* compares a motion to dismiss under N.Y. CPLR 3211(g), New York state's anti-SLAPP procedural mechanism requiring a "substantial basis," to N.Y. CPLR 3211(a)(7), the "ordinary" New York state motion to dismiss. "The New York CPLR 3211(a)(7) motion to dismiss for 'fail[ure] to state a cause of action' is parallel to the federal standard of Rule 12(b)(6)." *Bobulinski*, 2024 WL 4893277, at *13. The *Reeves* court found its definition of "substantial basis" "based on our reading of CPLR 3211(g)." *Reeves*, 232 A.D.3d at 12.

6

knowledge that the statement was false or reckless disregard for whether it was false (i.e., with a subjective and "high degree of awareness of its probable falsehood." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 276 (1964).

### a. Grifols Fails to Allege a Substantial Basis that the Report Contained Actionable Statements of Fact, Not Opinion.

The statements that Grifols challenges are constitutionally protected expressions of opinion. They are non-actionable as a matter of law. *Celle v. Filipino Rep. Ent. Inc*., 209 F.3d 163, 178 (2d Cir. 2000). The opinion defense in New York is far more protective than it might be if only the First Amendment protections for opinion were in play. The New York State Constitution protects a far more expansive and generous universe of statements under the aegis of opinion – statements which under First Amendment analysis under *Milkovich*, 497 U.S. 1 (1990), *might* be seen as "factual." *See Immuno AG v. Moor-Jankowski*, 77 NY2d 235, 249 (1991), *cert. denied*, 111 S.Ct. 2261 (1991) ("The intervening occurrence of *Milkovich,* however, does not cause us to change our explicit conclusion that the case was correctly analyzed and decided in accordance with the core values protected by the State Constitution." Kaye, C.J.); Def. Mot. to Dismiss, Mem. of Law, at 5-11, Dkt. 25.

As such, Grifols' AC has an even more daunting hill to climb if it is to meet the *substantial basis test* compounded by New York's *Immuno* standard. It is well settled that "only statements alleging facts can properly be the subject of a defamation action." *Swiezy v. Investigative Post, Inc*., 228 A.D.3d 1266, 1268 (4th Dep't 2024) (awarding anti-SLAPP fees on statements found to be substantially true or expressions of opinion). "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (Ct. App. 2008). Grifols

7

has neither plausibly pled nor provided any substantial basis in law and in fact to support a conclusion that Gotham's statements are anything other than its opinion.

In *InkMango*, the court refused to find a "substantial basis" for defamation when the statements were "based upon the undisputed facts contained in the article" and the plaintiff "fails to dispute the underlying facts," making them pure opinion. *InkMango*, 84 Misc. 3d at 4. The court found statements that "investors lacked some critical information about the company's finances" to be opinion because "[c]ertain financial information may be considered 'critical' to one person, and not to another, so this statement is not 'capable of being proven true or false.'" *Id* (citing *Mann*, 10 N.Y.3d at 276). "While plaintiff may disagree with defendants' assessment that their original decks lacked 'critical' information, this is a matter of opinion and is non-actionable." *Id*.

Here, Grifols has not disputed the underlying facts of Gotham's Report— and they cannot, because the "underlying facts" are *Grifols' own numbers*, including Grifols' Credit Agreement EBITDA (¶¶ 150, 169, 201), Grifols' reported debt and EBITDA leverage ratio (¶ 150, 155), Grifols' annual reports (¶ 157), and Grifols' various deals such as an advance payment to ImmunoTek (¶210). Grifols does not dispute that it relies on its "Per Credit Agreement" "Adjusted EBITDA" definition, that it reported a Q3 2023 leverage ratio of 6.7x, nor its annual report numbers, or that it made a EUR124 advance payment to ImmunoTek. These are the same undisputed facts that the Report relies on.

And as in *InkMango*, Grifols "appears to seek every possible route around the essential fact that [it] does not claim that [the underlying] statements were false," *id.* Rather, Grifols acknowledges them, stating that Grifols "has no control over this EBITDA formula," or that

8

accounting standards[5] "require" this accounting. AC, ¶ 26, 37. As the court found in *InkMango*, because Grifols "fail[s] to dispute the underlying facts" on which the statements of opinion are predicated, it fails to establish its defamation claim. *Id*.

And just like in *InkMango*, Gotham's statements that Grifols' shares are "uninvestable," "worthless," or "likely are worth zero," AC, ¶ 193, are "not capable of being proven true or false.'" *Id*. Certain stock might be uninvestable, worthless, or likely are worth zero "to one person, and not to another," and "[w]hile plaintiff may disagree with defendants' assessment" that their stock is "uninvestable," "worthless," or "likely are worth zero," "this is a matter of straight opinion and is non-actionable." *Id*. The *InkMango* court dismissed and awarded fees under § 70-a for these failures, as this Court should.

### b. Grifols Fails to Establish a Substantial Basis that the Report is Substantially False.

Grifols has neither plausibly pled nor demonstrated a substantial basis in fact and in law that the gist of the challenged statements is substantially false. "If an allegedly defamatory statement is substantially true a claim of libel is legally insufficient and ... should [be] dismissed." *Biro v. Conde Nast*, 883 F.Supp.2d 441, 458 (S.D.N.Y. 2012). New York provides that "a statement need not be completely true, but can be substantially true, as when the overall 'gist or substance of the challenged statement' is true." *Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014) (dismissing libel action against *The Big Short* by Michael Lewis and short seller source, Steven Eisman). "The test is whether the statement, as it was published, had a different effect on the mind of the reader than the actual literal truth." *Guccione v. Hustler Mag., Inc.,* 800 F.2d 298, 301–02 (2d Cir. 1986).

---

[5] Grifols tries to manufacture an issue by claiming that the Report challenges its compliance with accounting standards. But the Report never once references any applicable accounting standard. It's not about compliance.

9

The "gist" of the Report is substantially true— Grifols' accounting obfuscated a clear understanding of its value to market investors. This has been validated by the Spanish financial regulator ("CNMV"), and this Court need not look past *Grifols' admissions* in the FAC that the CNMV "expressed concerns about": (1) the "detail and accuracy" of Grifols "financial breakdown" and (2) the detail provided Grifols "EBITDA and debt-to-EBITDA ratio." FAC, ¶ 10. That is a central thesis of the Report: Gotham questioned Grifols' **suspect details** around disclosure and consolidation **in its financial reporting** (Scranton loan, ¶¶ 138, 147) (GDS consolidation, ¶¶ 201) (ImmunoTek, ¶ 210), and Grifols **EBITDA and net-leverage ratio** (debt-to-EBITDA) (¶¶150, 155, 157, 158, 169, 170).

Assuming the statements are not matters of protected opinion, which they are, Grifols "fail[s] to raise a triable issue of fact" on how these statements are not substantially true. *See Swiezy*, 228 A.D.3d at 1269. Gotham and the CNMV both raised concerns about detail and accuracy of Grifols accounting, and Grifols' hailmary defense that the Scranton loan was disclosed in "narrative manner," FAC fn.21, even if true, would not have "had a different effect on the mind of the reader." *Guccione*, 800 F.2d at 301–02. Grifols has not plausibly pled the challenged statements are substantially false, let alone established a substantial basis for such, therefore, fees are warranted. *See Golan*, 77 Misc. 3d at 265 (fees for lack of substantial falsity).

### c. Grifols' Complaint Fails to Establish Substantial Basis that Gotham Published with Knowledge that Each Challenged Statement Was False or Made With a High Degree of Awareness of Its Probable Falsehood.

Grifols has failed to demonstrate *any basis*—neither plausible nor substantial—for asserting that Gotham "entertained serious doubts as to the truth of [its] publication or acted with a high degree of awareness of probable falsity." *See Kipper v. NYP Holdings Co.*, 12 NY3d 348, 354 (Ct. App. 2009). "Conclusory allegations of actual malice do not suffice." *See Carey v.*

10

*Carey*, 74 Misc. 3d 1214(A) (N.Y. Sup. Ct. 2022), *aff'd,* 220 A.D.3d 477 (2023). Yet all Grifols relies on is "surmise and conjecture," *Hanlin v. Sternlicht*, 6 A.D.3d 334 (1st Dep't 2004):

- that Gotham revised the $95 million loan statement to avoid "public backlash," Opp. Mem. at 26, providing no evidence that there was any public backlash to avoid,

- that Gotham "disregard[ed] publicly available facts and IFRS accounting standards" (AC, ¶ 208), providing no evidence that Gotham read, reviewed, cited or knew of those "facts" or accounting standards when writing the Report[6],

- that Gotham "raced to dump their short position after Grifols' share price dropped by 43%" instead of waiting "until it had dropped by close to 100%," providing no evidence that Gotham acted with any particular haste or panic in covering its position.

And on theories plainly refuted by blackletter law:

- that Gotham "gained profits on their short position" (AC, ¶ 216), publication "in order to increase its profits" plainly cannot "suffice to prove actual malice," *Harte-Hanks*, 491 U.S. at 667, nor specifically can a short position suffice as evidence of actual malice. *Cassava Scis., Inc. v. Bredt*, No. 1:22-CV-9409-GHW, 2024 WL 1347362, at *25 (S.D.N.Y. Mar. 28, 2024).

- that Gotham's "correction" has no exculpatory value because they stood to make a profit, again, neither "to increase its profits," nor "profits" in general "suffice to prove actual malice," *id*. Profit motive does not serve as evidence of actual malice. *Id*.

- and even if Gotham "raced to dump their short position after Grifols share price dropped" <u>by any percent</u>, this would necessarily be *after publication*, and "a defamation defendant's behavior *after* the publication of a defamatory statement is not enough to nudge allegations from possible to plausible," let alone the "substantial basis" needed here. *See Biro*, 963 F. Supp. 2d at 287.

- that Gotham "did not issue a press release about it or inform followers on social media." (*id*., ¶ 145). This is all *post-publication* complaints, nothing to show Gotham "entertained serious doubts as to the truth of [its] publication," *Kipper*, 12 NY3d at 354.

Grifols' entire actual malice case rests on speculative and conclusory allegations about motivations surrounding profit motives and margins. This is insufficient to plausibly or

---

[6] Further, Grifols makes this general speculative claim in the face of clear law that an alleged failure to investigate, is not a basis for alleging actual malice. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). ("reckless disregard" is not measured by "whether a reasonably prudent man would have published or would have investigated before publishing.")

11

substantially prove actual malice. That is because "[i]f a profit motive," be that 43% or 100%, "could somehow strip communications of the otherwise available constitutional protection, our cases from *New York Times* to *Hustler Magazine* would be little more than empty vessels." *Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 667 (1989). Grifols has presented neither plausible nor "relevant proof as a reasonable mind may accept as adequate to support a conclusion" of actual malice, *see Reeves*, 232 A.D.3d at 22. Gotham must therefore be awarded its fees. *See Carey*, 74 Misc. 3d 1214(A) (no actual malice "can be inferred" from a "financial interest" in publication, dismissing case for failure to demonstrate defamation with "substantial basis in law.")

## IV. GOTHAM IS OWED FEES BECAUSE GRIFOLS' LAWSUIT IS BY DEFINITION A SLAPP SUIT UNDER NEW YORK LAW AND POLICY.

"The object of a SLAPP suit is to intimidate and silence a defendant by forcing [them] to expend money and time in defending the lawsuit, thereby abusing the litigation process for an improper purpose litigation[.]" *Lax v. City Univ. of New York,* 80 Misc. 3d 1212(A), 195 (N.Y. Sup. Ct. 2023). The New York legislature "has made the policy decision that mandatory fee-shifting applies to the subset of cases defined as SLAPP suits where the claim lacks a 'substantial basis.'" *Bobulinski*, 2024 WL 4893277, at *14. According to New York state Senator Brad Hoylman, the bill's sponsor, the expansion was intended to restore "utmost protection for the free exercise or speech…in a public forum with respect to issues of public concern." Sponsor Mem., S52A. Grifols' conduct in this case gives *every indication* that it is "abusing the litigation process for an improper purpose… to intimidate and silence" speech it does not like, *Lax*, 80 Misc. 3d at 3, and "burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future." *Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 28 (1st Dep't 2022).

Gotham will seek further damages under § 70-a (1)(b) and (c) as the punitive, retaliatory and ulterior purposes of Grifols' lawsuit emerge further. But as for fees and costs under § 70-a (1)(a), no such improper or punitive purpose need be shown by a defendant.

## CONCLUSION

For the above reasons, Gotham should be awarded legal fees upon the resolution of its Motion to Dismiss Grifols' Amended Complaint, together with such other and further relief as the Court deems just and proper.

Dated: January 31, 2025                         */s/ David S. Korzenik*

                                                                     David S. Korzenik
                                                                      Gillian Vernick
                                                                      **MILLER KORZENIK**
                                                                       **SOMMERS RAYMAN LLP**
                                                                       1501 Broadway, Suite 2015
                                                                       New York, New York 10036
                                                                       Tel: 212-752-9200
                                                                       dkorzenik@mkslex.com