## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRIFOLS, S.A. and GRIFOLS SHARED SERVICES NORTH AMERICA, INC., <br><br>                  Plaintiffs, <br><br>      v. <br><br> DANIEL YU, an individual, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK, an individual, JOHN DOES 1-10, and XYZ CORPORATIONS 1-10. <br><br>                 Defendants. | No. 1:24-cv-00576-LJL |

### GRIFOLS, S.A. AND GRIFOLS SHARED SERVICES NORTH AMERICA, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' ANTI-SLAPP MOTION FOR ATTORNEY'S FEES AND OTHER RELIEF

PROSKAUER ROSE LLP

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com

*Counsel for Plaintiffs Grifols, S.A. and Grifols Shared Services North America, Inc.*

# TABLE OF CONTENTS[*]

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ............................................................................................................4

    **I.**    **DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES UNDER § 70-a(1)(a)**. ....................................................................................................4

        **a.** § 70-a(1)(a) Does Not Apply in Federal Court Because it Conflicts with Multiple Federal Rules of Civil Procedure. ................................................................4

        **b.** Even if § 70-a(1)(a) Did Apply in Federal Court, a Dismissal Under Rule 12 Would Not Automatically Trigger an Award of Fees under the New York Anti-SLAPP Statute. .......................................................................................14

        **c.** Denial of any Portion of Defendants' Motion to Dismiss Requires Defendants' Motion for Fees under § 70-a(1)(a) be Denied in its Entirety....................................17

    **II.**   **GRIFOLS' AMENDED COMPLAINT HAS A SUBSTANTIAL BASIS IN FACT AND LAW**..............................................................................................18

        **a.** Defendants' Motion Should be Denied because Defendants Failed to Plead Facts Demonstrating a Grifols' Amended Complaint Lacks a Substantial Basis in Fact and Law…..........................................................................................19

        **b.** The Amended Complaint Demonstrates Grifols Meets the Substantial Basis Standard. .................................................................................................21

    **CONCLUSION** ...................................................................................23

---

[*] Capitalized terms and party names not defined here have the same meaning as in the Amended Complaint.

# **TABLE OF AUTHORITIES**

**Page(s)**

C ASES

*Adelson v. Harris*,
    774 F.3d 803 (2d Cir. 2014).........................................................................6, 11, 12

*Am. Acct. Ass'n*
    No. 22-811, 2023 WL 2803770, at *3 (2d Cir. Apr. 6, 2023) ................................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................9

*Bobulinski v. Tarlov*,
    No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024) ....................... passim

*Brady v. NYP Holdings, Inc.*,
    No. 21-CV-3482 (LJL), 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022)........................... passim

*Carey v. Carey*,
    160 N.Y.S.3d 854 (N.Y. Sup. Ct. 2022), *aff'd* 198 N.Y.S.3d 12 (2023)................................15

*Carrol v. Trump*,
    590 F. Supp. 3d 575 (S.D.N.Y. 2022)...................................................................7, 9

*CDC Newburgh Inc. v. STM Bags, LLC*,
    692 F. Supp. 3d 205 (S.D.N.Y. 2023)........................................................................9

*Chinese Americans C.R. Coal., Inc. v. Trump*,
    No. 21-CV-4548 (JGK), 2022 WL 1443387 (S.D.N.Y. May 6, 2022) ...................19

*Coritsidis v. Khal Bnei Torah of Mount Ivy*,
    No. 22-CV-10502 (CS), 2024 WL 37122 (S.D.N.Y. Jan. 3, 2024)......................7, 8

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
    551 F. Supp. 3d 320 (S.D.N.Y. 2021), *aff'd sub nom. Daleiden v. Planned*
    *Parenthood Fed'n of Am.*, No. 21-2068-CV, 2022 WL 1013982 (2d Cir. Apr.
    5, 2022) ...............................................................................................................19

*Dadekian v. Laveway*,
    208 N.Y.S.3d 907 (N.Y. Sup. Ct. 2024) ..............................................................15

*Editor's Pick Luxury LLC v. Red Points Sols. SL*,
    No. 22-CV-7463 (ALC), 2023 WL 6385993 (S.D.N.Y. Sept. 29, 2023)................8

*Exec. Park Partners LLC v. Benicci Inc.*,
    No. 22-CV-02560 (PMH), 2023 WL 3739093 (S.D.N.Y. May 31, 2023)...............8

*Gong v. Sarnoff*,
    No. 23-CV-343 (LJL), 2023 WL 5372473 (S.D.N.Y. Aug. 22, 2023)......................................5

*Kesner v. Buhl*,
    590 F. Supp. 3d 680 (S.D.N.Y. 2022) ..............................................................................7, 13

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020)............................................................................................ passim

*LaNasa v. Stiene*,
    731 F. Supp. 3d 403 (E.D.N.Y. 2024) ............................................................................9, 19

*Lavine v. Glavin*,
    219 A.D.3d 1165 (App. Div. 4th Dep't 2024) .....................................................................15

*Lexjac, LLC v. Beckerman*,
    No. 07-CV-4614 (JS)(ARL), 2008 WL 11313761, at *13 (E.D.N.Y. Sept. 30,
    2008) ....................................................................................................................16, 17, 22

*Lindell v. Mail Media Inc*.,
    575 F. Supp. 3d 479 (S.D.N.Y. 2021)..................................................................................19

*Lohnn v. Int'l Bus. Machs. Corp.*,
    No. 21-CV-6379 (LJL), 2022 WL 36420 (S.D.N.Y. Jan. 4, 2022) ...........................................7

*Max v. Lissner*,
    No. 22-CV-5070 (VEC), 2023 WL 2346365 (S.D.N.Y. Mar. 3, 2023) .....................11, 13, 20

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
    551 F. Supp. 3d 408 (S.D.N.Y. 2021)..........................................................................7, 8, 10

*Pharma Connect, LLC v. Mission Pharmacal Co.*,
    No. 21-CV-11096 (LJL), 2023 WL 112552 (S.D.N.Y. Jan. 4, 2023) ......................................5

*Prince v. Intercept*,
    634 F. Supp. 3d 114 (S.D.N.Y. 2022) (LAP) ........................................................................9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010)..............................................................................................................5

*Tsamasiros v. Jones*,
    186 N.Y.S.3d 818 (N.Y. Sup. Ct. 2023), *aff'd*, 232 A.D.3d 816 (App. Div. 2d
    Dep't 2024) ........................................................................................................................15

*Unlimited Cellular, Inc. v. Red Points Sols. SL*,
    677 F. Supp. 3d 186 (S.D.N.Y. 2023)................................................................................7, 9

*Waite v. Gonzalez*,
   No. 21- CV-2506 (PKC), 2023 WL 2742296 (E.D.N.Y. Mar. 31, 2023) ................................9

*Watson v. NY Doe 1*,
   No. 19-CV-533 (JGK), 2023 WL 6540662 (S.D.N.Y. Oct. 6, 2023)......................................13

**STATUTES**

N.Y. Civ. Right Law § 70-a(1)(a)............................................................................... passim

N.Y. Civ. Rights Law ..............................................................................................................7

Nev. Rev. Stat. §§ 41.660, 41.670 ........................................................................................11

**OTHER AUTHORITIES**

CPLR 3212(h)..........................................................................................................................10

Fed. R. Civ. P. 11 .......................................................................................................... passim

Fed. R. Civ. P. 11(b) ...........................................................................................................5, 8

Fed. R. Civ. P. 11(c)(4)............................................................................................................5

Fed. R. Civ. P. 12 .......................................................................................................... passim

N.Y. C.P.L.R. §§ 3211(g) ......................................................................................................12

Rule 12(b)(6)................................................................................................................. passim

Rule 56....................................................................................................................................13

Rule 56(a)..................................................................................................................................9

Plaintiffs Grifols, S.A. and Grifols Shared Services North America, Inc. (collectively, "Grifols") submit this Memorandum of Law in opposition to Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus De Weck's (collectively, "Defendants") Anti-SLAPP Motion for Attorney's Fees and Other Relief (the "Motion"), ECF No. 45.

## PRELIMINARY STATEMENT

Grifols' Amended Complaint is not a SLAPP. It is a pleading that is necessary to hold Defendants accountable for deliberately spreading lies about Grifols to manipulate the market for their financial gain. The Amended Complaint sets forth in detail how Defendants devised a "trash and cash" scheme to avoid the massive losses they were exposed to from their unsuccessful bet against Grifols' stock, and to turn those impending losses into a profit. These facts, which must be assumed true at this stage and have been validated by the launch of a Spanish criminal investigation into Defendants for market manipulation of Grifols' stock via the dissemination of false or misleading information, demonstrate this suit does not and cannot quash protected "free speech."

Over a year after Grifols sued Defendants, Defendants belatedly filed this Motion seeking attorney's fees and costs under § 70-a(1)(a) of New York's anti-SLAPP statute. Defendants' Motion, a meritless litigation tactic, is a last-ditch effort to escape liability. Defendants seek to accomplish this goal by imposing on Grifols an otherwise inapplicable state statute that contains a heightened pleading burden beyond the standard normally faced by a plaintiff in federal court. Indeed, both the Second Circuit and this Court have held that § 70-a(1)(a) and its "substantial basis" pleading standard is inapplicable in federal court. For this reason, and many others, the Court should reject Defendants' improper attempt to avail themselves of rules they are not entitled to benefit from as a federal litigant.

The improper purpose behind Defendants' Motion is demonstrated by a simple comparison of the arguments made therein to those advanced in Defendants' Motion to Dismiss. In the latter motion, Defendants argued that their statements in the Gotham Report are not actionable in part because the report was narrowly targeted at a "sophisticated" and "financially literate audience." *See* ECF No. 25 at 3, 6, 9. Now, just over a month after advancing those arguments, Defendants try to paint the Gotham Report, in this Motion, as "discussion of publicly reported business activities of an international company traded on the New York Stock Exchange" and a "communication open to the public in connection with an issue of public interest." Mot. at 4. It is clear why Defendants are talking out of both sides of their mouths: they are comfortable advancing the argument most likely to help them win the motion-at-hand, regardless of whether their argument has a basis in fact or contradicts their previous representations. Defendants cannot have it both ways. Either they must admit that the Gotham Report was disseminated to the ***entire*** investing public, or they must concede that this matter is not an action involving public petition and participation and therefore fails to meet the first required element of New York's anti-SLAPP statute. Regardless of which story Defendants choose to stick with, however, this Motion still fails for numerous reasons.

**First**, the Court ruled in *Brady v. NYP Holdings, Inc.* that § 70-a(1)(a) is inapplicable in federal court because it conflicts with Fed. R. Civ. P. 11. Rule 11 conflicts with § 70-a(1)(a) because under the Second Circuit's mandatory test in *La Liberte v. Reid*, both the rule and the statute answer the same question: was an action frivolous or brought with a substantial basis in fact and law? Rule 11 & § 70-a(1)(a) also conflict with one another because they share an identical goal: deterring lawsuits that are factually or legally baseless. When such a conflict exists,

*La Liberte* requires that the Federal Rule controls, as opposed to the state statute. Rule 11 renders § 70-a(1)(a) inapplicable in federal court and in turn, requires Defendants' Motion be denied.

**Second**, the overwhelming majority of federal courts in New York have also found, when applying *La Liberte*, that § 70-a(1)(a) and the pleading standard embedded therein is inapplicable because it conflicts with the standards set by both Rules 12(b)(6) and 56. Defendants ignore this authority entirely and instead cite to a single, non-binding case, *Bobulinsky v. Janov*, where § 70-a(1)(a) was found to be applicable in this Court. Grifols respectfully submits, however, that a close analysis of that case confirms it is not persuasive and in turn, requires Defendants' Motion be denied.

**Third**, even if § 70-a(1)(a) was applicable in federal courts—it is not—a dismissal of Grifols' Amended Complaint under Rule 12(b)(6) would not automatically trigger an award of attorney's fees. Defendants' argument to the contrary not only runs afoul of Second Circuit authority but is also contradicted by New York state trial court and appellate cases. This is far from the "uniform" body of case law Defendants claims exists on this question. Nevertheless, it is clear, based on authority that is binding on this Court, that a dismissal of Grifols' Complaint under Rule 12(b)(6) does not automatically mean that Grifols' action was brought without a "substantial basis in fact and law."

**Fourth**, Defendants claim that, in the event of a partial dismissal, "[f]ees must be awarded to a defendant on those claims that fail the plausibility test." However, Defendants cite no authority for such a position. That is because there is none. Indeed, federal courts, including this Court, have found the exact *opposite*—a point that Defendants conveniently omit from their Motion.

**Finally**, the Court should deny Defendants' request for an award of costs and attorney's fees under § 70-a(1)(a) for the simple reason that the Court should deny Defendants' Motion to

Dismiss. Defendants attempt to demonstrate that Grifols failed to meet § 70-a(1)(a)'s "substantial basis" standard with nothing more than repeat arguments from their Motion to Dismiss, as well as an improper and wildly inaccurate factual declaration from a single defendant, Cyrus De Weck. But, for the same reason this Court has rejected the imposition of a higher state court burden on a federal court plaintiff, the Court should also reject Defendants' attempt to rely on self-serving testimony from De Weck that, at this point, is impossible for Grifols to test the veracity of due to the case's pre-discovery procedural posture. That leaves Defendants' Motion supported by nothing more than recycled Motion to Dismiss arguments that Grifols has already demonstrated should be rejected. With a ruling in Grifols' favor on Defendants' Motion to Dismiss secured, Defendants are unable to demonstrate that there is not a "substantial basis" for Grifols to bring its claims against Defendants. This prohibits Defendants from recovering attorney's fees under § 70a(1)(a), and in turn, requires Defendants' Motion be denied in its entirety.

## **ARGUMENT**

### I. **DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES UNDER § 70-a(1)(a).**

#### a. **§ 70-a(1)(a) Does Not Apply in Federal Court Because It Conflicts with Multiple Federal Rules of Civil Procedure.**

The threshold flaw in Defendants' Motion is that it presumes § 70-a(1)(a) applies in Federal Court. Defendants completely ignore the mandatory test imposed by the Second Circuit to determine whether that is true. *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) provides the analysis this Court must follow to determine whether a provision of a state's anti-SLAPP statute applies in federal court. There, the Second Circuit held that before applying a state anti-SLAPP statute to a diversity action, the Court must first, pursuant to the *Erie* doctrine, determine whether any Federal Rule of Civil Procedure answers the same question as the relevant state statute at issue. *La Liberte*,

4

966 F.3d at 87; *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010). "If so, the Federal Rule governs[.]" *La Liberte,* 966 F.3d at 87. When applying the *La Liberte* test, this Court has overwhelmingly found that § 70-a(1)(a) is inapplicable because it conflicts with multiple Federal Rules of Civil Procedure. The Court should reach the same conclusion here and deny Defendants' Motion.

### i.  § 70-a(1)(a) is Inapplicable Because It Conflicts with Rule 11.

Defendants' Motion must be denied because § 70-a(1)(a) is inapplicable due its conflict with Fed. R. Civ. P. 11. When previously presented with this identical issue—whether § 70-a applies in federal court—the Court, relying on *La Liberte*, ruled § 70-a(1)(a) "addresses the same question as Rule 11 of the Federal Rules of Civil Procedure" and thus, denied the defendant's motion for fees under New York's anti-SLAPP statute. *Brady v. NYP Holdings, Inc.*, No. 21-CV-3482 (LJL), 2022 WL 992631, at *11 (S.D.N.Y. Mar. 31, 2022).  *Brady* is consistent with *La Liberte* because Rule 11 and § 70-a(1)(a) not only provide the same answer to the same question, but they both share an identical goal: deterring lawsuits that are factually or legally baseless.

Rule 11 asks whether a pleading "is 'frivolous, ***legally*** unreasonable, or ***factually*** without foundation[.]'" *Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, at *8 (S.D.N.Y. Aug. 22, 2023) (emphasis added); *see also* Fed. R. Civ. P. 11(b). § 70-a(1)(a) asks the identical question: was the case "commenced or continued without a substantial basis in ***fact*** and ***law***[?]" § 70-a(1)(a) (emphasis added). If the answer to this question is "yes," the defendant may recover costs and attorney's fees regardless of whether Rule 11 or § 70-a(1)(a) is applied. *See* Fed. R. Civ. P. 11(c)(4); *Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21-CV-11096 (LJL), 2023 WL 112552, at *2 (S.D.N.Y. Jan. 4, 2023) ("For Rule 11 violations, courts may impose a sanction against the offending party including '***an order directing payment … of part or all of the reasonable***

***attorney's fees and other expenses*** directly resulting from the violation.'") (emphasis added); §

70-a(1)(a) ("[C]osts and attorney's fees shall be recovered upon a demonstration [...] that the

action involving public petition and participation was commenced or continued without a

substantial basis in fact and law[.]"). Therefore, pursuant to *La Liberte* and consistent with *Brady*,

Rule 11 governs whether Defendants are entitled to attorney's fees for being subject to a lawsuit

that is factually or legally baseless, not § 70-a(1)(a). This requires Defendants' Motion be denied.

Defendants do not attempt to distinguish, let alone address, *La Liberte* or *Brady*. Instead,

Defendants bypass the *La Liberte* analysis altogether and implicitly rely solely on a non-binding,

outlier case, *Bobulinski v. Tarlov*, No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26,

2024), to support its assertion that § 70-a(1)(a) applies in this Court. *Bobulinski* rejected *La Liberte*

and found its analysis only applies if both the conflicting federal rule and state statute at issue are

"procedural" in nature. *Bobulinski*, 2024 WL 4893277 at *12 ("Here, however, [§ 70-a(1)(a)] is

not procedural. The only procedural rule that the Court is applying is a federal rule: Rule 12(b)(6).

And the only element of New York's anti-SLAPP law that the Court is applying is substantive.").

*Bobulinsky* instead chose to rely on *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014), to inform its

analysis. In *Adelson*, the Second Circuit found that Nevada's Anti-SLAPP statute applied in

Federal Court because that statute is "substantive within the meaning of *Erie*" and "does not

squarely conflict with a valid federal rule." *Adelson*, 774 F.3d at 809 (emphasis added). As a result,

*Bobulinski* stated that because § 70-a(1)(a) is substantive and Rule 12(b)(6) is procedural, Rule

12(b)(6) "does not answer the question" posed by § 70-a(1)(a). *Bobulinski,* 2024 WL 4893277 at

*14 (internal quotations omitted).

Grifols respectfully submits that the Court should decline to follow *Bobulinski.* That

decision, which is contrary to Second Circuit authority and numerous other decisions in this Court,

is neither binding nor persuasive. Indeed, the Court is under no obligation to adhere to that decision simply because *Bobulinsky* disagreed with *Brady*. "[T]he decisions of district courts, even those located within the same district, are not binding on other district courts[.]" *Lohnn v. Int'l Bus. Machs. Corp.*, No. 21-CV-6379 (LJL), 2022 WL 36420, at *9, n.2 (S.D.N.Y. Jan. 4, 2022) (internal citations omitted).

Moreover, Grifols respectfully submits that the basis *Bobulinski* offers for disagreeing with *Brady* is incorrect. In a cursory, three-sentence analysis in a footnote, *Bobulinsky* explained that *Brady* was apparently wrongly decided because § 70-a(1)(a), unlike Rule 11, is "substantive" in nature and does not operate as a "sanction". *Bobulinsky,* 2024 WL 4893277 at *17, n.24.

Yet, *Bobulinsky's* holding that § 70-a(1)(a) is "substantive" and not "procedural," is directly contradicted by numerous courts in this district. *See e.g.*, *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.,* 551 F. Supp. 3d 408, 431 n.16 (S.D.N.Y. 2021) ("Counterclaimants argue that the Court can apply New York's anti-SLAPP law because § 70-a is a substantive provision rather than a procedural one. The Court disagrees."); *Carrol v. Trump*, 590 F. Supp. 3d 575, 584, n.45 (S.D.N.Y. 2022) (collecting cases and finding state anti-SLAPP laws provide a "procedural device"); *Kesner v. Buhl*, 590 F. Supp. 3d 680, 701 (S.D.N.Y. 2022) ("[G]ranting relief under [N.Y. Civ. Rights Law] § 70-a would require the Court to apply a state ***procedural*** standard that conflicts with the Federal Rules of Civil Procedure.") (emphasis added); *Coritsidis v. Khal Bnei Torah of Mount Ivy*, No. 22-CV-10502 (CS), 2024 WL 37122, at *6 (S.D.N.Y. Jan. 3, 2024) (same); *Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 186, 204 (S.D.N.Y. 2023) (defendants conceded § 70-a is procedural). Nevertheless, even if the Court agrees that § 70-a(1)(a) is "substantive," *Bobulinsky's* disagreement with *Brady* is still misguided. *Bobulinsky* overlooks that Rule 11 is ***also*** inherently substantive, thereby creating a

7

conflict between the statute and the federal rule. Indeed, Rule 11 analysis is driven by the *substance* of a pleading and whether there is a factual and/or legal basis to bring the claims therein. *See* Fed. R. Civ. P. 11(b). This undermines *Bobulinsky's* sole basis for declining to adhere to *La Liberte*. Of course, the fact that Rule 11 undertakes the exact same analysis as § 70-a(1)(a) further confirms that Rule 11 is substantive in nature and in turn, conflicts with the state anti-SLAPP statute.

Therefore, the Court should deny Defendants' Motion because § 70-a(1)(a) is inapplicable in this Court due to its conflict with Rule 11.

### ii. § 70-a(1)(a) is Inapplicable Because It Conflicts with Rules 12 and 56.

§ 70-a(1)(a) is also inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure beyond Rule 11, namely Fed. R. Civ. P. 12(b)(6) and 56. In *La Liberte*, the Second Circuit rejected an attempt to enforce California's anti-SLAPP statute in federal court, because the state anti-SLAPP statute and Rules 12(b)(6) and 56 all answer the same question: what are "the circumstances under which a court must dismiss a plaintiff's claim before trial[?]" *La Liberte*, 966 F.3d at 87.

When applying the *La Liberte* analysis, this Court has reached an overwhelming consensus that § 70-a(1)(a) does not apply in federal court due to its conflicts with Rules 12(b)(6) and 56. *See e.g. Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 432 ("[B]ecause Federal Rules of Civil Procedure 12 and 56 answer the same question as New York's anti-SLAPP provision […] § 70-a of New York's anti-SLAPP law is inapplicable in federal court."); *Coritsidis*, 2024 WL 37122 at *6 (denying request for attorney's fees under the statute due to the "substantial basis" standard conflicting with Rules 12 and 56); *Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 22-CV-7463 (ALC), 2023 WL 6385993, at *6 (S.D.N.Y. Sept. 29, 2023) (same); *Exec. Park*

*Partners LLC v. Benicci Inc*., No. 22-CV-02560 (PMH), 2023 WL 3739093, at *1 (S.D.N.Y. May 31, 2023) (same); *Prince v. Intercept*, 634 F. Supp. 3d 114, 142 (S.D.N.Y. 2022) (LAP) (same); *Carroll*, 590 F. Supp. 3d at 585 (same); *Waite v. Gonzalez*, No. 21- CV-2506 (PKC), 2023 WL 2742296, at *12 (E.D.N.Y. Mar. 31, 2023) (collecting cases and reserving judgment but noting "[t]he Court is dubious as to whether New York's anti-SLAPP law applies in federal court."); *see also LaNasa v. Stiene*, 731 F. Supp. 3d 403, 416-17 (E.D.N.Y. 2024) ("[T]he Court agrees with the emerging consensus in this circuit that a federal court may not dismiss an action under New York's anti-SLAPP law because the "substantial basis" standard in its dismissal provision conflicts with Federal Rules of Civil Procedure 12 and 56."); *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 223 (S.D.N.Y. 2023) (finding an anti-SLAPP law claim to conflict with Rules 12 and 56); *Unlimited Cellular, Inc. L*, 677 F. Supp. 3d at 204) (denying fee-shifting counterclaim and finding § 70-a not appliable in federal court).

    This Court consistently reaches this conclusion because § 70-a(1)(a) imposes heightened burdens on a plaintiff beyond what is required by Rules 12(b)(6) and 56. Indeed, § 70-a(1)(a) allows for an award of attorney's fees "upon a demonstration including an adjudication pursuant to [the New York civil practice rules for motions to dismiss and summary judgment] that the action [...] was commenced or continued ***without a substantial basis in fact and law*** and could not be supported by a substantial argument for the extension, modification or reversal of existing law." § 70-a(1)(a) (emphasis added).  This standard differs from Rule 12(b)(6), of course, which calls for dismissal of claims which "fail[] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007) (under Rule 12(b)(6), the pleading burden is to allege "enough facts to state a claim to relief that is plausible on its face."). Rule 56(a) permits summary judgment only if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." In contrast, § 70-a(1)(a) "reverses the burden and requires the plaintiff to prove 'a substantial basis in fact and law' for the claim." *Nat'l Acad. of Television Arts & Scis., Inc*. Inc., 551 F. Supp. 3d at 432, n.18 (*citing* CPLR 3212(h)).

Defendants' Motion ignores this case law and its corresponding principles entirely. Instead, Defendants argue, again relying solely on *Bobulinsky,* that "any surviving claims [of the Amended Complaint] must be further tested under the […] 'substantial basis' standard." Mot. at 2, 6. They also claim that, because of this standard, Defendants are "in all events entitled to fees," even if claims survive their Motion to Dismiss. Mot. at 6. What Defendants are essentially asking the Court to do is find that all of Grifols' claims are without "substantial basis in fact and law" at the pleading stage, before fact discovery has commenced, and without the filing of a summary judgment or Rule 11 motion. This not only would defy the Federal Rules' mandatory sequencing of a case, but such relief would also contradict the explicit holdings of the Second Circuit and almost every court in the District that have considered whether it is permissible to impose such heightened standards set by state statute on a federal litigant.

*Nat'l Acad. Of Television Arts & Scis., Inc.* is instructive. There, the plaintiff sought dismissal of the defendant's counterclaim for damages based on § 70-a(1)(a). *Nat'l Acad. of Television Arts & Scis., Inc*., 551 F. Supp. 3d at 431. The plaintiff argued that New York's anti-SLAPP statute cannot be applied in a diversity action in federal court because its "substantial basis" standard conflicts with Rule 12(b)(6). *Id.* The court agreed with plaintiff and dismissed the defendant's § 70-a(1)(a) counterclaim. *Id.* In doing so, the court explained that § 70-a(1)(a) is "inapplicable in federal court" because "New York's anti-SLAPP law ***imposes a different, and higher, burden*** on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure."

*Id.* at 432 (emphasis added); *see also Max v. Lissner*, No. 22-CV-5070 (VEC), 2023 WL 2346365 at *8 (S.D.N.Y. Mar. 3, 2023) ("Because [§ 70-a(1)(a)'s] heightened pleading standards run counter to the federal rules, they cannot be invoked procedurally in federal court."). Accordingly, Defendants' demand for the Court to subject Grifols' claims to a state statute's pleading standards, instead of the standard set by the federal rules, should be rejected. And any policy argument Defendants make to support such a demand should likewise be disposed of consistent with *La Liberte*: "The idea that the more stringent requirement of the anti-SLAPP standard [provided by state statute] is a beneficial 'supplement' to the Federal Rules [and its pleading standard] is a policy argument—and fatal, because the more permissive standards of the Federal Rules likewise reflect policy judgments as to what is sufficient." *La Liberte*, 966 F.3d at 88 (discussing California anti-SLAPP statute).

The heightened pleading standard embedded in § 70-a(1)(a) also makes Defendants' reliance on *Adelson v. Harris*, as opposed to *La Liberte*, to determine whether the New York anti-SLAPP statute is applicable in federal court, misplaced.  In *Adelson*, the Nevada anti-SLAPP statutes at issue had no heightened pleading standard and instead simply provided that the court "shall award reasonable costs and attorney's fees to the person against whom the action was brought" if the defendant prevails on a motion to dismiss and the state Attorney General supports the defendant in that motion.  774 F.3d 803, 809 (2d Cir. 2014); Nev. Rev. Stat. §§ 41.660, 41.670 (statutes at issue in *Adelson*).  In other words, the statutes that *Adelson* examined had no embedded heightened pleading standard, as § 70-a(1)(a) does, that would conflict with the standards set by Rules 12 and 56.[1]  *Cf. La Liberte*, 966 F.3d at 88 (anti-SLAPP statute with embedded requirement that damages awarded on special motion to strike inapplicable in federal court).

---

[1]      It does not appear that either party in *Adelson* raised arguments regarding possible conflicts between Nevada's anti-SLAPP statute and Rule 11, which, as Grifols noted in its January 6, 2025 Letter Brief (as well as this

*Bobulinski* shares similar flaws. Indeed, the only way *Bobulinski* could reach its conclusion that § 70-a(a)(1)'s "substantial basis standard" may apply in this Court, was by "distinguish[ing] between the 'substantial basis' standard as a procedural mechanism for dismissal […] and the 'substantial basis' standard as a substantive standard for entitlement to attorney's fees[.]" *See Bobulinski*, 2024 WL 4893277, at *17 n.24. *Bobulinsky* went on to claim that the former portion of the statute conflicted with Rule 12, while the latter did not. But, with all due respect to the *Bobulinski* Court, nowhere in § 70-a(1)(a) does that procedural-versus-substantive distinction exist.  Indeed, § 70-a(1)(a) provides that:

> [C]osts and attorney's fees shall be recovered upon a demonstration, ***including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rule***s, that the action involving public petition and participation was commenced or continued without a ***substantial basis*** in fact and law…

N.Y. Civ. Right Law § 70-a(1)(a) (emphasis added).  Far from distinguishing between a procedural mechanism and a substantive standard, § 70-a(1)(a)'s reference to a "substantial basis" standard is explicitly tied to the procedural adjudication methods set out in N.Y. C.P.L.R. §§ 3211(g) (motions to dismiss) and 3212(h) (motions for summary judgement).  These procedural standards conflict with Rules 12(b)(6) and 56, and therefore, cannot be applied in federal court.

That is why almost every other court in this District that has considered the applicability § 70-a(1)(a) has rejected application of the "substantial basis" standard, as it clearly conflicts with the procedural pleading standards of Rules 12 and 56.  Indeed, even in a situation where a New York federal court found § 70-a(1)(a) to be applicable (aside from *Bobulinski*), that court rejected attempts the attempt to apply the "substantial basis" standard.  *See, e.g., Watson v. NY Doe 1*, No.

---

memorandum), is further grounds to distinguish both *Adelson* and *Bobulinski*.  ECF No. 38 at 2–3. However, even if the Court were to scrutinize Defendants' proposed motion under *Adelson*, it should reach the same conclusion it set forth in *Brady*: because it answers the same question as § 70a(1), "Rule 11—and not the anti-SLAPP provision—would govern any application by Defendants for sanctions." *Brady*, 2022 WL 992631 at *11.

19-CV-533 (JGK), 2023 WL 6540662, at *6–7 (S.D.N.Y. Oct. 6, 2023) ("the 'substantial basis' [pleading] standard in the New York anti-SLAPP law is inapplicable in federal court").  Such a ruling is consistent with *Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead*—cited by Defendants (Mot. at 5)—which rejected applying § 70-a, this time at the summary judgment stage, for precisely that same reason.  98 F. Supp. 2d 347, 359–60 (S.D.N.Y. 2000).

Further, Defendants' request that, following the adjudication of their motion to dismiss, "[a]ny surviving claims must be further tested under the anti-SLAPP [statute]'s 'substantial basis' standard," Mot. at 2, would also violate Rule 12.  Indeed, as explained by the Court in *Egiazaryan v. Zalmayev,* "even if a party had sought application of the state standard, it is doubtful this Court would have accepted the invitation to do so… There is no such thing as a motion to dismiss under a state dismissal standard in federal court; there are only motions to dismiss under Federal Rule 12(b)." No. 11-cv-2670 (PKC), 2013 WL 6486258, at *7 & n.5 (S.D.N.Y. Dec. 11, 2013), R. & R. *adopted as modified*, 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014).

Defendants' Motion makes no attempt whatsoever to dispute the overwhelming weight of authority that prohibits § 70-a(1)(a) from being applied in this Court and requires denial of Defendants' Motion.  In fact, of all the federal cases Defendants rely on in their Motion, only three actually analyzed whether § 70-a(1)(a) applies in federal court: *Bobulinski*, *Kesner*, and *Yeshiva Chofetz Chaim Radin, Inc.*.[2]  And of those three cases, two of them *rejected* applying § 70-a(1)(a). *Kesner*, 590 F.Supp.3d at 700–01; *Yeshiva Chofetz Chaim Radin, Inc.*, 98 F. Supp. 2d at 359–60 (S.D.N.Y. 2000) (on summary judgment, rejecting the application of § 70-a(1) as conflicting with Rule 56). Because § 70-a(1)(a)'s heightened pleading standard conflicts with the burdens

---

[2]       In their Letters requesting leave to file this Motion, Defendants also cite to *Max v. Lissner*—which, notably, did not award attorney's fees and costs under § 70-a(1)(a), but only invited the plaintiff to "shore up her anti-SLAPP claim" and cautioned that such arguments must be made "consistent with Rule 11."  2023 WL 2346365, at *10.  The plaintiff never did so, and costs under § 70-a(1)(a) were never awarded in that case.

established by Rules 12(b)(6) and 56, it is therefore inapplicable in federal court and requires Defendants' Motion be denied.

### b. Even if § 70-a(1)(a) Did Apply in Federal Court, a Dismissal Under Rule 12 Would Not Automatically Trigger an Award of Fees Under the New York Anti-SLAPP Statute.

Relying solely on *Bobulinsky*, Defendants also argue that should they obtain a dismissal of Grifols' Amended Complaint pursuant to Rule 12(b)(6), that necessarily means the action was "wholly without a substantial basis in fact and law" and thereby mandates Defendants be awarded attorney's fees under § 70-a(1)(a). Mot. at 5. Defendants are wrong. As demonstrated above, § 70-a(1)(a) is inapplicable in Federal Court. However, even if the Court is inclined to find § 70-a(1)(a) applicable and grant Defendants' Motion to Dismiss, a dismissal under Rule 12(b)(6) still does not automatically trigger a mandatory award of fees under New York's anti-SLAPP statute. Indeed, Defendants' argument is contrary to Second Circuit authority, as well as similar findings by several New York Federal Courts.

In *Harris v. Am. Acct. Ass'n*, the Second Circuit considered the question of whether an award of attorney's fees under § 70-a(1)(a) was mandatory after the defendant obtained a dismissal of an action brought under New York's unfair competition law (which is also subject to New York's anti-SLAPP statute). No. 22-811, 2023 WL 2803770, at *3 (2d Cir. Apr. 6, 2023), *cert. denied*, 144 S. Ct. 565 (2024). There, while upholding the dismissal of the plaintiff's complaint pursuant to Rule 12(b)(6), the Circuit reversed the District Court's finding that the defendant was also entitled to fees under § 70-a(1)(a). *Id.* In doing so, the Circuit explained that it was "not persuaded" that the action was "'wholly without a substantial basis in fact and law' and incapable of being supported by a substantial argument for extension, modification or reversal of existing law,' as [§ 70-a(1)(a)] requires." *Id.* This directly contradicts Defendants' conclusory assertion that obtaining

a dismissal under Rule 12(b)(6) automatically renders Grifols' Amended Complaint "wholly without a substantial basis in fact and law." It also bears noting that in *Harris*, the Second Circuit reaffirmed that the *La Liberte* analysis controls the inquiry as to whether § 70-a(1)(a) applies in federal court. *Id.* However, the Circuit ultimately decided that it did not need to undertake the full analysis and decide whether § 70-a(1)(a) applied in federal court given the "standard set by [§ 70-a(1)(a)] for an award of attorney's fees [had] not been met." *Id.*

Several New York federal courts, including this Court, have followed *Harris'* logic and found that, even if the anti-SLAPP statute applies, a complaint dismissed under Rule 12 does not necessarily mean that the complaint was without a "substantial basis in fact and law."[3]

For example, in *Margolies v. Rudolph*, despite dismissing the plaintiff's defamation claim pursuant to Rule 12(b)(6), the court, citing *Harris,* found "'[e]ven assuming without deciding that [§ 70-a(1)(a)] applies in a diversity suit in federal court,' the Court concludes 'that the standard set by the statute for an award of attorney's fees and costs has not been met.'" No. 21-CV-2447-SJB, 2023 WL 6151514, at *11 (E.D.N.Y. Sept. 20, 2023). The *Margolies* court reached its decision because dismissal under Rule 12(b)(6) applies a standard "distinct from" the substantial basis standard articulated by § 70-a(1)(a) and therefore, compliance with the latter standard could not be inferred based on a failure to meet the former standard. *Id.*

Likewise, in *Friends of Rockland Shelter Animals, Inc. (FORSA) v. Mullen*, the court granted dismissal under Rule 12, but still found that the "suit was commenced under a cognizable

---

[3]    The same logic of declining to award fees under §70-a(1)(a) even when granting motions to dismiss extends to New York state courts. Indeed, contrary to Defendants' claim that New York state appellate courts have "uniformly" awarded fees following dismissal, Mot. at 5, some New York state courts have denied costs and fees under § 70-a(1) even when complaints have been dismissed. *See, e.g., Carey v. Carey*, 160 N.Y.S.3d 854 at *14 (N.Y. Sup. Ct. 2022), *aff'd* 198 N.Y.S.3d 12 (2023); *Tsamasiros v. Jones*, 186 N.Y.S.3d 818 (N.Y. Sup. Ct. 2023), *aff'd*, 232 A.D.3d 816 (App. Div. 2d Dep't 2024); *Dadekian v. Laveway*, 208 N.Y.S.3d 907, 919 (N.Y. Sup. Ct. 2024) (finding statements nonactionable but denying costs and fees because it was "a close question"); *see also Lavine v. Glavin*, 219 A.D.3d 1165 (App. Div. 4th Dep't 2024) (overturning trial court and dismissing defamation complaint as nonactionable opinion, but declining to award costs).

legal theory and it presented facts that tended to show some of [the defendant's] statements were misleading."  313 F. Supp. 2d 339, 344–45 (S.D.N.Y. 2004).  To that end, the court found that while plaintiff's argument was "unpersuasive, it [was] not frivolous" and declined to award fees under § 70-a.  *Id.*

Similarly, in *Lexjac, LLC v. Beckerman*, the court declined to award anti-SLAPP fees, finding that, despite granting dismissal, plaintiffs had "supported their claims with cognizable legal theories, and have presented sufficient facts to show that their claims are not frivolous."  No. 07-CV-4614 (JS)(ARL), 2008 WL 11313761, at *13 (E.D.N.Y. Sept. 30, 2008) (citing *Friends of Rockland Shelter Animals,* 313 F. Supp. 2d); *see also Egiazaryan* 2013 WL 6486258, at *7–8, *14 (recommending dismissal under Rule 12 but noting that necessarily means the "substantial basis" standard "was never applied" and that dismissal "resulted only from an exhaustive analysis of the complex legal doctrines that characterize New York's law of defamation" and therefore "there was a legitimate basis for the suit").

Therefore, contrary to Defendants' sweeping assertions, even if § 70-a(1)(a) applied in federal court—it does not—dismissal under Rule 12(b)(6) would not trigger an automatic award of attorney's fees to Defendants.  The only purported support Defendants offer for this proposition—*Bobulinski*—is an outlier in this District and is contrary to binding Second Circuit authority.  To that end, even if Defendants' Motion to Dismiss is granted in its entirety—it should be denied it its entirety—the Court should deny Defendants' Motion absent a separate showing that Grifols' Amended Complaint was brought without a "substantial basis"—another showing Defendants' cannot make.

c. **Denial of Any Portion of Defendants' Motion to Dismiss Requires Defendants' Motion for Fees under § 70-a(1)(a) be Denied in its Entirety.**

In one line, Defendants claim that, in the event of a partial dismissal of Grifols' claims, "[f]ees must be awarded to a defendant on those claims that fail the plausibility test." Mot. at 2. Defendants cite no authority whatsoever to support that claim. That is because none exists. Rather, this Court has held that the opposite is true: assuming § 70-a(1)(a) applied in this Court (it does not), should any of Grifols' claims survive Defendants' Motion to Dismiss, Defendants' Motion here should be denied in its *entirety*.

In *LoanStreet, Inc. v. Troia*, the court dismissed some defamation claims, but sustained others as sufficiently pled. No. 21-cv-6166 (NRB), 2023 WL 5836237, at *1 (S.D.N.Y. Sept. 8, 2023). The defendant then asserted a counterclaim for fees pursuant to § 70-a(1)(a), which the plaintiff moved to dismiss. *Id.* The Court granted the plaintiff's motion and found that § 70-a(1)(a) did not apply in this Court. *Id.* The Court went to explain that even if the statute did apply, the fact that the Court "upheld the ***remaining*** defamation claims as sufficiently pled" demonstrated "***the action*** has already stated a substantial basis in fact and law." *Id.* (emphases added) (internal quotations omitted). Similarly, in a case where Section 1983 claims were partially dismissed, the court found that plaintiffs "supported their claims with cognizable legal theories, and [] presented sufficient facts to show that their claims are not frivolous," and dismissed defendants' motion for anti-SLAPP damages. *Lexjac, LLC v. Beckerman*, 2008 WL 11313761, at *13 (*citing Friends of Rockland Shelter Animals,* 313 F. Supp. 2d 339).

A finding that the survival of one claim beyond the pleading stage establishes that an action was brought with "a substantial basis in fact and law" is also consistent with the plain language with § 70-a(1)(a). Indeed, § 70-a(1)(a) does not award costs and attorney's fees for each dismissed claim, but instead just for an "***action***" that "was commenced or continued without substantial basis

17

in fact or law and could not be supported by a substantial argument for the extension, modification or reversal of existing law[.]" § 70-a(1)(a) (emphasis added). Even *Bobulinsky* appears to agree with Grifols, given that that court only found that the action was commenced without a substantial basis "because [defendant] succeeded in demonstrating that ***all*** of Plaintiffs' claims fail to state a cause of action." *Bobulinski*, 2024 WL 4893277, at *16 (emphasis added).

Therefore, even if the Court finds § 70-a(1)(a) applies in this Court (it does not), and finds even just a portion of Grifols' claims in the Amended Complaint are sufficiently pled (they all are), Defendants' Motion should be denied in its entirety.

## II.    GRIFOLS' AMENDED COMPLAINT HAS A SUBSTANTIAL BASIS IN FACT AND LAW.

Defendants spend the majority of their Motion arguing that Grifols failed to meet the "substantial basis" standard set by § 70-a(1)(a). Mot. at 6–12. Setting aside Defendants' faulty presumption that the statute applies in federal court (it does not), Defendants make no showing that the Amended Complaint lacks a "substantial basis" beyond rehashing their arguments from their Motion to Dismiss and the case law cited in support therein. ECF No. 25. The crux of Defendants' position is that if Grifols' Amended Complaint cannot meet Rule 12(b)(6)'s plausibility standard then the Amended Complaint automatically cannot meet § 70-a(1)(a)'s "substantial basis" standard. Mot. at 6–7.

The Court should not even reach these arguments for the simple reason that the Second Circuit and this Court has confirmed that § 70-a(1)(a) is inapplicable in federal court. Indeed, it is telling that ***none*** of the federal cases cited in Defendants' Motion to Dismiss that have now been recycled in this Motion—*none*—discuss § 70-a(1)(a), applying the "substantial basis" standard, or any anti-SLAPP claims at all. Nevertheless, even if § 70-a(1)(a) and its "substantial basis" standard are found to be applicable here (they are not), and Grifols' Amended Complaint is dismissed *in its*

18

entirety[4] for failure to state a claim (Grifols has sufficiently pled all its claims), Defendants motion should still be denied for multiple reasons, including because Grifols has met § 70-a(1)(a)'s "substantial basis" standard.

> **a. Defendants' Motion Should be Denied because Defendants Failed to Plead Facts Demonstrating a Grifols' Amended Complaint Lacks a Substantial Basis in Fact and Law.**

Defendants' Motion must be denied because it is procedurally defective. Indeed, this Court has held that to seek relief under § 70-a(1)(a), Defendants must "maintain an action, claim, [crossclaim,] or counterclaim" against Grifols. *LaNasa,* 731 F. Supp. 3d at 416 (brackets in original). Simply filing a motion for fees, like this one, is not enough. *Id.*; *see also Chinese Americans C.R. Coal., Inc. v. Trump*, No. 21-CV-4548 (JGK), 2022 WL 1443387, at *6 (S.D.N.Y. May 6, 2022) (denying motion under § 70-a(1)(a) "[b]ecause the defendant has not brought a separate action for fees or filed a 'claim, cross claim or counterclaim'" and instead "simply assert[ed] a request as part of a motion to dismiss."); *Lindell v. Mail Media Inc*., 575 F. Supp. 3d 479, 489 (S.D.N.Y. 2021) (denying motion for anti-SLAPP fees because the defendant "never asserted a standalone counterclaim for attorney's fees."); *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am*., 551 F. Supp. 3d 320, 333 (S.D.N.Y. 2021), *aff'd sub nom. Daleiden v. Planned Parenthood Fed'n of Am*., No. 21-2068-CV, 2022 WL 1013982 (2d Cir. Apr. 5, 2022) ("The [New York ant-SLAPP] statute requires that a pleading of some sort be filed in order to collect attorney's fees; ***even a cross-motion for fees would appear to be inadequate under Section 70-a(1).***") (emphasis added).

---

[4]        As discussed in § I(c), *supra*, so long as a portion of Grifols' claims survive Defendants' Motion to Dismiss, any award of attorney's fees to Defendants under § 70-a(1)(a) are automatically prohibited, including for those claims that were dismissed.

Defendants will once again unsurprisingly point to *Bobulinsky* to support an argument that their Motion alone is sufficient to trigger relief under § 70-a(1)(a). There, the Court, while declining to follow multiple decisions holding otherwise, found that the defendant's motion for anti-SLAPP fees was sufficient under the language of the statute such that the filing of a separate action or counterclaim was not required. *Bobulinski*, 2024 WL 4893277 at *16 ("'[M]aintain[ing] an action' includes defendants' continuing to litigate in an original action filed against them"). Grifols respectfully submits that *Bobulinsky* is also incorrect on this point, not only because of the contrary case law cited above, but because the plain language of § 70-a(1)(a) makes zero reference to a "motion" as a vehicle to seek costs and attorney's fees.

More importantly, however, Grifols' argument goes beyond elevating form over substance. Indeed, *Bobulinsky's* holding, that a motion is a sufficient vehicle to seek costs and fees under § 70-a(1)(a), is also incorrect because it overlooks the key reason why this relief must be requested through a pleading: a party seeking relief under § 70-a(1)(a) must assert "***factual allegations*** from which the Court can ***plausibly*** infer that [the plaintiff] has violated New York's anti-SLAPP law by bringing a defamation claim that lacks a substantial basis in fact and law." *Lissner*, 2023 WL 2346365, at *10. Without a formal pleading setting forth the factual allegations Defendants contend demonstrate this action lacks a "substantial basis" in fact and law, Grifols is unable to test the veracity of those "facts," let alone understand their full scope.

Indeed, the sole "factual evidence" Defendants purport to offer in support of their requested relief is a unilateral declaration from a single defendant, Cyrus De Weck. ECF No. 28-2.[5] Setting aside that Defendants curiously offer no other "facts" or "testimony" from any other defendants,

---

[5] The Court should ignore this declaration in its entirety for the reasons set forth in Grifols' proposed sur-reply to Defendants' Motion to Dismiss (ECF No. 33) and its Opposition to Defendants' Motion to Strike (ECF No. 41 at 2–3, 11).

including from the Gotham Report's listed author Daniel Yu, Grifols is still at an impermissible disadvantage given it is unable, at least at this pre-discovery procedural posture, to test the veracity of any of the "facts" offered by De Weck to support Defendants' position that this action was brought without a "substantial basis." Avoiding such a lopsided and prejudicial result is the textbook example of not only why Defendants must seek anti-SLAPP fees through a factual pleading, but also why this Court has routinely found that § 70-a(1)(a) may not be used to impose a heightened pleading standard on a federal court plaintiff.

Accordingly, the Court should deny Defendants' Motion for failing to seek relief under § 70-a(1)(a) via a formal pleading consistent with the requirements of New York's anti-SLAPP statute.

### b. The Amended Complaint Demonstrates Grifols Meets the Substantial Basis Standard.

Defendants' argument that Grifols' Amended Complaint fails to meet § 70-a(1)(a)'s "substantial basis" standard is propped up by the unfounded presumption that this standard is a higher burden to clear than the Rule 12(b)6)'s "plausibility" standard. When interpreting the dichotomy between the federal pleading standard and § 70-a(1)(a)'s "substantial basis" standard, this Court has also confirmed Defendants are not entitled to this presumption. As noted above, *Margoles* has already rejected Defendants' argument and held that a party seeking fees under § 70-a(1)(a) may not rely only on a dismissal pursuant to Rule 12(b)(6) to demonstrate a plaintiff has also failed bring the action that has a "substantial basis in fact and law." 2023 WL 6151514 at *11. Rather, if this Court applies § 70-a(1)(a) to this action, Grifols' Amended Complaint meets the "substantial basis" standard as long as this action was "commenced under a cognizable legal theory and it presented facts that tend[] to show some of [Defendants'] statements were misleading." *Friends of Rockland Shelter Animals, Inc.,* 313 F. Supp. 2d at 344–45; *Lexjac, LLC,* 2008 WL

21

11313761, at *13 (E.D.N.Y. Sept. 30, 2008); *Egiazaryan*, 2013 WL 6486258, at *7–8, *14 (S.D.N.Y. Dec. 11, 2013).

Based on a plain reading of the Amended Complaint alone, there can be no dispute that, at a minimum, Grifols has satisfied this low threshold. Indeed, the Complaint sets forth in painstaking detail how Defendants, faced with impending financial losses, crafted a "trash and cash" scheme designed to create panic in the market, thereby causing an artificial drop in the value of Grifols' stock and enabling Defendants to reap ill-gotten financial gains. ECF No. 22. The fact that Defendants are also under criminal investigation by Spanish authorities for manipulating the market by lying about Grifols only serves to confirm that this action was brought with a "substantial basis" in fact and in law. It is also telling that for all their bluster about a lack of "substantial basis" for Grifols' Amended Complaint, Defendants have never threatened Grifols with Rule 11 sanctions. Defendants made this strategic decision despite both § 70-a(1)(a) and Rule 11 requiring Grifols' claims be scrutinized under an identical rubric. *See* § I(a)(i), *supra.* The answer to why Defendants have chosen not to subject Grifols' Amended Complaint to Rule 11 scrutiny is two-fold. First, Defendants recognize such a claim would be meritless. And second, Rule 11 would not impose a heightened burden on Grifols at the pleading stage to the direct benefit of Defendants. Defendants' real motive is to simply move the goalposts and ensure Grifols is subject to an otherwise inapplicable pleading standard that is, at least in theory, "pro-defendant."

To accomplish their goal, Defendants simply regurgitate their arguments in support of their Motion to Dismiss, namely their "protected opinion" (Mot. at § III(a)), "substantial truth" (Mot. at § III(b)), and "lack of malice" defenses (Mot. at § III(c)). But, Grifols has already demonstrated why these arguments should be rejected in its Opposition to Defendants' Motion to Dismiss. ECF No. 27. Indeed, Grifols' Opposition rebuts Defendants' "opinion" defense by explaining how each

22

of Defendants' Challenged statements are precise statements, capable of being proven true or false, that appear in a context where the reader is likely to understand that the statements are conveying facts about Grifols. *Id.* at § I(a)(i-v). Similarly, Grifols' Opposition also confirms that each of Defendants' Challenged Statements were made with actual malice due to the Amended Complaint's allegations that set forth: (i) why Defendants knew or should have known each defamatory statement was false, and (ii) that Defendants devised their "trash and cash" scheme to avoid the massive losses they were exposed to from their unsuccessful bet against Grifols' stock, and to turn those impending losses into a profit. *Id.* at § I(b). Finally, Grifols' Opposition establishes that Defendants' reliance on the March 2024 CNMV Report to support their "substantial truth" argument has no merit whatsoever. *Id.* at § I(c). Indeed, the CNMV's findings either confirmed that Defendants' Challenged Statements were "not true" or simply did not identify a deficiency that would render any Challenged Statement "substantially true" in the mind of a reader of the Gotham Report. *Id.*

These arguments, as well as the allegations in Grifols' Amended Complaint, not only establish that Defendants' Motion to Dismiss must be denied, but also that Grifols' Amended Complaint has a "substantial basis" in fact and law. Therefore, even if the Court finds that § 70-a(1)(a) is applicable here, (it is not), Defendants' Motion still should be denied.

## <u>CONCLUSION</u>

For the above reasons, Grifols respectfully submits Defendants' Motion for an Award of Attorney's Fees and Other Relief under § 70-a(1)(a) should be denied in its entirety.

Dated:    February 21, 2025

**PROSKAUER ROSE LLP**

By:    */s/ Peter D. Doyle*
_____

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com

*Counsel for Plaintiffs Grifols,*
*S.A. and Grifols Shared Services*
*North America, Inc.*