UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRIFOLS, S.A. and GRIFOLS SHARED
SERVICES NORTH AMERICA, INC.,

Plaintiff,

v.

DANIEL YU, GOTHAM CITY RESEARCH LLC,
GENERAL INDUSTRIAL PARTNERS LLP, and
CYRUS DE WECK,

Defendant.

Index No. 1:24-cv-00576-LJL

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
ANTI-SLAPP MOTION FOR ATTORNEY'S FEES AND OTHER RELIEF**

Dated: February 28, 2025

David S. Korzenik
Gillian Vernick

**MILLER KORZENIK
SOMMERS RAYMAN LLP**
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
dkorzenik@mkslex.com

*Attorneys for Defendants
Gotham City Research,
Daniel Yu, General Industrial
Partners LLP and
Cyrus de Weck*

Defendants ("Gotham") submit this Reply Memorandum in further support of their anti-SLAPP motion for fees under New York Civil Rights Law §§ 70-a and 76-a.

## INTRODUCTION

A growing body of law reaches the logical conclusion that a substantive state law claim for legal fees and other damages does not conflict with any federal rule of procedure. Plaintiff Grifols' opposition memo ("Opp. Mem.") struggles to muddy the waters to avoid this logic, mixing up since-clarified case law, citing cases involving motions to dismiss under C.P.L.R. and the *pre-2020* anti-SLAPP law, and others that do not opine on § 70-a at all. But with the amended 2020 anti-SLAPP, the legislature made its purpose clear: If you "initiate or continue" a libel suit that lacks "substantial basis," you must cover the defendant's fees. The amended statute gave SLAPP defendants a <u>substantive right</u> to ensure they do not have to foot the bill. It makes fees <u>mandatory</u> with a different and heightened "substantial basis" standard that has nothing to do with plausibility or frivolousness. New York's specific aim was to provide a protective remedy for defendants. The procedural features of the anti-SLAPP law are contained in the C.P.L.R.; its substantive fee shifting features are contained in N.Y. Civil Rights Law. The C.P.L.R. features may not apply, but the substantive law features certainly do.

*First,* Gotham's report ("Report") meets the broad definition of public communication on an issue of "public interest." Public interest is defined to include "*any subject* other than a purely private matter." N.Y. CVR § 76-a. Grifols' claims against the Report are thus "SLAPP" claims.

*Second*, if any of Grifols' SLAPP claims are dismissed, New York provides that Gotham must not pay for being forced to defend itself against them. That compensatory right is not answered by Rule 11 sanctions or by a Rule 12/56 dismissal. Rather, Gotham's substantive rights under § 70-a must be applied in federal court as *Erie* analysis requires. Grifols cites no

1

persuasive authority at all to overcome that reasoned analysis and conclusion in *Bobulinksi v. Tarlov,* 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024).

*Third*, cases applying logical principles of statutory interpretation defeat all of Grifols' numerous attempts to obfuscate § 70-a's import for this case. "Plausibility" is a *different* and a *lesser* standard than "substantial basis." Section 70-a's language "including" state CPLR dismissal does not mean that is the *only* way to obtain legal fees. No separate action is required to obtain fees. The CPLR is not the only vehicle to vindicate New York's substantive right.

*Fourth,* to gut the statute in the way Grifols suggests defeats its purpose. Grifols brings five separate causes of action – one of them alleging that *twenty-plus* statements are *each* separately actionable defamations. Each fits the definition of a legal cause of action under § 76-a. Gotham should not pay for being forced to defend *any* claim found to lack substantial basis.

*Finally,* Grifols' Amended Complaint ("AC") makes neither a *plausible* nor a *substantial basis* showing. And nothing in Grifols' papers on the motion to dismiss or on this motion does anything to make *either* showing. The AC should be dismissed under 12(b)(6), and fees must be awarded under § 70-a for Gotham's being forced to defend *any part* of Grifols' SLAPP.

I.  **GOTHAM IS ENTITLED TO MANDATORY FEES UNDER HEIGHTENED SUBSTANTIAL BASIS STANDARD FOR DEFENDING AGAINST A SLAPP.**

No federal rule of procedure has anything to do with the question of when a defendant in an "action involving public petition and participation" can recover damages for being forced to defend against a SLAPP.[1] Hard as plaintiffs may try to confuse things, a growing number of courts have come to that conclusion and consensus. Plausibility and frivolousness are entirely different questions from "lack of substantial basis," and they engage different purposes.

---

[1] *See generally* Matthew L. Schafer and Tanvi Valsangikar, *The Application of New York Anti-SLAPP Scheme in Federal Court*, Journal of Free Speech Law 573, 601 (revised Feb. 16, 2024) (cited with approval in *Bobulinski*).

2

### a. Grifols Cites No Authority to Disturb Growing Body of Case Law Confirming That Fee Provision is Substantive and Applicable in Fed. Court Under *Erie*.

Grifols' Opp. Mem. relies on inapplicable cases based on the same mistaken premise that Gotham's Jan. 6 letter already dispelled. *See* Dkt. 36. Further, Grifols cites cases moving under New York's CPLR and not federal law, cases that do not consider § 70-a, and cases relying on the old *pre-2020* anti-SLAPP with only discretionary fees. *See* Appendix A.

#### i. Rule 12/56 Dismissal Does Not Address Mandatory SLAPP Damages.

Grifols hopes to restore the conceptual confusion that *Bobulinski* untangled by grasping at defeated arguments and misstatements of law to avoid this emerging logical consensus.

First, *La Liberte* did *not* "test" New York's anti-SLAPP law and says nothing about it — it applied *Erie/Shady Grove* to **California's** anti-SLAPP. *La Liberte v. Reid,* 966 F.3d 79, 85 (2d Cir. 2020) ("The test is whether a Federal Rule of Civil Procedure answer[s] the same question as the [CA anti-SLAPP] special motion to strike." (quoting *Shady Grove Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398–99 (2010)). [2] *Erie/Shady Grove* is, indeed, the correct standard. But California's anti-SLAPP presents different standards and questions than New York's. *Bobulinksi* deserves particular credence, as it analyzes *New York's* anti-SLAPP under *Erie/Shady Grove* without simply parroting the misconstrued *Nat'l Academy* ruling. Significantly, *Bobulinski* ruled that *Shady Grove/Erie* analysis recognizes § 70-a as substantive and therefore applicable in federal diversity cases. 2024 WL 4893277, at *11.

*Bobulinksi* is no outlier. Judge Caproni found that § 70-a "***creates a cause of action*** for the defamation defendant if the defamation plaintiff commenced or continued the defamation

---

[2] *La Liberte* does not conflict with the application of ***New York's*** anti-SLAPP in federal court. Rather, in *La Liberte*, the 2d Cir. confirmed its holding in *Adelson* that the ***Nevada*** anti-SLAPP ***did apply*** in federal court. It is worth noting that the 9th Cir. disagreed with *La Liberte*, finding **California'**s anti-SLAPP does not conflict with Rules 12/56 under *Erie/Shady Grove*. See *CoreCivic, Inc. v. Candide Grp.,* LLC, 46 F.4th 1136, 1143 (9th Cir. 2022). Each state's anti-SLAPP is drafted differently and therefore each will fare differently under *Erie* analysis.

3

lawsuit without a substantial basis in fact." *Max v. Lissner*, 2023 WL 2346365, at *8 (SDNY 2023), *app. dismissed* (June 2023) (emph. added).³ The First Department came to the same conclusion that §70-a creates "affirmative counterclaims for punitive damages and attorneys' fees," which "contain their own requirements and evidentiary burdens that have nothing to do with [state summary judgment standard] CPLR 3212(h)." *161 Ludlow Food, LLC v. L.E.S. Dwellers, Inc.*, 221 A.D.3d 517, 518 (2023). *See also Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (finding "unproblematic" that Nevada anti-SLAPP fee shifting is "***substantive*** within the meaning of *Erie*.") (emphasis added).

Second, Grifols' so-called "overwhelming consensus" is no such thing. The barrage of cases that clutter its memo are all inapplicable here. *See* Appendix A. Grifols gamely proposes that Judge Caproni's "*Nat'l Acad. Of Television Arts & Scis., Inc.* is instructive." Opp. Mem., 10. But Judge Caproni herself knocks the struts out from under Grifols' reading of it. According to Judge Caproni, *Nat'l Acad.*, *Carroll,* and *Kessner* and its progeny "do not stand for the proposition that the federal courts cannot entertain a claim that a defamation plaintiff violated ***the substantive state law*** by commencing a defamation lawsuit in state court based on statements made in connection with an issue of public interest without a substantial basis in fact and law." *Max,* at *8 (emphasis added). Hence, Caproni II (*Max*) defeats Grifols' misreading of Caproni I (*Nat'l Acad.*) and any courts that relied on it without analysis. *See* Appendix A.

Third, it is frivolous for Grifols to say that §70-a's language "***including*** an adjudication" under state CPLR means the fees action "is explicitly tied to the procedural adjudication methods" in the CPLR and can *only* be adjudicated in state court. Opp. Mem. 12. A defendant

---

³ Plaintiff suggests fees were not ultimately granted in *Max*, but that was for other unrelated reasons. The anti-SLAPP claimant in its freestanding anti-SLAPP action chose not to amend its complaint. Opp. Mem. fn. 2. But *Max,* in all events stands, for the proposition that fees *can* be awarded under § 70-a in federal court.

4

can always exercise its substantive right of action under §70-a *without* the CPLR. *See e.g., Goldman v. Reddington,* 2021 WL 4099462, at *5 (EDNY Sept. 9, 2021) ("[T]he provision creating a cause of action also makes clear that an anti-SLAPP litigant may obtain costs and attorney's fees ***without using those procedures***.") (emphasis added).

Finally, Grifols' citation to cases brought **under the CPLR** and not Rule 12(b)(6) are inapplicable here, as Gotham moved under the federal rules, not CPLR. *See* App. A.

### ii. Rule 11 Sanctions Have Nothing to Do with Mandatory SLAPP Damages.

Section 70-a's compensatory SLAPP damages do not conflict with Rule 11 counsel sanctions under *Shady Grove*.

First, unlike Rule 11, § 70-a is not a sanction. It is a substantive cause of action providing "mandatory award of attorneys' fees to the prevailing defendant" in a SLAPP. *Reeves v. Associated Newspapers, Ltd.,* 232 A.D.3d 10, 19 (2024). In contrast, Rule 11 "answers the question whether *punitive sanctions* should be imposed on an attorney or unrepresented party for filing a 'pleading, written motion, or other paper' that violates the certification standards of Rule 11(b)." *Showan v. Pressdee*, 922 F.3d 1211, 1224 (11th Cir. 2019).

The weight of authority from the Supreme Court, appellate, and federal district courts finds state law fee shifting provisions are substantive. *See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260 (1975) (state law fee shifting provisions are substantive and "should be followed" in diversity cases in federal court); *Cook v. Greenleaf Twp., Michigan*, 861 F. App'x 31, 34 (6th Cir. 2021) ("When a state legislature allows a party to seek attorney's fees as part of the recovery on a successful state-law claim, federal courts view this legislative 'policy' choice as substantive and so applicable in federal court."); *Scottsdale Ins. Co. v.*

5

*Tolliver*, 636 F.3d 1273, 1279 (10th Cir. 2011); *Shakey's Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir. 1983) ("State law governs the award of attorney's fees in diversity actions.").

And the Sixth, Tenth and Eleventh Circuits have found that state law fee shifting provisions providing compensatory damages for defending specific claims do not conflict with Rule 11. *See Showan*, 922 F.3d at 1225 (GA statute providing attorneys' fees for frivolous claims in tort cases does not conflict with Rule 11); *Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 533 (6th Cir. 2008) (fee shifting provision of Michigan Uniform Trade Secrets Act did not collide with Rule 11 because it is not "a general actions statute that, like Rule 11…applies to all civil actions and that is intended to police conduct in litigation; it is a specific statute that applies only to trade-secret claims."); *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996) (Colorado certificate of review statute, by "protecting a particular class of defendants… vindicates substantive interests of Colorado not covered by Rule 11.").

The Eleventh Circuit articulated this difference – "Rule 11 does not speak to whether a prevailing party is entitled to *compensatory damages* to remedy any injury inflicted on the prevailing party by the opposing party's frivolous or bad-faith claims and defenses." *Showan*, 922 F.3d at 1224. Instead, Rule 11 covers sanctions on an attorney for a filing that violates certification standards, while the tort claims damages are "more akin to a state-law claim for attorney's fees." *Id*. In short, sanctions are "forward-looking and concerned with preventing future violations of a rule," and "compensatory relief, in contrast, is backwards-looking and aims to place an injured party in the same position as it would have been had there been no injury." *Id*.

Similarly, § 70-a "does more than provide only for attorney's fees: it is designed to make whole, through damages." *See id*. Thus, Rule 11 and § 70-a have "categorically distinct purposes." *See id*. Application of § 70-a in federal court furthers the twin aims of *Erie* – avoiding

6

forum shopping and the inequitable administration of the law. *Id*. State law fee shifting provisions indicate a "clear [] policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases. It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts." *Alyeska Pipeline,* 421 U.S. at 260. The Court should not permit Grifols to thwart New York's policy by filing this case in federal court.

### b. A Plaintiff Who Fails to Make a Plausible Showing Under R. 12 Necessarily Fails to Make the "Heightened" Substantial Basis Showing Under § 70-a.

Gotham does not "rely solely on *Bobulinski*." Opp. Mem. at 14. The First Department has held ***repeatedly*** that the "substantial basis" standard is met by failure to state a claim. *See Reeves*, 232 A.D.3d at 21 ("substantial basis is more than frivolous and more than the ordinary [motion to dismiss] standard"); *InkMango, Inc. v. Warren*, 84 Misc.3d 1227(A) (N.Y. Sup. Ct. 2024) ("substantial basis standard …more exacting than the liberal pleading standard"); *215 W. 84th St Owner LLC v. Bailey*, 217 A.D.3d 488, 488-89 (1st Dep't 2023) ("action was 'without a substantial basis in fact and law,' as demonstrated by the court's dismissal of the complaint for failure to state a claim."). *See also Goldman v. Abraham Heschel Sch.*, 227 A.D.3d 544, 545 (1st Dep't 2024); *Aristocrat Plastic Surgery v. Silva*, 206 A.D.3d 26 (1st Dep't 2022) (remanding for reinstatement of attorney's fee demand upon dismissal for failure to state a claim).[4]

Grifols manufactures "authority" for its backwards and confused argument that "plausibility" is a greater standard than the "substantial" basis standard. First, Grifols cites cases under the **old, discretionary** anti-SLAPP law that the 2020 amendments expressly amended to

---

[4] That these decisions involved trial courts' dismissals under CPLR 3211(a)(7)—New York's version of Rule 12(b)(6)—does not change the analysis. *Bobulinski*, 2024 WL 4893277, at *13.

7

prevent courts from substituting their own judgment and to make clear that fees are *mandatory*.[5] *See* Appendix A. Next, Grifols cites cases where fees were not awarded because the entire action was *not* a SLAPP,[6] or was decided at summary judgment.[7]

Grifols' reliance on *Harris v. Am. Acct. Ass'n*, No. 22-811, 2023 WL 2803770 (2d Cir. Apr. 6, 2023) is ill-conceived since *Harris* was filed *before* the 2020 amendments and *before* cases like *Reeves*, with its comprehensive review of legislative history, assessed the statute's boundaries. Thus, *Harris* did not "re-affirm" anything; it expressly reserved the question of applicability as one "we need not answer."[8] *Harris*, 2023 WL 2803770 at *3. *Harris* also declined fees so as not to punish a *pro se* plaintiff who sued under "unfair competition law [that] is unclear in several respects." *Id*. Grifols is not entitled to any such generosity. *Margolies v. Rudolph*, 2023 WL 6151514, at *11 (EDNY 2023), does nothing for Grifols either as it relies on *Harris* and therefore suffers from the same lack of analysis. Also, the *Margolies* court objected to the fee request as it was made "in a one-sentence conclusion, bereft of explanation, citation or analysis." *Id*. Here, Gotham has extensively briefed the Court on its position.

   c. **A SLAPP Defendant Must Be Compensated for Any Claim that Lacks a Substantial Basis in a SLAPP Action that It is Forced to Defend.**

Section 70-a allows a SLAPP defendant compensatory damages if *any* "claim" under § 76-a is found to lack substantial basis. Section 76-a defines a "claim" as "***any*** lawsuit, cause of action, cross-claim, counterclaim, or other judicial pleading or filing requesting relief." § 76-a(b) (emphasis added). Grifols brings five "**causes of action**" against Defendants, including **over**

---

[5] 2020 Sess. Laws of N.Y. Ch. 250, § 1 (A. 5991-A) (McKinney's) (replaced "may" with "shall" regarding recovery of costs and attorneys' fees).
[6] *Tsamasiros v. Jones,* 186 N.Y.S.3d 818 (N.Y. Sup. Ct. 2023), *aff'd*, 232 A.D.3d 816 (App. Div. 2d Dep't 2024) (pre-*Reeves* case affirmed no fees because case was found to be **private matter**).
[7] *Dadekian v. Laveway*, 208 N.Y.S.3d 907, 919 (N.Y. Sup. Ct. 2024) (summary judgment, not motion to dismiss).
[8] Grifols' citations to state court decisions with allegedly "same logic" of dismissal without fees are also pre-*Reeves* decisions that made no examination of the statutory language or legislative history. Opp. Mem., fn. 3; App. A.

8

**twenty individual statements** alleged as defamatory (Count I), tortious interference (Count III), unjust enrichment (Count V), and aiding and abetting (Count II, Count IV). AC, 67-75. Each of these "causes of action" constitutes "a claim" under § 76-a. *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 442 (Tex. 2017) (providing fees for discrete claims dismissed as "each of those claims constituted a 'legal action' under [Texas anti-SLAPP] broad definition of the term").

Further, every individual statement pled as defamatory is a "claim" based upon "*any communication*" which is "*any statement,* claim, allegation, decision, protest, writing, argument, contention or other expression." § 76-a(2)(c). A plain reading of the statutes indicates the language is *inclusive*, not an "all or nothing" proposition, and that "discrete claims within a single action *may* be individually dismissed." *Camden Nat. Bank v. Weintraub*, 143 A.3d 788, 793 (Maine anti-SLAPP allows for selective dismissal of some but not all claims). *See also Baral v. Schnitt*, 1 Cal. 5th 376, 392 (2016) ("not the general rule that a plaintiff may defeat an anti-SLAPP motion by establishing a probability of prevailing on *any part* of a pleaded cause of action. Rather, the plaintiff must make the requisite showing as to *each challenged claim* that is based on allegations of protected activity.") (emphasis added). Grifols cites no case to the contrary. *LoanStreet, Inc. v. Troia,* 2023 WL 5836237, at *7 (S.D.N.Y. 2023) denied the anti-SLAPP counterclaim because the case not a SLAPP. *Lexjax* was under the old law. *See* App. A.

### d. Courts Grant Fees on Motions to Dismiss Without Additional Pleading.

Grifols argues that Gotham must file *yet another action* to obtain fees. But New York courts grant fees on motion. *See e.g. Golan v. Daily News, L.P.,* 77 Misc. 3d 258, 273 (N.Y. Sup. Ct. 2022), *aff'd,* 214 A.D.3d 558 (2023) (fees on motion to dismiss); *Great Wall Med. P.C. v. Levine*, 74 Misc. 3d 1224(A) (N.Y. Sup. Ct. 2022) (fees on motion for summary judgment); *Reus v. ETC Hous. Corp.*, 72 Misc. 3d 479, 488 (N.Y. Sup. Ct. 2021), *aff'd*, 203 A.D.3d 1281 (2022)

(fees on motion to dismiss); *Kerns v. Ishida*, No. 161364/2020, 2022 WL 5519650, at *1 (N.Y. Sup. Ct. Oct. 07, 2022) (fees in opinion post-dismissal).

Grifols cites cases asking for separate pleading where there was no briefing,[9] or where the case was already dismissed.[10] Here, Gotham has fully briefed the Court on § 70-a fees separate from its motion to dismiss, and Grifols set forth its opposition. *See* Dkt. 36, 45. Contrary to Grifols' selective quotation, *Max* did not find, and nothing in § 70-a requires, "factual allegations" nor "plausibility." In *Max*, the plaintiff *chose to* file a separate federal action alleging a state SLAPP, therefore, plaintiff in *Max* had its own pleading standard to meet. Opp. Mem., 20. Grifols' last-ditch effort to force more costs on Gotham runs in the face of the legislative aim to protect against needless costs. Where there is an active suit fully briefed, there is no reason to require a separate costly action for fees. Grifols was in a position to answer each element of § 70-a.

## CONCLUSION

AC must be dismissed. *See* Gotham's Mot. to Dismiss, Dkt. 25, 26, 28, and fees awarded, Gotham's Pre-Motion Letter for Anti-SLAPP fees. Dkt. 36, 39, and 45.

In the present environment, speakers need – even more urgently –the protections that the new anti-SLAPP law was intended to give them.

Dated: February 28, 2025

/s/ David S. Korzenik

David S. Korzenik
Gillian Vernick
**MILLER KORZENIK SOMMERS RAYMAN LLP**
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
dkorzenik@mkslex.com

---

[9] *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.,* 551 F. Supp. 3d 320, 333 (S.D.N.Y. 2021).
[10] *Lindell v. Mail Media Inc.*, 575 F. Supp. 3d 479, 489 (S.D.N.Y. 2021).

10