```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/29/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRIFOLS, S.A., GRIFOLS SHARED SERVICES
NORTH AMERICA, INC.,

                Plaintiffs,

            -v-

DANIEL YU, GOTHAM CITY RESEARCH, LLC,
GENERAL INDUSTRIAL PARTNERS LLP, CYRUS
DE WECK, JOHN DOES 1-10, XYZ CORPORATIONS
1-10,

                Defendants.
------------------------------------------------------------------X

24-cv-576 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendants Daniel Yu ("Yu"), Gotham City Research LLC ("Gotham City Research"), General Industrial Partners LLP ("GIP"), and Cyrus De Weck ("De Weck" and with Yu, Gotham City, and GIP, "Defendants") move, pursuant to Federal Rule of Civil Procedure 12(f), to strike impertinent and prejudicial allegations from the Amended Complaint and from Plaintiffs' Opposition Memorandum of Law. Dkt. No. 30. The motion to strike is granted in part and denied in part.

    Plaintiffs Grifols, S.A. ("Grifols") and Grifols Shared Services North America, Inc. ("GSSNA") bring claims for libel and defamation by implication against Yu and Gotham City, Dkt. No. 22 ¶¶ 231–244; aiding and abetting libel and defamation by implication against GIP and De Weck, id. ¶¶ 245–254; tortious interference with business relations against Yu and Gotham City, id. ¶¶ 255–266; aiding and abetting tortious interference with business relations against GIP and De Weck, id. ¶¶ 267–275; and unjust enrichment against all defendants, id. ¶¶ 276–281. The factual premise of all of these claims is that Yu and Gotham City Research made false statements

about Grifols in a short-seller report published on January 9, 2024, causing damage to Grifols' stock price and reputation, and that De Weck and GIP aided and abetted the same. *See generally id.*

In addition to pleading facts regarding the short-seller report and its alleged falsity, Plaintiffs plead a number of allegations regarding Yu's criminal history and reputation. Specifically, Plaintiffs plead that:

- "Defendants are predatory short sellers, led by convicted felon Daniel Yu." *Id.* ¶ 2.
- "Gotham's founder and principal, Yu, has served multiple stints in jail, including one jail term after being charged with theft, identity theft, and other financial crimes." *Id.* ¶ 12.
- "Yu formed Gotham as a vehicle and shield for his criminal enterprise." *Id.*
- "Defendants are fraudsters and criminals." *Id.* ¶ 51.
- (As a heading to Section II.A of the Amended Complaint) "Daniel Yu is a Convicted Felon." *Id.* at 28.
- "Yu has a sordid criminal history and is a convicted felon. He has served time in jail for theft and has previously been charged with identity theft and other financial crimes." *Id.* ¶ 96.
- "In 2013, after being released from jail, Yu ironically began publishing 'reports' concerning purported fraud and mismanagement by public companies, using Gotham as his mouthpiece." *Id.* ¶ 97.

Defendants move to strike each of these statements. Dkt. No. 29 at 2–3. Defendants additionally move to strike certain statements from Plaintiffs' memorandum of law. *Id.* Defendants' motion to strike is granted as to the statements in the Amended Complaint.[1]

Federal Rule of Civil Procedure 12 provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

---

[1] Defendants' motion is denied as to the statements in the memorandum of law, because Rule 12(f) only applies to pleadings. *See Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 132 n.1 (S.D.N.Y. 2020); Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2025).

2

Civ. P. 12. "Federal courts have discretion in deciding whether to grant motions to strike." *New York v. Egon Zehnder Int'l, Inc.*, 2022 WL 4072853, at *1 (S.D.N.Y. Sept. 2, 2022) (quoting *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. Oct. 29, 2019)). "To succeed on a Rule 12(f) motion, a movant generally must demonstrate that '(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant.'" *Bartlett v. Societe Generale De Banque Au Liban SAL*, 2021 WL 8155950, at *1 (E.D.N.Y. Aug. 5, 2021) (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

The Second Circuit has instructed that litigants may not use court proceedings improperly to "humiliate and embarrass their adversaries." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). It has also instructed that courts may use Federal Rule of Civil Procedure 12(f) to strike impertinent material from the filings, preventing it from becoming part of the public record. *See id.* at 51 (citing Fed. R. Civ. P. 12(f)). This ensures "that court filings are not used improperly to disseminate information that could cause 'potential damage to privacy and reputation.'" *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *15 (S.D.N.Y. Jan. 4, 2022) (quoting *Brown*, 929 F.3d at 44). Thus, "[a]lthough motions to strike material solely 'on the ground that the matter is impertinent and immaterial' are disfavored, when material is also 'scandalous,' no such presumption applies." *Brown*, 929 F.3d at 51 n.42. "[A] scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Zama Cap. Advisors LP v. Universal Ent. Corp.*, 2025 WL 968783, at *30 (S.D.N.Y. Mar. 31, 2025) (quoting *Cabble v. Rollieson*, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006)); *see Becker v. State Farm Fire & Cas. Co.*, 2024 WL 1051164, at *15

(E.D.N.Y. Jan. 29, 2024) ("Scandalous allegations are those which 'impugn the character' of the movant." (quoting *Brown*, 929 F.3d at 51 n.42)) *report and recommendation adopted*, 2024 WL 1308923 (E.D.N.Y. Mar. 27, 2024).

The allegations relating to Yu's criminal history are immaterial and impertinent. *See Cabble v. Rollieson*, 2006 WL 464078, at *10 (S.D.N.Y. Feb. 27, 2006) ("Matter that is immaterial or impertinent within the meaning of Rule 12(f) is that which is neither responsive nor relevant to the issues involved in the action." (citation and internal quotation marks omitted)). Plaintiffs bring claims sounding primarily in defamation regarding purportedly false statements made by Yu in a financial report in January 2024.[2] Yu's criminal conduct involved a 2007 guilty plea to theft and a 2012 guilty plea to attempting to influence a public servant. Dkt. No. 41 at 5. There is no conceivable way that Plaintiffs could use this conduct as similar act evidence to prove that Yu made false statements in a short-seller report in 2024. *See Parrish v. Sollecito*, 2002 WL 1072227, at *2 (S.D.N.Y. May 28, 2002) (granting motion to strike when plaintiff "failed to allege or provide a satisfactory argument linking [defendants's] alleged relationship with an employee . . . employed at a different office" to Plaintiff's own workplace discrimination claims). Plaintiffs suggest no nexus between Yu's actions in 2007 and 2012 and his actions more than ten years later beyond the implication that an individual who has engaged in criminal conduct at points in the past is more likely, even ten years later, to lie. *See* Dkt. No. 41 at 6.[3] But the Federal Rules of Evidence specifically prohibit admission of "evidence of other

---

[2] Plaintiffs' additional claims for tortious interference with business relations and unjust enrichment, *see* Dkt. No. 22 ¶¶ 255–281, do not change the analysis. These claims are largely duplicative of Plaintiffs' defamation claims and rest on the same underlying facts.

[3] For this reason, the cases cited by Plaintiffs are inapposite. In *Erdman v. Victor*, 2021 WL 5359660, at *4 (S.D.N.Y. Nov. 17, 2021), allegations that the defendant made false statements in court documents closely supported the plaintiffs' claims for defamation, which alleged that the defendant "made these statements after a years-long campaign to plant false allegations in Court

crimes, wrongs or acts in a civil case for the purpose of showing 'a person's character in order to show that on a particular occasion the person acted in accordance with the character.'" *Rapp v. Fowler*, 2022 WL 5243030, at *2 (S.D.N.Y. Oct. 6, 2022) (quoting Fed. R. Evid. 404(b)). A jury verdict against Yu must be based on a finding that the elements of defamation are present, not an inference that, because he was once convicted of a crime, he is always prone to dishonest conduct.[4]

Plaintiffs also argue that evidence of Yu's past conduct should not be stricken because it may be admissible to impeach his credibility. Dkt. No. 41 at 8. Defendants observe that,

---

documents, then deprived the recipients of any information to the contrary so that his statements would be taken as truthful descriptions of crimes committed by Plaintiff," Dkt. No. 68 ¶¶ 103–111, 155, No. 20-cv-1462. In *Tucker v. Nat'l Student Mktg. Corp.*, 1977 WL 1041, at *5 (S.D.N.Y. Sept. 20, 1977), allegations of criminal and civil actions brought by the Securities and Exchange Commission against the company were relevant to an understanding of whether defendants knew that further share registrations would be impossible and lied to the plaintiff about this topic. In *Gelles v. TDA Indus., Inc.*, 1991 WL 39673, at *7 (S.D.N.Y. Mar. 18, 1991), that certain partners "were welcomed back into the company despite criminal convictions suggests that the relationship among the three 'partners' was of such loyalty that it would be reasonable for each . . . to expect secure employment with the company," a contested issue in the case. In *Accurate Grading Quality Assur., Inc. v. Khothari*, 2014 WL 5073576, at *17 (S.D.N.Y. Sept. 30, 2014), the defendant's status as a convicted felon was relevant "because putting a convicted felon in charge of diamond grading was a violation of KGK NY's commitment under its authorized user agreement," *id*. In other words, in each of these cases the misconduct was relevant to the claims for some reason other than a simple propensity inference.

[4] Plaintiffs argue that the prior criminal convictions are admissible to show Yu's intent. Dkt. No. 41 at 5. But where evidence of a prior bad act "is offered for the purpose of establishing the defendant's knowledge or intent, we require that the [party] 'identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act.'" *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (quoting *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002)). The general fact that Yu was "charged with theft, identity theft, and other financial crimes," Dkt. No. 22 ¶ 12, does not explain how these charges would inform his intent to make false statements in a short-seller report in 2024, aside from a propensity inference, *see McCallum*, 584 F.3d at 475 ("[T]his inclusionary approach does not invite [a party] 'to offer, carte blanche, any prior act of the defendant in the same category of crime.'" (quoting *Garcia*, 291 F.3d at 137)). Even assuming Yu's past charges or convictions have some minimal probative value to show his state of mind, the Court would exclude the evidence under Rule 403 because the probative value is substantially outweighed by the danger of unfair prejudice. *See McCallum*, 584 F.3d at 476.

5

because more than ten years have passed since the conviction, Yu's conviction is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Such convictions should be admitted "only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (quoting S. Rep. No. 1277, 93d Cong., 2d Sess.). Plaintiffs have not identified any such exceptional circumstances, and in any case, Plaintffs may not justify pleading prior bad acts that are entirely unrelated to the claims in this matter on the basis that, depending on what happens at trial, they may come in for impeachment. The material must have some bearing on the issues in the case. *See Brown*, 929 F.3d at 51 n.42 (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy.")); *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief."). If Plaintiffs' argument were the rule, any party could use a court filing to dredge up activity in the distant past to shame an adversary on the grounds that the activity somehow bore on its adversary's credibility and therefore would be admissible for impeachment at trial. As Federal Rules of Evidence 404(b) and 609(b) instruct, however, at some point bygones should be treated as bygones. The fact that someone has committed a misdeed in the past should not haunt that person through unrelated court filings for the rest of time.

This case aptly illustrates the point. The allegations regarding Yu's past criminal history are scandalous and prejudicial. Past criminal convictions are a paradigmatic example of information that may lead to unwarranted bias against a party. *See, e.g.*, *United States v. Estrada*, 430 F.3d 606, 618–620 (2d Cir. 2005); *G-I Holdings, Inc. v. Baron & Budd*, 238 F.

Supp. 2d 521, 555 (S.D.N.Y. 2002) (stating that irrelevant statements may be struck "where they have criminal overtones"). The language of the Amended Complaint illustrates that it seeks to use Yu's past convictions to impugn his character and inflame prejudice against him. The Amended Complaint repeatedly labels Yu as a "convicted felon," emphasizes his time in "jail," and lumps in "Defendants" and Gotham City Research as "criminal" without factual support. *See* Dkt. No. 22 ¶¶ 2, 12, 51, 96. This language, which is suggestive of a personal attack on Yu and other defendants essentially unrelated to the claims in this case, "detracts from the dignity of the court." *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 773 (S.D.N.Y. 2018) (quoting *Anderson v. Davis Polk & Wardwell LLP*, 850 F.Supp.2d 392, 416 (S.D.N.Y. 2012)). Yu was convicted of criminal activity thirteen years ago. He served his sentence. A court filing is not properly used to give "unnecessary notoriety" to past misconduct which is irrelevant to the claims and defenses it asserts. Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2025). Because the statements are scandalous, there is no presumption against striking them. *Brown*, 929 F.3d at 51 n.42. Doing so prevents the judicial process from becoming a "vehicle for improper purposes." *Id.* at 47 (quoting *Nixon*, 435 U.S. at 598). The statements will be stricken.

The motion to strike is GRANTED IN PART and DENIED IN PART. The following statements are stricken from Plaintiff's Amended Complaint, Dkt. No. 22:

- "Defendants are predatory short sellers, led by convicted felon Daniel Yu." *Id.* ¶ 2.
- "Gotham's founder and principal, Yu, has served multiple stints in jail, including one jail term after being charged with theft, identity theft, and other financial crimes." *Id.* ¶ 12.
- "Yu formed Gotham as a vehicle and shield for his criminal enterprise." *Id.*
- "Defendants are fraudsters and criminals." *Id.* ¶ 51.
- (As a heading to Section II.A of the Amended Complaint) "Daniel Yu is a Convicted Felon." *Id.* at 28.

- "Yu has a sordid criminal history and is a convicted felon.  He has served time in jail for theft and has previously been charged with identity theft and other financial crimes." *Id.* ¶ 96.

- "In 2013, after being released from jail, Yu ironically began publishing 'reports' concerning purported fraud and mismanagement by public companies, using Gotham as his mouthpiece." *Id.* ¶ 97.

Plaintiff is directed to refile the Amended Complaint with the above statements redacted by June 4, 2025.  Once Plaintiff refiles the Amended Complaint with the necessary redactions, the Clerk of Court is directed to strike Dkt. No. 22.

The Clerk of Court is respectfully directed to close Dkt. Nos. 29 and 30.

SO ORDERED.

Dated: May 29, 2025
       New York, New York

_____
       LEWIS J. LIMAN
       United States District Judge