**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRIFOLS, S.A., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK, <br><br> Defendants. | No.: 1:24-cv-00576-LJL |

**DEFENDANTS' ANSWER TO REDACTED AMENDED COMPLAINT**
**AND ANTI-SLAPP COUNTERCLAIM**

Defendants Daniel Yu, Gotham City Research, General Industrial Partners LLP and Cyrus De Weck ("Defendants"), by their attorneys, Miller Korzenik Rayman LLP, for their Answer and Counterclaim to the redacted Amended Complaint ("Complaint") alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff Grifols, S.A. ("Grifols"), commenced this action to intimidate and unjustifiably inhibit legitimate criticism of Grifols' business by Defendants. Grifols' allegations against Defendants, all aimed at their speech in a short report about Grifols, lack any fair or substantial bases either in fact or in law.[1]

The Court dismissed Grifols' claims against over twenty of the allegedly "false and defamatory" statements in Gotham's report (the "Report") - *leaving only one* claim remaining for the Court's further examination.[2]  Specifically, the Court dismissed Grifols' causes of action set

---

[1] The Court observed in its dismissal ruling that "[a] short-seller, an entity with an economic interest in driving down the company's stock price has the same right to express opinions and analysis as any other market participant. … Short-seller reports perform a useful function by bringing information that securities are overvalued to the market." Op. & Order on Mot. to Dismiss, at 23, Dkt. No. 48 (internal citations and quotations omitted).

[2] The Court in making its ruling noted, "The Court largely agrees with Defendants." Op. & Order on Mot. to Dismiss, at 18, Dkt. No. 48.

out in the Complaint – Sections IV.B-F, ¶¶ 149-216. With them, the Court also dismissed the three ride-along claims that stood on those same dismissed allegations. ¶¶ 255-281.

The threshold dismissal of these twenty plus claims means that Grifols' allegations lacked plausibility; They failed the "plausibility" test of Federal Rule of Civil Procedure 12. Any claim that lacks plausibility likewise lacks a substantial basis in law or fact.[3] *See e.g. Reeves v. Associated Newspapers, Ltd.,* 218 N.Y.S.3d 19, 21 (1st Dep't 2024). That makes this action a "SLAPP" action— that is, an action commenced to suppress legitimate speech.

The sole challenged statement that survived dismissal was a statement in the Report that Defendants promptly corrected in less than 24 hours, immediately after they learned of the error. The Report had initially stated that a $95 million loan from Grifols' to a related party (Scranton Enterprises) was undisclosed. When Defendants were informed of the error, they quickly posted a correction.

In the United States, speakers and publishers can make a good faith mistake. However, they cannot do so deliberately; that is, they cannot do so with what is called "actual malice." This remaining claim survived threshold scrutiny based on Grifols' actual malice allegations that were built not on any information or fact (as pleadings must be), but rather on unsupported suspicions and wishful speculation. This remaining claim is built on nothing close to a substantial basis. Defendants' anti-SLAPP counterclaim is brought to remedy that wrong as well as the costs imposed on them by the twenty already dismissed claims. The Court deferred its ruling on fees.

Also, the corrected error lacks materiality. The statements in the Report which Grifols had challenged, and which are now dismissed had asserted that Grifols was seriously

---

[3] The Substantial basis standard is far more demanding a standard than the plausibility standard of Rule 12. Claims that might pass the plausibility standard, may still fail the substantial basis standard. A libel defendant need not show that a claim is "frivolous" under Rule 11 in order to show that the claim lacks a "substantial basis" under the New York anti-SLAPP law.

overleveraged – to a degree that far exceeds $95 million. The $95 million loan, standing on its own, is of de minimis weight for an overleveraged company worth billions in valuation.

It is significant too that when Grifols put its same allegations against Gotham to the SEC, the SEC after review issued a "no action letter."

Further, when the same issues were examined by Spanish National Securities Market Commission ("CNMV"), the CNMV required Grifols to restate its financial disclosures that the Report had called out as deficient, specifically its debt-to-EBITDA ratio. And while the CNMV said that it did not find "significant errors in the quantitative magnitudes" of Grifols' main financial statements, with one exception, it nonetheless found "significant deficiencies" in "the detail and accuracy of the breakdowns and explanatory notes supporting the figures of the financial information" and that these and other shortcomings "should be considered significant as they have hindered investors' ability to adequately understand the issuer's financial position." *See* Op. & Order, at 13-14 (quoting the March 21, 2024 CNMV report).

<u>**Answers to Remaining Claims**</u>

1.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. As with the allegations in most of the paragraphs of the Redacted Amended Complaint, most of the allegations are moot in view of the dismissal of most of Plaintiff's claims. Those components of Grifols' pleading will not be addressed, but in all events are denied. Many of the allegations made in the Complaint consist of vague negative rhetoric rather than clear statements of fact. The vague implications of all of them are denied here so that this objection and denial need not be repeated throughout.

2.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of this Paragraph; Denies second sentence.

3.      Deny.

4.      Deny.

5.      Deny.

6.      Deny (a); Deny (b) – (d) on basis of dismissal.

7.      Deny on basis of dismissal.

8.      Deny.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

10.     Admits that the CNMV reviewed Plaintiff's financials; Deny that this Paragraph correctly characterizes its findings.

11.     Deny.

12.     Deny that any of Defendants' practices referenced were either unlawful or defamatory. Deny that the referenced litigation is pertinent in any manner to the present action which has so far largely failed on the merits and note that the referenced default is not enforceable in the United States, that the court lacked jurisdiction and that the report at issue was sound, fair and correct.

13.     Deny.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Deny the implications of the vague rhetoric that Plaintiff uses here regarding Defendant Yu.

15.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

16.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

17.    Deny.

18.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

19.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. To the extent that there might have been any error, the error was promptly corrected and no actual malice or wrongful purpose can be attributed to it.

20.    Deny, and further avers that Plaintiff omits context of CNMV Report regarding loan disclosure.  This paragraph of the Complaint is larded with vague negative rhetoric to create implications that are denied. Plaintiff has no legitimate information and belief to support its allegations regarding Defendants' state of mind, all of which are denied.

21.    Admit that Defendants issued a good faith correction to the report; deny characterization of the allegations in this Paragraph.

22.    Admit that Defendants issued a good faith correction to the report; deny allegations as to Defendants' state of mind in this Paragraph along with the implications that flow from the vague rhetoric of this pleading, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph.

23.    Defendants issued a good faith correction. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

24.    Admit that Defendants issued a good faith correction to the report and that some Defendants at one point held a short position; Deny further allegations in this Paragraph.

25.    Admit that Defendants issued a good faith correction to the report, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**All of the Allegations contained in Paragraphs 26 – 48 are moot, no longer applicable as they have been dismissed by the Court as lacking plausibility under FRCP 12. They are also lacking in any substantial basis in law or fact. They are in all events denied.**

26.    Deny on basis of Judge's findings in dismissal.

27.    Deny on basis of Judge's findings in dismissal.

28.    Admit that Defendants' report stated opinions about Plaintiff's leverage ratio; deny on basis of Judge's findings in dismissal.

29.    Admit that CNMV proposed findings that Plaintiff should improve financial reporting transparency; deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph.

30.    Admit that Defendants' report stated opinions about Plaintiff's leverage ratio; deny on basis of Judge's findings in dismissal.

31.    Deny on basis of Judge's findings in dismissal.

32.    Deny on basis of Judge's findings in dismissal.

33.    Deny on basis of Judge's findings in dismissal.

34.    Deny on basis of Judge's findings in dismissal.

35.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

36.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

37.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

38.    Deny on basis of Judge's findings in dismissal.

39.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

40.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

41.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

42.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

43.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

44.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

45.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

46.    Deny.

47.    Deny.

48.    Deny on basis of Judge's findings in dismissal that the challenged statements are opinion as a matter of law.

49.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

50.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding harm; Deny that Plaintiff is entitled to any of the relief requested.

51.    Deny.

## PARTIES

52.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

53.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

54.    Admit that Daniel Yu is founder of Gotham City Research, and writes, researches, analyzes and publishes under that title. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

55.    Admit that Gotham City Research LLC is a Delaware LLC that publishes research reports; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph. Denies the contentions regarding corporate formalities and the allegations made on information and belief that are unsupportable pleadings.

56.    Admit that General Industrial Partners LLP is a registered LLP in England and Wales with the four listed members in this paragraph and has affiliated with Gotham City Research reports in the past; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph. Deny the implications that flow from the vague rhetorical descriptions of the company and its description of the relations between the Defendant entities.

57.     Admit that Cyrus De Weck resides in England and is employed at General

Industrial Partners LLP; Deny the further allegations in this Paragraph.

58.     Deny.

59.     Deny knowledge and information as to the Does referred to in that Paragraph.

60.     Deny.

## JURISDICTION AND VENUE

61.     Defendants accept jurisdiction and venue.

62.     Defendants accept jurisdiction and venue.

63.     Defendants accept jurisdiction and venue.

64.     Defendants accept jurisdiction and venue.

65.     Defendants accept jurisdiction and venue.

## FACTUAL ALLEGATIONS

66.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph.

67.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph.

68.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph.

69.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph.

70.     Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph.

71.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

72.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

73.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

74.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

75.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

76.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

77.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

78.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

79.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

80.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

81.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

82.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

83.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

84.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

85.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

86.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

87.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

88.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

89.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

90.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

91.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

92.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

93.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

94.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

95.    Deny.

96.    Stricken by Court Order.

97.    Stricken by Court Order.

98.    Deny.

99.    Deny.

100.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Admit that a meritless action was brought in United Kingdom against Mr. Yu, The default judgment was not enforceable in the United States because it violates U.S. constitutional requirements. The report at issue was published well before Mr. Yu's relationship with Mr. De Weck and GIP and well before publication of the Report at issue in this case. This allegation is irrelevant and impertinent to the present case.

105.    Deny the allegations as to Defendants activities and Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

106.    Deny first sentence of this Paragraph; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of this Paragraph.

107.    Admit.

108.    Admit only that General Industrial Partners LLP was formed by Cyrus De Weck; Deny further allegations in this Paragraph.

109.    Admit that GIP and Gotham City Research have an affiliate relationship, Deny that GIP provides capital to Gotham City Research.

110.    Admit that GIP and Mr. De Weck are affiliated with Gotham City Research and Mr. Yu, Deny further allegations in this Paragraph.

111.    Admit that GIP and Mr. De Weck are affiliated with Gotham City Research and Mr. Yu, Deny further allegations in this Paragraph.

112.    Admit that GIP held a short position against Grifols.

113.    Deny.

114.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

115.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

116.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

117.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

118.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. The allegation is unclear as to what it specifically refers to.

119.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Deny the implications of the vague and negative rhetoric that appear in this paragraph.

120.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Vague rhetorical pleading lacking in specificity.

121.    Admit that the @GothamResearch X handle posted the opinions in the referenced tweet. These allegations pertain to claims dismissed by the Court for lack of plausibility.

122.    Admit that Gotham City Research published a report on Plaintiff on January 9, 2024 that opined on Plaintiff's business; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph. These allegations pertain to claims dismissed by the Court for lack of plausibility.

123.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph. Admit that Mr. Yu authored the Report.

124.    Admit that the @GothamResearch X handle posted the tweets reflecting opinions in the report; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph. These allegations pertain to claims dismissed by the Court for lack of plausibility.

125.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. These allegations pertain to claims dismissed by the Court for lack of plausibility.

126.    Deny.

127.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

128.    Deny the first sentence in this paragrapy. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

129.    Deny. These allegations also pertain to claims dismissed by the Court for lack of plausibility.

130.    Deny. These allegations also pertain to claims dismissed by the Court for lack of plausibility.

131.    Admit that GIP is a Registered Investment Advisor with the SEC and FCA; otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. These allegations also pertain to claims dismissed by the Court for lack of plausibility.

132.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

133.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

134.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

135.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

136.    Deny as to general allegations of wrongdoing and wrongful intent. Otherwise dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

137.    Deny on basis of Judge's findings in dismissal that Report contains opinions; deny further allegations in this Paragraph.

138.    Deny generally but admit to the extent that statements actually appear in the Report, albeit out of context.

139.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

140.    Deny.

141.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and dispute Plaintiff's description of the CNMV Report.

142.    Deny.

143.    Aver that Defendants promptly corrected an error in the Report otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and implications in this Paragraph.

144.    Admit that Defendants made a good faith correction to the report; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations  and implications in this Paragraph.

145.    Admit that Defendants made a good faith correction to the report; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and implications in this Paragraph.

146.    Admit that Defendants made a good faith correction to the report; Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and implications in this Paragraph.

147.    Admit that Defendants made a good faith correction to the report; otherwise deny the remaining allegations and implications contained in this Paragraph.

148.    Deny.

149.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

150.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

151.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

152.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

153.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

154.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

155.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

156.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

157.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

158.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

159.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

160.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

161.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

162.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

163.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

164.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

165.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

166.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

167.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

168.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

169.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

170.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

171.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

172.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

173.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

174.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

175.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

176.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

177.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

178.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

179.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

180.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

181. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

182. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

183. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

184. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

185. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

186. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

187. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

188. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

189. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

190. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

191. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

192.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

193.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

194.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

195.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

196.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

197.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

198.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

199.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

200.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

201.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

202.     Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

203.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

204.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

205.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

206.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

207.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

208.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

209.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

210.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

211.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

212.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

213.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

214.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

215.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

216.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

217.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

218.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

219.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

220.    Deny the first sentence and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

221.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

222.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

223.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

224.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

225.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

226.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

227.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

228.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

229.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

230.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

## CAUSE OF ACTION

### COUNT I
### (Defamation – Libel and Defamation by Implication Against Daniel Yu and Gotham Research LLC)

231.    Defendants repeat and reallege their prior responses to paragraphs 1-230 as though fully set forth herein.

232.    Admit that Gotham City Research published the Report; Deny the remaining allegations and implications in this paragraph and deny that any "authorization" is needed to publish any report of the kind.

233.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

234. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

235. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

236. Deny.

237. Deny as to Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph as to Grifols and its alleged damages.

238. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

239. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph.

240. Deny.

241. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

242. Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

243. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph.

244. Defendants deny that Plaintiff is entitled to any of the relief requested.

## COUNT II: DISMISSED AS TO ALL BUT ONE STATEMENT
### (Aiding and Abetting Defamation – Libel and Defamation by Implication (Against General Industrial Partners LLP and Cyrus De Weck))

245.    Defendants repeat and reallege their prior responses to paragraphs 1-245 as though fully set forth herein.

246.    Admit that GIP and Mr. De Weck are affiliated with Gotham City Research and Mr. Yu, otherwise deny further allegations in this Paragraph.

247.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the further allegations in this Paragraph.

248.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

249.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact, otherwise deny.

250.    Deny allegations on Defendants' state of mind as that is a legal conclusion that requires no response.

251.    Dismissed claims call for no response. Otherwise, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph concerning any harm to Grifols or causation, and otherwise deny.

252.    Deny allegations in this Paragraph as it contains a legal conclusion that requires no response.

253.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

254.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph; Defendants deny that Plaintiff is entitled to any of the relief requested.

**COUNT III: DISMISSED**
**(Tortious Interference With Business Relations (Against Daniel Yu and Gotham City Research LLC))**

255.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

256.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

257.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

258.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

259.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

260.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

261.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

262.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

263.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

264.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

265.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

266.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

## COUNT IV: DISMISSED
## (Aiding and Abetting Tortious Interference With Business Relations (Against General Industrial Partners LLP and Cyrus De Weck))

267.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

268.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

269.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

270.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

271.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

272.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

273.    Dismissed for lack of plausibility and therefore lacking substantial basis in law or fact.

274.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

275.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

**COUNT V: DISMISSED**
**(Unjust Enrichment (Against All Defendants))**

276.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

277.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

278.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

279.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

280.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

281.        Dismissed for lack of plausibility and therefore lacking substantial basis in law or

fact.

**<u>AFFIRMATIVE DEFENSES</u>**

**AFFIRMATIVE DEFENSE 1**

Plaintiff has failed to state a cause of action on which relief can be granted against any of

the Defendants.

**AFFIRMATIVE DEFENSE 2**

Plaintiff Grifols caused, exacerbated and contributed to any harm it alleges by its own conduct and statements both before and after the publication of the Report.

### AFFIRMATIVE DEFENSE 3

To the extent that the Report references official documents and/or filings, it is protected under the absolute privilege allowed to fair reports of public proceedings under New York Civil Rights Law §74.

### AFFIRMATIVE DEFENSE 4

Plaintiff's own statements and conduct have invited statements alleged to be defamatory.

### AFFIRMATIVE DEFENSE 5

Plaintiff's purported claims are barred and/or substantially diminished because the conduct of Defendants, i.e., the statements alleged to be false were not the proximate cause of any alleged damage or harm to Plaintiff.

### AFFIRMATIVE DEFENSE 6

Plaintiff's lack of detail and clarity as well as its vagueness and obscurantism in its public statements and financial reporting is responsible for any error, if any, in the Report as to any remaining challenged statement.

### AFFIRMATIVE DEFENSE 7

Defendants reserve the right to assert or rely on other defenses that become available or appear during the action.

### ANTI-SLAPP COUNTERCLAIM

Defendants Daniel Yu, Gotham City Research, General Industrial Partners LLP and Cyrus De Weck assert the following counterclaim against Plaintiff Grifols S.A.:

CC1.    This court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

CC2.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Plaintiff commenced and continued this SLAPP action against Defendants in the Southern District of New York.

## **FACTS**

CC3.    Defendants operate as financial watchdogs, researching, authoring and publishing reports opining on companies they consider over- or under-valued by the market as indicated by a company's public financial reporting and other public information.

CC4.    To profit from their reporting, Defendants oftentimes take a short or long position on a company they are reporting on, on the premise that the market will react favorably to the reporting. This lawful function and practice have been recognized by this Court and many others as providing useful and valuable information to the market and as a recognized expression of opinion and information protected by the First Amendment, the Constitution of the State of New York and its common law and statutes, all protective of speech.

CC5.    On Jan. 9, 2024, Defendants published a report entitled, "Grifols SA: Scranton and the Undisclosed Debts" (the "Report"), and a revised report on Jan. 10, 2024, expressing its views of Plaintiff Grifols S.A.'s public financial reporting and financial/business circumstances. Defendants' reporting is available freely to the public, and the Report was no different.

CC6.    From the outset of this lawsuit, Plaintiff has nursed and advanced unsupported theories and baseless, speculative and unsubstantiated claims about the origins of Defendants' Report. They sought needless and wasteful discovery in aid of these unsupported theories.

CC7.   These imagined and unsupported theories and claims further evince the improper purposes and objectives of this lawsuit under NY Civil Rights Law §70-a (1) (a-c).

CC8.   Thus far this Court dismissed all but one allegedly defamatory statement from Grifols' 78-page Complaint for failing to meet the low threshold of plausibility.

CC9.   Grifols' claims made in ¶¶ 149 – 216, ¶ 229, and ¶¶ 255-281 of its Redacted Amended Complaint, Dkt. 50, were all dismissed by the Court in its May 29, 2025 Opinion and Order, Dkt. 48. *See* ¶ CC24 below.

CC10.  Grifols' included in its Complaint and its Amended Complaint impertinent, prejudicial and utterly unrelated allegations against Defendant Yu to prejudice Defendants' generally both in the action and to members of the public who would read Grifols' Complaints.

CC11.  The Court ruled that these impertinent allegations should be stricken from the Complaints and redacted from them. Dkt. 49.

CC12.  The Court found these allegations "suggestive of a personal attack on Yu and other defendants essentially unrelated to the claims in this case[.]" *Id*., at 7.

CC13.  The Court stated the struck language in Plaintiff's Amended Complaint "detracts from the dignity of the court." *Id*. And it cited these impertinent statements as a "vehicle for improper purposes." *Id*.  *See* Mem. and Order, Dkt. 49, at 7.

CC14.  Grifols prompted an SEC probe based on the same claims asserted here.

CC15.  The SEC probe was closed with a "no action letter."

CC16.  The SEC probe and costs were improperly imposed on Defendants by Grifols.

CC17.  Grifols' efforts at imposing these additional costs and burdens on Defendants further evidence Grifols' improper purpose of harassing, intimidating, punishing and/or otherwise maliciously inhibiting Defendants' free exercise of speech.

CC18.  Grifols' purpose in commencing and continuing this SLAPP suit was and is to burden the Defendant speakers with costs and other related damages.

CC19.  New York law provides *mandatory* fees for claims commenced or maintained without a substantial basis in law or fact; and those costs and other damages are now due on the numerous claims that have recently been dismissed.

CC20.  This Court has determined that all but one remaining challenged statement in the Complaint were commenced without a plausible basis in law. By definition, these non-plausible allegations lack a substantial basis in law. Yet Defendants had to expend time and money to counter seventy-eight pages of non-plausible allegations, personal attacks, and public relations stunts. Despite losing these claims, Grifols "won" by imposing punitive costs on Defendants constitutionally protected speech.

CC21.  Plaintiff has not, and cannot, provide evidence to show a substantial basis in fact and law as to the sole alleged defamatory statement the Court allowed to continue.

CC22.  Plaintiff must show "such relevant proof as a reasonable mind may accept as adequate to support a conclusion" that Defendants made that statement knowing it was false..

CC23.  Plaintiff provided no such evidence to meet this burden in its pleadings; it never had information and belief sufficient to support or justify such actual malice pleading; and it can provide no such evidence going forward. That showing must now be established with "clear and convincing evidence," which Plaintiff cannot possibly do.

I.    **Plaintiff's Claims Dismissed Under Plausibility Standard Lack a Substantial Basis as a Matter of Law, Fees Should Be Awarded Under Anti-SLAPP.**

CC24.  All of Plaintiff's claims dismissed in the Court's May 29, 2025 Opinion and Order lack a substantial basis:

a.  statements that Grifols' definition of EBITDA is misleading and incorrect (Cmpl., Sec. IV.B, id. ¶¶ 149–153),

b.  false calculation of Grifols' leverage ratio (Cmpl., Sec. IV.C, id. ¶¶ 154–191),

c.  statements that Grifols' shares are "uninvestable" or "worthless" (Section IV.D, id. ¶¶ 192–200),

d.  false statements regarding Grifols' consolidation of GDS (Section IV.E, id. ¶¶ 201–208), and

e.  false statements about the ImmunoTek transaction (Section IV.F, id. ¶¶ 209–216),

f.  Tortious Interference with Business (¶¶ 255-266),

g.  Unjust Enrichment (¶¶ 276-281), and

h.  All claims brought by Plaintiff *Grifols Shared Services North America, Inc*. (¶ 229).

CC25.  The time that Defendants spent having to defend against these meritless claims was an unfair cost shouldered by speakers defending their constitutionally protected speech. Under New York law and policy, these costs are to be compensated.

## II.  Plaintiff's Last Standing Defamation Claim Based on Scranton Loan Disclosure Lacks a Substantial Basis in Fact and In Law.

CC26.  An action that is plausible is not necessarily an action that has a substantial basis. *See e.g. Reeves v. Associated Newspapers, Ltd*., 232 A.D.3d 10, 21 (2024) ("substantial basis" more than ordinary pleading standard).

CC27.  As opposed to mere plausibility, the substantial basis standard means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Id*. And Plaintiff has no information or justifiable belief that could support such a showing.

CC28.  Without any evidence, Plaintiff alleges that Defendants at the time of publication *knew of the falsity or had a high degree of subjective awareness of the probable falsity* of the statement that Grifols did not disclose the $95 million loan with Scranton in its corporate governance filings (the "Loan Statement").

CC29.  To pass New York's anti-SLAPP bar, Plaintiff must show and cannot show "such relevant proof as a reasonable mind may accept as adequate to support a conclusion" that Defendants made that statement knowing it was false. Plaintiff cannot and did not plead such knowing evidence. And it lacks substantial basis for showing with clear and convincing evidence that this was so.

CC30.  Grifols pleaded no facts to support that conclusory allegation; it had no proper information and belief to support such pleading; and it has no substantial basis for making, advancing or continuing any such claim.

### III.    Grifols' Suit is a PR Stunt Addressed to the Market and Designed to Punish Critical Speech with Personal Attacks and Litigation Costs.

CC31.  Grifols's seventy-eight page Amended Complaint is largely a public relations pitch of irrelevant material trumpeting Grifols' alleged business prospects, and then loaded with impertinent character assassination aimed at Defendants.

CC32.  Those personal attacks on Defendants have since been struck by this Court as immaterial, impertinent and below the dignity of the court. *Id.*, Sect. II.A; ECF 49, Order Granting Defendant's Mot. to Strike.

CC33.  Grifols purpose in adding these impertinent allegations to its pleadings was not to bring a meritorious lawsuit, but to intimidate the Defendants and to impose the loss of time and money on Defendants.

       **a.  Plaintiff Failed to Remedy Its Deficient Complaint Despite Pre-Motion Letter Outlining Grounds on Which Dismissal and Mot. to Strike were Ultimately Granted**.

CC34.  In a June 26, 2024 letter, Defendants asked Plaintiff's counsel to remedy the deficiencies in the Complaint in a pre-motion letter. It set forth the deficiencies in the Complaints to spare time and expense moving on a deficient complaint filled with implausible pleading and with prejudicial statements and irrelevancies. *See* Exhibit A, June 26, 2024 Ltr. to Plaintiff's Counsel ("June 26 Letter").

CC35.  In the June 26 Letter, Defendants identified for Plaintiff the grounds on which it would move to dismiss – the very grounds on which the bulk of Grifols' claims were ultimately dismissed.

CC36.  Nevertheless, Plaintiff chose not to amend its Complaint to remove the meritless and non-plausible allegations that the Court ultimately dismissed. Its minimally Amended Complaint continued to feature the same claims and pleadings.

       **b.  Grifols' Retaliated Against Lawful Criticism by Weaponizing Litigation Documents to Feature Improper Personal Attacks since Struck by Court.**

CC37.  Defendants were forced to expend time and money to draft and file a Cross Motion to Strike prejudicial content from the amended complaint because Plaintiff refused[4] to remove irrelevant and prejudicial personal attacks on Mr. Yu and other Defendants, despite requests to do so by Defendants' June 26 Letter.

CC38.  On May 29, 2025, the Court granted Defendants Motion to Strike the statements from the Complaint, holding that that there was "no conceivable way" that Plaintiff could use

---

[4] Plaintiff did remove some of the details of the personal attacks on Defendant Yu but kept the core of it to the unjustifiable prejudice of all the Defendants.

this pleading denigrating Mr. Yu and other defendants to prove the allegations in its Complaint. ECF 49, at 4.

CC39.  The Court stated: "The language of the Amended Complaint illustrates that it seeks to … impugn [Mr. Yu's] character and inflame prejudice against him," and that the language was "suggestive of a personal attack on Yu and other defendants essentially unrelated to the claims in this case[.]" *Id*., at 7.

CC40.  The Court stated the struck language in Plaintiff's Amended Complaint "detracts from the dignity of the court." *Id*.

CC41.  Grifols conduct demonstrates an intentional effort to intimidate and silence Gotham by forcing them to expend money and time in defending a complaint full of public relations excess and prejudicial slurs, "abusing the litigation process for an improper purpose litigation[.]" *Lax*, 80 Misc. 3d at 3.  Also, the Complaints in this action are themselves improper public relations stunts to create deniability in favor of Grifols and against the Report.

**IV.     Grifols Prompted an SEC Investigation based on the same claims; It Resulted in a No Action Letter from the SEC.**

CC42.  On February 12, 2024, Defendants were contacted by the SEC through a document request seeking communications, research, and a wide and expansive range of other materials. The SEC inquiry was prompted by Grifols' based on the same claims as alleged in the Complaints.

CC43.  The SEC conducted a comprehensive, lengthy investigation, yet decided not to pursue enforcement actions against Defendants from the Report. Specifically, it issued a no action letter.

CC44.  Defendants had to expend a significant amount of time and money hiring counsel and preparing to defend itself in the SEC investigation.

CC45.  On November 6, 2024, the SEC sent Defendants a closing letter whereby the SEC indicated its intention to discontinue its investigation and not pursue enforcement actions against Defendants regarding the Report.

### FIRST CAUSE OF ACTION
### (ATTORNEYS FEES AND COSTS AND EXPENSES UNDER § 70-a(1)(a)

CC46.  Defendants repeat and reallege the allegations of paragraphs 299 through [x] of this Counterclaim as if fully set forth herein.

CC47.  The Report is a lawful expression of Defendants' speech and commentary on an issue of public concern—a public company's publicly traded stock and financial feasibility.

CC48.  Plaintiff's action is brought without a substantial basis in fact and law—both as to the claims dismissed that are non-plausible, and as to the one remaining allegation.

CC49.  To defend against Plaintiffs' non-substantial lawsuit, Defendants were forced to expend significant time and money.

### SECOND CAUSE OF ACTION
### (OTHER COMPENSATORY DAMAGES UNDER § 70-a (1)(b))

CC50.  Plaintiff Grifols S.A.'s conduct described above, including inciting an SEC investigation and a public relations campaign of misleading negative press, demonstrates that this action was commenced for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting Defendants' free speech, specifically the critical speech in Defendants' Report. Its similar efforts before the CNMV, as described in the Preliminary Statement above evinces the same improper purpose.

CC51.  Defendants expended significant money defending against Plaintiff's harassment, including hiring separate counsel to handle the ancillary investigations and to cover other costs, expenses and damages resulting from Grifols improper purposes and objectives.

## THIRD CAUSE OF ACTION
## <u>(PUNITIVE DAMAGES UNDER § 70-a (1) (c)</u>

CC52.  Plaintiff Grifols S.A. commenced this lawsuit not to vindicate any meritorious claims but to solely and primarily to silence its critics, specifically Defendants and their Report.

CC53.  For the reasons described above, Plaintiff's actions against Defendants and the Report demonstrate that Grifols' sole purpose for commencing this lawsuit was harassing, intimidating, punishing, or otherwise maliciously inhibiting the free exercise of Defendants' speech.

WHEREFORE, Defendants respectfully seeks an Order of this Court as follows:

1. Awarding Defendants its reasonable attorneys' fees and costs and expenses incurred in defending this action pursuant to N.Y. CRL § 70-a (1)(a);

2. Awarding Defendants other compensatory damages pursuant to § 70-a (1)(b);

3. Awarding Defendants punitive damages pursuant to § 70-a (1)(c); and

4. Granting such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with F.R.C.P. 38(b), Defendants demands a trial by jury on all issues so triable.

Dated:  New York, New York          MILLER KORZENIK SOMMERS RAYMAN LLP
         June 26, 2025

                                         By: /s/ David S. Korzenik

                                         David S. Korzenik
                                         Gillian Vernick
                                         1501 Broadway, Suite 2015
                                         New York, New York 10036

Phone: (212) 752-9200
dkorzenik@mkslex.com
gvernick@mkslex.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER and

COUNTERCLAIM were served on Plaintiff Grifols S.A. via ECF on June 26, 2025.

Dated:  New York, New York                    MILLER KORZENIK SOMMERS RAYMAN LLP
       June 26, 2025
                                              By: /s/ David S. Korzenik

                                              David S. Korzenik
                                              Gillian Vernick
                                              1501 Broadway, Suite 2015
                                              New York, New York 10036
                                              Phone: (212) 752-9200
                                              dkorzenik@mkslex.com
                                              gvernick@mkslex.com

                                              *Attorneys for Defendants*

41