UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRIFOLS, S.A.,

                          Plaintiff,

      v.

DANIEL YU, an individual, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK, an individual, JOHN DOES 1-10, and XYZ CORPORATIONS 1-10.

                          Defendants.

No. 1:24-cv-00576-LJL

---

**GRIFOLS, S.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' ANTI-SLAPP COUNTERCLAIM**

PROSKAUER ROSE LLP

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com

*Counsel for Plaintiff Grifols, S.A.*

# TABLE OF CONTENTS[*]

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................3

    I.    DEFENDANTS' COUNTERCLAIM IS BARRED BY THE LAW OF THE CASE DOCTRINE ........................................................................................................3

    II.    IN ANY EVENT, DEFENDANTS ARE NOT ENTITLED TO ANY RELIEF UNDER § 70-a BECAUSE THE STATE STATUTE CONFLICTS WITH MULTIPLE FEDERAL RULES OF CIVIL PROCEDURE. ........................................7

        a.    § 70-a is Inapplicable Because It Conflicts with Rule 11. ....................................7

        b.    § 70-a is Inapplicable Because It Conflicts with Rules 12 and 56 ........................9

CONCLUSION ..............................................................................................................................15

---

[*] Capitalized terms and party names not defined here have the same meaning as in the Amended Complaint.

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*,
  No. 21-CV-11096 (LJL), 2023 WL 112552 (S.D.N.Y. Jan. 4, 2023) ........................................8

*Bobulinski v. Tarlov*,
  No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024) ................................10

*Brady v. NYP Holdings, Inc.*,
  No. 21-CV-3482 (LJL), 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022) ........................... 2, 7-8, 9

*Carroll v. Trump*,
  590 F. Supp. 3d 575 (S.D.N.Y. 2022) ....................................................................................10

*CDC Newburgh Inc. v. STM Bags, LLC*,
  692 F. Supp. 3d 205 (S.D.N.Y. 2023) ....................................................................................10

*Coritsidis v. Khal Bnei Torah of Mount Ivy*,
  No. 22-CV-10502 (CS), 2024 WL 37122 (S.D.N.Y. Jan. 3, 2024) ...........................................9

*Editor's Pick Luxury LLC v. Red Points Sols. SL*,
  No. 22-CV-07463 (ALC), 2023 WL 6385993 (S.D.N.Y. Sep. 29, 2023) .................................9

*Egiazaryan v. Zalmayev*,
  No. 11-CV-2670 (PKC), 2013 WL 6486258 (S.D.N.Y. Dec. 11, 2013), R. &
  R. *adopted as modified*, No. 11-CV-2670(PKC)(GWG), 2014 WL 1244790
  (S.D.N.Y. Mar. 19, 2014) ................................................................................................11, 14

*Egiazaryan v. Zalmayev*,
  No. 11-CV-2670(PKC)(GWG), 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) .................6, 14

*Elisa W. v. City of New York*,
  No. 15-CV-5273 (JAV) (SLC), 2025 WL 1479191 (S.D.N.Y. May 22, 2025) ........................4

*Exec. Park Partners LLC v. Benicci Inc.*,
  No. 22-CV-02560 (PMH), 2023 WL 3739093 (S.D.N.Y. May 31, 2023) .......................... 9-10

*Friends of Rockland Shelter Animals, Inc. (FORSA) v. Mullen*,
  313 F. Supp. 2d 339 (S.D.N.Y. 2004) .................................................................................6, 11

*GM Photo, LLC v. Focus Camera, Inc.*,
  22-CV-10339 (VSB), 2025 WL 1226629 (S.D.N.Y. Apr. 24, 2025) ......................................10

*Gong v. Sarnoff*,
  No. 23-CV-343 (LJL), 2023 WL 5372473 (S.D.N.Y. Aug. 22, 2023) .....................................8

*Harris v. Am. Acct. Ass'n*,
    No. 22-811, 2023 WL 2803770 (2d Cir. Apr. 6, 2023) ............................................................6

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020) ................................................................................................ passim

*LaNasa v. Stiene*,
    731 F. Supp. 3d 403 (E.D.N.Y. 2024), *aff'd*, *LaNasa v. Stiene*, No. 24-1325,
    2025 WL 893456 (2d Cir. Mar. 24, 2025) .............................................................................10

*Lexjac, LLC v. Beckerman*,
    No. 07-CV-4614 (JS)(ARL), 2008 WL 11313761 (E.D.N.Y. Sep. 30, 2008) ................5, 6, 11

*LoanStreet, Inc. v. Troia*,
    No. 21-CV-6166 (NRB), 2023 WL 5836237 (S.D.N.Y. Sep. 8, 2023) .................................5, 6

*Margolies v. Rudolph*,
    No. 21-CV-2447-SJB, 2023 WL 6151514 (E.D.N.Y. Sep. 20, 2023) .....................................11

*Max v. Lissner*,
    No. 22-CV-5070 (VEC), 2023 WL 2346365 (S.D.N.Y. Mar. 3, 2023) ..................................12

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
    551 F. Supp. 3d 408 (S.D.N.Y. 2021) ........................................................................9, 11, 12

*Prince v. Intercept*,
    634 F. Supp. 3d 114 (S.D.N.Y. 2022) ....................................................................................10

*Romero v. Manhattan & Bronx Surface Transit Operating Auth.*,
    No. 21-CV-4951 (LJL), 2022 WL 624451 (S.D.N.Y. Mar. 2, 2022) .......................................4

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) .................................................................................................................7

*United States v. Brooks*,
    No. 06-CR-0550(JS)(AKT), 2013 WL 4804501 (E.D.N.Y. June 12, 2013) ............................4

*United States v. Carr*,
    557 F.3d 93 (2d Cir. 2009) .......................................................................................................4

*United States v. Crowley*,
    318 F.3d 401 (2d Cir. 2003), *aff'd*, 274 Fed. Appx. 110 (2d Cir. 2008) ..................................4

*United States v. Peirce*,
    No. 06-CRIM.-1032 (RJS), 2008 WL 11449410 (S.D.N.Y. Jan. 18, 2008) ............................4

*Unlimited Cellular, Inc. v. Red Points Sols. SL*,
    677 F. Supp. 3d 106 (S.D.N.Y. 2023) ....................................................................................10

*Waite v. Gonzalez*,
   No. 21- CV-2506 (PKC) (RLM), 2023 WL 2742296 (E.D.N.Y. Mar. 31,
   2023) ..........................................................................................................................10

*Watson v. NY Doe 1*,
   No. 19-CV-533 (JGK), 2023 WL 6540662 (S.D.N.Y. Oct. 6, 2023).......................................13

*Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*,
   98 F. Supp. 2d 347, 359–60 (S.D.N.Y. 2000)...........................................................................13

**STATUTES**

N.Y. Civil Rights Law § 70-a ................................................................................................ passim

**OTHER AUTHORITIES**

CPLR 3212(h)................................................................................................................................11

Fed. R. Civ. P. 11 .................................................................................................................. passim

Fed. R. Civ. P. 56(a) .....................................................................................................................11

Plaintiff Grifols, S.A. ("Grifols") submits this Memorandum of Law in support of its Motion to Dismiss Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus De Weck's (collectively, "Defendants") Anti-SLAPP Counterclaim (the "Counterclaim").[1] ECF No. 55.

**PRELIMINARY STATEMENT**

Defendants' Counterclaim is an improper second bite at the apple. This Court already denied Defendants' attempt to impose New York's anti-SLAPP law on Grifols. In summarily rejecting Defendants' position that this is a SLAPP suit, the Court found there ***was and is*** a "substantial basis for [Grifols] to ***commence this action***." ECF 56 at 49 (emphases added). Nowhere in that ruling did the Court, as Defendants incredulously claim, "defer[] its ruling on [anti-SLAPP] fees." ECF 55 at 2. It instead resolved the issue in Grifols' favor for good. The Court's ruling is not merely a procedural footnote that Defendants may gloss over or relitigate. It is a binding ruling. Indeed, under the well-established "Law of the Case" doctrine, parties may not renew an issue that has already been decided in the same case. Defendants offer no new facts, no change in controlling law, and no clear error to justify their attempt to revive a claim that has already been laid to rest. That alone requires Defendants' Counterclaim for anti-SLAPP fees be dismissed with prejudice.

But even if the Court were to entertain Defendants' déjà vu pleading, the Counterclaim fails as a matter of law for a second, independent reason: New York's anti-SLAPP statute does not apply in federal court. While this Court found it need not even reach that issue given Grifols' Action cleared the New York anti-SLAPP statute's threshold inquiry, multiple courts in this Circuit,

---

[1] While Defendants' Counterclaim asserts three separate causes of action, each simply seeks a different form of damages available under the anti-SLAPP statute.

including this one, have overwhelmingly recognized that the statute's procedural mechanisms – including its heightened pleading standards, burdens, and mandatory fee-shifting provisions – may not be applied due to their inherent conflict with the Federal Rules of Civil Procedure, namely Rules 11, 12, and 56.

As this Court ruled in *Brady v. NYP Holdings, Inc.*, N.Y. Civil Rights Law § 70-a is inapplicable in federal court because it conflicts with Fed. R. Civ. P. 11. Rule 11 conflicts with § 70-a because under the Second Circuit's mandatory test in *La Liberte v. Reid*, both the rule and the statute answer the same question: was an action frivolous or brought with a substantial basis in fact and law? Rule 11 and § 70-a also conflict with one another because they share an identical goal: deterring lawsuits that are factually or legally baseless. And the conflict is not theoretical: for example, § 70-a(1)(a) imposes mandatory fee-shifting based on what amounts to a binary scale given the statute's vague "substantial basis in fact and law" standard. This stands in complete contrast with Rule 11's carefully calibrated framework that is ultimately determined as a matter of judicial discretion. Given this clear conflict, *La Liberte* requires that Rule 11 controls here, as opposed to the state anti-SLAPP statute. This too requires Defendants' Counterclaim be dismissed.

Beyond Rule 11, the overwhelming majority of federal courts in New York have also found, when applying *La Liberte*, that § 70-a, and the burdens embedded therein, is inapplicable because it conflicts with the standards set by both Rules 12(b)(6) and 56. As it relates to the current posture of this case, the § 70-a(1)(a) standard conflicts with that of Rule 56, which requires that the moving party show there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. The burden remains, at least initially, on the movant, and the non-moving party is entitled to all reasonable inferences (unless and until the movant has proffered sufficient evidence to require the non-movant to demonstrate a genuine dispute of material fact exists). New York's

2

anti-SLAPP statute flips this framework by requiring the plaintiff to affirmatively, and seemingly, perpetually, demonstrate a "substantial basis in fact and law" to avoid both dismissal and sanction. Simply put, § 70a-(1)(a) reverses the burden of proof, raises the evidentiary bar, and undermines the protections afforded to non-movants under Rule 56. This procedural mismatch is not merely academic; it alters the litigation landscape in ways federal courts have consistently rejected under the *Erie* doctrine. The Court, if it even reaches this inquiry – it should not – should follow the progeny of this Circuit and this District and reject Defendants' renewed attempt to apply New York's anti-SLAPP statute in federal court.

As Grifols has consistently maintained, and this Court has already found, this action is not a SLAPP. To the contrary, it was expressly found to be commenced with a "substantial basis in fact and law" and now is maintained to hold Defendants accountable for their deliberately false and/or misleading statements about Grifols. Similarly, this Motion is not about silencing speech or avoiding scrutiny. It is about enforcing and respecting this Court's rules and prior rulings. Defendants had their chance to seek anti-SLAPP fees. They lost. They cannot now repackage the same theory in hopes of a different outcome. The Court should dismiss the Counterclaim with prejudice.

## ARGUMENT

### I. DEFENDANTS' COUNTERCLAIM IS BARRED BY THE LAW OF THE CASE DOCTRINE

Even if § 70-a applies in federal court – it does not, *see* § II, *infra* – Defendants' attempt to apply that statute to this case via their Counterclaim is barred by the Court's July 2, 2025 Order denying Defendants' motion for anti-SLAPP fees and the Law of the Case doctrine. The latter precludes re-litigation of issues that have already been resolved in earlier stages of the same litigation. This Court previously ruled on the legal and factual grounds underlying the

3

Counterclaim. Allowing defendants to dodge that ruling and take another swing at imposing the anti-SLAPP standards against Grifols would undermine "judicial economy" and "finality," and contradict the settled determinations that have guided the proceedings thus far.

"Where a party presents the same allegations or factual record previously deemed deficient by a court, the law of the case doctrine forecloses reconsideration of the court's conclusion." *Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21-CV-4951 (LJL), 2022 WL 624451, at *6–7 (S.D.N.Y. Mar. 2, 2022) (quotations omitted).[2] Put differently, "[w]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Crowley*, 318 F.3d 401, 420 (2d Cir. 2003), *aff'd*, 274 Fed. Appx. 110 (2d Cir. 2008). To that end, the issue should not be relitigated "unless 'cogent' and 'compelling' reasons militate otherwise[.]" *Romero*, 2022 WL 624451, at *6–7 (quotations omitted). In short, the Law of the Case doctrine bars litigants from impermissibly seeking a "second bite at the apple" for arguments that have already been considered and rejected. *See Elisa W. v. City of New York*, No. 15-CV-5273 (JAV) (SLC), 2025 WL 1479191, at *7 (S.D.N.Y. May 22, 2025) (quotations omitted).

This Court has already considered whether Defendants may seek damages and fees in this case under New York's anti-SLAPP law. In doing so, the Court summarily rejected Defendants' request and ruled that this action was commenced with a "substantial basis" as contemplated by the anti-SLAPP statute given Defendants' false statement that the Scranton Loan was not disclosed

---

[2] *See also United States v. Peirce*, No. 06-CRIM.-1032 (RJS), 2008 WL 11449410, at *2 (S.D.N.Y. Jan. 18, 2008) (same); *United States v. Brooks*, No. 06-CR-0550(JS)(AKT), 2013 WL 4804501, at *2 (E.D.N.Y. June 12, 2013) (same); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (denying reconsideration of application of federal sentencing guidelines under the Law of the Case doctrine).

in Grifols' financial filings, when it in fact had been. ECF No. 56 at 48–49.[3] Furthermore, the fact that other claims were dismissed is irrelevant, as "[c]ontrary to Defendants' contention, the statute speaks to the commencement of the 'action,' not each individual claim." *Id.* at 49 n.20 (*citing* N.Y. Civ. Rts. Law § 70-a(1)(a) and *LoanStreet, Inc. v. Troia*, No. 21-CV-6166 (NRB), 2023 WL 5836237, at *7 (S.D.N.Y. Sep. 8, 2023)).

This Court's ruling is well in line with precedent in this District. For example, in *LoanStreet*, the court dismissed some defamation claims, but sustained others as sufficiently pled. 2023 WL 5836237, at *1. The defendant then asserted a counterclaim for fees pursuant to § 70-a(1)(a), which the plaintiff moved to dismiss. *Id.* The court granted the plaintiff's motion and found that § 70-a(1)(a) did not apply in federal court. *Id.* at *1, 6. The court went to explain that even if the statute did apply, the fact that the court "upheld the ***remaining*** defamation claims as sufficiently pled" demonstrated "***the action*** has already stated a substantial basis in fact and law." *Id* at *7 (emphases added; internal quotations omitted). Similarly, in a case where Section 1983 claims were partially dismissed, the court found that plaintiffs "supported their claims with cognizable legal theories, and [] presented sufficient facts to show that their claims are not frivolous," and dismissed defendants' motion for anti-SLAPP damages. *Lexjac, LLC v. Beckerman*, No. 07-CV-

---

[3] To the extent Defendants point to an SEC investigation as a basis for their recovery of fees, ECF No. 55 ¶¶ CC42–45, any SEC whistleblower complaint that may have spurred such an investigation – ***which, in any event, Grifols vehemently denies playing any part in*** – would not be grounds for a complaint under § 70-a. The statute applies only to a "***defendant*** in an action involving ***public petition and participation*[**.**]**" § 70-a (emphases added). Setting aside that a non-public governmental investigation is not an "action," § 70-a allows recovery "from any person who commenced or continued such action," which would not have been Grifols, but the Enforcement Division of the U.S. Securities and Exchange Commission.

5

4614 (JS)(ARL), 2008 WL 11313761, at *13 (E.D.N.Y. Sep. 30, 2008) (citing *Friends of Rockland Shelter Animals, Inc. (FORSA) v. Mullen,* 313 F. Supp. 2d 339, 345 (S.D.N.Y. 2004)).

A finding that the survival of one claim beyond the pleading stage establishes that an action was brought with "a substantial basis in fact and law," and thereby eliminates recovery of anti-SLAPP fees as the case progresses, is also consistent with the plain language of New York's anti-SLAPP statute. § 70-a(1)(a) does not award costs and attorneys' fees for each dismissed claim, but instead just for an "***action***" that "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law[.]" § 70-a(1)(a) (emphasis added).

Indeed, it is telling that Defendants' strategy – renewing an anti-SLAPP motion after the Court has already found a "substantial basis" to commence the action – does not appear to have ever been attempted by defendants in other actions where the court previously has similarly found a substantial basis to bring the case at similar procedural postures. In every such case, defendants have accepted the court's determination and refrained from pursuing renewed motions for fees or counterclaims under § 70-a(1)(a). *See LoanStreet*, 2023 WL 5836237, at *7 (no further counterclaims sought after ruling); *Lexjac*, 2008 WL 11313761, at *13 (same); *Harris v. Am. Acct. Ass'n*, No. 22-811, 2023 WL 2803770, at *3 (2d Cir. Apr. 6, 2023) (no filings subsequent to the court issuing its "substantial basis" finding); *Friends of Rockland Shelter Animals, Inc. (FORSA)*, 313 F. Supp. 2d at 344–45 (same); *Egiazaryan v. Zalmayev*, No. 11-CV-2670(PKC)(GWG), 2014 WL 1244790, at *6 (S.D.N.Y. Mar. 19, 2014) (same).

At bottom, Defendants' Counterclaim is just an inappropriate end run around a ruling the Court soundly rendered in favor of Grifols. Accordingly, Defendants' Counterclaim for anti-SLAPP fees and damages must be dismissed with prejudice.

## II. IN ANY EVENT, DEFENDANTS ARE NOT ENTITLED TO ANY RELIEF UNDER § 70-a BECAUSE THE STATE STATUTE CONFLICTS WITH MULTIPLE FEDERAL RULES OF CIVIL PROCEDURE.[4]

Another flaw in Defendants' Counterclaim is that it presumes § 70-a applies in federal court. Defendants completely ignore the mandatory test imposed by the Second Circuit to determine whether that is true. *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) provides the analysis this Court must follow to determine whether a provision of a state's anti-SLAPP statute applies here. There, the Second Circuit held that before applying a state anti-SLAPP statute to a diversity action, the court must first, pursuant to the *Erie* doctrine, determine whether any Federal Rule of Civil Procedure answers the same question as the relevant state statute at issue. *La Liberte*, 966 F.3d at 87; *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010). "If so, the Federal Rule governs[.]" *La Liberte,* 966 F.3d at 87. When applying the *La Liberte* test, courts in this District and Circuit have overwhelmingly found that New York's anti-SLAPP statute is inapplicable because it conflicts with multiple Federal Rules of Civil Procedure. The Court should reach the same conclusion here and dismiss Defendants' Counterclaim.

### a. § 70-a is Inapplicable Because It Conflicts with Rule 11.

Defendants' Counterclaim must be denied because § 70-a is inapplicable due to its conflict with Fed. R. Civ. P. 11. When previously presented with this identical issue – whether § 70-a applies in federal court – the Court, relying on *La Liberte*, ruled New York's anti-SLAPP statute "addresses the same question as Rule 11 of the Federal Rules of Civil Procedure" and thus, denied the defendant's motion for fees under New York's anti-SLAPP statute. *Brady v. NYP Holdings,*

---

[4] This section repeats many of the arguments advanced in Grifols *Memorandum of Law in Opposition to Defendants' Anti-SLAPP Motion for Attorney's Fees and Other Relief*, ECF No. 46, which Grifols also incorporates here by reference. In the interest of not wasting the Court's time, Grifols presents an abbreviated (and slightly modified) version of these same arguments for the Court's consideration in support of this Motion to Dismiss.

*Inc.*, No. 21-CV-3482 (LJL), 2022 WL 992631, at *11 (S.D.N.Y. Mar. 31, 2022). *Brady* is consistent with *La Liberte* because Rule 11 and § 70-a not only provide the same answer to the same question, but they both share an identical goal: deterring lawsuits that are factually or legally baseless.

Rule 11 asks whether a pleading "is 'frivolous, **legally** unreasonable, or **factually** without foundation[.]'" *Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, at *8 (S.D.N.Y. Aug. 22, 2023) (emphases added); *see also* Fed. R. Civ. P. 11(b). § 70-a asks the identical question: was the case "commenced or continued without a substantial basis in **fact** and **law**[?]" § 70-a(1)(a) (emphases added). If the answer to this question is "yes," under Rule 11, the defendant may recover costs and attorneys' fees, but importantly, Rule 11 preserves judicial discretion. *See* Fed. R. Civ. P. 11(c)(4); *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21-CV-11096 (LJL), 2023 WL 112552, at *2 (S.D.N.Y. Jan. 4, 2023) ("For Rule 11 violations, ***courts may*** impose a sanction against the offending party including '***an order directing payment … of part or all of the reasonable attorney's fees and other expenses*** directly resulting from the violation.'" (citing Fed. R. Civ. P. 11(c)(4)) (emphases added)). § 70-a, on the other hand, imposes a different standard, and makes the award of attorneys' fees mandatory – a clear conflict with the structure of Rule 11. § 70-a(1)(a) ("[C]osts and attorney's fees ***shall*** be recovered upon a demonstration […] that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law[.]" (emphasis added)).[5] Therefore, pursuant to *La Liberte* and

---

[5] This is not the only difference between Rule 11 and § 70-a. Rule 11 contains critical procedural safeguards – such as the 21-day safe harbor – that § 70-a lacks. Furthermore, applying its mandatory fee-shifting based on a vague "substantial basis in fact and law" standard would displace Rule 11's carefully calibrated framework. *Compare* § 70-a(1)(a) (barring actions unless they are "commenced or continued without a substantial basis in fact and law and could not be supported by a ***substantial argument*** for the extension, modification or reversal of existing law") (emphasis added) *with* Fed. R. Civ. P. 11(b)(2–3) (allowing for claims that "are warranted by existing law or by a ***nonfrivolous*** argument for extending, modifying, or reversing existing law or

8

consistent with *Brady* – binding precedent that Defendants have thus far failed to substantively address in any of their pleadings – Rule 11, and not § 70-a, governs whether Defendants are entitled to attorneys' fees (whether sought via a pre-answer motion or via a counterclaim) for being subject to a lawsuit that is factually or legally baseless. This conflict with Rule 11 requires Defendants' Counterclaim be dismissed.

### b.  § 70-a is Inapplicable Because It Conflicts with Rules 12 and 56.

§ 70-a is also inapplicable in federal court because it conflicts with Fed. R. Civ. P. 12(b)(6) and 56. In *La Liberte*, the Second Circuit rejected an attempt to enforce California's anti-SLAPP statute in federal court, because the state anti-SLAPP statute and Rules 12(b)(6) and 56 all answer the same question: what are "the circumstances under which a court must dismiss a plaintiff's claim before trial[?]" *La Liberte*, 966 F.3d at 87 (quotations omitted).

When applying the *La Liberte* analysis, this Court has reached an overwhelming consensus that § 70-a does not apply in federal court due to its conflicts with Rules 12(b)(6) and 56. *See e.g.*, *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 432 (S.D.N.Y. 2021) ("[B]ecause Federal Rules of Civil Procedure 12 and 56 answer the same question as New York's anti-SLAPP provision […] § 70-a of New York's anti-SLAPP law is inapplicable in federal court."); *Coritsidis v. Khal Bnei Torah of Mount Ivy*, No. 22-CV-10502 (CS), 2024 WL 37122 at *6 (S.D.N.Y. Jan. 3, 2024) (denying request for attorneys' fees under the statute due to the "substantial basis" standard conflicting with Rules 12 and 56); *Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 22-CV-07463 (ALC), 2023 WL 6385993, at *6 (S.D.N.Y. Sep. 29, 2023) (same); *Exec. Park Partners LLC v. Benicci Inc.*, No. 22-

---

for establishing new law") (emphasis added) *and with* Fed. R. Civ. P. 11(c)(2–4) (establishing a process by which a litigant may be subject to sanctions, including allowing for judicial discretion to impose "nonmonetary directives" or "part or all of the reasonable attorney's fees and other expenses," amongst other sanctions).

9

CV-02560 (PMH), 2023 WL 3739093, at *7 (S.D.N.Y. May 31, 2023) (same); *Prince v. Intercept*, 634 F. Supp. 3d 114, 142 (S.D.N.Y. 2022) (same); *Carroll v. Trump*, 590 F. Supp. 3d 575, 585 (S.D.N.Y. 2022) (same); *Waite v. Gonzalez*, No. 21- CV-2506 (PKC) (RLM), 2023 WL 2742296, at *12 (E.D.N.Y. Mar. 31, 2023) (collecting cases and reserving judgment but noting "[t]he Court is dubious as to whether New York's anti-SLAPP law applies in federal court."); *see also LaNasa v. Stiene*, 731 F. Supp. 3d 403, 416-17 (E.D.N.Y. 2024) ("[T]he Court agrees with the emerging consensus in this circuit that a federal court may not dismiss an action under New York's anti-SLAPP law because the "substantial basis" standard in its dismissal provision conflicts with Federal Rules of Civil Procedure 12 and 56."), *aff'd*, *LaNasa v. Stiene*, No. 24-1325, 2025 WL 893456 (2d Cir. Mar. 24, 2025); *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 223 (S.D.N.Y. 2023) (finding an anti-SLAPP law claim to conflict with Rules 12 and 56); *Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 106, 204 (S.D.N.Y. 2023) (denying fee-shifting counterclaim and finding § 70-a not appliable in federal court). Indeed, courts in this district have issued similar rulings even following the issuance of the outlier decision in *Bobulinski v. Tarlov*, No. 24-CV-2349 (JPO), 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024). *See, e.g.*, *GM Photo, LLC v. Focus Camera, Inc.*, 22-CV-10339 (VSB), 2025 WL 1226629, at *3 (S.D.N.Y. Apr. 24, 2025) (applying *La Liberte v. Reid* and dismissing a § 70-a counterclaim because of the statute's conflicts with Rules 12 and 56).

Courts in this District consistently reach this conclusion because § 70-a(1)(a) imposes heightened burdens on a plaintiff beyond what is required by Rules 12(b)(6) and 56. Indeed, § 70-a(1)(a) allows for an award of attorneys' fees "upon a demonstration, including an adjudication pursuant to [the New York civil practice rules for motions to dismiss and summary judgment], that the action […] was commenced or continued ***without a substantial basis in fact and law*** and could

10

not be supported by a substantial argument for the extension, modification or reversal of existing law." § 70-a(1)(a) (emphasis added). This standard differs from Rule 56(a) which permits summary judgment – the next available procedural litmus test in this case – only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under that rule, the burden, at least initially, remains on the movant, and the non-moving party is entitled to all reasonable inferences unless and until the movant demonstrates the non-movant now must prove a genuine issue of material fact exists. In contrast, § 70-a(1)(a) "reverses the burden and requires the plaintiff to prove 'a substantial basis in fact and law' for the claim." *Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 432, n.18 (*citing* CPLR 3212(h)).

Defendants' Counterclaim ignores this case law and its corresponding principles entirely. ***First***, Defendants' Counterclaim asserts that the dismissed claims should be subject to § 70-a(1)(a). But as this Court already ruled, and as Grifols explained in § I, *supra*, a "motion for anti-SLAPP fees [for those dismissed claims] must be denied in any case," as ***the overall action*** had a "substantial basis" in fact and law, given the surviving claim. *See* ECF No. 56 at 48–49 & n.20.[6]

---

[6] Defendants are not entitled to the presumption that the claims dismissed pursuant to Rule 12(b)(6) lacked a substantial basis in fact and law. *See, e.g., Margolies v. Rudolph*, No. 21-CV-2447-SJB, 2023 WL 6151514, at *11 (E.D.N.Y. Sep. 20, 2023) (finding that a dismissal under Rule 12(b)(6) applied a "distinct" standard from § 70-a, and therefore "[t]he Court has made no finding that any of [the plaintiff's] claims lacked a 'substantial basis' in law."). Indeed, so long as this action was "commenced under a cognizable legal theory and it presented facts that tend[] to show some of [Defendants'] statements were misleading," the claims do not lack a "substantial basis." *Friends of Rockland Shelter Animals, Inc. (FORSA) v. Mullen,* 313 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2004); *see also Lexjac, LLC v. Beckerman*, No. 07-CV-4614 (JS)(ARL), 2008 WL 11313761, at *13 (E.D.N.Y. Sep. 30, 2008) (same); *Egiazaryan v. Zalmayev*, No. 11-CV-2670 (PKC), 2013 WL 6486258, at *7–8, *14 (S.D.N.Y. Dec. 11, 2013) (dismissing entire action, but declining to find that the action lacked a "substantial basis.").

11

***Second***, Defendants argue that Grifols' surviving claims must now be subject to a "clear and convincing evidence" standard, presumably at summary judgment. ECF No. 55 ¶ CC23.[7] In so doing, Defendants are explicitly asking the Court to turn federal court procedure and sequence on its head and subject Grifols' surviving claims to a "substantial basis in fact and law" prior to discovery, without a pending Rule 11 motion, and prior to trial. *See id.* ¶ CC30 (arguing Grifols has "no proper information" upon which to base its claim, despite discovery not having commenced yet).[8] But Defendants may not import a heightened pleading standard that explicitly conflicts with those established by Rules 12 and 56. Such an effort would not only defy the Federal Rules' mandatory sequencing of a case, but such relief would also contradict the explicit holdings of the Second Circuit and almost every court in the District that have considered whether it is permissible to impose such heightened standards set by state statute on a federal litigant.

*Nat'l Acad. Of Television Arts & Scis., Inc.* is instructive. There, the plaintiff sought dismissal of the defendant's counterclaim based on § 70-a(1)(a). *Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 431. The plaintiff argued that New York's anti-SLAPP statute cannot be applied in a diversity action in federal court because its "substantial basis" standard conflicts with Rule 12(b)(6). *Id.* The court agreed with plaintiff and dismissed the defendant's § 70-a(1)(a) counterclaim. *Id.* In doing so, the court explained that § 70-a(1)(a) is "inapplicable in federal court" because "New York's anti-SLAPP law ***imposes a different, and higher, burden*** on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure." *Id.* at 432 (emphasis added); *see also Max v. Lissner*, No. 22-CV-5070 (VEC), 2023 WL 2346365 at *8 (S.D.N.Y. Mar. 3, 2023)

---

[7] It is unclear which authority Defendants rely on in trying to impose such a standard, given the "clear and convincing evidence" standard is not mentioned anywhere in § 70-a.

[8] Defendants' contention in this regard defies belief, given that they are also under criminal investigation by Spanish authorities for manipulating the market by lying about Grifols – which only serves to confirm that this action was brought with a "substantial basis" in fact and in law.

12

("Because [§ 70-a(1)(a)'s] heightened pleading standards run counter to the federal rules, they cannot be invoked procedurally in federal court."). Accordingly, Defendants' demand for the Court to subject Grifols' claims to a state statute's pleading standards, instead of the standard set by the federal rules, should be rejected. And any policy argument Defendants may make to support such a demand should likewise be disposed of consistent with *La Liberte*: "The idea that the more stringent requirement of the anti-SLAPP standard [provided by state statute] is a beneficial 'supplement' to the Federal Rules [and its pleading standard] is a policy argument—and fatal, because the more permissive standards of the Federal Rules likewise reflect policy judgments as to what is sufficient." *La Liberte*, 966 F.3d at 88 (discussing California anti-SLAPP statute).

That is why almost every other court in this District that has considered the applicability § 70-a(1)(a) has rejected application of the "substantial basis" standard, as it clearly conflicts with the procedural pleading standards of Rules 12 and 56. Indeed, even in a situation where a District of New York federal court found § 70-a(1)(a) to be applicable, that court rejected attempts the attempt to apply the "substantial basis" standard. *See, e.g.*, *Watson v. NY Doe 1*, No. 19-CV-533 (JGK), 2023 WL 6540662, at *6–7 (S.D.N.Y. Oct. 6, 2023) ("the 'substantial basis' [pleading] standard in the New York anti-SLAPP law is inapplicable in federal court"). Such a ruling is consistent with *Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*, which rejected applying § 70-a at the summary judgment stage (a motion which Defendants have indicated they plan on filing before the close of discovery, perhaps imminently) for precisely that same reason. 98 F. Supp. 2d 347, 359–60 (S.D.N.Y. 2000).

Defendants' Counterclaim is just a rehash of their request in their original motion for anti-SLAPP fees, in which they requested that, following the adjudication of their motion to dismiss, "[a]ny surviving claims must be further tested under the anti-SLAPP [statute]'s 'substantial basis'

13

standard." ECF No. 45 at 2. And, like clockwork, following the adjudication of their Motion to Dismiss, Defendants are once again asking the Court to impose § 70-a's heightened pleading standard. ECF No. 55 at 1–3; ¶¶ CC 26–30 (calling for the application of the "substantial basis" standard). But doing so would violate Rule 56. Indeed, as explained by the court in *Egiazaryan v. Zalmayev,* "even if a party had sought application of the state standard, it is doubtful this Court would have accepted the invitation to do so." No. 11-CV-2670 (PKC), 2013 WL 6486258, at *7 & n.5 (S.D.N.Y. Dec. 11, 2013), R. & R. *adopted as modified*, No. 11-CV-2670(PKC)(GWG), 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) (rejecting attempts to apply § 70-a(1)(a)'s pleading standard and instead applying federal pleading standards). It would also defy the basic sequencing of the case. Fact discovery is set to begin shortly, and it is illogical for Defendants to claim that the surviving claim lacks a "substantial basis in fact," when the parties have yet to produce a single document or take any depositions.

Because § 70-a(1)(a)'s heightened pleading standard conflicts with the burdens established by Rules 12(b)(6) and 56, it is therefore inapplicable in federal court and requires Defendants' Counterclaim be dismissed.

## **CONCLUSION**

For the above reasons, Grifols respectfully submits Defendants' Counterclaim for an Award of Attorney's Fees and Other Relief under § 70-a should be dismissed in its entirety.

Dated:   August 12, 2025                              **PROSKAUER ROSE LLP**

                                                     By:   */s/ Peter D. Doyle*

                                                     Peter D. Doyle
                                                     Jeff Warshafsky
                                                     William T. Walsh, Jr.
                                                     PROSKAUER ROSE LLP
                                                     Eleven Times Square
                                                     New York, NY 10036
                                                     Telephone: (212) 969-3000
                                                     pdoyle@proskauer.com
                                                     jwarshafsky@proskauer.com
                                                     wwalsh@proskauer.com

                                                     *Counsel for Plaintiff Grifols, S.A.*