**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRIFOLS, S.A.,<br><br>                           Plaintiff,<br><br>            v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,<br><br>                           Defendants. | No.: 1:24-cv-00576-LJL |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO DISMISS THE ANTI-SLAPP COUNTERCLAIM**

MILLER KORZENIK RAYMAN LLP

David S. Korzenik
Gillian Vernick
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200
dkorzenik@mkslex.com
gvernick@mkslex.com

*Attorneys for Defendants Daniel Yu,*
*Gotham City Research LLC,*
*General Industrial Partners LLP,*
*and Cyrus De Weck*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT & SUMMARY ........................................................................1

FACTUAL BACKGROUND ............................................................................................5

LEGAL STANDARD ...................................................................................................5

ARGUMENT ...........................................................................................................6

    I.    NO LAW OF THE CASE PRECLUDES GOTHAM'S ANTI-SLAPP
        COUNTERCLAIM. ..........................................................................................6

        a.    Law of the Case Doctrine is Inapplicable: Grifols Has a Continuing Burden to
            Have a Substantial Basis for Its SLAPP Action. ....................................................6

        b.    Gotham's 70-a Counterclaim Has Never Been Considered by the Court,
            Including Its Claims for Punitive and Other Compensatory Damages Permitted
            under 70-a (b) and (c). ...................................................................................8

        c.    Gotham's SLAPP Counterclaim Presents A New Record with Facts and
            Arguments Which the Court Has Not Yet Considered. .....................................10

        d.    Statutory Interpretation and Legislative Purpose Demonstrate Fee Award is
            Intended to Compensate Any Portion of Non-Substantial SLAPP Claim...........11

            i.    Statutory Language Clearly Requires Mandatory Fees for Any Individual
                Claim Lacking Substantial Basis. ............................................................12

            ii.    Legislative Purpose of the Anti-SLAPP Law Requires Reading It to
                Mandate Fees Upon Dismissal of Any Claim Attacking Speech. .............17

    II.    GRIFOLS CITES NO CASE SINCE *BOBULINKSI* THAT DID NOT FOLLOW ITS
        HOLDING THAT ANTI-SLAPP IS APPLICABLE IN FEDERAL COURT............18

CONCLUSION .......................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
421 U.S. 240 (1975) ...................................................................................................19

*Anderson v. Liberty Lobby*,
477 US 242 (1986) .......................................................................................................3

*Aristocrat Plastic Surgery, P.C. v. Silva*,
206 A.D.3d 26 (1st Dep't 2022) ................................................................................17

*Baral v. Schnitt*,
1 Cal. 5th 376 (Cal. 2016) ..........................................................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .....................................................................................................6

*Bobulinski v. Tarlov*,
758 F.Supp.3d 166 (S.D.N.Y. 2024) ...................................................................passim

*Catskill Mts. Ch. of Trout Unlim., Inc. v. Env't Prot. Agency*,
846 F.3d 492 (2d Cir. 2017) .......................................................................................12

*Cohen v. JP Morgan Chase & Co.*,
498 F.3d 111 (2d Cir. 2007) ..................................................................................14, 15

*Gottwald v. Sebert*,
40 NY3d 240 (Ct. App. 2023) ......................................................................................7

*Harte-Hanks Communications, Inc. v. Connaughton*,
491 U.S. 657 (1989) ......................................................................................................4

*Heilbut v. Cassava Scis., Inc.*,
778 F. Supp. 3d 551 (S.D.N.Y. 2025) ......................................................................7, 19

*Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*,
No. 1:21-cv-00038-MKV, 2021 WL 535485 (S.D.N.Y. Feb. 12, 2021) ....................11

*Humphrey's Ex'r v. United States*,
295 U.S. 602 (1935) ....................................................................................................16

*InkMango Inc. v. Warren*,
84 Misc. 3d 1227(A) (Sup. Ct. 2024) ...........................................................................9

*Kesner v. Buhl,*
590 F. Supp. 3d 680 (S.D.N.Y. 2022) ........................................................................15, 18

*La Liberte v. Reid,*
966 F.3d 79 (2d Cir. 2020) ...................................................................................................19

*Lax v. City Univ. of New York,*
80 Misc. 3d 1212(A) (Sup. Ct. 2023) ..................................................................................17

*LoanStreet, Inc. v. Troia,*
No. 21 CIV. 6166 (NRB), 2023 WL 5836237 (S.D.N.Y. 2023).....................................16

*Long v. State,*
7 N.Y.3d 269 (Ct. App. 2006) .......................................................................................13, 17

*Martin v. Daily News,*
990 NYS2d 473 (1st Dept. 2014) ..........................................................................................3

*Murchinson Ltd. v. Nano Dimension Ltd.,*
No. 1:23-CV-03658 (JLR), 2025 WL 1397615 (S.D.N.Y. May 14, 2025) ...................18

*Reeves v. Associated Newspapers, Ltd.,*
232 A.D.3d 10 (1st Dep't 2024).................................................................................passim

*Reus v. ETC Hous. Corp.,*
72 Misc. 3d 479 (N.Y. Sup. Ct. 2021)..................................................................................7

*Romero v. Manhattan & Bronx Surface Transit Operating Auth.,*
No. 21-CV-4951 (LJL), 2022 WL 624451 (S.D.N.Y. Mar. 2, 2022) ...................passim

*Swiezy v. Investigative Post, Inc.,*
228 A.D.3d 1266 (4th Dep't 2024) ......................................................................................8

*Thacker v. Walton,*
499 P.3d 1255 (Okla. Ct. App. 2020).............................................................................13, 16

*United States v. Anderson,*
15 F.3d 278 (2d Cir.1994) ...................................................................................................14

*United States v. Gonzales,*
520 U.S. 1 (1997) ...................................................................................................................14

*United States v. Kozeny,*
541 F.3d 166 (2d Cir. 2008) ................................................................................................13

*United States v. Nordic Vill., Inc.*,
503 U.S. 30 (1992) ......................................................................................................14

*United States v. Tabb*,
949 F.3d 81 (2d Cir. 2020) ........................................................................................14

*VIP Pet Grooming Studio, Inc. v. Sproule*,
224 A.D.3d 78 (2nd Dep't. App. Div. 2024) .............................................................15

*Vitagliano v. Weiner*,
237 A.D.3d 1548 (4th Dep't 2025) ...............................................................................9

*York v. Ass'n of Bar of City of New York*,
286 F.3d 122 (2d Cir. 2002) ..........................................................................................5

**Statutes**

N.Y. C.P.L.R. § 3211(g) .........................................................................................7, 15

N.Y. CRL § 70-a ...............................................................................................passim

N.Y. CRL § 76-a ...............................................................................................passim

**Other Authorities**

Sponsor Mem. of Sen. Hoylman, L. 2020, Ch. 250 (July 22, 2020) .........................17

Matthew Schafer & Tanvi Valsangikar, *The Application of the New York Anti-SLAPP Scheme in Federal Court,* 2 J. Free Speech L. 573 (2023) …………………………………………………4

## PRELIMINARY STATEMENT & SUMMARY

Grifols S.A. ("Grifols") relies on its "law of the case" argument to do far more than Judge Liman's May Order actually *did*—and far more than that Order ever *could* do. *See* Opinion & Order, Dkt. 48.

***First***, "law of the case" is limited a) to the *record* before the court at the time of the Order and b) to the *standard* that the Court applied. So says the authority on "law of the case" on which Grifol's relies.[1] The *record* on Defendants' 12(b)(6) motion was limited to Grifols' First Amended Complaint ("FAC"). Nothing else. The *standard* on Defendants' 12(b)(6) motion required that all facts in the FAC be "presumed true" and that the Court *not* look beyond the face of the Complaint. But the standard for a ruling on "substantial basis in fact and law" per N.Y. CRL § 70-a specifically requires that the court "look beyond the face of the pleadings." *Reeves v. Associated Newspapers, Ltd.,* 232 A.D.3d 10, 24 (1st Dep't 2024). That did not happen here. "Substantial basis" requires an examination of ***evidence*** that goes beyond 12(b)(6)'s indulgent assumptions.[2] There was no evidentiary inquiry here.[3]

***Second,*** the §70-a cause of action turns on whether a libel case is "commenced or continued" without a "substantial basis." §70-a (a–c). The Order addressed only how the action was "commenced." It said nothing about how it was "*continued.*" If, for example, the FAC

---

[1] *See* Grifols Mot., fn 2, Dkt 65, citing *Romero v. Manhattan & Bronx Surface Transit Operating Auth.,* No. 21-CV-4951 (LJL), 2022 WL 624451 (S.D.N.Y. Mar. 2, 2022), and others.

[2] In short, Grifols wants to bar *with prejudice* an anti-SLAPP counterclaim merely because one of its claims in its FAC survived a "plausibility" test. It seeks to manufacture a showing of "substantial basis" in evidence out of a lax set of *presumptions of truth*, and worse yet, out of some "*permissible inferences"* that are indulged only at the 12(b)(6) motion stage and that disappear on summary judgment. Gotham's anti-SLAPP pleading is entitled to no less a presumption of truth than was Grifols' pleading. Can FAC allegations that are *presumed true* render counterclaim allegations *presumed false*? Grifols' peculiar logic cannot be credited.

[3] Any cause of action that lacks plausibility by law and logic also lacks a substantial basis *See Reeves,* 232 A.D.3d at 24; *Bobulinski v Tarlov*, 758 F.Supp.3d 166 (S.D.N.Y. 2024) (Oetken, J.). But "plausible" is not "substantial."

allegations that were "presumed true" turn out to be untrue and lacking support, then 70-a would indeed hit its mark. At this stage there is no way that the brief 70-a portion of the Order could be with prejudice.

*Third*, the Order did not address the state causes of action under § 70-a (b) and (c), each requiring different levels of intent on the part of a libel plaintiff. Gotham's motion did not reach those claims. Thus the Order could not have reached them either. In short, the Order itself did not address a) the "continued" part of the §70-a (a–c) causes of action or b) anything pertaining to the §70-a (b-c) causes of action. It therefore could not be seen to do anything other than to defer the §70-a issue.

*Fourth*, the Order's reliance on the word "action" to deny Gotham § 70-a (a) fees on the claims dismissed for lack of plausibility is directly in conflict with the statute's definition of the term "action." As noted below, an "action" is defined by the statute as a "claim" and a "claim" is also defined to include a "cause of action." *See* N.Y. CRL § 76-a (1)(a), (b).

*Fifth*, the Order is in clear error as to Plaintiff GSSN even by its own definition of "action," since the "action" by GSSN was dismissed in its entirety. An award of fees is therefore mandatory against GSSN.

*Sixth*, Grifols faces an *ongoing burden* of showing that it has a "substantial basis" for "continuing" its claims against Gotham. Gotham will shortly move for summary judgment on the sole remaining claim. The Court's Order at pages 43-44 provides the road map for that motion, specifically as to actual malice. The easy tailwinds and generous permissible inferences that allowed the one claim to survive a plausibility test turn into dispositive headwinds in the setting of a motion for summary judgment ("MSJ"):

1.  The "permissible inferences" that the Court allowed to get Grifols' actual malice pleading past the plausibility test were aggressive and will not be borne out by the evidence. For example, the prompt "correction" was "permitted" to be seen as a bogus "cover story" for a deliberate falsehood. But concrete evidence will show exactly *how and when* the error was discovered and what the defendants did and said about correcting it as soon as possible out of the express concern for correctly informing their readers.

2.  The MSJ will be the first time that the Court can actually consider and evaluate the *evidence*—not simply the FAC's bald allegations. It is the first time that the Court will be able to evaluate whether a "substantial basis in law and fact" exists per 70-a.

3.  The actual malice standard requires that it be proven "with clear and convincing evidence." *Clear and convincing evidence* is not at issue on a 12(b)(6) motion, but it will apply on the MSJ. *See Anderson v. Liberty Lobby*, 477 US 242 (1986) (finding that the test on a motion for summary judgment is "whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not."). *See also Martin v. Daily News*, 990 NYS2d 473 (1st Dept. 2014). That makes a 12(b)(6) motion in a libel case substantially different from a summary judgment motion, especially from a § 70-a (substantial basis) standpoint. If the remaining claim fails on the upcoming MSJ, then an award of fees on *all* dismissed claims is mandatory.[4]

4.  As a matter of law, a *prompt correction* will normally defeat actual malice. *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 691 (1989). The Court might have

---

[4] N.Y. C.P.L.R. § 3212(h) may not apply in federal court, but the fact that § 70-a fees can be awarded on an MSJ, shows that the anti-SLAPP law contemplates awards of fees on MSJ's – even if the case survived a motion to dismiss. That too defeats Grifols' motion to dismiss Gotham's § 70-a counterclaims.

adopted different assumptions about it at the dismissal stage, but at the MSJ stage the facts and law will not give Grifols that legal free pass.

**_Seventh,_** the anti-SLAPP law's substantive components, i.e., its state law causes of action, set forth in § 70-a and 76-a apply in federal court even if its C.P.L.R. procedural components may not. That is the emerging consensus among S.D.N.Y. judges and scholarship. [5]

As a SLAPP plaintiff, Grifols is under a **_continuing_** burden to have a substantial basis in fact and in law for its lawsuit attacking Gotham's speech. Central to § 70-a's purpose, a libel plaintiff does not get to bring a lawsuit to find out if it has a substantial basis for doing so. The 70-a remedy is to be promptly applied in favor of a speaker defendant.

Dismissal of the § 70-a counterclaim would be at odds with the statute's language, with principles of statutory interpretation and with the legislature's intent. Any applicable "law of the case" must be put aside in the interest of the cogent and compelling "need to correct a clear error or prevent manifest injustice." _Romero_, 2022 WL 624451, at *6. There was clear error in the Court's definition of "action" and in its not applying § 70-a mandatory fees to GSSN's claims which were dismissed in their entirety. Finally, it can no longer be legitimately contested that New York's anti-SLAPP statute providing mandatory legal fees is substantive state law cause of action that applies in federal court. Multiple recent rulings from federal judges in parallel circumstances determined that § 70-a applies in federal court. The cases that Grifols relies on to the contrary all predate that emerging consensus. _See infra_ Sect. II.

---

[5] _See Bobulinski,_ 758 F.Supp.3d at 166 (citing Matthew Schafer & Tanvi Valsangikar, _The Application of the New York Anti-SLAPP Scheme in Federal Court,_ 2 J. Free Speech L. 573, 601 (2023)). Not all state anti-SLAPP's are designed the same. New York's anti-SLAPP law separately delineates its procedural and substantive components. The substantive component is a state cause of action, applicable in diversity.

## FACTUAL BACKGROUND

Defendants operate as financial watchdogs who research, analyze and report on public companies they find to be misunderstood by the market. CC ¶ 3. In their reporting, Defendants review and analyze a target company's public financial reporting and other public information to determine whether the market has misunderstood the company's value. *Id*. Defendants disclosed that they would take a short-position to profit from the market's response to the report. CC ¶ 4. This lawful practice, activist short reporting, has been recognized by many courts as providing useful information to the market, and as a recognized expression of opinion protected by the First Amendment of the U.S. Constitution and New York state's Constitution, common law and statutes. *Id*. It is also a practice that antagonizes those who which obfuscate the circumstances of their businesses. Activist short sellers shine a light on such companies who, of course, do not like it.

Defendants' Jan. 9, 2025 publication of their report on Grifols (the "Report"), and a revised report on Jan. 10, 2025, unleashed a torrent of attacks from Grifols across two continents and multiple jurisdictions. CC ¶ 6. This came in many forms: weaponizing this lawsuit with initial discovery demands based on unfounded speculation, character attacks in publicly filed legal documents entirely divorced from the facts of the proceeding, and retaliatory complaints to U.S. and Spanish regulatory agencies, all in the hopes that harassment and money expended on defense would silence Defendants' critical speech. CC ¶¶ 7-17.

## LEGAL STANDARD

On a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true." *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir. 2002). To survive a motion to dismiss, "the

complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Gotham's counterclaim is entitled to the same presumptions of truth along with all favorable inferences.

## ARGUMENT

I.    **NO LAW OF THE CASE PRECLUDES GOTHAM'S ANTI-SLAPP COUNTERCLAIM.**

The law of the case doctrine does not bar Gotham's counterclaim: First, the doctrine is not applicable because New York's anti-SLAPP requires a SLAPP Plaintiff to have a substantial basis at all stages of the litigation—from *commencement through continuation*. This can be adjudicated through summary judgment and even through a directed verdict. The Order and its findings under Rule 12 have no preclusive effect. Second, no law of the case bars Gotham's counterclaim because the Court made no evidentiary assessment and never went *beyond* the four corners of the FAC— an exercise that §70-a requires. Third, even if the Court had considered this issue, which it did not, law-of-the-case doctrine does not foreclose a motion asking the same question with new facts. A further developed record inevitably makes the prior ruling moot.

Finally, any law of the case must be put aside based on the compelling need to correct a clear error or prevent manifest injustice. If the Court ruled that the plausibility of *one* allegation was a substantial basis for the *entire* lawsuit, or that one plausible claim foreclosed fees for 99% implausible—and therefore non-substantial—claims, there is a compelling need to correct that clear error. The Court's definition of "action" contradicts §70-a's statutory definition of "action."

a.    **Law of the Case Doctrine is Inapplicable: Grifols Has a Continuing Burden to Have a Substantial Basis for Its SLAPP Action.**

Gotham's anti-SLAPP counterclaim is not a second bite at the apple because Grifols' § 70-a burden as a SLAPP plaintiff does not end. A SLAPP plaintiff must proffer a substantial

basis for the SLAPP action at commencement and for as long as the SLAPP action is *continued,* including at summary judgment. Specifically, § 70-a(1)(a) provides:

> costs and attorney's fees shall be recovered **upon a demonstration**, including an **adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules**, that the action involving public petition and participation was **commenced or continued** without a substantial basis in fact and law[.] (emphasis added).

A decision on "substantial basis" at one stage of a case has "no law of the case or preclusive effect." *Reeves*, 232 A.D.3d at 30.[6] If the nonmovant makes out a "plausible" basis on motion to dismiss, then the action continues, as any case would. But "[n]otably, the survival of a nonmovant's claims in this regard has no law of the case or preclusive effect." *Id.*

That is because the anti-SLAPP does not present a one-time either/or proposition. It is possible for a court to find an action was commenced *and* continued without a substantial basis in law in a *variety of settings*.[7] *See Reus v. ETC Hous. Corp.*, 72 Misc. 3d 479, 488 (N.Y. Sup. Ct. 2021), *aff'd* 203 A.D.3d 1281 (Ct. App. 2022) ("the Court finds that this action was commenced *and* continued without a substantial basis in fact and law"); *Heilbut v. Cassava Scis., Inc.,* 778 F. Supp. 3d 551, 571 (SDNY 2025) ("Plaintiffs have adequately pleaded that Defendants had at least commenced, if not continued, a SLAPP action without a substantial basis in fact and law.").

For example, an action could pass a Rule 12 motion to dismiss as *plausible* based on facts *presumed to be true*. However, it would not follow that facts presumed true have "substantial basis," because the substantial basis standard requires the court to look "beyond the face of the

---

[6] While the procedure of C.P.L.R. § 3211(g), the New York state anti-SLAPP motion to dismiss, does not apply in federal court and Gotham did not move under it, *see supra* Sect. II, § 70-a(1)(a) references § 3211(g) as ***one non-exclusive way*** to adjudicate its substantive right, and it elucidates the intent of the legislature in drafting the standalone right to fees. The requisite "demonstration" may be made in a variety of procedural settings and stages.

[7] Libel suits commenced *before* the enactment of § 70-a were still within § 70-a's reach when they were "continued" *after* the date of the statute's enactment. *Gottwald v. Sebert,* 40 NY3d 240, 260 (Ct. App. 2023).

pleadings to determine whether the claim is supported by substantial evidence." *See Reeves*, 232 A.D.3d at 24; *Swiezy v. Investigative Post, Inc.,* 228 A.D.3d 1266, 1271 (4th Dep't 2024).

The statute states that the "demonstration" that a SLAPP action lacks a substantial basis can come *at any time*, "including" summary judgement. *See* § 70-a(1)(a) ("costs and attorney's fees shall be recovered upon a "demonstration, including" at summary judgment, "that the action was commenced or continued without a substantial basis in fact and law"). Grifols is not off the hook just because the Court found one claim to be *plausible* under Rule 12.

### b.  Court Has Not Considered Gotham's § 70-a Counterclaim, Including Claims for Punitive and Other Compensatory Damages under § 70-a(b) and (c).

The law of the case doctrine applies only to rulings on the same record. *Romero,* 2022 WL 624451, at *6. The Order could not have "ruled on the issue" as to Gotham's counterclaim, because it did not subject the FAC to the "substantial basis" standard. It conducted no evidentiary hearing or inquiry. Also, because Gotham's motion did not seek damages under § 70-a (b) or (c), the Order could never have reached § 70-a (b) or (c).

> "[A] federal court dismissing a New York SLAPP claim that would survive dismissal but
> for the plausibility requirement of *Twombly* and *Iqbal* … would have to separately
> analyze the 'substantial basis in fact and law' standard for attorney's fees and predict how
> the New York Court of Appeals would rule in the case." *Bobulinski*, 758 F. Supp. 3d at fn
> 17.

This Court did not separately analyze Grifols' FAC under the "substantial basis in fact and law" standard. Instead, the Order accepted as true the allegations Grifols pled in the FAC and merely ruled on the plausibility of the pleading under *Twombly/Iqbal*. After dismissing most of Grifols' claims, [8] the Court held that the FAC pled allegations about the Loan Statement that "support[ed]

---

[8] Because the Court found 99% of the FAC was not even plausible, it does not need to test these dismissed allegations under a "substantial basis" standard. They lack "substantial basis" as a matter of law *See Bobulinski*, 758 F. Supp. 3d at 184–85 ("The New York State appellate courts, interpreting the anti-SLAPP law, have held— repeatedly—that substantive standard for fees is automatically met by a SLAPP suit's failure to state a claim.").

the *inference* of actual malice." Order at 43. That is not sufficient to show that the claim had a "substantial basis in fact and law" or even that that *inference* was supported by substantial evidence. *See infra* Sect. I.d.

A "substantial basis under the anti-SLAPP law means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Reeves*, 232 A.D.3d at 12. The "substantial basis in fact and law" standard specifically asks a court to "**look beyond the face of the pleadings** to determine whether the claim alleged is supported by **substantial evidence.**" *InkMango v. Warren*, 84 Misc. 3d 1227(A) (Sup. Ct. 2024) (emphasis added). It is "more than a reasonable basis," and more than Rule 12's "plausible inferences." *Reeves*, 232 A.D.3d at 20.

The Order cited no cases defining, applying or analyzing the "substantial basis" standard. It considered no fact other than those alleged within the FAC. The Court did not—and must—require Grifols to proffer a "substantial basis in fact and law" for commencing *and continuing* its SLAPP in order to make that evaluation of the evidence. To show a substantial basis, Grifols must come forward with "such relevant proof as a reasonable mind may accept as adequate to support a conclusion" that Defendants actually made the Loan Statement knowing it was false. *See id.* In some cases, a court has found a substantial basis when a party has "opposed the motion with a detailed statement recounting [their] version" of the allegations "underlying the present litigation, including the specific facts on which [they] relied for [their] assertions." *See Vitagliano v. Weiner*, 237 A.D.3d 1548, 1551 (4th Dep't 2025). But Grifols was not required in the 12(b)(6) motion to "proffer a substantial basis from which to conclude" that Defendants had committed the allegations leveled against them in the FAC. *See id.* No law of the case can

foreclose fees on this sole remaining statement because the Order did not undertake this evidentiary inquiry.[9] Nor did Grifols attempt to come forward with such evidence.

Additionally, Gotham's fee motion requested fees only under one provision of the anti-SLAPP, § 70-a(1)(a) and expressly reserved "other kinds of 'damages' under § 70-a(1)(b) and (c) [] when punitive purpose is demonstrated." Def. Mot. for Fees., Dkt. 45 at 3. Even if the Court rules that the *plausibility* of the FAC was equivalent to a ruling on *substantial basis in fact and law* of the FAC— and Gotham maintains that it is not—at the very least, the Order could not have ruled on fees that Gotham expressly did not ask for, or facts pled to support those fees that Gotham had yet to plead or allege. Gotham's counterclaim now seeks fees not only under §70(a)(1)(a) but also (b) and (c). CC, ¶¶ 50-53. Gotham has plausibly pled facts in its Counterclaim and the de Weck declaration to show that Grifols did not have a substantial basis in fact and law to commence this action, as well as facts to show Grifols commenced and continues it for the improper purposes required for § 70(a)(1)(b) and (c) damages. No law of the case can preclude damages not previously pled by a party or considered by a court.

### c.  Gotham's SLAPP Counterclaim Presents A New Record with Facts and Arguments Which the Court Has Not Yet Considered.

The law of the case doctrine will not bar consideration of a counterclaim or motion where the movant presents new facts with arguments based on those facts. *Romero*, 2022 WL 624451, at *7. The Counterclaim and declaration of Cyrus de Weck pled new facts to assert that Grifols does not have a substantial basis for its allegations in the FAC, and that Grifols was liable

---

[9] To the extent that Grifols argues the Order did apply the "substantial basis in fact and law" standard because the Court subjected the FAC to the Rule 12 plausibility test and found that one claim was supported by a "plausible inference," that would be a clear error of law. *See e.g. Reeves,* 232 A.D.3d at 21 ("substantial basis is more than frivolous and more than the ordinary [plausibility] standard").

for punitive and other compensatory damages. CC, ¶¶ 1-53. The Court never considered these "new facts with arguments based on those facts." *See id.*

The Counterclaim pleads 53 paragraphs of new factual record alleging that Grifols sought to punish Gotham's critical speech with baseless conspiracy theories, personal character attacks and retaliatory legal and regulatory processes. *Id.* Those factual allegations are entitled to the same presumption of truth that Grifols' FAC was given. In addition, the de Weck declaration further refutes Grifols' "plausible inferences" of actual malice, specifically on how, when and why Gotham made the Loan Statement edit. De Weck dec., Dkt. No. 28-1.

The Court's Order specifically did not consider these new facts nor their arguments. To the contrary, the Order expressly confined itself to the FAC. The Court chose to "disregard" the de Weck declaration. Order, at fn. 19. This new factual record refutes the "plausible inference" upon which Grifols' single allegation survived Rule 12. These allegations were not considered; they are not foreclosed by any previous ruling. *See Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*, No. 21-cv-00038-MKV, 2021 WL 535485, at *4 (SDNY Feb. 12, 2021).

### d. Statutory Interpretation and Legislative Purpose Demonstrate Fee Award is Intended to Compensate Any Portion of Non-Substantial SLAPP Claim.

Finally, any law of the case must be put aside upon a cogent and compelling "need to correct a clear error or prevent manifest injustice." *Romero*, 2022 WL 624451, at *6. It is clear error to hold that a finding of "plausibility" is equivalent to a ruling on "substantial basis in fact and law." *See* Sect. I.b. It would be a manifest injustice to rule against the statutory language and against the strongly expressed legislative purpose that seeks to protect SLAPP defendants against the burden of fees they must expend to defend themselves against *any non-substantial claim* attacking their speech. If "law of the case" is applied to defeat that legislative purpose, there is a compelling need to correct it.

### i. Statutory Language Alone Clearly Requires Mandatory Fees for Any Individual Claim Lacking Substantial Basis.

Attorneys' fees must be awarded when an "action involving public petition and participation" lacks a substantial basis in fact and law. § 70-a(1)(a). Whether or not Defendants are due fees will turn on the definition of an "action involving public petition and participation," specifically whether "action" includes individual *claims* within a lawsuit. It does and so reads the statute. A reading of § 70-a and § 76-a reveals that "an action involving public petition and participation" is defined to include any *"claim"* targeting speech.

"[W]e begin with the text of the statute to determine whether the language at issue has a plain and unambiguous meaning." *Catskill Mts. Ch. of Trout Unlim., Inc. v. Env't Prot. Agency*, 846 F.3d 492, 512 (2d Cir. 2017). First, § 70-a refers to "an action involving public petition and participation, **as defined in paragraph (a) of subdivision one of section seventy-six-a**[.]" §70-a (emphasis added). Sec. 76-a(1)(a) provides:

(a) **An "action** involving public petition and participation" is **a claim** based upon: (1) **any communication** in a place open to the public or a public forum in connection with an issue of public interest…[.]

Sec. 76-a(1)(b) defines what a "claim" is:

(b) "**Claim**" includes *any* lawsuit, *cause of action*, cross-claim, counterclaim, or other judicial pleading or filing requesting relief. (emphasis added).

The plain language of the statute is clear that an "action" is "a claim based upon any communication in a place open to the public [on] an issue of public interest." Also, "a claim" unambiguously includes *any cause of action.* § 76-a(1)(a)-(b). This lawsuit involves several claims directed at several identified "*communications.*"

Grifols plainly pled five causes of action, with 22 individually actionable claims of defamation within causes of action one and two. FAC, at 66. By the plain and unambiguous

language of the statute, Defendants are due their fees for dismissal of *any claim—including any cause of action* based upon a communication "commenced or continued without a substantial basis in fact and law." *See* § 76-a(1)(a), (b); § 70-a. That means fees are mandatory on *any cause of action* dismissed as non-substantial. *Id.*

Even assuming that a statute is unclear on whether an individual claim within a lawsuit constitutes a "cause of action," any ambiguity must be resolved by relying on the statutory intent. *See e.g. Baral v. Schnitt,* 1 Cal. 5th 376, 381 (Cal. 2016) ("cause of action" and "claim" in California anti-SLAPP "express the Legislature's desire to require plaintiffs to show a probability of prevailing on 'the claim' arising from protected activity" individually); *Thacker v. Walton*, 499 P.3d 1255, 1265 (Okla. Ct. App. 2020) ("The definition is unclear about whether a single claim within a lawsuit containing multiple claims constitutes a legal action, [] because the definition is susceptible to more than one reasonable interpretation").[10] In such cases of ambiguity, the Court is bound to provide a construction that avoids "unreasonable or absurd consequences" and is consistent with statutory intent. *See Long v. State*, 7 N.Y.3d 269, 273 (Ct. App. 2006).

First, "[s]tatutory enactments should[] be read so as to give effect, if possible, to every clause and word of a statute." *See e.g. United States v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008). The Order's reading of § 70-a(1)(a) to grant of fees only for "commencement of the 'action,' not each individual claim" improperly renders multiple words in the definition of "an action involving public participation" superfluous. *See United States v. Anderson,* 15 F.3d 278, 283 (2d Cir.1994) ("courts will avoid statutory interpretations that render provisions superfluous"). The Court collapses "lawsuit" with "cause of action," despite both words being listed side by side in

---

[10] *Baral* and *Thacker* interpret other state's anti-SLAPP statutes with similar statutory intent.

the definition of "claim" as in § 76-a(1). If the statute applied only to the entire "action," and not

each individual claim, there would be no need to list both "lawsuit" *and* "cause of action" in the

definition of "an action." *See* § 76-a(1)(a), (b) ("'an action involving public petition and

participation' is a claim…" "'Claim' includes any lawsuit, cause of action, cross-claim,

counterclaim[.]"). The Court's reading does not give "every word . . . operative effect." *United*

*States v. Nordic Vill., Inc.*, 503 U.S. 30, 36 (1992).

The Court's reading ignores the word "any" that modifies the definition of a "claim." *See*

§ 76-a(1)(b). "Read naturally, the section's word 'any' imports an expansive meaning[.]" *United*

*States v. Gonzales*, 520 U.S. 1, 1 (1997).

"A standard principle of statutory construction provides that identical words and phrases

within the same statute should normally be given the same meaning." *United States v. Tabb*, 949

F.3d 81, 88 (2d Cir. 2020); *see also Cohen v. JP Morgan Chase & Co.,* 498 F.3d 111, 118 (2d

Cir. 2007). The term "an action involving public petition and participation" and "cause of action"

are used again in §76-a(2), as well as in CPLR sections that reference §70-a and § 76-a. In §76-

a(2), which imposes the actual malice standard on SLAPPs, "an action involving public petition

and participation" clearly refers to *a single claim with its own elements, not the entire suit:*

> In ***an action involving public petition and participation***, damages may only be
> recovered if the plaintiff, in addition to *all other necessary elements*, shall have
> established by clear and convincing evidence that ***any communication*** which
> gives rise to ***the action*** was made with knowledge of its falsity or with reckless
> disregard of whether it was false, where the truth or falsity of such
> communication is material to the ***cause of action at issue***. §76-a(2) (emph. added)

Sec. 76-a(2) requires the actual malice standard be met in *each individual claim* "in addition to

all other necessary elements." *Id.* One cannot prove actual malice as to an entire lawsuit—it is an

element to an *individually pled defamatory allegation* within a lawsuit. *See Kesner v. Buhl,* 590

F. Supp. 3d 680, 693 (S.D.N.Y. 2022) (citing § 76-a(2) ("'Actual malice' requires a plaintiff to

establish by clear and convincing evidence that the communication on which the action was

based was made with knowledge of its falsity …. " etc.). Further, § 76-a(2) modifies "cause of

action" with "at issue," indicating there can be multiple "cause[s] of action" within "an action."

*Id*. Giving these two terms in § 76-a(1) and § 76-a(2) the same meaning requires reading them to

mean that "an action involving public petition and participation" includes *any individually pled*

*cause of action* attacking speech. Any other reading would imply actual malice must be

established to an entire lawsuit, which "border[s] on the absurd." *See Cohen,* 498 F.3d at 118.

     Sec.70-a also cites to C.P.L.R. §3211(g), the state procedure to adjudicate an anti-SLAPP

motion to dismiss. Sec. 3211(g) further demonstrates "an action involving public petition and

participation" in § 76-a includes *any individual claim* for which "the pleading fails to state a

cause of action" under § 3211(a)(7).[11]  Specifically, §3211(g) provides:

> (g) Stay of proceedings and standards for motions to dismiss in **certain cases involving public petition and participation**.
>
> 1. A motion to dismiss based on paragraph seven of subdivision (a) of this section, in which the moving party has demonstrated that *the action, claim, cross claim or counterclaim subject to the motion* is **an action involving public petition and participation as defined in paragraph (a) of subdivision one of section seventy-six-a of the civil rights law**, shall be granted unless the party responding to the motion demonstrates that **the cause of action** has a substantial basis in law[.] (emphasis added).

This language has already been analyzed by the Second Department, which concluded that "the

claim subject to the motion qualifies as an action involving public petition and participation[.]"

*See VIP Pet Grooming Studio, Inc. v. Sproule*, 224 A.D.3d 78, 83 (2nd Dep't. App. Div. 2024).

Therefore, if "an action involving public petition and participation" within §3211(g) "includes

separate claims within a lawsuit, the phrase must mean the same within other sections." *See*

---

[11] C.P.L.R. 3211(a)(7) motion to dismiss for failure to state a cause of action is parallel to the federal standard of Rule 12(b)(6). *Bobulinski*, 758 F. Supp. 3d at 185.

*Thacker*, 499 P.3d at 1266 (deciding as matter of first impression that parties are entitled to an award of mandatory fees under that state's SLAPP statute when some claims are dismissed but not others). The phrase in §3211(g) thus indicates that "an action involving public petition and participation" should be treated as a single claim subject to a motion to dismiss. Therefore, "an action" in § 70-a "includes, but is not limited to, individual claims contained in a lawsuit." *See Thacker*, 499 P.3d at 1266. "Such an interpretation gives full force and effect to each section, as required when construing legislative intent." *Id.*

*LoanStreet, Inc. v. Troia* does not support any contrary conclusion. *See LoanStreet, Inc. v. Troia,* No. 21 CIV. 6166 (NRB), 2023 WL 5836237, at *6 (SDNY 2023). As a threshold matter, *LoanStreet* found the anti-SLAPP inapplicable, *id.* ("plaintiffs' complaint is, quite clearly, not a SLAPP"). Thus its conclusion as to the meaning of 'action" is mere dicta. *See Humphrey's Ex'r v. United States*, 295 U.S. 602, 627–28 (1935). *LoanStreet* is not where this Court should look for precedent on anti-SLAPP law. First, *LoanStreet* mistakenly treated the plausibility test as *equivalent* to the substantial basis standard. *Id.* at *6. That equivalence has been rejected by controlling state rulings such as *Reeves* and federal rulings such as *Bobulinski*. The weight of authority in this district now disagrees with *LoanStreet's* dicta on this point. *See infra* Sect. II.

Even looking past that, *LoanStreet* contradicts its own conclusion. Despite acknowledging "substantial basis" is a "higher burden than FRCP 12," *LoanStreet* then incorrectly reasons that (even if the anti-SLAPP were applicable) "the action has already stated a 'substantial basis in fact and in law'" because it was "sufficiently pled." *Id.* at *7. That is clear error, contradicted by *LoanStreets*' own earlier statement of law that "§70-a's 'substantial basis' standard" is a "higher burden" than Rule 12. *Id.* at *6. Given *LoanStreet's* inherent

16

contradictions and its lack of citation to any cases on what a "substantial basis" is or how it is met, no other court has followed *LoanStreet*. Not surprisingly, Grifols cites to none.

### ii. Legislative Purpose of the Anti-SLAPP Law Requires Reading It to Mandate Fees Upon Dismissal of Any Claim Attacking Speech.

A court's "primary consideration" in interpreting the anti-SLAPP "is to ascertain and give effect to the intention of the Legislature." *Long*, 7 N.Y.3d at 273. "The object of a SLAPP suit is to intimidate and silence a defendant by forcing [them] to expend money and time in defending the lawsuit, thereby abusing the litigation process for an improper purpose [.]" *Lax v. City Univ. of New York*, 80 Misc. 3d 1212(A), 195 (N.Y. Sup. Ct. 2023). The New York legislature "has made the policy decision that mandatory fee-shifting applies to the subset of cases defined as SLAPP suits where the claim lacks a 'substantial basis.'" *Bobulinski*, 2024 WL 4893277, at *14. Sec.70-a is designed to "to address the threat of personal damages and litigation costs…as a means of harassing, intimidating or punishing individuals …who have involved themselves in public affairs." Sponsor Mem. of Sen. Hoylman, L. 2020, Ch. 250 (July 22, 2020).

Reading "action" to include every *individual claim* that targets speech is consistent with the anti-SLAPP's legislative purpose of "provid[ing] the utmost protection for the free exercise of speech, petition and association rights . . ." *Reeves*, 232 A.D.3d at 16 (citing Sponsor's Mem, L 2020, ch 250, Bill Jacket, at 5–6). This reading reflects the "broaden[ed] scope of the law," meant to "provide greater protections to defendants." *Kesner,* 590 F. Supp. 3d at 699. *See also Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 28 (1st Dep't 2022).

To read the statute as Grifols does incentivizes plaintiffs to lard their complaints with pages of unsupported allegations and claims, knowing that one single shred of a "favorable inference" will free them from the mandatory imposition of legal fees for non-substantial claims. This case is a prime example. Grifols 78-page FAC with 281 paragraphs of allegations and five

causes of action, targeted over 20 statements. Dkt. 22. Mandatory fees *should have been triggered* when the Court dismissed the majority of Grifols' claims as implausible. "[W]hatever else the phrase 'without a substantial basis in fact and law' means, it is certainly triggered by the failure to state a claim." *Bobulinksi*, 758 F. Supp. 3d at 185. It is inconsistent with the strongly expressed legislative purpose and the statute's definitions of "action" and "claim" to disallow fees on dismissed claims merely because *one allegation* survived plausibility. It is error to conclude that the *entire action* therefore had a "substantial basis in fact and law." Order, fn 20. This is the antithesis of the New York legislature's purpose—the opposite of the "broad" and "greater protection" intended for SLAPP defendants. *See Kesner,* 590 F. Supp. 3d at 699. The legislature did not intend SLAPP defendants to foot the bill for defending implausible claims.

## II.    GRIFOLS CITES NO CASE SINCE *BOBULINKSI* THAT DID NOT FOLLOW ITS HOLDING THAT ANTI-SLAPP IS APPLICABLE IN FEDERAL COURT.

Grifols does nothing to refute the arguments in Gotham's Reply Brief that repudiated Grifols' tired arguments about the anti-SLAPP's federal court applicability. *See* Def. Reply Brief on Mot. for Fees, Dkt. 45. Gotham incorporates those arguments and expands upon them below.

Grifols asks the Court to disregard *Bobulinski*, yet cites no case that has not followed *Bobulinski* since it was decided. *See e.g. Murchinson Ltd. v. Nano Dimension Ltd.,* No. 1:23-CV-03658 (JLR), 2025 WL 1397615, at *5 (S.D.N.Y. May 14, 2025) ("As this Court recently held in *Heilbut,* a substantive New York anti-SLAPP claim based on an earlier defamation action may be brought in federal court without running afoul of federal procedural rules. *See* 2025 WL 919654, at *8-10; *see also Bobulinski v. Tarlov,* 758 F. Supp 166, 186 (S.D.N.Y. 2024) (similar))."

One recent case in the Southern District following *Bobulinski* recognized that:

 "[a]lthough some courts in this District have come to a contrary conclusion, those decisions did not distinguish between the 'substantial basis' standard as a procedural mechanism for dismissal — which conflicts with Rule 12 — and the 'substantial basis' standard as a substantive standard for entitlement to [damages] — which does not conflict with any federal Rule." *Heilbut*, 778 F. Supp. 3d at 567.

*Heilbut* rejects all the same cases that Grifols cites, which rely on "an overly broad reading of *La Liberte*." *Id*.[12] Distinguishing those, *Heilbut* found that "New York's anti-SLAPP law is doing no procedural work' in the instant case; 'it is merely defining the substantive standard for entitlement to' a state-law remedy." *Id*. (citing *Bobulinski*, 758 F. Supp. 3d at 189).

Here, just as in *Heilbut*, Gotham's counterclaim is "asserting affirmative claims based on a substantive cause of action created by the New York Legislature, a routine exercise in federal diversity cases." *Id*. There is no conflict with the federal rules because this case has already been adjudicated under Rule 12 and Gotham was not seeking dismissal under any CPLR provision. The question is not "what are the circumstances under which a court must dismiss [Grifols'] claim before trial[?]" *La Liberte*, 966 F.3d at 87; Pl. Mot. to Dismiss, at 11. Instead, "substantial basis in fact and law" defines "the substantive standard for entitlement to a state law remedy." *See Heilbut*, 778 F.Supp.3d at 567. Gotham cites no case since *Bobulinski* that has declined to follow its reasoned conclusion that there is no conflict with Rules 12 or 56.

Grifols cites no cases that refute *Bobulinski*'s conclusion that courts consistently hold state fee-shifting statutes to be substantive and applicable in federal court, and that §70-a does not conflict at all with Rule 11. *Bobulinski*, 758 F. Supp. 3d at 189 ("Treating state-law fee-shifting provisions as "sanctions" would be contrary to the settled law that such provisions are substantive under *Erie* and "should be followed" in diversity cases in federal court.") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)).

---

[12] *La Liberte* did not rule on New York's anti-SLAPP law. *La Liberte v. Reid*, 966 F.3d 79, 83 (2d Cir. 2020).

Grifols does nothing to overcome or even address Gotham's Table of Non-Authorities, listing all of Grifols' cases that fail to stand for the proposition Grifols cites them for. Every one either involved a motion made under the C.P.L.R., did not consider §70-a, or was based on the old pre-2020 discretionary fee statute. *See* Def. Reply. Mot. for Fees, Appendix A, Dkt. 45-1.

## **CONCLUSION**

The Legislature's strongly expressed purpose to protect speech with an immediate remedy against claims that lack substantial basis should not be hamstrung, especially at a time in which speakers are increasingly threatened and burdened by defamation claims that lack substantial basis.


Dated:  New York, New York
           Sept. 19, 2025

MILLER KORZENIK SOMMERS RAYMAN LLP

By: /s/ David S. Korzenik

David S. Korzenik
Gillian Vernick
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200
dkorzenik@mkslex.com
gvernick@mkslex.com

*Attorneys for Defendants*