UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRIFOLS, S.A.,

      Plaintiff,

  v.

DANIEL YU, an individual, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK, an individual, JOHN DOES 1-10, and XYZ CORPORATIONS 1-10.

      Defendants.

No. 1:24-cv-00576-LJL

---

**GRIFOLS, S.A.'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS DEFENDANTS' ANTI-SLAPP COUNTERCLAIM**

      PROSKAUER ROSE LLP

      Peter D. Doyle
      Jeff Warshafsky
      William T. Walsh, Jr.
      Eleven Times Square
      New York, NY 10036
      Telephone: (212) 969-3000
      pdoyle@proskauer.com
      jwarshafsky@proskauer.com
      wwalsh@proskauer.com

      *Counsel for Plaintiffs Grifols, S.A.*

# **TABLE OF CONTENTS**[*]

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    A.    THE LAW OF THE CASE DOCTRINE BARS DEFENDANTS' RECYCLED ANTI-SLAPP THEORY. ................................................................................................. 3

        1.    "Commenced": The Court's Prior Order Precludes Defendants' Counterclaim Under § 70-a(1)(a) and Forecloses it Under §§ 70-a(1)(b)–(c). ................................................................................................. 3

        2.    "Continued": The Pleading Lacks Facts Showing the Required Purposes as the Record Remains Unchanged ............................................................. 6

    B.    POST-BOBULINSKY CASE LAW CONFIRMS NEW YORK'S ANTI-SLAPP STATUTE IS INAPPLICABLE IN FEDERAL COURT. ............................................. 8

CONCLUSION ............................................................................................................................. 10

---

[*] Capitalized terms and party names not defined here have the same meaning as in the Amended Complaint and in Grifols' Motion to Dismiss Defendants' Counterclaim (ECF 64-65).

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allah v. City of New York*,
  No. 15-CV-6852 (CBA) (LB), 2019 WL 6875410 (E.D.N.Y. Dec. 17, 2019) ..........................3

*Bobulinski v. Tarlov*,
  758 F. Supp. 3d 166 (S.D.N.Y. 2024)......................................................................................6

*Brady v. NYP Holdings, Inc.*,
  2022 WL 992631 (S.D.N.Y. Mar. 31, 2022) ............................................................................9

*Carroll v. Trump*,
  590 F. Supp. 3d 575 (S.D.N.Y. 2022).......................................................................................6

*GM Photo, LLC v. Focus Camera, Inc.*,
  No. 22-CV-10339 (VSB), 2025 WL 1226629 (S.D.N.Y. Apr. 24, 2025)................................8

*Heilbut v. Cassava Scis. Inc.*,
  778 F. Supp. 3d 551 (S.D.N.Y. 2025).......................................................................................5

*Lexjac, LLC v. Beckerman*,
  2008 WL 11313761 (E.D.N.Y. Sep. 30, 2008).........................................................................6

*LoanStreet, Inc. v. Troia*,
  2023 WL 5836237 (S.D.N.Y. Sep. 8, 2023).............................................................................6

*Murchinson Ltd. v. Nano Dimension Ltd.*,
  No. 1:23-CV- 03658 (JLR), 2025 WL 1397615 (S.D.N.Y. May 14, 2025)..............................9

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
  551 F. Supp. 3d 408 (S.D.N.Y. 2021).......................................................................................6

*Reeves v. Associated Newspapers, Ltd.*,
  232 A.D.3d 10 (1st Dep't 2024) ...............................................................................................5

*Reus v. ETC Hous. Corp.*,
  72 Misc. 3d 479 (Sup. Ct. 2021), *aff'd*, 203 A.D.3d 1281 (3d Dep't 2022)..............................5

*Romero v. Manhattan & Bronx Surface Transit Operating Auth.*,
  2022 WL 624451 (S.D.N.Y. Mar. 2, 2022) (LJL)....................................................................3

*Wang v. Sussman,*
  No. 24-CV-3987 (AS), 2025 WL 2607155 (S.D.N.Y. Sep. 9, 2025).......................................8

*Yehudah v. Optoid Print3D Eyewear,*
    No. 24-CV-1672 (AMD) (JAM), 2025 WL 2452383 (E.D.N.Y. Aug. 25,
    2025) ................................................................................................................................8, 9

Grifols submits this Reply Memorandum of Law in further support of its Motion to Dismiss Defendants' Anti-SLAPP Counterclaim. ECF 55.

**PRELIMINARY STATEMENT**

Defendants argue that Grifols' claims surviving a motion to dismiss should not be dispositive of their putative Counterclaim because plausibility does not necessarily equate to a substantial basis in law and fact. But of course, the Court did not merely find plausibility. It *also* found, in the portion of the Order denying Defendants' anti-SLAPP motion, that Grifols initiated this action with a substantial basis in law and fact: "Plaintiffs disclosed the Scranton Loan in financial filings, and the Report, having reviewed those filings, stated multiple times that Plaintiffs did not do so. This provides a substantial basis for Plaintiffs to commence this action." ECF 56 at 49. Because that holding is law-of-the-case, and Defendants failed to timely seek reconsideration of the Order, Defendants' anti-SLAPP counterclaim fails as a matter of law.

Defendants complain that the Court did not conduct a CPLR-style evidentiary inquiry—a state procedural mechanism—at the Rule 12 stage. But in the same breath, while trying to maintain that an anti-SLAPP claim may be brought in federal court, Defendants are forced to concede that the CPLR's anti-SLAPP procedures do not apply in federal court. Defendants' self-contradictory position is nonsense. Likewise, the Court did not err by declining to consider the Cyrus de Weck declaration. Defendants submitted that declaration in support of their Rule 12 motion, not their anti-SLAPP fee motion. The Court correctly declined to consider the declaration when evaluating the plausibility of Grifols' complaint. Defendants never asked the Court to consider any "evidence" on their anti-SLAPP fee motion, so they cannot object, never mind belatedly and in connection with a different motion, that it was error for the Court not to do so.

The Counterclaim also fails on its face. For the reasons stated in the Order, Grifols commenced this action with a substantial basis in law and fact. As a result, none of the remedies

listed in § 70-a are available, and the Counterclaim as a whole fails as a matter of law. Moreover, the damages that Defendants seek under subsections (b) and (c) of New York's anti-SLAPP law require additional, specific factual allegations showing that Grifols pursued this case for the purpose—and as to punitive damages, its **sole** purpose—of harassing, intimidating, punishing, or chilling protected activity. Defendants plead labels, not facts, and they cannot cure those defects by pointing to a declaration that they did not submit with their anti-SLAPP fee motion and that they did not incorporate into their putative anti-SLAPP counterclaim.

Finally, even apart from law-of-the-case and pleading deficiencies, the Counterclaim fails for an independent reason: New York's anti-SLAPP statute cannot be used in this ongoing federal action to displace the Federal Rules. Its procedural mechanisms are tethered to state practice and conflict with Rules 12 and 56. Rebranding the same theory as a "damages" claim does not solve the conflict; it would penalize a complaint that satisfied Rule 12 with a stricter state-law "substantial basis" overlay and import a heightened summary-judgment standard foreign to Rule 56. And contrary to Defendants' assertion, Grifols' Motion to Dismiss does cite authority from this Court that post-dates *Bobulinski* which found that New York's anti-SLAPP law is inapplicable in federal court. Other recent decisions in this District confirm these points and continue to reject attempts to use anti-SLAPP counterclaims to upend federal pleading and motion practice.

At bottom, the Counterclaim fails because the law-of-the-case doctrine forecloses Defendants' recycled theory; the § 70-a(1)(b)–(c) damages allegations are conclusory and unsupported by well-pled facts; and the statute Defendants invoke cannot displace the Federal Rules in this action. The Counterclaim should be dismissed with prejudice.

## ARGUMENT

### A. THE LAW OF THE CASE DOCTRINE BARS DEFENDANTS' RECYCLED ANTI-SLAPP THEORY.

#### 1. *"Commenced": The Court's Prior Order Precludes Defendants' Counterclaim Under § 70-a(1)(a) and Forecloses it Under §§ 70-a(1)(b)–(c).*

Defendants contend their Counterclaim may proceed under § 70-a(1)(a) because, notwithstanding the Court's prior ruling, Grifols is a "SLAPP plaintiff" and this action was "commenced" without a substantial basis in fact and law. Opp. at 6–8. That contention fails because this Court has already decided that Grifols is not a "SLAPP plaintiff." The Court squarely held this "action" was commenced "with a substantial basis in fact and law" and denied anti-SLAPP fees on that ground. ECF 56 at 49.

Defendants did not move for reconsideration of that Order within fourteen days and they identify no intervening law or new facts that would permit departure from the law-of-the-case doctrine. That omission is dispositive. If Defendants truly believed the Court's reasoning for denying their anti-SLAPP motion was "clear error," their remedy was to file a reconsideration motion under L. Civ. R. 6.3, supported by controlling authority or new evidence, within 14 days—not to challenge the merits of the Order months later in separate briefing. *See Allah v. City of New York*, No. 15-CV-6852 (CBA) (LB), 2019 WL 6875410, at *1 (E.D.N.Y. Dec. 17, 2019) ("[F]ailing to file [a] reconsideration motion by Rule 6.3's deadline is alone a sufficient reason to" deny relief). Relabeling the same theory as a Counterclaim does not avoid law-of-the-case. *See Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, 2022 WL 624451, at *6–7 (S.D.N.Y. Mar. 2, 2022) (LJL). Declaring "clear error" from the sidelines while refusing to invoke the Rules designed to correct it is not just procedurally improper; it underscores that Defendants seek an end-run around reconsideration by relabeling the same theory as a Counterclaim.

Defendants also assert the Court "could not have ruled" on § 70-a at the pleading stage because it did not conduct a CPLR-style evidentiary assessment and "look beyond the face of the pleadings." Opp. at 8–10. That argument is backwards for two reasons. First, Defendants concede that CPLR 3211(g)'s anti-SLAPP procedures "do[] not apply in federal court." Opp. at 7 n.6. When a state anti-SLAPP statute purports to answer the same question as the Federal Rules about how and when claims are screened or penalized before trial, the Federal Rules control under *Erie*. Therefore, there was no basis for the Court to conduct a 3211(g) mini-trial. The Court correctly applied the Federal Rules to decide Defendants' threshold motions.[1]

Second, Defendants fault the Court for not considering evidence they never properly presented with their anti-SLAPP fee motion. The Cyrus de Weck declaration, ECF Nos. 28-1 & 29-1, was submitted with Defendants' Rule 12(b)(6) motion (and their motion to strike), so the Court correctly declined to consider it at the pleading stage. *See* ECF 56 at 44 n.19. Defendants did not submit the de Weck declaration with their anti-SLAPP fee motion, so they cannot object that the Court denied their anti-SLAPP fee application, and found that Grifols commenced this action with a substantial basis, without considering the declaration.

The same reasoning disposes of Defendants' damages theories under § 70-a(1)(b)–(c) insofar as they are premised on "commencement." To obtain damages under subsections (b) and (c), a party must first show that an action was commenced without a substantial basis in law or fact, and then must further show that the action was pursued for the purpose (and, under § 70-a(1)(c), the ***sole*** purpose) of harassing, intimidating, punishing, or otherwise chilling protected

---

[1] Defendants also complain that Grifols' allegations were taken as "true" only for the purposes of deciding Defendants' motion to dismiss, and contend that those allegations lack a factual basis. Opp. at 8. If that were so, the remedy in federal court is found in Rule 11, not New York's anti-SLAPP statute. Tellingly, though, Defendants did not even threaten Grifols with Rule 11 sanctions, let alone file such a motion.

activity. § 70-a(1)(b)–(c). Because the Court has already determined that the action was commenced with a substantial basis in fact and law on this unchanged record, there is no need to consider whether Defendants plausibly allege the additional showing. The Counterclaim fails at the first step.

The case law Defendants rely upon does not change the analysis. First, Defendants cite *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10 (1st Dep't 2024) to argue (i) an earlier ruling finding a "substantial basis" has "no law-of-the-case or preclusive effect" as the case proceeds and (ii) the Court must "look beyond the pleadings" and require a "substantial evidence" showing. Opp. at 6–9. But the portion of *Reeves* they rely upon merely describes New York's state-court practice under CPLR 3211(g)—affidavits and targeted discovery included. It furnishes no federal standard, and again, Defendants admit 3211(g) is inapplicable here. Opp. at 7 n.6. Similarly, Defendants' reliance on *Reus* and *Heilbut* is likewise misplaced. *Id.* at 7. *Reus* addressed a CPLR 3211 motion to dismiss in state court, and *Heilbut* involved a separate, follow-on § 70-a action after a prior case had been dismissed at the pleadings stage; neither authorizes revisiting, within this same action and absent new facts or law, the Court's commencement determination. *See Reus v. ETC Hous. Corp.*, 72 Misc. 3d 479 (Sup. Ct. 2021), *aff'd*, 203 A.D.3d 1281 (3d Dep't 2022); *Heilbut v. Cassava Scis. Inc.*, 778 F. Supp. 3d 551 (S.D.N.Y. 2025).

Defendants also attempt to reprise a further point—that fees are available for dismissed portions of a complaint even if one claim survives. Opp. at 11–16. But the Court has already rejected that position, holding that § 70-a "speaks to the commencement of the 'action,' not each individual claim." ECF 56 at 49 n.20. Defendants likewise did not move for reconsideration of that specific holding, so it is now law-of-the-case. In any event, as explained in Grifols' Opposition to Defendants' anti-SLAPP fee motion (ECF 46 at 17), Courts in this District similarly refuse to

5

subdivide a single lawsuit into fee-generating fragments; once any claim survives, the action has, by definition, a substantial legal basis. *See LoanStreet, Inc. v. Troia*, 2023 WL 5836237, at *7 (S.D.N.Y. Sep. 8, 2023); *Lexjac, LLC v. Beckerman*, 2008 WL 11313761, at *13 (E.D.N.Y. Sep. 30, 2008).[2]

Finally, to the extent Defendants try to reframe their theory as one for "damages" under § 70-a to avoid conflict with the Federal Rules, that reframing does not solve the problem. Importing § 70-a's CPLR-tethered "substantial basis" standard would displace those set by Rules 12 and 56, which govern pleading sufficiency and summary-judgment burdens in federal court. *See Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc*., 551 F. Supp. 3d 408, 431–32 (S.D.N.Y. 2021); *see also Carroll v. Trump*, 590 F. Supp. 3d 575, 585 (S.D.N.Y. 2022) (CPLR 3212(h) "makes summary judgment more readily available" by imposing a "substantial basis" requirement foreign to Rule 56). Just as § 3211(g) does not govern here, neither do § 3212(h)'s special anti-SLAPP burdens. *See also Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 185 n.17, 189 n.23 (S.D.N.Y. 2024) (distinguishing state anti-SLAPP dismissal procedures from federal practice). This is precisely why New York's anti-SLAPP procedures are inapplicable here in the first place.

### 2. "Continued": The Pleading Lacks Facts Showing the Required Purposes as the Record Remains Unchanged.

Defendants also contend they are entitled to relief because Grifols has "continued" the action without a substantial basis in fact and law, including for the purposes identified in § 70-a(1)(b)–(c). Opp. at 6–8. The Counterclaim does not support that contention. While it recites the

---

[2] For these same reasons—*i.e.*, the Court has already held the *action* as a whole was commenced with a substantial basis, Defendants did not timely seek reconsideration of that ruling, and a dismissal by itself does not establish the absence of a substantial legal argument—Defendants are also wrong that fees are "mandatory" as to GSSNA's dismissed claims. Opp. at 2, 4.

6

statute's labels—"harassing, intimidating, [and] punishing"—and invokes the "sole purpose" standard, it fails to plead concrete facts linking Grifols' litigation conduct to those motives. *See* ECF 55 ¶¶ 50–53. It also alleges that the lawsuit is a "PR stunt," which is facially inconsistent with the "sole purpose" requirement of § 70-a(1)(c). *Id*. ¶ 31. Such conclusory and internally inconsistent allegations are insufficient under *Twombly/Iqbal*.

Critically, the "continuation" theory rides on the same rhetoric Defendants advanced unsuccessfully in their fee motion. *Compare* Defs.' Mot. for Fees (ECF 45) at 12 (asserting Grifols is "abusing the litigation process" to "intimidate and silence" and to "burden opponents with legal defense costs") *with* Counterclaim (ECF 55) ¶¶ 31–33, 50–53 (alleging a "PR stunt," "intimidate and silence," and "harassing, intimidating, [and] punishing" purposes). The Court has already found that—on this record—the action was commenced with a substantial basis in fact and law. ECF 56 at 49. The law-of-the-case doctrine also prohibits the Counterclaim under this theory given the same recycled allegations cannot now establish that the very same action is being "continued" without a substantial basis in fact and law. Indeed, Defendants point to nothing that has transpired since the adjudication of their motion to dismiss that supports a plausible inference that Grifols, having "commenced" this action with a substantial basis as the Court found, is now "continuing" it without a substantial basis.

Defendants attempt to cure these defects by citing statements in the de Weck declaration—filed with their motion to dismiss and motion to strike—and ask the Court to consider those statements to support §§ 70-a(1)(b)–(c). Opp. at 10–11. That is improper. The Court already declined to consider that declaration at the pleading stage. See ECF 56 at 44 n.19. A declaration from a prior motion cannot supply missing well-pleaded facts for punitive-purpose or "sole purpose" elements.

7

## B. POST-*BOBULINSKY* CASE LAW CONFIRMS NEW YORK'S ANTI-SLAPP STATUTE IS INAPPLICABLE IN FEDERAL COURT.

Defendants say Grifols "cites no case that has not followed *Bobulinski* since it was decided." That is simply false. In *GM Photo, LLC v. Focus Camera, Inc*., **which was decided *five months* after *Bobulinski*,** this Court dismissed the defendants' § 70-a counterclaim, explaining that federal courts will not entertain a counterclaim under Section 70-a because it "conflict[s] with the Federal Rules of Civil Procedure" and "although styled as a substantive cause of action … Section 70-a's inquiry … operates as a higher pleading standard[.]" No. 22-CV-10339 (VSB), 2025 WL 1226629, at *12 (S.D.N.Y. Apr. 24, 2025). That post-*Bobulinski* decision, cited in Grifols' Opening Brief (ECF 65 at 10), squarely supports Grifols' position that § 70-a cannot be used here to upend the Federal Rules.

Defendants also ignore another recent decision, *Wang v. Sussman*, where this Court denied an anti-SLAPP fee motion after a Rule 12(b)(6) dismissal and held that "New York's statutory scheme does not contemplate an award of attorney's fees on a Rule 12(b)(6) dismissal," because § 70-a(1)(a) ties fee-shifting on motion practice to adjudications "pursuant to" CPLR 3211(g) or 3212(h)—not to federal Rule 12 or 56. No. 24-CV-3987 (AS), 2025 WL 2607155, at *3–7 & n.2 (S.D.N.Y. Sep. 9, 2025)*.* That is the exact point Grifols has made from the outset: New York's motion-based fee pathway is textually tethered to state procedures that do not apply in federal court.

Furthermore, *Yehudah v. Optoid Print3D Eyewear* presents a procedural posture identical to this case. There, the court denied an anti-SLAPP motion outright once the Court denied a Rule 12(b)(6) motion, further undermining Defendants' premise that all authority post-*Bobulinksy* supports its holding and its position that § 70-a inevitably rides along in federal court past the

8

pleadings stage. No. 24-CV-1672 (AMD) (JAM), 2025 WL 2452383, at *8 (E.D.N.Y. Aug. 25, 2025).

Additionally, Defendants' reliance on *Murchinson Ltd. v. Nano Dimension Ltd.,* No. 1:23-CV- 03658 (JLR), 2025 WL 1397615, at *5 (S.D.N.Y. May 14, 2025) is misleading: *Murchinson* did not bless a free-floating § 70-a counterclaim in an ongoing federal case. That Court noted (*citing Heilbut* and *Bobulinski*) that a separate anti-SLAPP claim based on an earlier state-law defamation action can sometimes be heard without colliding with the Federal Rules—and then dismissed the anti-SLAPP claim on Supremacy Clause grounds because the predicate was a federal securities case, not a state claim. In other words, *Murchinson* is yet another case that found that § 70-a(1) does not apply in federal court, underscores the narrowness of the path Defendants try to walk, and in any event does not contradict Grifols' position.

Finally, this Court's own decision in *Brady v. NYP Holdings, Inc*. remains a lodestar: There the Court held that where a state anti-SLAPP provision "addresses the same question as Rule 11," the Federal Rule governs, and the § 70-a sanctions request must be denied. 2022 WL 992631, at *11 (S.D.N.Y. Mar. 31, 2022). Defendants offer no persuasive reason to depart from *Brady's* analysis in this case—and, tellingly, they did not even attempt to grapple with it in their Opposition to Grifols' Motion to Dismiss.

In short, the post-*Bobulinski* landscape does not help Defendants; it hurts them. *GM Photo* (post-*Bobulinski*) rejects § 70-a counterclaims as incompatible with the Federal Rules; *Wang* (post-*Bobulinski*) denies fees after a Rule 12(b)(6) dismissal because § 70-a's motion-based route is CPLR-specific; *Yehudah* (post-*Bobulinski*) denies anti-SLAPP relief when Rule 12 relief is denied; and *Murchinson* (post-*Bobulinski*) cuts against Defendants' portrayal of that case. Defendants'

9

assertion that Grifols cites "no" contrary, post-*Bobulinski* authority is incorrect, and they still do not explain why this Court should cast aside *Brady* to reach a different result here.

## CONCLUSION

For the above reasons, as well as those set forth in its Opening Brief, Grifols respectfully submits Defendants' Counterclaim for an Award of Attorney's Fees and Other Relief under § 70-a should be dismissed in its entirety.

Dated:   October 3, 2025                               **PROSKAUER ROSE LLP**

By:   */s/ Peter D. Doyle*

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com

*Counsel for Plaintiff Grifols, S.A.*