**MILLER KORZENIK SOMMERS RAYMAN LLP**
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

Via ECF                                                                                        October 16, 2025
Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:     *Grifols, S.A., et al. v. Yu, et al.* No. 1:24-cv-00576-LJL;
        Mot. for Protective Order Against Grifols 2nd Omnibus Request for Production

Dear Judge Liman,

   We represent Defendants Daniel Yu, Gotham City Research, LLC, General Industrial Partners, LLP, and Cyrus De Weck ("Defendants" or "Gotham").

   We seek a Protective Order directed at Plaintiff Grifols S.A.'s ("Grifols") Second Omnibus RfP ("2ndORfP") that seeks discovery a) on the many claims dismissed by Your Honor's May 29, 2025 Order, Dkt. 48; b) on matters that have no possible bearing on the present litigation; c) on matters that pertain to the SEC and Spanish securities investigations (both resolved favorably for Gotham with one remaining pending Spanish inquiry)[1]; d) of invasive and unneeded personally identifiable information of all employees; and e) other discovery that is overreaching and disproportionate to the single remaining claim at issue in the case. See Ex. A, 2ndORfP.

Grifols' 39 demands in its 2ndORfP seem driven more by vindictiveness toward Defendants for their report critical of Grifols than by proper lawyerly requirements of normal discovery in a libel case now narrowed to one specific statement. These demands are inappropriate under R. 26.

   I.    **The Case and Its Status.**

   Grifols brought this case against Defendants, alleging over twenty-five defamatory statements, as well as related unjust enrichment and tortious interference claims, stemming from a January 2024 report Defendants authored on Grifols' business (the "Report").

   On May 29, 2025, Your Honor dismissed all but one defamatory allegation: the statement that Grifols did not disclose a loan to a related company (the "Jan. 9 Loan Statement") or did not disclose that loan with sufficient transparency (the " Jan. 10 Loan Statement"). Dkt. 48, Order.

   Grifols' 2ndORfP seeks nothing less than *plenary discovery, as if all Grifols' 20+ libel claims had survived dismissal* - when they did not. Discovery is not a device for exploring claims that have been dismissed; claims that have not been made; or claims that Grifols would like to try to

---
[1] It appears that Grifols failed to obtain these materials in the Spanish proceedings, so they are now pressing for them here. That makes these materials all the more generally inappropriate.

find. Most of Grifols' demands are so expansive that it is impossible to ascertain whether and what privileges might apply. Additionally, many of those demands seek personally identifiable contact, address and financial information that can be used to harass Defendants, employees, their families, friends, and business contacts.[2]

## II.   Our Request to Plaintiff's counsel to Meet & Confer Per Your Honor's Rule 4.C:

In the face of these unusually overreaching and ill-directed demands, we sent the attached letter, *see* **Exhibit B**, to Plaintiffs counsel to discuss a reframing of their 2ndORfP. We set out a procedure for addressing the foundational problem that we had set out. Instead of meeting with us within 48 hours as the Rule provides, Plaintiff said that they would not Confer with us unless we met certain conditions – among them that we craft specific objections to each Request. *See* Pl. letter, **Exhibit C**. We did provide Plaintiff with objections, *see* **Exhibit D**. However, it is clear that this would not resolve the central issue.

Requiring us to make surface-level objections does not fairly address the issue raised in our Rule 4.C letter. To pretend that the issues could be addressed in a demand-by-demand discussion misses the more serious issue that we raised. It only serves to entangle everyone in abstract disputes over whether a particular overreaching demand *might* result in something that *might* turn out to be *possibly* germane. The issue we are raising was a more pervasive one - with a *specific proposal to resolve the problem* - a proposal Plaintiff would not address.

We proposed that the issue be resolved in a more focused and less costly way via the Motion for Summary Judgment and its Rule 56(d) discovery procedure which would then insure that the *specific* discovery addressed to the *specific* grounds for MSJ ruling would be furnished. Here is the proposal we made in our Oct. 10 letter to counsel and which they would not address:

> "***The Motion for Summary Judgment***: We have been preparing an MSJ to dispose of the one remaining claim. And in the course of it, we will be disclosing documents pertaining to that claim that should resolve it. If you believe, that you need additional discovery, then the right procedure is for you to respond to the MSJ via Rule 56(d) pointing to the information that you feel is needed. It is pointless for us to have abstract arguments over what *might* be needed to address that MSJ when it is not before you or the Court. When you see the specific *bases* for the MSJ you can then, where appropriate, probe any open areas of concern. But there is no call for discovery of claims that are no longer at issue or for discovery regarding MSJ grounds that we do not assert. The correct and fair procedure is: 1) a defined MSJ *first*; 2) a focused Rule 56(d) request if appropriate *thereafter*; 3) focused discovery *if warranted;* and then, 4) a ruling when ripe. But until the you (and the Court too) see the motion, the issue of proper discovery will be abstract, unmanageably metastatic, costly and hence punitive."

The focus of the MSJ will be actual malice. It will address the very points that the Court in its May Order identified regarding the remaining actual malice issues. *See* Order, at 43-44.

---

[2] There are concerns about security and safety that we would like to take up with the Court without airing them on the public record.

Documentable facts address each one: how the loan disclosure was reported, the circumstances in which it was reported and why. When those materials are set out in the MSJ the sole remaining claim can be disposed of cleanly. The one claim may have survived a motion to dismiss when assumed to be true, but it lacks both the facts and the law to get it past an MSJ. The Order provides a roadmap for the MSJ.

### III.   Grifols' 2$^{nd}$ORfP is Uniformly Dispropotionate and Overreaching

Discovery is limited to what is "proportional to the needs of the case[.]" F.R.C.P. 26(b)(1). Grifols 39 requests are not proportional to its need to prove actual malice as to the single statement that it did not disclose a loan or did not disclose it in its corporate governance filings.It is hard to overstate how overreaching Grifols demands are. A broad demand into "all communications concerning Grifols," "all documents concerning this action," governmental bodies, journalists, regulators, addresses to temporary residences, phone numbers, social media accounts, bank information, any and all drafts of any publication concerning Grifols, LLC filings, organizational charts… Grifols litany of demands lack any tailoring to this case, and have little to do with whether Defendants believed the Loan Statement to be true.

The purpose of discovery is to efficiently and concisely resolve the merits of the issue presented in the case. The key remaining issue is actual malice as to the Jan. 9 and 10 Loan Statements. Specifically Grifols must show: (i) whether Gotham believed its initial thesis that Grifols did not disclose the Scranton loan when that statement was published on Jan. 9, 2025 to be true; and (ii) whether Gotham believed its update to the Loan Statement on Jan. 10 to be true. Gotham is ready to produce documents to answer dispositive questions. Acceptable discovery must in all events comply with several legal parameters that apply to such issues:

- **Pre-Publication**: actual malice is judged at the time of publication. *Abernathy & Closther v. Buffalo Broad. Co.*, 176 A.D.2d 300, 303 (2nd Dep't 1991) (actual malice determined "at the time when publication was made."). Therefore, all documents demanded must be limited to the time from when Defendants decided to research Grifols, in 2023 until of publication of Report on Jan. 9, and update on Jan. 10, 2025.
- **Concerning the Loan Statement**: actual malice is not ambient or global. It must be proven that "*the statement at issue* was made with knowledge of its falsity or with reckless disregard of whether it was false." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 179 (S.D.N.Y. 2024), app. withdrawn, No. 25-17, 2025 WL 1009663 (2d Cir. Mar. 31, 2025) (emphasis added). Few of Grifols' demands even mention the Loan Statement.

Defendants are preparing a Motion for Summary Judgment and Rule 56.1 Statement. Defendants will disclose documents showing how, when and why the Loan Statements were made, updated and supported, and the related management of Gotham's short position in Grifols. Defendants respectfully propose that given the discrete issue remaining and Grifols' inability to fairly comply with the proportionality of discovery, the parties set a briefing schedule for Defendants' Motion for Summary Judgement, after which Plaintiff can make a focused rule 56(d) request if appropriate, followed by focused discovery if warranted.

Hon. Lewis J. Liman<br>
Page 4<br>
October 16 2025

Respectfully submitted,
/s/ *David S. Korzenik*
David S. Korzenik

**CERTIFICATE OF COMPLIANCE**

I, **David S. Korzenik**, counsel for Defendants, hereby certify that, pursuant to Federal Rule of Civil Procedure 37(a)(1), I have in good faith attempted to confer with counsel for Plaintiff in an effort to obtain the requested discovery relief without court action.

Specifically, on October 10, 2025 I sent a written letter to Plaintiff's counsel outlining disputed issues with Plaintiff's demands and requesting a meet and confer to discuss how to narrow the demands. Plaintiff's counsel responded two business days later by letter but conditioned its willingness to meet and confer on Defendants' response to the demands for production of documents that Defendants object to producing for the reasons outlined in my letter. Therefore, Defendants were unable to resolve the issue through a meet and confer with Plaintiff's counsel.

We regret burdening the Court with a discovery dispute. But we face an impasse. The two sides have different and clearly adverse views on how discovery in the case should proceed. We therefore need the Court's guidance.

Accordingly, Defendants file the accompanying Motion for a Protective Order regarding this Discovery Dispute without the ability to meet and confer with Plaintiff. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York            MILLER KORZENIK SOMMERS RAYMAN LLP
         Oct. 16, 2025

By: /s/ David S. Korzenik
David S. Korzenik
Gillian Vernick
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200
dkorzenik@mkslex.com
gvernick@mkslex.com
*Attorneys for Defendants*