Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

November 11, 2025

Jeff H. Warshafsky
Partner
d +1.212.969.3241
f 212.969.2900
jwarshafsky@proskauer.com
www.proskauer.com

**Via ECF**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court for the
Southern District of New York

Re: *Grifols, S.A. v. Yu, et al.*
No. 1:24-cv-00576-LJL-GWG

Dear Judge Gorenstein:

This firm represents Plaintiff Grifols, S.A. ("Grifols"). We write pursuant to Judge Liman's instruction at the November 6, 2025 conference for the parties to submit joint or competing proposed protective orders by today's date. Hr'g Tr. at 31:6-8.

On October 24, 2025, Grifols proposed that the parties adopt Judge Liman's model protective order. Grifols then followed up on this proposal at least two times, but Defendants did not engage, leading Grifols to raise the issue during the November 6, 2025 conference. On November 7, 2025, Grifols again asked Defendants whether they would proceed with Judge Liman's model protective order. Defendants finally responded this afternoon and proposed deviating from Judge Liman's model protective order in several respects.

While many of Defendants' proposed revisions are redundant or unnecessary given the protections already contained in the model order, Grifols agreed to nearly all of them in the interest of compromise. These revisions are included in Grifols' proposed order enclosed here as Exhibit A.[1]

The only remaining dispute concerns Defendants' request to prevent in-house counsel from accessing discovery materials designated "Attorneys' Eyes Only" ("AEO"). Ex. A, ¶ 10. Defendants seek to restrict AEO materials to outside counsel.

Defendants seek to insert this restriction because, they claim, some unnamed Grifols in-house attorney supposedly is simultaneously "overseeing" both this litigation and a criminal investigation into Defendants in Spain. Defendants first made this accusation—which is false—at 7:24 p.m. this evening in their draft insert for what was intended to be a joint letter. Defendants

---

[1] A redline comparison to Judge Liman's model protective order is also enclosed here as Exhibit B. As shown in the exhibits, the parties also made several changes to reflect that discovery has been referred to Your Honor.

**Proskauer**

November 11, 2025
Page 2

also mischaracterized what Grifols' counsel stated during discussions, which is simply that this lawsuit is supervised by two in-house lawyers at Grifols, who require access to AEO materials in order to be fully informed about this litigation and have necessary context when receiving advice from outside counsel.

After receiving Defendants' position statement, Grifols repeatedly attempted in good faith to (1) correct Defendants' misstatements of fact, including claims that a Grifols in-house attorney was "waging" a criminal investigation against Defendants (an absurd notion since it is the Spanish prosecutors who are investigating Defendants), and (2) obtain the purported factual basis for Defendants' accusations. Defendants refused to revise their portion of what was intended to be a joint letter to be accurate, and declined to provide the information they claim supports their position. As a result, Grifols was forced to submit this letter alone.

Lack of factual basis to make such claims aside, Defendants' proposal also lacks any legal basis. Preventing in-house counsel from reviewing AEO discovery material is improper. The New York Rules of Professional Conduct require that lawyers keep their clients "reasonably informed" about the status of a matter and "promptly comply with reasonable requests for information." N.Y. Rules of Prof'l Conduct 1.4(a)(3)–(4). Overly restrictive AEO designations that exclude in-house counsel prevent outside counsel from meaningfully briefing and consulting with their client, undermining those professional obligations and the client's right to participate in its defense.

Courts have consistently recognized that in-house counsel must be permitted access to confidential materials so that a party can receive advice from counsel of its choice and be fully informed about the litigation. See *Razor USA LLC v. DGL Group, Ltd.*, 2020 WL 3604081, at *3 (D.N.J. July 2, 2020) (granting in-house counsel access to AEO materials where denial "would essentially" deprive the party of its "right to have the benefit of counsel of its choice" and impede its ability to supervise litigation and assess settlement); *HSqd, LLC v. Morinville*, 2013 WL 1149944, at *3 (D. Conn. Mar. 19, 2013) (denying heightened confidentiality tier where movant failed to show specific harm and noting the need for the opposing party's principal to review information to prepare its case). "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

Defendants have made no such showing here. Grifols does not compete with Defendants, and the discovery at issue will primarily concern Defendants' own statements *about Grifols* in their defamatory short report. Defendants' business will not be prejudiced if Grifols' in-house counsel reviews this information. Indeed, an "unacceptable opportunity for inadvertent disclosure exists" only where issues of "competitive decisionmaking"—such as advice on pricing or product design—are implicated. *Razor USA LLC*, 2020 WL 3604081, at *2. No such competitive dynamic

**Proskauer**

November 11, 2025
Page 3

exists here because the parties are not competitors. Moreover, Judge Liman's model protective order already prohibits the use of Confidential Discovery Material for any purpose other than prosecuting or defending this action. Defendants have offered no reason to believe that Grifols' in-house counsel would not fully comply.

For all these reasons, Defendants' request to depart from Judge Liman's model order and impose a restrictive, factually baseless AEO provision should be denied.

We thank the Court for its time and consideration and remain available should Your Honor or any member of Your Honor's staff have questions.

Respectfully Submitted,

*/s/ Jeff Warshafsky*

Jeff Warshafsky