

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

Jeff H. Warshafsky
Partner
d +1.212.969.3241
f 212.969.2900
jwarshafsky@proskauer.com
www.proskauer.com

November 14, 2025

**Via ECF**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court for the
Southern District of New York

          Re:    *Grifols, S.A. v. Yu, et al.*
                  No. 1:24-cv-00576-LJL-GWG

Dear Judge Gorenstein:

      Grifols writes to address Defendants' November 13, 2025 letter concerning the proposed confidentiality order and the treatment of "Attorneys' Eyes Only" ("AEO") materials. ECF 80. While Grifols regrets occupying the Court's time with such a minor procedural matter, it is compelled to respond to Defendants' baseless and inflammatory allegations regarding its in-house counsel.[1]

      The parties discussed this issue again on Thursday afternoon. On our call, Defendants claimed that *multiple* unnamed Grifols in-house lawyers are "involved" in the Spanish criminal investigation of Defendants and claimed those lawyers are using confidential information gleaned therein to wage a public relations campaign against Defendants. Yet in Defendants' letter to the Court, and throughout the parties' communications on Tuesday before Grifols filed its letter, Defendants referenced only a *single* in-house attorney. When we asked Defendants' counsel to explain this contradiction, they declined to do so. Defendants' speculation is further contradicted by their own submission, which asserts that Grifols has been denied access to discovery in the Spanish proceeding—making it impossible for Grifols to possess, let alone misuse, such materials. And even if Defendants believe their own conspiracy theory, the place to seek recourse would be in Spain, where the criminal investigation of Defendants is proceeding, not a U.S. District Court.

      We have repeatedly told Defendants' counsel that it is unproductive for them to refuse to identify the attorney at Grifols who they believe misused documents from the criminal investigation of Defendants taking place in Spain. As we explained to Defendants' counsel, while

---

[1] Footnote 2 of Defendants' letter complains that Grifols submitted its letter unilaterally. While Grifols initially believed that a joint letter concerning the protective order would be appropriate, that was before Defendants made their false accusations about Grifols' in-house counsel. And while it is true that Defendants did not receive Grifols' draft of the joint letter until Tuesday afternoon, that is because Defendants did not provide *any* feedback on Grifols' proposed protective order—which Grifols sent to Defendants on October 24—until 4:15 p.m. on Tuesday. After extensive back-and-forth about Defendants' false statements about Grifols' in-house counsel, at 9:22 p.m. on Tuesday, Defendants' counsel suggested that the parties confer "tomorrow" if there were further disagreements. As we told Defendants' counsel, that was not an option since Judge Liman ordered the parties to submit a joint or competing protective orders by Tuesday. And by this point, it was clear that Defendants were insisting on making false statements about Grifols in a public filing. Accordingly, we promptly told Defendants' counsel that Grifols would submit its own letter with its own proposed protective order.



we are unaware of any factual basis whatsoever for Defendants' assertions, and are troubled that they have raised them with the Court in a public setting, if the attorney who Defendants believe is "involved" in the Spanish criminal investigation is not supervising Proskauer in this case, it would be exceedingly easy to address Defendants' purported concerns (e.g., limit disclosure to the attorneys supervising Proskauer). We have asked Defendants' counsel, over and over, to identify the attorney at issue. On our Thursday call, for the first time, Defendants' counsel admitted that they "do not know" who is responsible for misusing the criminal investigation documents. When we asked Defendants' counsel to explain the "information and belief" underlying their assertion that Grifols' in-house counsel is to blame, they offered a one-word response—"pattern"—and refused to elaborate further. Their letter to the Court offers no facts either.

Beyond the lack of any factual basis for Defendants' assertion, they fail to address the central point of the very case law they cite: the risk of inadvertent disclosure arises only where the parties are competitors. *Razor USA LLC v. DGL Group, Ltd.*, 2020 WL 3604081, at *3 (D.N.J. July 2, 2020). Grifols and Defendants are not competitors, and no such risk exists here.

Defendants assert that "Proper Rule 26 discovery does not include use in other litigation." ECF 80 at 1. But Grifols' proposed protective order expressly precludes the use of confidential discovery materials in other litigation, and Defendants have not identified any improper use of discovery materials in other litigation. In any event, to conclusively resolve this issue, Grifols submits the attached declaration (Ex. A.) from its Chief Legal Officer, David Bell, executed under penalty of perjury, which directly rebuts Defendants' unfounded assertions.[2]

Grifols respectfully requests that the Court adopt its proposed confidentiality order so that its in-house counsel may coordinate freely with Proskauer, its outside counsel of record, regarding litigation strategy in this case.

Respectfully Submitted,

*/s/ Jeff Warshafsky*

Jeff Warshafsky

---

[2] Defendants' letter states that "When asked, Proskauer counsel was unable to give information about the in-house counsel's involvement in the Spanish action." ECF 80 at 2. That is incorrect. On Tuesday evening, we informed Defendants' counsel that Grifols' general counsel and assistant general counsel were not overseeing or directing any criminal prosecution or investigation.