

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Jeff Warshafsky
Partner

d +1.212.969.3241
f 212.969.2900
jwarshafsky@proskauer.com
www.proskauer.com

November 17, 2025

**Via ECF**
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court for the Southern District of New York

Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG

Dear Judge Gorenstein,

We write on behalf of Plaintiff Grifols, S.A. ("Grifols"), in response to the November 14, 2025 letter (ECF No. 83) from Defendants Daniel Yu, Gotham City Research, LLC, General Industrial Partners, LLP, and Cyrus De Weck (collectively, "Defendants") concerning whether Grifols' in-house counsel should be permitted access to discovery materials designated attorneys' eyes only.

We do not doubt that Defendants sincerely fear the prospect of criminal prosecution in Spain; Grifols sincerely believes it was a victim of criminal activity by Defendants. But Defendants' fear of prosecution in another country is not a basis for discovery limitations in this Court. *See* Fed. R. Civ. P 26(c). *See also In re Consejo De Defensa Del Estado De La Republica De Chile*, 2006 U.S. Dist. LEXIS 118091, at *15-16 (S.D. Fla. May 5, 2006) ("[T]he Court has serious doubts about its authority to limit the use and disclosure of depositions or other materials designated as 'confidential' in this proceeding, in a criminal proceeding in Chile. It is up to the judge in that other tribunal to follow the procedures established in his country, and not for this Court to dictate what he may or may not do under his country's laws.").

This is a civil lawsuit in U.S. District Court, so Grifols' in-house counsel has every right to supervise its outside counsel in the litigation of this case. And because the parties are not competitors, this should include access to *all* discovery materials. If Defendants are concerned about discovery materials or court filings in this case imperiling their criminal defense in Spain, they could petition the Spanish court for relief, could invoke any applicable privileges against self-incrimination, or could petition this Court for documents to be filed under seal when appropriate.[1]

Defendants have made no showing that Grifols has done anything improper with respect to the Spanish criminal proceeding against Defendants (or otherwise). Grifols has been truthful and transparent throughout this entire process, including providing an affidavit from its Chief Legal

---

[1] Defendants complain that "Grifols' Spanish lawyers are watching this S.D.N.Y. case, watching its filings, and then subsequently filing those documents in Spain to aid their position against Gotham." ECF No. 83 at 1. There is nothing improper or even surprising about this. All the filings in this case are available on PACER for anyone to view.

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Paris | São Paulo | Washington, DC

**Proskauer**

November 17, 2025
Page 2

Officer.[2] In contrast, Defendants have not shared any information with Grifols (or the Court) about the factual basis (if any) for their accusations. And when pressed late last week, Defendants' counsel admitted that they "do not know" who is responsible for the alleged misuse of information from the Spanish criminal proceeding against Defendants. Under these circumstances, further assurances from Grifols should be unnecessary.

Nevertheless, to put an end to this matter, Grifols' Chief Legal Officer is prepared to swear that:

- As he previously stated, he is not directing or managing the Spanish criminal proceeding against Defendants.

- He is not aware of what document demands have been made in the Spanish proceeding and has not been involved in any decisions relating to such demands.

- He has provided no instructions to Spanish counsel on what documents or information to seek in the Spanish proceeding.

- He is not involved in any analysis of the Spanish proceeding (including "fact sensitive analysis," ECF No. 83 at 1, whatever that entails).

- He has not received or discussed any materials, never mind any confidential information, obtained from Defendants in the Spanish proceeding.

- He has not discussed the Spanish proceeding with the press.

- He has not provided documents from this litigation to the prosecutors in Spain or to the outside law firm representing Grifols as a victim in the Spanish proceeding.

    We thank the Court for its time and consideration and remain available should Your Honor or any member of Your Honor's staff have questions.

                                                Respectfully,

                                                */s/ Jeff Warshafsky*
                                                Jeff Warshafsky

---

[2] Defendants note that when they first made their accusations on a call last Tuesday afternoon, Grifols' counsel (referring to the undersigned) stated he "did not know" what may have transpired in Spain. That was true. Proskauer is litigating this case, not any case in Spain. Since that initial call between counsel, Proskauer has confirmed with Grifols' Chief Legal Officer that Plaintiff's allegations are baseless.