

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 22, 2026

**Via ECF**
Hon. Gabriel L. Gorenstein, U.S.M.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GLG

Dear Judge Gorenstein,

This firm represents Plaintiff Grifols, S.A. ("Grifols"). We write to respectfully request leave to file a short sur-reply to Defendants Daniel Yu, Gotham City Research, LLC, Cyrus De Weck, and General Industrial Partners, LLP's (collectively, "Defendants") Reply in further support of Defendants' Cross-Motion for a Protective Order. ECF No. 109.

"[C]ourts have broad discretion to consider arguments in a sur-reply." *Newton v. City of New York*, 738 F.Supp.2d 397, 417 n. 11 (S.D.N.Y. 2010). A sur-reply may be appropriate where the party against whom the sur-reply will be filed raises new arguments, and the proposed sur-reply provides rebuttal information relevant to the disposition of the case. *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013), *aff'd*, 589 F. App'x 28 (2d Cir. 2015). A sur-reply is warranted here to address new arguments and factual misstatements by Defendants in their Reply that are material to the resolution of Defendants' Cross-Motion.

If the Court is inclined to grant Grifols' request to file a sur-reply, Grifols' sur-reply is set forth for the Court's consideration below.

\*\*\*

### I.   Mr. De Weck Already Testified that the SEC Disclosure was Voluntary.

Defendants' Reply asserts that their SEC disclosures were compulsory and therefore cannot support a waiver (Reply at 13–14), but that is contradicted by Mr. de Weck's sworn testimony earlier in this case. In an affidavit he submitted on December 20, 2024, Mr. de Weck testified: "***On February 12, 2024***, we were contacted by the SEC through ***a document request*** seeking communications, research, and a wide and expansive range of other materials." ECF 29-1 ¶ 19 (emphasis added). An SEC "document request" lacks compulsory enforcement. 15 U.S.C. § 78u(a)-(b). Defendants' Reply ignores de Weck's testimony and points to a transmittal letter on behalf of multiple Defendants, jumbling together both subpoenas and document requests issued by the SEC. ECF 110-2. Voluntary disclosure by GIP or de Weck in response to the February 12, 2024 document request is a waiver. *See* 15 U.S.C. § 78u(a)-(b); *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 212 (S.D.N.Y. 2015) (noting the difference between a "voluntary production of documents" and a subpoena).

**Proskauer**

Hon. Gabriel L. Gorenstein, U.S.M.J.
Page 2

### II.   Defendants' Attorney Has No Firsthand Knowledge Relevant to this Dispute.

Defendants continue to rely solely on an attorney declaration to establish purported facts necessary to demonstrate entitlement to § 79-h privilege. Their Reply claims that counsel's representation of Defendants "for over a year" somehow supplies him with firsthand knowledge of prior events. Reply at 9, n.4. For clarity, Mr. Korzenik previously represented to Grifols' counsel that he was retained in March 2024—that is, **after** Defendants published the Gotham Report and Grifols commenced this lawsuit. Mr. Korzenik plainly did not participate in preparing the Gotham Report or in decisions regarding its intent or dissemination, so his declaration cannot supply any facts about these matters. *See, e.g.*, *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005) (striking attorney affidavit because it offered supposed facts related to "several matters of which he could have no direct personal knowledge of ***as an attorney that came upon this matter after the fact***") (emphasis added).

### III.   Defendants Misrepresent the Relevance of *Beaver County*.

Defendants unsurprisingly limit their reference to *Beaver Cnty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *3 (N.D. Cal. June 7, 2016) to a single sentence, but in doing so, misrepresent the proposition for which Grifols cited it. Reply at 5–6. Specifically, Defendants argue that the Court should "apply [] caution" in considering *Beaver County* because that court applied the Ninth Circuit's qualified journalist's privilege, which Defendants claim "is quite different in language, scope, and applicability than" New York's Shield Law. *Id.*

Grifols does not cite *Beaver County* to override § 79-h. Instead, as explained in Grifols' opposition, *Beaver County* reflects a persuasive judicial determination that Gotham is not a journalist, and thus is not entitled to invoke this privilege. Opp. at 8–10. And as Defendants themselves concede, the relevant inquiry under the New York Shield Law is whether the person seeking protection "is engaged in gathering, preparing, [or] collecting … news intended for a … professional medium or agency which has as one of its regular functions the processing and researching of news intended for dissemination to the public." N.Y. Civ. Rights Law § 79–h(a)(6). That inquiry mirrors the Ninth Circuit's exact same test applied in *Beaver County*, which asks whether the speaker intended, at the inception, to disseminate information to the public. *Shoen v. Shoen*, 5 F.3d 1289, 1293 (9th Cir. 1993). Under that standard, Gotham failed to qualify as a journalist in *Beaver County*. The Court should reach the same conclusion here.

### IV.   Defendants Misrepresent the Status of Grifols' Document Production.

Defendants state that "Grifols itself has produced no documents to date." Reply at 14. This is deeply misleading because Defendants have **served no document requests** on Grifols to date. This misleading claim is also a red herring as it is irrelevant to any privilege and waiver analysis here.

\*\*\*

**Proskauer**

**Proskauer**

Hon. Gabriel L. Gorenstein, U.S.M.J.
Page 3

      For the reasons set forth herein, as well as in Grifols' Opposition, Defendants' Cross-Motion for a Protective Order should be denied in full.

      Respectfully submitted,

      *Peter D. Doyle*

      Peter D. Doyle