# MILLER KORZENIK RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

Jan. 22, 2026

**VIA ECF**
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG/ Response to ECF 111

Dear Judge Gorenstein,

    On behalf of defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP and Cyrus De Weck ("Defendants"), we make this brief response to Plaintiff Grifols S.A.'s ("Grifols") motion for leave to file a sur-reply, ECF 111.

    There is nothing new in Grifols' sur-reply that Grifol's has not already said. It is a total distraction from the critical fact that the cases Grifols relied on in its brief ("Grf. Br."), ECF 105, do not relate to New York's 79-h privilege on which Defendants based their motion. *No* 79-h authority supports Grifols' position.

    *The SEC production was not voluntary*. There is no refuting the SEC letter, ECF 110, Ex. B, describing the exact manner in which disclosure was made to the SEC: The Aikin letter expressly *preserves all privileges and confidentiality*. Mr. de Weck has never "testified" to the legal impact of anything. The Aikin firm letter to the SEC speaks for itself.

    *The Korzenik Declaration does not stand alone.* The Korzenik Declaration, ECF 93, only *recaps* facts already asserted in this motion: 1) by the de Weck affidavit, Dkt. 28-1, and 2) by Defendants' response to Grifols' discovery requests, ECF 110, Ex. A. Grifols is the party with the burden to prove Defendants did not report independently. With no proof of that, Grifols conjures up imaginary holes in Defendants' repeated and consistent disclosures throughout that *nobody* was behind the Report but Defendants.

    *The California Privilege Is Different from NY 79-h and California Courts Apply Their Privilege Differently*: There is no "misrepresentation" as to *Beaver County* – *Beaver* did not apply the operative privilege in this case, New York's broad § 79-h privilege. Instead, it was Grifols who did not understand this was not the same standard or the same court. *See* Grf. Br., fn 4 (incorrectly asserting that the federal standard is "identical" to § 79-h, which it is not). The CA privilege is different from NY 79-h and CA Courts read theirs differently than do NY Courts.

*No "misrepresentation" on the state of discovery*. Grifols claimed this motion was some "last-minute attempt," to make it look as if the parties were way down the road into discovery and that an assertion of privilege at this juncture was "far too late." Grf. Br,. at 2. Defendants refuted that with the fact that Grifols has produced no documents - only to say that discovery has hardly even begun, therefore, there is no prejudice nor any waiver. *See* ECF ("[T]here is no harm—the parties are here now, briefing this privilege's applicability before document production has begun in earnest."). Another distraction by Grifols.

The Court should not have to entertain this re-run of Grifols' brief. If the Court wishes to consider Grifols' Sur-reply, it should review this letter as well. In all events, Defendants' Motion for Protective Order under New York's Reporters Privilege § 79-h should be granted in full. ECF 92-94; 109-110.

                                                            Respectfully,

                                                            David S. Korzenik

                                                           *Attorney for Defendants*