UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRIFOLS, S.A.,<br><br>                              Plaintiff,<br><br>     v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,<br><br>                              Defendants. | Index No. 1:24-cv-00576-LJL<br><br>**DECLARATION OF DANIEL YU**<br><br>**IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER UNDER NEW YORK CIVIL RIGHTS LAW § 79-h.** |

**Daniel Yu** affirms the following to be true pursuant to 28 U.S.C. §1742:

1.  I am a defendant in the above-captioned case. I make this Declaration in support of Defendants' Motion for Protective Order under New York's Reporters Privilege, § 79-h.

2.  I am the founder and principal of Gotham City Research LLC ("Gotham," "GCR"), where I research, write and publish reports on publicly traded companies for the investing market. I partner with Cyrus de Weck and his firm General Industrial Partners LLP ("GIP").

3.  Together with Cyrus, I researched and wrote our report, "Grifols SA: Scranton and the Undisclosed Debts," and published it on January 9, 2024 (the "Report"). The Report, the subject of this libel lawsuit, opined on Grifols' public financial statements.

4.  I was born in the U.S. and studied mathematics and finance at MIT. I began my career in investment management in New York. As the financial crisis was beginning, I left the investment industry and started working in the tech space.

5.  In 2013, I transitioned to short-minded investing and launched Gotham City Research LLC. Since then, Gotham has published research on numerous companies that trade in

markets around the world. It has developed an excellent track record and a reputation for exposing problems at companies.

6. I met Cyrus, the founder of GIP, around twelve years ago in connection with work on a German-listed company.

7. In 2022, Cyrus and I joined forces, combining a short selling research publishing model with investment managing. Together we independently identify companies as a potential subject of a report, research that company based on publicly obtainable financial reporting and disclosures and publish our reports online for the investing public.

8. We are very mindful of the scrutiny that short seller reports receive and our obligation to speak accurately and operate in good faith. We are also mindful of the strategy of many companies that, when faced with short reports, will respond by publicly attacking or suing the author instead of engaging on the substantive issues they have raised. They may, as here, set in motion complaints to various regulatory agencies to further vex and silence their critics. For example, Grifols complaint to the U.S. SEC went nowhere, but it consumed time and cost for us to address.

9. The Report was the culmination of months of research and analysis, which revealed multiple material problems with Grifols' financial reporting, most notably with respect to its related party transactions and leverage calculations. We determined that Grifols' obscure financial reporting did not fairly and accurately represent the economic realities of its business.

10. I also affirm the truth of the statements in the Declaration of Cyrus De Weck executed on March 13, 2026.

**Wherefore**, Defendants respectfully ask the Court for an order (1) finding Defendants's documents are protected under New York's Reporters Privilege, (2) finding Grifols has not

2

overcome the qualified privilege, (3) denying Grifols Motion to Compel and (4) granting such further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 13, 2026
Hong Kong, China

*/s/ Daniel Yu*

DANIEL YU