UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

:

GRIFOLS, S.A.,                                                    :

:

Plaintiff,                         :

:                        24-cv-00576 (LJL)

-v-                                   :

:                        OPINION AND ORDER

DANIEL YU, et al.,                                               :

:

Defendants.                      :

:

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _03/26/2026__

LEWIS J. LIMAN, United States District Judge:

Plaintiff and Counterclaim-Defendant Grifols, S.A. ("Grifols" or "Plaintiff") moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the counterclaim of Defendants and Counterclaim-Plaintiffs Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck ("Defendants") alleging a violation of New York's anti-SLAPP law, N.Y. Civ. Rights Law §§ 70a and 76-a. Dkt. No. 64. For the reasons that follow, the motion is denied.

## BACKGROUND

This case arises from a research report (the "Report") published on January 9, 2024, by Defendant Gotham City Research on Grifols entitled "Grifols SA: Scranton and the Undisclosed Debts." Dkt. No. 50 ¶ 122. The Report criticized Grifols' public financial reporting as misleading. *Id.* ¶¶ 122, 124. In the wake of the publication of the Report, the price of Grifols' publicly-traded stock fell dramatically, causing the company to lose nearly $3 billion of market value. *Id.* ¶ 127.

On January 26, 2024, Grifols filed suit in this Court against Defendants alleging that the Report was defamatory. Dkt. No. 1. It alleged claims for defamation, aiding and abetting

defamation, tortious interference with business relations, aiding and abetting tortious interference with business relations, and unjust enrichment. *Id.* ¶¶ 254–289. It filed an amended complaint on July 1, 2024 that alleged the same claims. Dkt. No. 22 ¶¶ 231–281; Dkt. No. 50 ¶¶ 231–281.[1] The amended complaint alleged that the Report contained six categories of allegedly defamatory statements, including that Grifols' definition of EBITDA in its financial reports was misleading and incorrect, that Grifols falsely calculated its leverage ratio, that its shares were "uninvestable" or "worthless," that it improperly consolidated the results of a subsidiary even though that subsidiary was not fully-owned, that it made false statements about a corporate transaction, and that it failed to disclose a loan that it made to an affiliate which then used the proceeds of that loan to acquire at a profit to Grifols its interest in two other companies (the "Scranton Loan"). *See* Dkt. No. 56 at 21–22. By Opinion and Order of May 29, 2025, which was amended by an Opinion and Order of July 2, 2025,[2] the Court granted Defendants' motion to dismiss Grifols' complaint except as to the alleged false and defamatory statements with respect to the Scranton Loan. Dkt. Nos. 48, 56; *Grifols, S.A. v. Yu*, 2025 WL 1826611 (S.D.N.Y. July 2, 2025).

Thereafter, Defendants answered the complaint and filed an anti-SLAPP counterclaim. Dkt. No. 55.[3] Defendants allege that they "operate as financial watchdogs, researching, authoring and publishing reports opining on companies they consider over- or under-valued by the market as indicated by a company's public financial reporting and other public information,"

---

[1] On May 29, 2025, the Court granted in part and denied in part Defendants' motion to strike prejudicial content from the amended complaint. Dkt. No. 49. Plaintiff filed a redacted amended complaint on June 4, 2025 in accordance with that order. Dkt. No. 50.

[2] The amended opinion corrected several typographical errors in the original opinion and order granting in part and denying in part the motion to dismiss. Dkt. No. 57.

[3] Defendants' counterclaim allegations are numerated with "CC" preceding the paragraph number. The Court follows Defendants' numeration. When citing to page number rather than paragraph for this docket entry, the citations refer to ECF pagination.

*id.* ¶ CC3, and that the Report was published in service of that mission, *id.* ¶ CC5; *see also id.* ¶ CC47.  They allege that Grifols has "advanced unsupported theories and baseless, speculative and unsubstantiated claims" about the Report, *id.* ¶ CC6, and has acted, in connection with this case and with a separate probe by the United States Securities & Exchange Commission, with the "improper purpose of harassing, intimidating, punishing and/or otherwise maliciously inhibiting Defendants' free exercise of speech," *id.* ¶ CC17.  Among other things, Defendants allege that "Plaintiff has not, and cannot, provide evidence to show a substantial basis in fact and law as to the sole alleged defamatory statement the Court allowed to continue."  *Id.* ¶ CC21; *see also id.* ¶¶ CC26–30.  Defendants seek the reasonable attorneys' fees and costs and expenses incurred in defending this action and compensatory and punitive damages.  *Id.* at 39.

Grifols filed this motion to dismiss the counterclaim on August 12, 2025.  Dkt. No. 64.  It also filed a memorandum of law in support of the motion.  Dkt. No. 65.  On September 19, 2025, Defendants filed a memorandum of law in opposition to the motion.  Dkt. No. 66.  On October 3, 2025, Grifols filed a reply memorandum of law in further support of the motion.  Dkt. No. 67.

## DISCUSSION

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint."  *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *4 (S.D.N.Y. June 25, 2020) (internal quotation marks omitted) (quoting *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013)).  To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the

3

elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

Grifols moves to dismiss the counterclaim on two separate grounds: (1) it is barred under the law of the case doctrine; and (2) as a matter of law, New York's anti-SLAPP statute does not apply in federal court.

## I.     Law of the Case

The law of the case doctrine provides the court discretion to apply a ruling it has made in an early state of the case to issues raised at subsequent states in the same case. The doctrine "holds 'that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' . . . unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (first quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991), and then quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). Cogent and compelling reasons include "an intervening change in law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'" *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009) (quoting *Quintieri*, 306 F.3d at 1230). "Where a party presents the same allegations or factual record previously

deemed deficient by a court, the law of the case doctrine forecloses reconsideration of the court's conclusion." *Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*, 2021 WL 535485, at *4 (S.D.N.Y. Feb. 12, 2021) (denying plaintiffs' application for a preliminary injunction on law of the case grounds after the state court dismissed the application without prejudice and defendants subsequently removed the action to federal court).

Grifols' law of the case argument grows out of the Court's prior ruling on Defendants' motion for anti-SLAPP remedies. Shortly after filing their motion to dismiss the complaint and before the Court had the opportunity to rule on that motion, Defendants filed a separate motion under the anti-SLAPP statute for attorneys' fees and costs. Dkt. No. 45. Defendants argued that if Grifols' claims were dismissed in their entirety for lack of plausibility, then by definition, the claims would "lack a substantial basis in law or fact," and an award of fees would be mandatory under New York Civil Rights Law § 70-a. Dkt. No. 45 at 2. They argued that if some of the libel claims were to survive the plausibility test but others did not, then fees should be awarded on the claims that failed the plausibility test and any surviving claims should be tested under the anti-SLAPP "substantial basis" standard and fees awarded if they failed that heightened standard. *Id.* Grifols opposed that motion and argued, *inter alia*, that the anti-SLAPP statute does not apply in federal court and that the Court should deny Defendants' request for fees and costs "for the simple reason that the Court should deny Defendants' Motion to Dismiss." Dkt. No. 46 at 3–4.

It its Opinion and Order of May 29, 2025, and the Amended Opinion and Order of July 2, 2025, the Court denied Defendants' anti-SLAPP motion. Dkt. Nos. 48, 56. The Court rejected Defendants' argument that the anti-SLAPP statute should be applied on a statement by statement basis. *Id.* at 49 n.20. It concluded that anti-SLAPP sanctions should not be imposed because the

complaint had survived the motion to dismiss.  In doing so, the Court wrote that Grifols had "a substantial basis . . . to commence this action" based on the allegations with respect to the Scranton Loan.  *Id.* at 49.

Seizing on the Court's language, Grifols argues that the Court has already decided Defendants' anti-SLAPP claim and determined that it is without merit.  Dkt. No. 65 at 4–5.  But that is not how law of the case works.  Law of the case generally inhibits a party from relitigating at a later stage in a case the same issue that it previously litigated and the Court decided at an earlier stage in the case.  *See Cobalt Multifamily Invs. I, LLC v. Shapiro*, 857 F. Supp. 2d 419, 430 (S.D.N.Y. 2012) ("The law of the case doctrine prevents re-litigation of an issue decided at an earlier point in an action only if the court was ever squarely presented with the question" (internal quotation marks and citation omitted)); *see e.g., Cambridge Cap. LLC v. Ruby Has LLC*, 675 F. Supp. 3d 363, 415 (S.D.N.Y. 2023) (law of the case does not apply to earlier choice-of-law determination that is distinct from choice-of-law issue at later stage of the case). On Defendants' earlier anti-SLAPP motion, the only issue that the Court decided was whether the failure of most of Grifols' allegations to survive the plausibility test of *Twombly* was sufficient to create an entitlement to Defendants for fees and costs under New York's anti-SLAPP law.  It was not.  *See Wang v. Sussman*, 2025 WL 2607155, at *7 (S.D.N.Y. Sept. 9, 2025) ("defendants' sole argument is that the dismissal of the complaint in this case under Rule 12(b)(6) automatically requires fee-shifting.  The answer is no."); *see also id.* at *4 (rejecting argument that dismissal under Rule 12(b)(6) "established *a fortiori*" that the "claim lacks a 'substantial basis.'").  To the extent that the Court's language could be read to go beyond the issue presented as to whether Defendants had established an entitlement to attorneys' fees and costs, that language was dicta and not necessary to the Court's decision.  It certainly cannot be

6

read to preclude Defendants from arguing and attempting to prove—based on information additional to what was presented on their earlier motion—that the lawsuit was commenced or continued without a substantial basis in fact or law.

## II.    Application of Anti-SLAPP Statute in Federal Court

Grifols next argues that the counterclaim should be dismissed because New York's anti-SLAPP statute does not apply in federal court.

In *Brady v. NYP Holdings, Inc.*, 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022), this Court accepted a similar argument and rejected a claim by the prevailing party on a motion to dismiss a defamatory claim to mandatory attorneys' fees under New York's anti-SLAPP statute on the grounds that the anti-SLAPP provision conflicted with Federal Rule of Civil Procedure 11 and did not govern motions for sanctions in federal court. *Id.* at *11.

There have been two developments since the Court's decision in *Brady*. First, the Supreme Court decided *Berk v. Choy*, 146 S.Ct. 546 (2026). In *Berk v. Choy*, the Supreme Court considered whether Delaware's affidavit of merit provision for filing a medical malpractice claim applied to a medical malpractice claim commenced in federal court. The Court addressed that issue by asking whether the Delaware law answered the same question answered by a Federal Rule of Civil Procedure. The Court held that it did. Both the Delaware law and Federal Rule of Civil Procedure 8 "addresse[d] what information a plaintiff must provide about the merits of his claim at the outset of litigation." *Id.* at 554; *see also id.* at 555 ("the state law and the Federal Rule address the same issue: the information that a plaintiff must provide about the merits of his claim at the outset of the litigation"). Examining the rules, the Court noted that in answering that question, they imposed different standards. *Id.* at 554. "The two rules . . . give different answers to the question whether Berk's complaint can be dismissed as insufficient

because it was unaccompanied by an affidavit." *Id.* The Delaware law thus was displaced by the Federal Rule. *Id.* at 556.

Second, the weight of the authority since the Court's decision in *Brady* favors the application of the substantive standards of the New York anti-SLAPP statute in federal court. *See Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 184–88 (S.D.N.Y. 2024); *Heilbut v. Cassava Sciences, Inc.*, F. Supp. 3d 551, 567–68 (S.D.N.Y. 2025); *Button v. N.Y. Times Co.*, 2025 WL 2643674, at *20 (S.D.N.Y. Sept. 15, 2025); *see also Murchinson Ltd. v. Nano Dimension Ltd.*, 2025 WL 1397615, at *16 (S.D.N.Y. May 14, 2025). Starting with Judge Oetken's decision in *Bobulinski*, those decisions have focused on a feature of the New York law that the Court did not appreciate and thus did not address when it decided *Brady*: "the New York anti-SLAPP law does not have . . . a provision tying fee-shifting to a specific state procedural mechanism." 758 F. Supp. 3d at 184. The statute has both substantive and procedural features.

Specifically, New York Civil Rights Law § 70-a(1) sets forth the substantive right. It provides:

> A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:
>
> (a) costs and attorney's fees shall be recovered upon a demonstration, including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules, that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law[.]

N.Y. Civ. Rights Law § 70-a(1). C.P.L.R. 3211(g), referenced in § 70-a(1)(a), provides one of the procedural mechanisms available in SLAPP lawsuits:

> (g) Stay of proceedings and standards for motions to dismiss in certain cases involving public petition and participation.

8

1. A motion to dismiss based on paragraph seven of subdivision (a) of this section, in which the moving party has demonstrated that the action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation as defined in paragraph (a) of subdivision one of section seventy-six-a of the civil rights law, shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law. The court shall grant preference in the hearing of such motion.

2. In making its determination on a motion to dismiss made pursuant to paragraph one of this subdivision, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the action or defense is based. No determination made by the court on a motion to dismiss brought under this section, nor the fact of that determination, shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

3. All discovery, pending hearings, and motions in the action shall be stayed upon the filing of a motion made pursuant to this section. The stay shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and upon a showing by the nonmoving party, by affidavit or declaration under penalty of perjury that, for specified reasons, it cannot present facts essential to justify its opposition, may order that specified discovery be conducted notwithstanding this subdivision. Such discovery, if granted, shall be limited to the issues raised in the motion to dismiss.

C.P.L.R. 3211(g). C.P.L.R. 3211(a)(7), referenced in 3211(g)(1), is New York's corollary to Rule 12(b)(6), and it provides for dismissal of a complaint where "the pleading fails to state a cause of action."

The fact that procedural provisions of the New York anti-SLAPP statute might conflict with the Federal Rules of Civil Procedure does not deprive the party on the opposite end of a SLAPP lawsuit from the substantive rights that New York intended to provide. A person who commences or continues a SLAPP action without a basis in fact or law is subject to a separate follow-on action for fees, costs and damages after that action is resolved in which the plaintiff will have to prove both (1) the prior action was one "involving public petition and participation"; and (2) it was "commenced or continued without a substantial basis in fact and law and could not

9

be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights Law § 70-a(1); *see Wang*, 2025 WL 2607155, at \*6. There is no reason why such a party cannot also file a counterclaim on that basis. *See Wang*, 2025 WL 2607155, at \*6. The Court can put it no better than Judge Rochon did in *Heilbut*:

> To sum up, New York's anti-SLAPP law "is doing no procedural work" in the instant case; "it is merely defining the substantive standard for entitlement to" a state-law remedy. *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 186 (S.D.N.Y. 2024). Plaintiffs are not relying on the New York anti-SLAPP regime's expedited motion-to-dismiss or summary-judgment mechanisms—they are asserting affirmative claims based on a substantive cause of action created by the New York Legislature, a routine exercise in federal diversity cases. *See Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 142 n.2 (2d Cir. 2013) ("[A] federal court sitting in diversity must apply substantive law supplied . . . by state legislation. . . ."); *cf. Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 422 (S.D.N.Y. 2019) ("Simply put, it does not violate the Supremacy Clause for a federal court sitting in diversity to apply state substantive law." (citing *Erie*, 304 U.S. at 78)). In this context, section 70-a's "substantial basis" language does not supply a pleading standard—it is a substantive provision that "impacts the 'rights and obligations of individuals within a given jurisdiction'" and does not answer the same question as Rules 12 or 56. *Gonzalez*, 80 F.4th at 194 (quoting *Corley*, 11 F.4th at 85); *see Max v. Lissner*, No. 22-cv-05070 (VEC), 2023 WL 2346365, at \*8 (S.D.N.Y. Mar. 3, 2023) (holding that the plaintiff could bring her New York anti-SLAPP claim in federal court because, among other reasons, she was not invoking its heightened pleading standard). Accordingly, "a federal court sitting in diversity must apply" section 70-a "because it is a substantive, rather than a procedural, provision." *Palin v. N.Y. Times Co.*, 510 F. Supp. 3d 21, 26 (S.D.N.Y. 2020) (citing *Adelson*, 774 F.3d at 809) (applying section 76-a, which, in relevant part, "requires public figures . . . to prove actual malice by clear and convincing evidence" in defamation cases).

*Heilbut*, 778 F. Supp. 3d at 567–68.

"As Justice Frankfurter warned: 'Wisdom too often never comes, and so one ought not to reject it merely because it comes late.'" *United States v. Scparta*, 567 F. Supp. 3d 416, 418 (S.D.N.Y. Apr. 20, 2020) (Nathan, J.) (quoting *Henslee v. Union Planters Nat. Bank & Tr. Co.*, 335 U..S. 595, 600 (1949) (Frankfurter, J., dissenting)). The Court now holds that New York's anti-SLAPP statute creates a substantive right that does not conflict with the Federal Rules of Civil Procedure and is thus applicable in federal court.

## CONCLUSION

The motion to dismiss is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 64.


SO ORDERED.

Dated: March 26, 2026
      New York, New York

                                        LEWIS J. LIMAN
                              United States District Judge