**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRIFOLS, S.A.,<br><br>                              Plaintiff,<br><br>          v.<br><br>DANIEL YU, an individual, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK, an individual, JOHN DOES 1-10, and XYZ CORPORATIONS 1-10,<br><br>                              Defendants. | No. 1:24-cv-00576-LJL-GWG<br><br>**DEMAND FOR JURY TRIAL** |

## GRIFOLS, S.A.'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 8(b)(3), Grifols, S.A. ("Grifols") "generally denies" all allegations of Defendants' Counterclaim (ECF 55) (the "Counterclaim"), including in its footnotes, headings, and sub-headings, "except those specifically admitted," as set forth below.

Grifols further denies any allegation or implication that its claims in this action were commenced or maintained without a substantial basis in fact or law, and denies that this action constitutes a "SLAPP" suit within the meaning of New York Civil Rights Law § 70-a.

To the extent the Counterclaim includes statements that constitute legal conclusions, argumentative characterizations, or rhetorical assertions rather than well-pleaded factual allegations, no response is required.  To the extent a response is deemed required, such allegations are denied.

For any response where Grifols asserts that it does not know or is not aware of a particular alleged fact, Grifols specifically avers that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," and so denies the allegation under Fed. R. Civ. P. 8(b)(5).

## PRELIMINARY STATEMENT

Grifols commenced this action to hold Defendants accountable for their knowing and reckless publication of materially false statements of fact designed to manipulate Grifols' stock price for their own financial gain. Defendants' Counterclaim attempts to recast that misconduct as protected speech and to shift the costs onto the party they harmed.

This case is not about suppressing legitimate criticism. Defendants were free to express opinions about Grifols. What they were not free to do—and what this action challenges—is publish false statements of fact, including concerning the Scranton Loan, that went to the heart of their report and were capable of—and intended to—move the market for their own financial gain.

Defendants' Counterclaim also relies on a series of mischaracterizations and rhetorical assertions, including their self-serving description of themselves as "financial watchdogs," their portrayal of this action as a "PR stunt," and their suggestion that regulatory inaction constitutes exoneration. None of those assertions states a cognizable claim under New York Civil Rights Law § 70-a.

Finally, the Counterclaim is further improper in that it is replete with legal conclusions, argumentative characterizations, and purported "facts" that are in reality advocacy, evidentiary assertions, or misstatements of law to which no response is required under the Federal Rules of Civil Procedure. It also includes immaterial, impertinent, and prejudicial allegations that do not bear on any cognizable claim or defense, but instead appear designed to advance a narrative rather than plead viable causes of action. To the extent any allegations in the Counterclaim purport to assert legal propositions or conclusions, Grifols denies them and reserves all rights to challenge their legal sufficiency.

2

**RESPONSES TO COUNTERCLAIM ALLEGATIONS**

CC1.   Grifols admits that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

CC2.   Grifols admits that venue is proper in this District but denies that its Amended Complaint constitutes a "SLAPP action."

**FACTS**

CC3.   Grifols denies that Defendants operated as legitimate "financial watchdogs." Grifols lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

CC4.   Grifols admits that Defendants have publicly stated that they take positions in securities, including short positions, and publish reports with the expectation of profiting from resulting market movements.  Grifols denies that Defendants' positions are a "lawful function and practice" that is "protected by the First Amendment, the Constitution of the State of New York and its common law and statutes" or that Defendants' publications necessarily provide "useful and valuable information to the market."  Grifols lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

CC5.   Grifols admits that Defendants posted reports on its website on January 9 and January 10, 2024, but denies that these reports only constituted Defendants' "views" of Grifols' "public financial reporting and financial/business circumstances."  Grifols denies that Defendants engage in "reporting."  Grifols also admits that Defendants' report about Grifols was "available freely to the public," which contradicts Defendants' prior representation in their Motion to Dismiss that Defendants' report about Grifols was issued only to a "sophisticated" or limited "financially

literate" audience.  ECF 25 at 3, 6.  Grifols otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

CC6.  Denied.

CC7.  Denied.

CC8.  Grifols admits that the Court granted in part Defendants' motion to dismiss but otherwise denies the allegations in this paragraph.

CC9.  Admitted.

CC10.  Denied.

CC11.  Grifols admits that the Court ruled that certain portions of the Complaint should be stricken, but otherwise denies the allegations in this paragraph.

CC12.  Grifols admits that Paragraph 12 accurately quotes a portion of the Court's opinion on Defendants' motion to strike.  To the extent Defendants assert that this allegation in any way supports the merits of their Counterclaim or any other argument they are advancing in this action, Grifols denies that allegation.

CC13.  Grifols admits that Paragraph 13 accurately quotes a portion of the Court's opinion on Defendants' motion to strike.  To the extent Defendants assert that this allegation in any way supports the merits of their Counterclaim or any other argument they are advancing in this action, Grifols denies that allegation.

CC14.  Denied.

CC15.  To the extent the allegations in this paragraph are to be read to suggest that the "no action letter" stemming from "the SEC probe" into Defendants vindicated any wrongdoing by Defendants, Grifols denies those allegations based on the SEC expressly cautioning that its "no action" letter "must in no way be construed as indicating that [Gotham or GIP] has been exonerated

or that no action may ultimately result." ECF 29-2 at 2–3. As for the remainder of the allegations in this paragraph, Grifols lacks sufficient knowledge or information to form a belief about the truth of such allegations and therefore denies them.

CC16. Denied.

CC17. Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 17.

CC18. Denied.

CC19. Paragraph 19 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 19.

CC20. Grifols admits that the Court granted in part Defendants' motion to dismiss but the remainder of Paragraph 20 either contains a legal conclusion to which no response is required or includes factual allegations that Grifols denies.

CC21. Paragraph 21 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 21.

CC22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 22.

CC23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 23.

CC24. Paragraph 24 and its sub-paragraphs (a)–(h) contain legal conclusions to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 24 and its sub-paragraphs.

CC25. Paragraph 25 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 25.

CC26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 26.

CC27. Paragraph 27 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 27.

CC28. Denied.

CC29. Paragraph 29 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 29.

CC30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 30.

CC31. Denied.

CC32. Grifols admits that the Court ruled that certain portions of the Complaint should be stricken, but otherwise denies the allegations in this paragraph.

CC33. Denied.

CC34. Grifols admits that Defendants sent Plaintiff a pre-motion letter contending that the Complaint should be dismissed. Grifols otherwise denies the allegations of this paragraph.

CC35. Grifols admits that Defendants sent Plaintiff a pre-motion letter contending that the Complaint should be dismissed. Grifols admits that the Court granted in part Defendants' motion to dismiss. Grifols otherwise denies the allegations of this paragraph.

CC36. Grifols admits that it filed an Amended Complaint. Grifols otherwise denies the allegations of this paragraph.

CC37. Grifols denies that it refused to remove certain allegations of Mr. Yu's criminal history from its Complaint, but admits that it declined to remove other allegations. Grifols

otherwise lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

CC38.  Grifols admits that Paragraph 38 accurately quotes a portion of the Court's opinion on Defendants' motion to strike.  To the extent Defendants assert that this allegation in any way supports the merits of their Counterclaim or any other argument they are advancing in this action, Grifols denies that allegation.

CC39.  Grifols admits that Paragraph 39 accurately quotes a portion of the Court's opinion on Defendants' motion to strike.  To the extent Defendants assert that this allegation in any way supports the merits of their Counterclaim or any other argument they are advancing in this action, Grifols denies that allegation.

CC40.  Grifols admits that Paragraph 40 accurately quotes a portion of the Court's opinion on Defendants' motion to strike.  To the extent Defendants assert that this allegation in any way supports the merits of their Counterclaim or any other argument they are advancing in this action, Grifols denies that allegation.

CC41.  Paragraph 41 contains a legal conclusion to which no response is required.  To the extent a response is required, Grifols denies the allegations in Paragraph 41.

CC42.  Grifols denies the allegations in Paragraph 42 that "[t]he SEC inquiry was prompted by Grifols' [sic] based on the same claims as alleged in the Complaints."  Grifols admits that, according to documents that Defendants have submitted to the Court, on February 12, 2024, certain Defendants received a voluntary document request from the SEC.  As for the remainder of the allegations in Paragraph 42, Grifols lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

CC43. To the extent the allegations in this paragraph are to be read to suggest that the SEC's "no action letter" vindicated any wrongdoing by Defendants, Grifols denies those allegations based on the SEC expressly cautioning that its "no action" letter "must in no way be construed as indicating that [Gotham or GIP] has been exonerated or that no action may ultimately result." ECF 29-2 at 2–3. As for the remainder of the allegations in this paragraph, Grifols lacks sufficient knowledge or information to form a belief about the truth of such allegations and therefore denies them.

CC44. Grifols lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

CC45. To the extent the allegations in this paragraph are to be read to suggest that the SEC's "no action letter" vindicated any wrongdoing by Defendants, Grifols denies those allegations based on the SEC expressly cautioning that its "no action" letter "must in no way be construed as indicating that [Gotham or GIP] has been exonerated or that no action may ultimately result." ECF 29-2 at 2–3. As for the remainder of the allegations in this paragraph, Grifols lacks sufficient knowledge or information to form a belief about the truth of such allegations and therefore denies them.

**FIRST CAUSE OF ACTION**

**(ATTORNEYS FEES AND COSTS AND EXPENSES UNDER § 70-a(1)(a))**

CC46. Paragraph 46 of Defendants' Counterclaim appears to contain a typographical error that references paragraph numbers that do not correspond to Defendants' Counterclaim: "Defendants repeat and reallege the allegations of paragraphs 299 through [x] of this Counterclaim as if fully set forth herein." To the extent a response is required, Grifols incorporates its responses to paragraphs 1–44 of Defendants' Counterclaim as if fully set forth herein.

8

CC47. Paragraph 47 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 47.

CC48. Paragraph 48 contains a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 48.

CC49. Grifols lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

## SECOND CAUSE OF ACTION

## (OTHER COMPENSATORY DAMAGES UNDER § 70-a(1)(b))

CC50. Grifols denies that it "incit[ed] an SEC investigation" into Defendants, engaged in "similar conduct before the CNMV" or engaged in "a public relations campaign of misleading negative press[.]" The remainder of the allegations in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 50.

CC51. Grifols denies any "improper purposes or objectives" in bringing this lawsuit. Grifols lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

## THIRD CAUSE OF ACTION

## (PUNITIVE DAMAGES UNDER § 70-a (1)(c))

CC52. Denied.

CC53. The allegations in Paragraph 53 contain a legal conclusion to which no response is required. To the extent a response is required, Grifols denies the allegations in Paragraph 53.

## AFFIRMATIVE DEFENSES

Grifols asserts the following affirmative defenses. In doing so, Grifols does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law

places the burden upon Defendants. Grifols further reserves the right to amend, supplement, or otherwise modify these affirmative defenses as additional facts are discovered through investigation and discovery.

### First Affirmative Defense

Defendants' Counterclaim fails to state a claim upon which relief can be granted under New York Civil Rights Law § 70-a or otherwise.

### Second Affirmative Defense

Grifols' claims in this action were commenced and maintained with a substantial basis in both fact and law, and are not subject to recovery under New York Civil Rights Law § 70-a.

### Third Affirmative Defense

To the extent that certain of Grifols' claims were dismissed under the plausibility standard of Federal Rule of Civil Procedure 12(b)(6), such dismissal does not establish that those claims lacked a "substantial basis" in fact and law within the meaning of New York Civil Rights Law § 70-a.

### Fourth Affirmative Defense

Grifols commenced and maintained this action in good faith and for the legitimate purpose of vindicating the damage to its reputation from false and defamatory statements of fact, and not for the purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting Defendants' free exercise of speech, petition, or right of association.

### Fifth Affirmative Defense

Grifols possesses clear and convincing evidence to prove that Defendants made the false statements regarding the Scranton Loan with actual malice, establishing substantial basis for Grifols' claims that survived Defendants' Motion to Dismiss.

### Sixth Affirmative Defense

To the extent Defendants' Counterclaim rests upon the contention that their Report constituted protected opinion on a matter of public concern, Grifols' claims targeted provably false statements of fact—not protected opinion—and thus fall outside the scope of conduct that New York's anti-SLAPP statute was designed to shield.

### Seventh Affirmative Defense

Defendants' Report was published not as disinterested commentary on a matter of public concern but rather in furtherance of Defendants' financial self-interest, including their admitted short position against Grifols' stock, which undermines the characterization of Grifols' suit as targeting purely protected speech and therefore does not constitute the type of disinterested public participation that New York's anti-SLAPP statute was designed to protect.

### Eighth Affirmative Defense

Defendants have failed to plead or establish that they suffered any compensable damages proximately caused by Grifols' commencement or maintenance of this action, as distinguished from costs ordinarily attendant to litigation or costs incurred in connection with independent regulatory or criminal inquiries.

### Ninth Affirmative Defense

Defendants are not entitled to punitive damages under New York Civil Rights Law § 70-a(1)(c) because Defendants cannot meet their burden of establishing the requisite improper purpose.

### Tenth Affirmative Defense

Any harm or costs incurred by Defendants in this action were caused, exacerbated, or contributed to by Defendants' own conduct, including their publication of demonstrably false

statements of fact, their admitted financial interest in driving down Grifols' stock price, and their own litigation strategy and decisions.

### Eleventh Affirmative Defense

Defendants' claims are barred by the doctrine of unclean hands.

### Twelfth Affirmative Defense

Defendants' claims are barred, in whole or in part, by Defendants' own conduct. Defendants' acts, omissions, and/or comparative fault caused or contributed to the alleged injuries.

### Thirteenth Affirmative Defense

Defendants have suffered no legally cognizable damages.

### Fourteenth Affirmative Defense

Defendants' claims are barred, in whole or in part, by the failure to mitigate damages.

### Fifteenth Affirmative Defense

Grifols commenced and maintained this action in good faith reliance on facts, evidence, and reasonable legal theories, precluding any recovery under New York Civil Rights Law § 70-a.

### Sixteenth Affirmative Defense

Defendants' Counterclaim for damages under New York Civil Rights Law § 70-a is not an available remedy in federal court based upon the *Erie* doctrine.

### Seventeenth Affirmative Defense

Defendants' Counterclaim is barred, in whole or in part, to the extent Defendants seek damages under New York Civil Rights Law § 70-a based on any communications between Grifols and any governmental or regulatory body (including but not limited to the United States Securities and Exchange Commission). Such communications constitute protected petitioning activity and are immune from liability under the First Amendment to the United States Constitution, the *Noerr-*

*Pennington* doctrine, and applicable New York law protecting petitioning activity directed to the government, including New York Civil Rights Law §§ 70-a and 76-a.  As such, those activities cannot form the basis for liability, damages, or any recovery.

## **<u>JURY TRIAL DEMANDED</u>**

Grifols demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated:   April 9, 2026                **PROSKAUER ROSE LLP**

By:   */s/ Peter Doyle*

Peter D. Doyle
Jeff Warshafsky
William T. Walsh, Jr.
Michael Guggenheim
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com
jwarshafsky@proskauer.com
wwalsh@proskauer.com
mguggenheim@proskauer.com

*Counsel for Plaintiff Grifols, S.A.*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 9, 2026, I caused a true and correct copy of the foregoing

Answer to be filed electronically via the Court's CM/ECF system, which will send notification of

such filing to all counsel of record.


Dated: April 9, 2026                                    By: /s/ *Peter Doyle*_____

Peter D. Doyle
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
pdoyle@proskauer.com

*Counsel for Plaintiff Grifols, S.A.*

15