UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GRIFOLS, S.A.,                                      :

                                                    :        ORDER
                       Plaintiff,
                                                    :        24 Civ. 576 (LJL) (GWG)

        -v.-
                                                    :

YU et al.,                                          :

                                                    :
                       Defendants.
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

        Defendants have filed a motion to seal two letters to General Industrial Partners LLP
("GIP") from the United Kingdom's Financial Conduct Authority ("FCA").   See Letter from
David S. Korzenik, filed Mar. 13, 2026 (Docket # 124) ("Mot."). "The burden of demonstrating
that a document submitted to a court should be sealed rests on the party seeking such action."
DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

        The letters in question have been filed under temporary seal at Docket ## 125-1 and 125-
2.  Defendants seek sealing of these letters pursuant to what they interpret to be a "statutory
obligation" under the United Kingdom's Financial Services and Markets Act ("FMSA") 2000, c.
8 (UK).   See Mot.

        Each of the letters is titled "Notice of Requirement."   Each requests certain information
from GIP.   Each concludes with this paragraph:

        The information in this Notice of Requirement remains confidential in the hands of
        GIP and is subject to the restrictions contained in section 348 of FSMA and the
        exceptions permitted by section 349.  Disclosure other than in accordance with
        these restrictions and exceptions is a criminal offence under UK law.

Docket ## 125-1 at *3, 125-2 at *3.  Defendants apparently understand this language to require
GIP to keep the letters confidential.

        While we view the wording of this paragraph to be confusing, the cited statute reflects
that GIP is not under an obligation to keep the requests confidential   Section 348(1) of the
FMSA states, "Confidential information must not be disclosed by a primary recipient, or by any
person obtaining the information directly or indirectly from a primary recipient, without the
consent of (a) the person from whom the primary recipient obtained the information; and (b) if

different, the person to whom it relates."[1]   As Section 348(5)(a) makes clear, the "primary recipient" refers to the FCA, not GIP.   Thus, it is the FCA, not GIP, who must maintain confidences.   The FCA's own website confirms this reading.   There, the FCA explains, "FSMA states we can't share confidential information with the public." See "Information we can share", Financial Conduct Authority (Jan. 5, 2024), https://www.fca.org.uk/freedom-information/information-we-can-share.   It adds, "any information we receive from a firm is protected under section 348 of FSMA."   Id.

If defendants wish to present a sworn declaration of an expert in United Kingdom law who reads the FMSA and concluding paragraph of the letters differently than we do, GIP has leave to file such a sworn statement on or before May 19, 2026.   In the absence of such a filing, the Court intends to order the unsealing of Dockets ## 125-1 and 125-2.

SO ORDERED.

Dated: May 11, 2026
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1]   The text of the statute is available at: https://www.legislation.gov.uk/ukpga/2000/8/contents.