UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRIFOLS, S.A.,                                           :

                                                        :      MEMORANDUM OPINION
                            Plaintiffs,                  :      24 Civ. 576 (LJL) (GWG)
                                                        :
        -v.-
                                                        :

                                                        :
DANIEL YU et al.,                                       :

                                                        :
                            Defendants.
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

I.      BACKGROUND

Plaintiff Grifols, S.A. ("Grifols") has filed a motion to compel the production of

documents from defendants Daniel Yu, Cyrus De Weck, Gotham City Research LLC

("Gotham"), and General Industrial Partners LLP ("GIP").[1]

Grifols alleges that "Gotham, through Yu and in coordination with Defendants GIP and

De Weck, engages in short selling and publishes 'research reports' about the target compan[ies]

of its short selling positions on its website, www.gothamcityresearch.com."  Redacted Amended

Complaint, filed Mar. 3, 2026 (Docket # 115) ("Compl.") ¶ 55.  On January 9, 2024, Gotham

published a report about Grifols (the "Report") that Grifols asserts is defamatory.  See id. ¶¶ 231-

---

[1] See Notice of Motion to Compel Production, filed Nov. 14, 2025 (Docket # 84) ("Mot.");
Plaintiff's Memorandum of Law in Support, filed Nov. 14, 2025 (Docket # 85) (Pl.'s Mem.");
Declaration of Peter D. Doyle in Support, filed Nov. 14, 2025 (Docket # 86) ("Doyle Decl.");
Defendants' Memorandum of Law in Opposition, filed Nov. 26, 2025 (Docket # 91) ("Defs.'
Opp."); Plaintiff's Reply Memorandum of Law in Further Support, filed Dec. 8, 2025 (Docket
# 99) ("Pl.'s Reply"); Declaration of William T. Walsh, filed Dec. 8, 2025 (Docket # 100).

54.  In response to a motion to dismiss filed by defendants, Judge Liman concluded that Grifols had pled that the Report contained actionable false and defamatory statements relating to a $95 million loan (the "Scranton loan") from Grifols to an affiliate.  See Grifols, S.A. v. Yu, 2025 WL 1826611, at *13, *20-21 (S.D.N.Y. July 2, 2025).  He found that a number of other allegedly false and defamatory statements in the Report were not actionable.  See id. at *14-19.

Plaintiff's motion to compel production concerns 28 requests for production.  See Pl.'s Mem. at 11-21; Amended Second Set of Requests for Production, annexed as Ex. A. to Doyle Decl. (Docket # 86-1).  These requests target defendants' "communications about Grifols, Scranton, and this litigation," Pl.'s Mem. at 11; defendants' "editorial process" with respect to the Report, id. at 15; defendants' "trading activity and financial records," id. at 17; and "the organizational structure and relationships among Gotham and GIP," id. at 19.

Defendants represent that they have already committed to "disclos[ing] all facts and documents relating to the publication and correction of the Scranton Loan statement."  Defs.' Opp. at 30.  They offer a number of reasons why the Court should otherwise deny plaintiff's motion, including arguments that plaintiff's requests seek irrelevant information and are disproportionate under Fed. R. Civ. P. 26(b).  See id. at 31.  They have also filed a cross-motion for a protective order, arguing that plaintiff's requests seek information protected by New York's Shield Law, N.Y. Civ. Rights Law § 79-h.  See Notice of Motion for Protective Order, filed Nov. 26, 2025 (Docket # 92).  The cross-motion for a protective order is denied for reasons explained in an Opinion and Order separately issued today.

In this Memorandum Opinion, we address only two threshold issues raised by defendants regarding the scope of discovery that should be allowed in this matter: whether Grifols is entitled to (1) discovery that does not "correlate" to statements in the Report about the Scranton loan and

(2) materials from the period after January 9, 2024, the date these statements were made.  We believe a decision on these threshold issues may assist the parties in resolving the discovery disputes related to specific requests for production also before the Court.  Accordingly, those disputes will be addressed separately at a conference, if necessary.

For context, plaintiff's defamation claim requires it to prove that defendants made the statements about the Scranton loan with "actual malice."  See Grifols, 2025 WL 1826611, at *10.  To prove "actual malice," a plaintiff must show that defendants acted with "knowledge that the statements were false or . . . reckless disregard as to their falsity."  Id. (quoting Biro v. Conde Nast, 807 F.3d 541, 544 (2d Cir. 2015)).  The term "actual malice" does not mean that defendants harbored ill-will toward Grifols; rather it is "a term of art denoting deliberate or reckless falsification."  Masson v. New Yorker Magazine, 501 U.S. 496, 499 (1991).

II.      DISCUSSION

Rule 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "The party seeking discovery bears the burden of demonstrating its relevance."  Underwood v. Coinbase Glob., Inc., 2025 WL 3273810, at *2 (S.D.N.Y. Oct. 7, 2025) (citation omitted).  "Though the burden of demonstrating relevance is on the party seeking discovery, . . . [i]f a party objects to discovery requests, that party bears the burden of showing why discovery should be denied."  Brown v. New York City Dep't of Educ., 2024 WL 4493470, at *3 (S.D.N.Y. Oct. 15, 2024) (quoting Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. 2016)).  "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."  Foley v. Union de Bangques Arabes et Francaises, 2025 WL 1001818, at *4

(S.D.N.Y. Mar. 31, 2025) (quoting <u>Go N.Y. Tours, Inc. v. Aurora Tourism Servs., LLC</u>, 2023 WL 9111158 at *1 (S.D.N.Y. Dec. 20, 2023)).

 A. <u>Whether Plaintiff Is Entitled to Discovery Into Matters Not Directly Tied to Statements About the Scranton Loan</u>

The parties dispute whether plaintiff may take discovery untethered to the statements about the Scranton loan in order to amass evidence of actual malice. <u>See</u> Pl.'s Mem. at 7-8. Defendants' position is that Grifols' "demands must be correlated to the one sentence left in this case — the Loan Statement."[2] Defs.' Opp. at 12. The term "correlated" is peppered throughout defendants' brief. While the validity of defendants' position depends on what exactly is meant by "correlated," we note that their position appears to be extreme. They indicate that it would be improper for Grifols to take discovery into how they "perceived the company, how they analyzed and discussed Grifols' financial reporting and disclosures, and what preconceptions or biases informed their reporting." <u>Id.</u> at 9 (quoting Pl.'s Mem. at 7).

Defendants appear to have gotten the concept of "correlation" from the Second Circuit's decision in <u>Church of Scientology Int'l v. Behar</u>, 238 F.3d 168 (2d Cir. 2001). In that decision, the Second Circuit approvingly cited language from a district court's grant of summary judgment to a defamation defendant. As related by the Second Circuit, the district court properly found that the defendant's "alleged bias" against the plaintiff "would be relevant to show purposeful avoidance of the truth" — that is, actual malice — "if it were coupled with evidence of an extreme departure from standard investigative techniques." <u>Id.</u> at 174. It thus held that evidence of the defendant's generalized bias against the plaintiff would be probative of actual malice in

---

[2] Judge Liman's opinion makes clear that the Report's "statements" (in the plural) "regarding the Scranton Loan" are actionable. <u>Grifols</u>, 2025 WL 1826611, at *20.

conjunction with evidence that the defendant made little effort to learn the truth about the plaintiff.  There was no holding in Behar, however, that evidence of generalized bias was necessarily irrelevant to proving actual malice — and certainly no holding that discovery on such a topic was not relevant.  It was in this context that Behar accepted that the plaintiff had "failed to demonstrate the correlative circumstance of inadequate investigation to make its evidence of bias probative of actual malice, rather than probative of lack thereof."  Id. (citation and internal quotation marks omitted).

If defendants are arguing, as we understand them to be, that Grifols is only entitled to communications or documents which directly refer to the Scranton loan, then we reject this position.  Certainly, Grifols' ultimate burden is to show actual malice with respect to the Scranton loan statements.  But it does not follow that Grifols must "prove this using only documents that discuss the Scranton loan statements," Pl.'s Reply at 6, if that is what defendants mean when they say discovery must "correlate" to those statements.

Indeed, the Supreme Court has made clear that actual malice may be established through "indirect proof," Herbert v. Lando, 441 U.S. 153, 172 (1979), or "circumstantial evidence," Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657, 668 (1989).  The Second Circuit similarly has held that actual malice "may be proved inferentially" because a defamation defendant's "subjective mental state" regarding the statements at issue "rarely is admitted" by the defamation defendant.  Dalbec v. Gentleman's Companion, Inc., 828 F.2d 921, 927 (2d Cir. 1987).  It has explained that in the typical defamation case, the court "will infer actual malice from objective facts" indicating "negligence, motive and intent such that an accumulation of the evidence and appropriate inferences supports the existence of actual malice." Celle v. Filipino Rep. Enters. Inc., 209 F.3d 163, 183 (2d Cir. 2000) (quoting Bose Corp. v. Consumers Union of

5

United States, Inc., 692 F.2d 189, 196 (1st Cir. 1982)).  Likewise, the New York Court of

Appeals has recognized that although "actual malice" does not mean "evil intent or a motive

arising from spite or ill will . . . such motivations are not irrelevant to the actual malice inquiry."

Kipper v. NYP Holdings Co., Inc., 12 N.Y.3d 348, 354 n.4 (2009) (citations and internal

quotation marks omitted).

Celle too contemplates that evidence not directly tied to the defamatory statements at

issue can be probative of actual malice.  See 209 F.3d at 183 ("Evidence of ill will combined

with other circumstantial evidence indicating that the defendant acted with reckless disregard of

the truth or falsity of a defamatory statement may also support a finding of actual malice.")

(citing Tavoulareas v. Piro, 817 F.2d 762, 795 (D.C.Cir.1987)).  Celle found that a jury's finding

of actual malice was based on sufficient evidence.  See id. at 187.  This included "evidence

indicating ill will and personal animosity between [the plaintiff] and [the defendant] at the time

of publication" — evidence which apparently did not refer to the defamatory statements at issue.

Id. at 186.  Following Celle, case law in this Circuit specifically recognizes that evidence "about

non-actionable statements" could "suggest[] that [the defendant] also made his allegedly

defamatory statements merely to shame [the plaintiff] and without any factual basis or with

reckless disregard as to their falsity."  Conti v. Doe, 535 F. Supp. 3d 257, 279 (S.D.N.Y. 2021).

The cases cited by defendants, some of which we have already discussed, do not support

limiting discovery to documents that refer only to the Scranton loan.  For example, in Goldfarb

v. Channel One Russia, 663 F. Supp. 3d 280 (S.D.N.Y. 2023), the court assessed whether the

plaintiff had adduced sufficient evidence of the defendant's actual malice to proceed to trial.  See

id. at 287-88.  Goldfarb concluded that he had.  See id. at 312.  For example, some of the

plaintiff's evidence was unrelated to the statements he sued on.  He proffered testimony from one

of the defendant's employees "indicat[ing] that ordinarily [the employee] entertained doubts as to the truth of many claims made" on the defendant's broadcast programs.  Id. at 308.  He also established through portions of broadcast transcripts that did not specifically concern him that the defendant "had a clear motive to defame him."  Id. at 310.  Here, defendants cannot screen Grifols off from similar evidence.

Biro v. Conde Nast, 807 F.3d 541 (2d Cir. 2015), cited throughout defendants' brief, does not hold otherwise.  Biro ruled that a "failure . . . to correct a statement unrelated to the allegedly defamatory statements in light of events that occurred after publication is . . . insufficient to render the allegation of actual malice plausible," as was the defendants' decision in that case to selectively focus their reporting on just some of the plaintiff's work.  Biro, 807 F.3d at 546.  Biro's ruling does not mean that discovery must be limited to documents specifically referencing defamatory statements.  Biro addressed allegations that fell short of what Rule 12(b)(6) requires.  It did not address what Rule 26 permits.  Defendants' case Brimelow v. New York Times Co., 2021 WL 4901969 (2d Cir. Oct. 21, 2021), also decided at the pleading stage, is similarly inapposite.

Finally, although the evidence of actual malice adduced by the plaintiff in Dalbec did directly relate to the statements at issue, see Dalbec, 828 F.2d at 927, Dalbec confirmed that actual malice "may be proved inferentially because it is a matter of the defendant's subjective mental state," id. (citing Bose, 692 F.2d at 196).

In sum, there is no absolute requirement that discovery into a defendant's state of mind as to actionable statements must be limited to documents that specifically refer to those statements.  Instead, Grifols is permitted to seek inferential evidence that will illuminate defendants' state of mind, on the understanding that ultimately such evidence must be used to show that defendants

7

acted with actual malice as to the Scranton loan statements.  See generally Block v. Matesic, 789 F. Supp. 3d 1131, 1166 (S.D. Fla. 2025) ("Since actual malice is a state of mind much like any other, a plaintiff should be entitled to try to prove it with whatever evidence he can find."), appeal docketed, No. 25-14517 (11th Cir. Dec. 20, 2025).

B.  Whether Plaintiff Is Entitled to Discovery Postdating the Report

The parties also dispute the extent to which material postdating the Report is relevant. See Pl.'s Mem. at 10.  While actual malice is "judged 'at the time of publication,'" a defendant's actions after publication "can support the inference that the defendant knew of its falsehood at the time."  Grifols, 2025 WL 1826611, at *21 (quoting Celle, 209 F.3d at 182); accord Coomer v. Byrne, 2025 WL 1222527, at *3 (M.D. Fla. Apr. 28, 2025); Gilmore v. Jones, 2021 WL 68684, at *6 (W.D. Va. Jan. 8, 2021).  For example, in Stern v. Cosby, 645 F. Supp. 2d 258 (S.D.N.Y. 2009), the plaintiff offered to pay her sources to attest to the accuracy of statements she had attributed to them in her book.  See id. at 279-80.  Stern determined that this post-publication course of conduct could support a finding of actual malice.  See id. at 280-81.

Of course, "information acquired after the publication of defamatory material cannot be relevant to the publisher's state of mind of his alleged malice at the time of publication."  Herbert v. Lando, 781 F.2d 298, 306 (2d Cir. 1986).  In other words, any material from the time period after publication must in some way reflect defendants' state of mind at the time of publication. Plaintiff represents to us that, in line with this principle, defendants have agreed to disclose only post-publication materials "that they unilaterally deem to 'reflect back' on their state of mind at the time of publication."  Pl.'s Mem. at 10.  Plaintiff's representation contains no record citation, and defendants' papers do not indicate that this is their position.[3]

---

[3] Plaintiff attaches an email from defendants' counsel antedating the requests for production that

8

Instead, defendants stake out a different position. They "propose that a 10-day deadline post-publication for document collection, until Jan. 29, 202[4], is the proportionate timeline for relevant communications about the Loan Statement to ensure evidence is not 'too remote' from the 'relevant circumstances surrounding' the Jan. 9 publication [of the Report] and Jan. 10 revision." Defs.' Opp. at 19 (quoting Herbert, 441 U.S. at 164 n.12). But defendants "have not identified any principled reason why documents published on [a particular date] could be relevant to a showing of actual malice, while documents published on [the next day] could not." Gilmore, 2021 WL 68684, at *6. On the other hand, plaintiff's proposed timeframe — from January 1, 2024, to present, see Pl.'s Reply at 11 — is perhaps equally "arbitrary," Gilmore, 2021 WL 68684, at *6. What matters is what time period would result in a disproportionate or undue burden on the defendants. Given that it was the defendants' burden to show that the plaintiff's proposal is disproportionate, see Brown, 2024 WL 4493470, at *3, and that they have not produced any specific evidence on this front, the Court will follow another defamation case and set a presumptive one-year period from the date of the filing of the complaint as being reasonable. See, e.g., Coomer, 2025 WL 1222527, at *4 (limiting the temporal scope of discovery into post-publication materials to one year after the plaintiff filed his complaint).

*     *     *

---

are the subject of the instant motion to compel. See E-mail from David Korzenik, dated Nov. 5, 2025, annexed as Ex. B to Doyle Decl. (Docket # 86-2)). In that email, defendants indicate that they "[w]ill not be producing documents that were not in existence at the time of publication, and therefore could have no bearing on the state of mind of the publisher at the time of publication." Id. While it appears defendants are no longer taking this position, it hardly needs pointing out that its reasoning is flawed. "Suppose a defendant happened to memorialize in a post-publication email that he knew he had lied about the plaintiff. Such an email would obviously be evidence of actual malice." Block, 789 F. Supp. 3d at 1166. "That defendants are rarely so obliging doesn't affect the principle." Id.

9

With the principles stated herein in mind, the parties should promptly confer regarding their discovery disputes to see if they can narrow any of the disputes presented in their briefing. To the extent further disputes remain, the Court will hold a conference to address them.

To this end, the parties should provide a jointly composed letter or separate letters on or before June 2, 2026, that set forth whether any progress has been made on the specific disputes raised in the motion papers and whether the parties still require the Court's adjudication of those disputes. The letter(s) shall fully describe any disputes that have been eliminated or altered since the parties' briefing on the motion to compel. After the letter(s) have been filed, the Court will promptly schedule a conference to discuss all remaining disputes.

SO ORDERED.

Dated: May 19, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

10