UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GRIFOLS, S.A.,                                      :

                                                    :        ORDER
                       Plaintiff,
                                                    :        24 Civ. 576 (LJL) (GWG)
       -v.-
                                                    :

DANIEL YU et al.,                                   :

                                                    :
                       Defendants.
-----------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

       For the reasons stated in our prior order (Docket # 143), we now consider for the first time the motion to seal at Docket # 131, which has been supplemented by the letters appearing at Docket ## 140, 147, and 149, and which seeks the sealing of Docket # 125.

       The framework for our consideration is outlined in our decision in In re N.Y.C. Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 251-55 (S.D.N.Y. 2022).   In brief, it is not contested that the letters contained in Docket # 125 (and the associated declaration) are judicial documents and thus a presumption of public access attaches.   See id. at 252.   Because the letters were submitted in the context of a discovery motion, the weight of that presumption is "modest."   Id. at 253 (quoting Royal Park Investments SA/NV v. Deutsche Bank Natl. Tr. Co., 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016)).   We must next balance any factors that favor nondisclosure against the presumption of public access.   Id.   Defendants bear the burden of showing that the letters should be sealed.   See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

       Here, the sole countervailing factor to be balanced against the presumption is the claim that UK law bars defendant General Industrial Partners LLP ("GIP") from revealing the letters. GIP's expert witness as to UK law, Daniel Burgess, makes plausible arguments that the governing statute — § 348 of the Financial Services and Markets Act 2000, c. 8 (UK) — bars disclosure of certain information in the letters without the consent of a Spanish regulatory agency, "CNMV "(identified in Docket # 123 ¶ 8) and GIP.[1]   See Docket # 131-1.   While we assume that GIP would consent to disclosure, there is no indication that the CNMV has provided consent.

-----

[1] The text of the FMSA is available at: https://www.legislation.gov.uk/ukpga/2000/8/contents.

The application of UK law addressed by Burgess is itself an issue of law to be determined by this Court.   See Fed. R. Civ. P. 44.1; Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 92 (2d Cir. 1998).   In light of the unrebutted assertion by an expert in UK law that UK law forbids disclosure without the permission of the CNMV (and GIP), and the plausibility of the expert's analysis, we accept that UK law bars disclosure of the letters.

Nonetheless, even though a foreign country's law "governs and would require sealing," we consider whether "international comity" is enough to "override" the presumption of public access to judicial documents.   Redeemer Comm. of Highland Credit Strategies Funds v. Highland Cap. Mgmt., L.P., 182 F. Supp. 3d 128, 130 (S.D.N.Y. 2016).   Here, defendants make no argument that the presumption of public access has been overcome by considerations of comity.   There has been no showing that any harm would result from the disclosure of the contents of the letters or the associated declaration.   Furthermore, the letters have already been shared with the parties to this action.   See Docket ## 147, 149.   In light of these circumstances, we cannot find that even the "modest" presumption of public access at play here has been overcome.

Accordingly, the motion to seal (Docket # 131) is denied.   The Clerk is directed to unseal the entirety of Docket # 125 so that it is viewable by the public.

SO ORDERED.

Dated:  May 29, 2026
         New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2