June 16, 2026

**<u>Via ECF</u>**
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court for the Southern District of New York

Re: ***Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Gorenstein:

The parties write pursuant to the Court's May 19, 2026 and May 27, 2026 Orders (ECF Nos. 142, 145) to report on the status of the discovery disputes that were the subject of Grifols' Motion to Compel. Although certain issues remain in dispute and are set forth below, the parties have reached agreement regarding a substantial portion of the requests at issue.

Specifically, the parties have agreed that, should Defendants' objection to the Court's denial of Defendants' Cross-Motion for a Protective Order under New York's "Shield Law" (ECF 156) also be denied, Defendants will produce all non-privileged documents responsive to the following requests for production that hit on the search terms agreed upon by the parties,[1] over the agreed upon repository of documents still being negotiated by the parties:

- RFP Nos. 1–6;
- RFP No. 9;
- RFP No. 10;
- RFP No. 12;
- RFP No. 17;
- RFP Nos. 21–24;
- RFP No. 26;
- RFP No. 27; and
- RFP No. 35.

The parties have also reach tentative agreement on several other requests that were subject to Grifols' Motion to Compel:

First, with respect to ***RFPs 7, 8, and 11***, which are requests seeking communications and documents exchanged with or concerning the Comisión Nacional del Mercado de Valores ("CNMV"), governmental investigations, and related regulatory productions, Defendants agree to produce all responsive documents except to the extent that they are prohibited from doing so by, for example, any confidentiality restrictions imposed by the court in Spain, or by relevant European data privacy regulations. Defendants are conferring with Spanish counsel about this matter. Defendants have agreed to advise Grifols of their position by June 30, 2026. Grifols

---

[1] The parties have agreed upon all search terms relating to the Scranton Loan Statements and are currently negotiating the search terms that will apply if Defendants' objection to the denial of their Cross-Motion for a Protective Order is denied.

June 16, 2026
Page | 2

reserves all rights to challenge the applicability of any foreign-law restriction Defendants may seek to invoke.

Second, with respect to **RFP Nos. 16, 34, and 39**, requests seeking information concerning Defendants' financial bank accounts, and tax records, Defendants have represented that they will produce documents responsive to RFP Nos. 31, 33, 36, and 38, and assert that such production will be sufficient to establish the nature and timing of Defendants' financial transactions and profits relating to Grifols stock. In light of that representation, Grifols will not presently seek to compel further production responsive to RFP Nos. 16, 34, and 39. Grifols expressly reserves its right to seek additional relief regarding those requests should Defendants' production prove deficient.

Third, with respect to **RFP 19**, which seeks information concerning Defendants' trading activity in Grifols stock, Defendants have agreed to produce documents sufficient to identify the timing, amount, and other relevant details of any transaction involving Grifols stock, together with communications concerning such transactions sufficient for Grifols to understand the nature of the transaction. Grifols reserves all rights to challenge the sufficiency of that production.

Finally, the parties have not reached agreement on the following issues and have set forth their specific positions as to each below:

### 1. Post-Publication Discovery

**Defendants' Position**:

Defendants have agreed to produce documents responsive to the search terms applied across the documents produced to the SEC in its investigation of the same report's publication. As to demands that are not necessarily captured in the body of documents produced to the SEC on this same subject based, Defendants have agreed to undertake some targeted new collections on accounts or search terms that were not included.

The document collection that Defendants undertook in connection with the SEC investigation had an end date of Jan. 29, 2024, twenty days after the Report's publication. Given that, any post-Jan. 29, 2024 search would necessarily require a new collection of all repositories of documents and communications and presents a significant burden. Defendants understand Your Honor's order and agree to work diligently with Plaintiff to see if we can reach an agreement on the post-publication period in terms of time period and search terms to balance this burden. If an agreement cannot be reached, Defendants reserve their rights to additional objections based on proportionality and burden as to the one-year time period.

**Grifols' Position:**

Defendants are conflating two separate issues. For the period January 1, 2023 through January 29, 2024, the parties are currently negotiating whether Defendants may limit their searches to the subset of documents they previously produced to the SEC or whether Defendants must search the broader collection of ESI they collected prior to culling and producing documents to

June 16, 2026
Page | 3

the SEC.[2] Defendants advocate for the former approach because it would avoid the need to conduct a document review from scratch and because Defendants contend that every document in that collection that hit on the search term "Grifols" was included in the SEC production (aside from documents withheld pursuant to the attorney-client privilege), making that subset consistent with the Court's ruling regarding the scope of relevant discovery. Defendants have likewise agreed that, should their objection to the denial of their Cross-Motion for a Protective Order be denied, they will run the search term "Grifols OR GRF OR Grif!" across the agreed-upon repositories and produce any non-privileged document that hits on that term. Grifols is currently awaiting information from Defendants that purportedly will demonstrate that no potentially relevant documents concerning Grifols were excluded from the SEC production population and that limiting searches to that subset is therefore appropriate.

The dispute regarding the post-publication period is different. Because Defendants' SEC-related collection ended on January 29, 2024, and because the Court held that the relevant period extends through January 10, 2025 (ECF 142), it is undisputed that Defendants must undertake new collections from the agreed-upon repositories to capture documents from that additional period. Thus, unlike the pre-January 29, 2024 period—where the parties are discussing whether the SEC production population is an adequate proxy for documents concerning Grifols—the post-publication dispute concerns documents that do not exist in the SEC production population at all. Defendants' objection is therefore not really about the scope of repositories to be searched, but rather about having to collect, apply search terms to, review, and produce responsive non-privileged documents concerning Grifols for the additional period following publication.

Defendants never asserted such a burden objection in response to Grifols' discovery requests. *See* ECF No. 68-4. Instead, Defendants argued that post-publication discovery should be limited to January 29, 2024 because communications after that date were allegedly too remote from the publication and revision of the Report to be relevant to actual malice. ECF 91 at 13-15. The Court squarely addressed and rejected that position, holding that Defendants failed to identify any principled reason why January 29, 2024 was the appropriate cut-off and further failed to establish that a longer period would be disproportionate. ECF 142 at 9. Having litigated and lost that issue, Defendants should not be permitted to repackage the same objection as a new burden argument. Nor do they offer any evidence now to demonstrate that burden, despite it being their obligation to do so. Accordingly, Grifols respectfully submits that Defendants should be ordered to collect ESI from the agreed-upon custodial repositories for the period January 30, 2024 through January 10, 2025, apply the parties' agreed-upon search terms, and produce all non-privileged documents that hit on those search terms, given that is the same search-and-production methodology Defendants agreed to follow with respect to documents concerning Grifols for the pre-January 29, 2024 period.

---

[2] For the period January 1, 2022 through December 31, 2022, Defendants have agreed to provide information concerning the volume of potentially responsive documents so that Grifols can assess Defendants' contention that collecting, reviewing, and producing documents from that period would be unduly burdensome. Grifols reserves all rights to seek production from that period depending on the information Defendants provide.

June 16, 2026
Page | 4

### 2. Privilege Log

**<u>Defendants' Position:</u>**

To that end, as to many demands that seek communications post-filing of this action, Defendants agree to produce non-attorney client or work product privileged responsive documents, but note that Plaintiff initiated this action and other regulatory complaints so quickly that many of the post-publication documents and communications are attorney-client or work-product privileged. As a result, search parameters for post-publication materials should be carefully crafted to minimize the unnecessary burden of reviewing materials that are clearly privileged. Defendants also object to logging the attorney client and work product material as documents and communications exchanging drafts of the SEC presentation and preparation as such materials are so clearly privileged to obviate the need for such a log. (RFP 10)

**<u>Grifols' Position:</u>**

What Defendants are effectively seeking is an exemption from their obligations under Rule 26(b)(5) based on their unilateral determination that certain categories of documents are "clearly privileged" simply because they post-date the filing of Grifols' complaint. The Federal Rules do not provide such an exception. Rather, Defendants should apply the agreed-upon search terms, review the resulting documents for privilege, produce non-privileged documents that hit on the search terms, and log any responsive documents withheld on attorney-client privilege or work-product grounds, just as any other litigant would be required to do. Indeed, any case in which the relevant discovery period extends beyond the filing of a complaint will necessarily result in the collection of presumptively privileged communications, yet that does not relieve a party of its obligation to identify and log withheld responsive documents. Grifols therefore respectfully submits that Defendants should be ordered to comply with Rule 26(b)(5) and provide a privilege log for any responsive documents withheld on privilege grounds.

### 3. RFP 20

**<u>Defendants' Position:</u>**

On the RFP 20, Defendants agree to produce those agreements only between those named Defendants, showing the relationship and revenue sharing affiliation between Defendants. Defendants object to any further production as burdensome, unnecessary, disproportionate and irrelevant.

**<u>Grifols' Position:</u>**

RFP No. 20 seeks "[a]ll Documents and Communications concerning any agreements between any Defendant and any person, entity, or other Defendant related to the sharing of any revenue derived from a financial transaction involving Grifols' stock." ECF 84 at 3. Defendants have agreed to produce only agreements among the named Defendants themselves. However, agreements and related communications involving third parties are equally relevant to Defendants' financial motives, relationships with other actors, actual malice, and aiding-and-abetting liability,

June 16, 2026
Page | 5

among other issues. For example, if a Defendant entered into an agreement with a third party to share profits derived from a short position in Grifols stock, communications concerning the negotiation, purpose, or implementation of that arrangement could shed light on the incentives and motivations surrounding publication of the Report. In any event, Defendants waived any objection based on relevance, burden, proportionality, or the scope of the request by asserting only generalized boilerplate objections and failing to articulate any request-specific basis for withholding such materials in their written responses. *See* ECF No. 68-4 at 3. Accordingly, Grifols respectfully submits that Defendants should be required to produce all responsive, non-privileged documents and communications.

Respectfully submitted,

/s/ *Peter D. Doyle*
Counsel for Grifols

/s/ *David S. Korzenik*
Counsel for Defendants