# Proskauer
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 21, 2026

**Via ECF**
Hon. Gabriel L. Gorenstein, U.S.M.J.
Thurgood Marshall United States Courthouse

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GLG

Dear Judge Gorenstein:

Grifols respectfully submits this letter because Defendants have breached the parties' agreement concerning the operative repository of documents that Defendants would search for responsive documents in this case. That agreement resolved one of the principal disputes Grifols intended to raise at the July 9 status conference and led Grifols to join Defendants' request that the conference be cancelled. ECF 171. Unfortunately, this issue now requires the Court's assistance because Defendants went back on their agreement after the conference was cancelled.

In a July 2 Email, Defendants specifically agreed to search their broader ESI collection for responsive documents concerning their allegedly defamatory statements about disclosure of the Scranton Loan (the "Scranton Loan Statements") while Defendants' Rule 72 objection remains pending before Judge Liman.[1]   In a total reversal, Defendants now seek to limit production to the subset of documents previously produced to the SEC.

Grifols respectfully requests that the Court enter an order deeming Defendants' broader ESI collection—not the SEC production—to be the operative repository for discovery in this case and directing Defendants, while the Rule 72 objection remains pending, to produce all responsive documents concerning the Scranton Loan Statements from that repository that are not protected by the attorney-client privilege or work-product doctrine.

## I. BACKGROUND

This dispute arises from two separate discovery rulings and the parties' subsequent efforts to keep discovery moving while Defendants' Rule 72 objection remained pending.

First, Grifols moved to compel production of broad categories of documents concerning Grifols generally, including Defendants' drafts, editorial communications, sourcing materials, and other documents bearing on Defendants' knowledge and actual malice in connection with the Scranton Loan Statements. ECF 84. Defendants argued that discovery should instead be limited to documents specifically *mentioning* the Scranton Loan Statements. ECF 91 at 9–13. The Court rejected that argument, holding that "there is no absolute requirement that discovery into a defendant's state of mind as to actionable statements must be limited to documents that specifically refer to those statements" and that Grifols is entitled to seek "inferential evidence" bearing on

---

[1] Consistent with paragraph 2.A. of Your Honor's Individual Practices, Grifols is not attaching the parties' correspondence regarding this dispute, but will promptly provide it at the Court's request.

# Proskauer

Hon. Gabriel L. Gorenstein, U.S.M.J.
Page 2

Defendants' actual malice. ECF 142 at 7–8. Defendants expressly declined to object to that ruling before Judge Liman. ECF 144 at 2.

Separately, Defendants cross-moved for a protective order under New York Civil Rights Law § 79-h. ECF 92. While asserting the Reporter's Privilege over broader categories of Grifols-related documents, Defendants repeatedly represented that they were **not** asserting the privilege over documents relevant to the Scranton Loan Statements, as opposed to other statements that were never challenged or were dismissed as opinion. The Court denied Defendants' motion. ECF 141. Defendants objected to that ruling, and the Rule 72 objection remains pending before Judge Liman, with oral argument scheduled for July 22, 2026.

To keep discovery moving while that objection is pending, the parties reached an interim agreement, which they ultimately memorialized in both a May 26th email and a June 16th Letter to the Court (ECF 157). Although Grifols maintained that Defendants should immediately produce the broader categories of documents this Court had already held discoverable, Grifols agreed— solely to avoid further delay and without prejudice to seeking that broader discovery—that Defendants could initially limit production to the one category of documents Defendants had always agreed to produce: documents specifically mentioning the Scranton Loan Statements. Consistent with that framework, the parties agreed on one set of search terms designed to identify documents mentioning the Scranton Loan Statements, while continuing to negotiate a separate set of broader search terms that would apply if Judge Liman denied Defendants' Rule 72 objection. *See* ECF 157 at 1 n.1. The parties' respective positions at that point are summarized below:[2]

|  | Documents mentioning Defendants' Statements about disclosure of the Scranton Loan | Broader documents concerning Grifols that this Court held relevant to actual malice with respect to the Scranton Loan Statements (ECF 142) |
|---|---|---|
| **SEC Production Repository** | Produced (Defendants agreed to waive Reporter's Privilege). | Reporter's Privilege asserted pending Rule 72 objection. |
| **Broader ESI Collection Repository** | *Subject of this dispute.* <br><br> Defendant agreed to search and produce these documetns whiel the Rule 72 objection remained pending, but now refuse to do so. | Reporter's Privilege asserted pending Rule 72 objection. |

---

[2] As the chart illustrates, the only issue presented by this letter is the highlighted box. Grifols maintains that, beyond the waivers discussed in the briefing on Defendants' motion for protective order, Defendants separately waived any Reporter's Privilege as to all remaining discovery in the case because they both (i) represented that they are waiving the privilege as to all documents relevant to the Scranton Loan Statements, which is all the discovery that Grifols is seeking in this case; and (ii) have since voluntarily produced documents to Grifols that extend well beyond materials specifically concerning the Scranton Loan Statements.

# Proskauer

Hon. Gabriel L. Gorenstein, U.S.M.J.
Page 3

The present dispute is as follows: ***what document repository (or universe) should serve as the operative source of discovery?***

Defendants proposed using the subset of documents they previously produced to the SEC as the operative repository from which they would identify responsive documents, including those they agreed to produce from while the Rule 72 objection remained pending. Grifols objected because the SEC production reflected collection, culling, and review decisions made for a different proceeding with a different scope. Defendants' disclosures about their ESI sources confirmed Grifols' view that limiting Defendants' search to the documents they produced to the SEC would improperly preclude relevant documents. Indeed, Defendants' hit-count reports showed that applying the agreed Scranton Loan search terms to the broader ESI collection yielded dramatically more responsive documents than applying those same search terms to the SEC production—in some instances, more than one thousand additional documents for a single agreed search term.[3] The SEC production also omitted entire repositories, including additional email accounts maintained by Mr. Yu and communications via the Bloomberg messaging platform. Moreover, even for repositories that had been collected, the SEC production ended on January 29, 2024— nearly one year before the January 10, 2025 discovery cutoff ordered by the Court, ECF 142— thereby excluding close to a year's worth of documents.

The parties' June 16 joint letter reflected that this repository issue remained unresolved. While the parties had already agreed upon the Scranton Loan search terms, the letter expressly recognized that production would occur over the "agreed upon repository of documents still being negotiated by the parties." ECF 157 at 1 & n.1. Thus, by June 16, the parties had largely agreed what documents Defendants would search for, but they had not yet resolved what repository would govern those searches.

By early July, the repository dispute had become the principal remaining issue between the parties. Grifols repeatedly advised Defendants that, absent agreement, it intended to ask the Court prior to the anticipated July 9 conference to (i) designate Defendants' broader ESI collection—not the curated set provided to the SEC—as the operative repository for discovery and (ii) while the Rule 72 objection remained pending, require Defendants to produce all responsive documents concerning the Scranton Loan Statements from that repository.

On July 2, Defendants agreed, in an email to counsel for Grifols, to resolve that dispute without Court intervention. Without conditioning the agreement on Judge Liman's disposition of

---

[3] For example, the agreed search term "Loan AND (Grifols OR GRF OR Grif)" returned 574 documents when run against the SEC production population, but 1,888 documents when run against Defendants' broader ESI collection. Likewise, "Scranton w/50 loan" returned 82 documents in the SEC production population, compared to 273 in the broader collection, and "Family AND (Grifols OR GRF OR Grif)*" returned 526 documents in the SEC production population, compared to 787 documents in the broader ESI collection.

# Proskauer

Hon. Gabriel L. Gorenstein, U.S.M.J.
Page 4

the Rule 72 objection, Defendants agreed to "run the Scranton terms over the entire 1/1/23–1/29/24 ESI collection and review the results," including repositories that had not been searched for the SEC production. Defendants confirmed on July 7 that the broader review was underway and that they would provide updated hit reports reflecting the expanded search population.

Grifols relied on those representations. Because Defendants agreed to use their broader ESI collection to identify responsive Scranton Loan documents while the Rule 72 objection remained pending, Grifols did not present the repository dispute to the Court before the July 9 conference. Defendants subsequently resolved the parties' remaining disputes, and Grifols joined Defendants' request that the conference be cancelled. ECF 171.

## II.  DEFENDANTS ARE ATTEMPTING TO REVIVE THE REPOSITORY LIMITATION THEY AGREED TO ABANDON

After the conference was cancelled, Grifols asked when it could expect Defendants' next production. Only then did Defendants reverse course. Defendants now contend that, unless Judge Liman affirms this Court's denial of their Cross-Motion for a Protective Order, they need not produce any additional documents concerning the Scranton Loan Statements that reside outside the SEC production because those documents are purportedly protected by the Reporter's Privilege. That position cannot be reconciled with either Defendants' prior representations or the parties' agreement.

Throughout the Rule 72 proceedings, Defendants repeatedly and unequivocally represented that they were not asserting the Reporter's Privilege over documents relevant to the Scranton Loan Statements. Their motion stated that they asserted the privilege "only as to matters unrelated to the loan non-disclosure statements" and that they "do not assert the § 79-h privilege as to the publication of the loan statement, which is the sole issue remaining in the case." ECF 92 at 2. Counsel likewise represented that Defendants would produce "all materials related to the specific statement still at issue," including "all communications and documents regarding the Loan disclosure issue in the Jan. 9 Report" and "all communications and documents pertaining to the Jan. 10 revision." ECF 93 ¶ 10. Their memorandum was equally categorical: "as to discovery pertaining to the remaining challenged Loan Statement, we do not assert the privilege." ECF 94 at 1.

Those representations contained no limitation based on the source of the documents. Defendants did not state that they would produce only documents contained in the SEC production, only documents from particular repositories, or only documents they had previously collected. Rather, they represented that they would produce *all* responsive documents relating to the Scranton Loan Statements and waive any Reporter's Privilege for *all* such documents.

The parties' subsequent negotiations proceeded on precisely that understanding. Once Defendants' own disclosures demonstrated that the SEC production omitted substantial numbers of responsive Scranton Loan documents and multiple repositories, the parties negotiated where the agreed Scranton Loan searches would be run. Defendants ultimately agreed to conduct those

# Proskauer

Hon. Gabriel L. Gorenstein, U.S.M.J.
Page 5

searches across the broader ESI collection, thereby resolving the dispute that Grifols otherwise intended to present to the Court.

Defendants now seek to resurrect the very limitation they agreed to abandon. Under their current position, a document that (1) concerns the Scranton Loan Statements, (2) falls within the category of documents over which Defendants expressly waived any Reporter's Privilege, (3) hits on the parties' agreed search terms, and (4) resides in a repository Defendants agreed to search may nevertheless be withheld simply because it was not included in the SEC production. Nothing in Defendants' motion papers, declarations, the parties' correspondence, or the joint status letters supports that limitation. Nor have Defendants identified any document memorializing such a reservation despite Grifols repeatedly asking them to do so.

Defendants' position is therefore not an effort to preserve their Rule 72 objection. That objection concerns whether broader categories of Grifols-related discovery are protected by the Reporter's Privilege (the boxes on the right in the matrix on page 2 above). The issue presented here is different. Defendants acknowledged that responsive documents that they agreed to waive the Reporter's Privilege over exist outside the SEC production, agreed to search for those documents while the Rule 72 objection remained pending, induced Grifols to forego presenting that dispute to the Court, and now refuse to produce the resulting documents based on a repository limitation they never previously asserted. The Court should reject Defendants' attempt to redefine the operative repository after the parties resolved that issue and Grifols relied on that resolution to forego seeking Court intervention.

## III.    REQUESTED RELIEF

Grifols respectfully requests that the Court (i) order that Defendants' broader ESI collection for the period January 1, 2022 through January 26, 2025 constitutes the operative repository for discovery in this action, and (ii) direct Defendants, while the Rule 72 objection remains pending, to apply the parties' agreed Scranton Loan search terms across that repository and produce all responsive documents concerning the Scranton Loan Statements that are not protected by the attorney-client privilege or work-product doctrine.

*        *        *

Respectfully submitted,

*Peter D. Doyle*

Peter D. Doyle