# Proskauer

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

July 28, 2026

**Via ECF**
Hon. Gabriel W. Gorenstein, U.S.M.J.
Thurgood Marshall United States Courthouse

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG

Dear Judge Gorenstein:

We appreciate Your Honor inviting Grifols to respond to Defendants' letter, ECF 178, and would welcome a hearing if anything about the present dispute remains unclear.

The core disputed issue to be litigated in this case is Defendants' intent with respect to their false statements about Grifols' disclosure of a loan to Scranton Enterprises (the "Scranton Loan Statements"). As explained in Grifols' July 21 letter, ECF 174, Defendants agreed to produce *all* documents relating to the Scranton Loan Statements, wherever located, because they repeatedly represented that they would *not* assert any Reporter's Privilege over those documents. In an about-face, Defendants now contend that agreement extended only to the subset of materials they previously provided to the SEC. That is simply wrong. *See* Section I, *infra*. Moreover, Defendants' shifting position merely highlights how their selective waiver of their purported Reporter's Privilege is unfair and improper, providing yet another basis to find that they waived any such privilege altogether. *See* Section II, *infra*.

## I.    DEFENDANTS' PRIOR STATEMENTS REFUTE THEIR CLAIM THAT THEIR AGREEMENT TO PRODUCE RELEVANT DOCUMENTS IS LIMITED TO THOSE THEY PRODUCED TO THE SEC.

Defendants are seeking to conflate the parties' discussions about *where they should search* for documents with the entirely separate issue of the *scope of their waiver* of their purported Reporter's Privilege.[1] The two issues are distinct and Defendants' prior statements are crystal clear that their agreement to waive the Reporter's Privilege was defined entirely by subject matter, without any repository limitation:

- Defendants represented to Grifols that they "will not be withholding *any* evidence of motive, bias, [or] truth of the remaining specific statement at issue"

---

[1] The parties had disputed whether Defendants should search for relevant documents outside of the universe they previously provided to the SEC. Grifols was about to present that dispute to the Court when, "on July 2, Defendants agreed to search the disputed repositories of documents based on the articulated scope of actual malice discovery and produce non-privileged documents." ECF 178 at 2.

# Proskauer

Hon. Gabriel W. Gorenstein, U.S.M.J.
Page 2

concerning Grifols' disclosure of the Scranton loan. November 5, 2025 Email from D. Korzenik (emphasis added).[2]

- Defendants confirmed this the next day, informing the Court that "Defendants have already committed to producing *all* documents directly and indirectly bearing on the Loan Statement—including its notification, revision, and update." ECF 91 at 29 (emphasis added).[3]

- Defendants likewise told the Court that "Defendants assert their § 79-h privilege only as to matters *unrelated* to the loan non-disclosure statements in the Report." ECF 92 ¶ 3 (emphasis in original).

- Defendants similarly represented that, "as to discovery pertaining to the remaining challenged Loan Statement, we do not assert the privilege." ECF 94 at 1.

- Defendants then stated to Judge Liman at a hearing that Grifols would receive "anything that relates to the $95 million loan." ECF 95 at 12:19–22.

- Defendants later wrote to Grifols, "[w]e acknowledge that we have agreed to waive that privilege as to statements regarding the Loan Statement, which will be produced." April 27, 2026 Email from G. Vernick.

- Yet again in June 2026, Defendants represented to the Court that they "are not asserting the Reporters [sic] Privilege as to any documents that pertain to the remaining Scranton loan issue." ECF 156 at 2 n.2.

None of these representations include any repository limitation. That is because there never was any such limitation.

Further, Defendants' revisionist history cannot be reconciled with:

- Their proposal that if the SEC production excluded relevant documents, the parties could discuss running additional searches over a larger universe. March 12, 2026 Email from G. Vernick. That proposal would make no sense if Defendants' agreement to produce responsive documents concerning the Scranton Loan Statements ended at the SEC production.

---

[2] Grifols will promptly submit any relevant correspondence between counsel if the Court wishes to review it.

[3] Citations to ECF pages are to the ECF-stamped page.

# Proskauer

Hon. Gabriel W. Gorenstein, U.S.M.J.
Page 3

- Defendants' agreement to produce all responsive, non-privileged documents from the week before and the week after the publication of the Gotham Report regardless of whether they hit on search terms. ECF 171 at 2. That universe includes documents never provided to the SEC.

- Defendants' agreement to produce responsive, non-privileged documents through January 26, 2025. *Id.* Again, that universe includes documents never provided to the SEC.

Despite the unambiguous nature of their prior representations, Defendants now claim that their agreement to waive the Reporter's Privilege was cabined not only by the subject matter of the documents, but also by whether Defendants previously provided the documents to the SEC. ECF 178 at 2. Nothing in the record supports that assertion. Indeed, Defendants' own letter concedes that, after the Court's May 19 Order, they "agreed to search the disputed repositories … and produce non-privileged documents." *Id.* That concession refutes any SEC-only repository limitation and confirms that Defendants reserved only ordinary attorney-client and work-product review.

Defendants point to the phrase "responsive, non-privileged communications" in the parties' joint letter filed as ECF 171. *See* ECF 178 at 1. But in context, that boilerplate reservation preserved ordinary document-by-document attorney-client and work-product objections; it did not retract Defendants' repeated and express waiver of the Reporter's Privilege as to all documents concerning the Scranton Loan Statements, nor could it. Defendants themselves had already defined those documents as outside any privilege. ECF 92 ¶ 3; ECF 94 at 1; ECF 156 at 2 n.2.

According to Defendants, "Grifols argues that because it thinks documents outside of the SEC production are allegedly *relevant*, Defendants retroactively agreed to waive a privilege to them." ECF 178 at 1 (emphasis by Defendants). That misstates Grifols' position. Grifols does not contend that relevance alone can defeat the Reporter's Privilege.[4] Nevertheless, "relevance" is the linchpin for determining the scope of Defendants' waiver here because they agreed to produce all documents relevant to the Scranton Loan Statements after repeatedly representing that they would not assert any purported Reporter's Privilege over those documents.

Defendants are seeking to redefine the scope of their waiver because of how that scope interacts with Your Honor's ruling on Grifols' motion to compel. Your Honor rejected Defendants' myopic view of relevance, holding that "there is no absolute requirement that discovery into a

---

[4] For clarity, Grifols maintains that the requested documents are highly relevant and material, critical to its claims, and unavailable elsewhere, thus satisfying all three factors to overcome any qualified privilege that Defendants could invoke under § 79-h(c). *See* ECF 105 at 22–28; ECF 161 at 15. The Court need only reach this argument if it finds that (1) Defendants are professional journalists entitled to invoke the privilege, and (2) Defendants did not waive the privilege (whether for the reasons stated here or others set forth previously).

# Proskauer

Hon. Gabriel W. Gorenstein, U.S.M.J.
Page 4

defendant's state of mind as to actionable statements must be limited to documents that specifically refer to those statements" and that Grifols may obtain circumstantial and inferential evidence bearing on Defendants' state of mind concerning the Scranton Loan Statements. ECF 142 at 7–8. Because Defendants repeatedly agreed to waive the Reporter's Privilege as to all documents relevant to the Scranton Loan Statements, that agreement encompasses *all the discovery that Grifols is seeking*. *See* ECF 161 at 7. Defendants are now trying to avoid that result by wrongly claiming that, in addition to relevance, they further limited their agreement to waive the Reporter's Privilege to documents they provided to the SEC. The Court should reject this false assertion.

The consequences of Defendants' *post hoc* repository limitation are not academic. Running the parties' agreed Scranton Loan search terms against Defendants' broader ESI collection—rather than the SEC production—yields far more responsive documents. *See* ECF 174 at 3 n.3. The SEC production also omitted entire repositories, including additional email accounts maintained by Mr. Yu and Bloomberg messages. *Id.* It also does not contain any documents that post-date January 29, 2024—nearly a year before the Court's January 10, 2025 discovery cutoff. *Id.* Having agreed to waive any Reporter's Privilege over these and other relevant documents, Defendants must produce them.

## II.    DEFENDANTS' EVER-SHIFTING WAIVER POSITION HIGHLIGHTS AN INDEPENDENT BASIS TO GRANT THE REQUESTED RELIEF.

Defendants' current repository argument fails because it contradicts their own prior statements concerning the scope of their waiver, as discussed above. But their inability to keep straight the contours of their waiver merely highlights another issue that Grifols has previously raised with the Court: the improper, unfair, and unworkable nature of their sword-and-shield approach to asserting the Reporter's Privilege.

On the one hand, Defendants' July 23 letter to Your Honor contends that their selective waiver is limited to Scranton loan-related documents provided to the SEC. ECF 178 at 3. Yet on the other hand, Defendants told Judge Liman just a day earlier that the agreed search terms for their production were "not just" Scranton loan terms and "go well beyond" the Scranton loan. July 22, 2026, Hr'g Tr. at 20:15–23. So it is entirely unclear where Defendants contend the waiver begins and ends. The answer appears to be whatever benefits them most at the particular moment.

Defendants' ongoing attempt to pick and choose which documents they claim are shielded by the purported privilege is inconsistent with how the Shield Law is supposed to be invoked and should be flatly rejected. *See* ECF 105 at 20–22. Such a finding would moot this dispute (and others) because it would then follow that, no matter whether Defendants waived their purported Reporter's Privilege as to all documents pertaining to the Scranton Loan Statements (they did), or whether they imposed a limitation that the waiver extended only to documents provided to the SEC (they did not), any purported privilege is already waived across the board.

\*\*\*

# Proskauer

Hon. Gabriel W. Gorenstein, U.S.M.J.
Page 5

For these reasons, and those set forth in Grifols' July 21 letter, ECF 174, the Court should grant Grifols' requested relief.

Respectfully submitted,

*Peter D. Doyle*

Peter D. Doyle