Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com

Akin

**Michael A. Asaro**
+1 212.872.8100 /fax: +1 212.872.1002
masaro@akingump.com

September 14, 2026

**Via ECF**

Honorable Gabriel W. Gorenstein, U.S.M.J.

**Re:** ***Grifols, S.A. v. Yu et al., No. 1:24-cv-00576 (LJL)(GWG) — Opposition to Grifols' Motion to Produce Christian Cluett and Kristina Caruana as Managing Agents***

Dear Judge Gorenstein,

Defendants respectfully oppose Grifols S.A.'s ("Grifols") attempt to circumvent the Hague Evidence Convention by deposing two junior GIP employees—Christian Cluett, an investment analyst, and Kristina Caruana, an administrative and operations employee—as "managing agents" under Rule 30(b)(1). Neither employee exercises independent judgment or discretion over GIP's corporate affairs; both report to more senior personnel with higher authority; and no facts or law support a contrary finding.

Grifols frames this application as an effort to "streamline" discovery. The facts say otherwise. Grifols filed this action based on Defendants' publication of a research report identifying indicia that Grifols had been manipulating its financial statements (the "Gotham Report"). The Gotham Report's core thesis was validated by Grifols's own corrective disclosures and by reports from the CNMV, JP Morgan, and Moody's. As alleged in Defendants' counterclaim, Grifols responded to these events with a multi-pronged retaliation campaign, a key component of which was this lawsuit. The vast majority of Grifols's claims have since been dismissed, leaving only a single claim related to the Scranton Loan. Yet Grifols continues to wield discovery as a weapon—rebuffing Defendants' repeated efforts at compromise, demanding Defendants accede to its every request, and obstructing discovery central to Defendants' defenses and counterclaims.

To distract from its own behavior, Grifols has implied that Defendants have lacked diligence in responding to its discovery demands. This is untrue. Defendants have already made a substantial production, including over 2,800 documents from the SEC's investigation of the

Gotham Report—an investigation closed without any enforcement action.[1] Grifols, by contrast, has refused to produce the vast majority of the documents that Defendants have sought related to the Gotham Report, failed to disclose what steps it took to preserve documents relevant to this litigation, and refused to take the basic step of searching employee personal devices for relevant documents—even though Defendants have already done so.

Grifols's conduct on this very issue is another case in point. Despite Defendants' repeated representations that Cluett and Caruana are not managing agents, Grifols pressed a transparently one-sided proposal: it first suggested that its own senior executives, directors, and C-suite witnesses be designated managing agents in exchange for GIP applying the same designation to two junior employees—and then indicated it would *object* to Defendants noticing those same depositions on baseless relevance grounds. Defendants were entitled to reject this unequal exchange. Defendants remain willing to meet and confer regarding the production of foreign employee witnesses should Grifols reciprocate—which, to date, it has not—but this motion is no substitute for the meaningful negotiation both the Federal Rules and our Local Rules encourage. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, No. 11 Civ. 2574 (CM) (JCF), 2012 WL 1123736, at *9 (S.D.N.Y. Apr. 4, 2012) ("Both the Federal Rules of Civil Procedure and our Local Rules encourage cooperation among counsel to efficiently resolve discovery disputes without intervention from the court.").

Grifols's submission of this issue is also premature, as Grifols itself admits "[i]t is possible that Grifols will not depose these witnesses [and] it will decide after the depositions of Daniel Yu and Cyrus de Weck." ECF No. 196 at 1. There is no reason for the Court to decide this issue now if Cluett and Caruana might never even be called to testify. The Court should, at a minimum, defer its decision until such time as Grifols has made its own decision about whether to call these witnesses in the first place. Furthermore, as described below and in the accompanying declaration, any depositions of Yu and de Weck would merely confirm that Cluett and Caruana are subordinate employees who do not exercise judgment and discretion in corporate matters and do not qualify as "managing agents" under Rule 30(b)(1). As such, the Court should deny this motion.

## I. Grifols Has Not Met Its Burden of Showing Cluett and Caruana are Managing Agents

Courts consider five factors to determine whether an individual is a managing agent:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the

[1] Defendants' production, compiled in response to the SEC's investigative requests, includes the core body of documents regarding the preparation of the Gotham Report. It is the source of the electronic communications that Grifols has attached to its recent motions.

> litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*Dubai Islamic Bank v. Citibank, N.A.*, No. 99-cv-1930, 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002). GIP does not dispute the second and fifth factors, which are met with respect to almost every employee in every company. The first, third, and fourth factors, however, cut squarely against Grifols's managing agent claims. As subordinate employees, Cluett and Caruana did not exercise judgment and discretion in corporate matters; they reported to others in positions of higher authority; and they lacked discretionary responsibility respecting the core issues in this litigation. There are also persons of higher authority employed by GIP who are in the best position to provide the information that Grifols seeks. GIP's co-founders—Cyrus de Weck and Daniel Yu, both of whom are defendants—were the co-authors of the report and the persons responsible for directing GIP's trading in Grifols securities.

Grifols submits two forms of evidence in support of its motion: documents and correspondence relating to Cluett's and Caruana's performance of their jobs; and GIP's Form ADV filed with the Securities and Exchange Commission. None of this evidence supports a finding that Cluett and Caruana are managing agents. The documents and correspondence are consistent with Cluett's and Caruana's roles as junior employees carrying out the instructions of their superiors. And the Form ADV is a regulatory document filed for an unrelated purpose that contains no information about Cluett's and Caruana's actual roles and responsibilities at GIP—let alone their specific responsibilities relating to the issues in this case. As such, Grifols has not met its burden to show that Cluett or Caruana were managing agents of GIP.

## II. Cluett is not a Managing Agent.

Christian Cluett is an analyst and researcher with no management authority and no direct reports. Ex. A (Declaration of Cyrus de Weck) ¶ 4. His title of Investment Analyst reflects his functional role and confirms he is a subordinate employee. *Id.* His work on the Gotham Report consisted of organizing data and preparing tables, conducting research, and performing discrete tasks—all at the direction of the Report's authors, de Weck and Yu, who were Cluett's superiors. *Id.* ¶ 6. He had no discretion or control over the Report's content, and no independent authority over the matters at issue in this litigation. *Id.*

The documents Grifols cites do not change this analysis. Grifols claims the documents show that Cluett "developed substantive themes, personally drafted, and extensively revised the Report" (ECF No. 196 at 3)—but that, even if that were true, would be entirely consistent with the role of a junior employee. Consider a junior associate at a law firm working on a motion: they may well help develop themes, conduct research, write a first draft, and input edits as the brief evolves, but it is the *partner* who directs and supervises the work and retains ultimate judgment and discretion over the content. The same is true here. Cluett undertook all this work at the direction of de Weck and Yu, who at all times retained ultimate responsibility and authority over the contents of the Report. Ex. A ¶¶ 5-6. For this same reason, de Weck and Yu, the two most senior people in the GIP organization, are in the best position to answer Grifols's questions about the Gotham Report. *See Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *2 (S.D.N.Y. Mar. 24, 2022) (Liman, J.) (proposed Fed. R. Civ. P. 30(b)(1) deponent was not a

managing agent because a higher-ranking principal was the key decisionmaker and negotiator, while the proposed deponent lacked authority with respect to the subject matter of the testimony).

Grifols's lead case, *Dubai Islamic Bank*, illustrates this distinction. There, the Court was tasked with determining which of ten different deponents met the definition of managing agent. 2002 WL 1159699, at *2. The Court analyzed each employee separately and determined that some of them—generally senior employees in "position[s] of high authority" who were "Heads" or "Chiefs" or the like—were managing agents. Junior employees, in contrast, were not. For example, a "mere clerk" who was "actively involved" in the underlying events was not a managing agent because there was "no evidence that [his] position gave him any independent discretion, and even his role in the [events] appears to be that of facilitator and subordinate." *Id.* at *6; *see also id.* at *9 (individual was not a managing agent where "his role in the events was a subordinate one, inasmuch as he took orders from [his superior]"). Thus, it does not matter whether, as Grifols claims, Cluett was "a central participant in the conduct underlying this Action." ECF No. 196 at 3. The "importance to the events in question . . . is not the test for managing agent." *Dubai Islamic Bank*, 2002 WL 1159699, at *6 (S.D.N.Y. May 31, 2002) (citing *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 351 (N.D. Ohio 1999) (individual who "may well have played an important role" was not a managing agent because he "facilitated, but did not control" the relevant events)).

Grifols's reliance on Cluett's "partner" designation in GIP's Form ADV is equally misplaced. *See* Ex. A ¶ 7; ECF No. 196 at 1, 3. Managing-agent status turns on actual duties, discretion, and authority—not titles. *MF Glob. Holdings Ltd.*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017), is directly on point. There, the Court refused to rest a managing-agent determination on a witness's status as a "partner" in a partnership; instead, the Court focused on the witnesses' actual seniority and job functions. *Id.* The Court determined that witnesses who "were not in positions where they exercised the required judgment or discretion in . . . corporate matters and reported to more senior" personnel with respect to the subject matter of the litigation were not managing agents. *Id.*

So too here. Cluett holds a minority equity stake of approximately 5% in GIP, acted under the express direction of his supervisors, and exercised no independent judgment or discretion over the work he performed. *See* Ex. A ¶¶ 3-7. The check-the-box reference on GIP's Form ADV identifying Cluett as a control person does not alter this conclusion. That designation was made out of an abundance of caution based solely on his limited role executing trades at the direction of de Weck and Yu, not because he possesses any authority over GIP's investment decisions or corporate affairs. *See* Ex. A ¶ 8. The filing also makes clear he is a minority partner, with all the limitations that entails, and says nothing about his role and responsibilities in GIP generally or with respect to the Gotham Report specifically. ECF No. 128-3, Sched. A (listing Cluett with ownership code "A," reflecting a minority interest of between 5% and 10%).

## III. Caruana is not a Managing Agent.

Grifols's attempt to designate Kristina Caruana as a managing agent is meritless for the same reasons. Caruana is an administrative and operations employee of a GIP affiliate who was on leave until a week before publication of the Gotham Report. Ex. A ¶ 9. Her role is purely ministerial: back-office processing of trades directed by others. She has no independent discretion

or authority over GIP's corporate affairs, trading decisions, or the matters at issue in this litigation. *Id.* She made no substantive contribution to the Gotham Report, did not participate in drafting or researching it, and had no role in GIP's investment decisions regarding Grifols or any other securities. *Id.* ¶¶ 9-10.

The emails Grifols cite only reinforce this conclusion. They show Caruana performing routine post-trade reconciliation—ensuring trades were properly recorded, allocated, and reflected in GIP's books and records to satisfy regulatory requirements. *Id.* ¶ 10. That is not managing-agent work; it is clerical processing. Grifols claims that Caruana "personally directed significant aspects of executing, allocating, settling, reconciling, and administering" GIP's short position, but these functions are ministerial and akin to the functions of a clerk. If such functions were sufficient to render an employee a managing agent, then the term would lose all meaning. Even the most junior employees exercise some degree of discretion and independent judgment in the performance of their jobs, but that is not the same as "general powers allowing [the employee] to exercise judgment and discretion in corporate matters." *See MF Glob. Holdings Ltd.,* 232 F. Supp. 3d at 574 (rejecting reading of the managing agent rule that was so broad that it was "difficult to imagine which of [a partnership's] employees would not be considered a managing agent."). Notably, Caruana did not decide which securities to trade, when to trade, in what quantities, or at what prices. Ex. A ¶ 10. Those decisions were made by her superiors, Yu and de Weck, who are therefore in the best position to explain them. *Id.*; *See also Cambridge Cap. LLC*, 2022 WL 889143, at *2 (witness was not a managing agent where senior personnel were the key decisionmakers over the subject matter of the litigation).

As with Cluett, Grifols also relies on Caruana's name appearing on the Form ADV in relation to non-party entities (certain GIP funds, and not GIP itself). This fails for the same reasons discussed above. *See* Ex. A ¶ 11.

*     *     *

For the foregoing reasons, Defendants respectfully request that the Court deny Grifols's motion seeking an order finding that Christian Cluett and Kristina Caruana are managing agents of GIP for purposes of Rule 30(b)(1) and directing GIP to produce them as such should Grifols notice their depositions.

We thank the Court for its consideration.

Sincerely,

*<u>/s/ Michael A. Asaro</u>*
Michael A. Asaro