Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com

Akin

**Michael A. Asaro**
+1 212.872.8100 /fax: +1 212.872.1002
masaro@akingump.com

September 30, 2026

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Hon. Gabriel W. Gorenstein, U.S.M.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576**

Dear Judge Liman and Judge Gorenstein,

As your Honors may be aware, Akin has recently become co-lead counsel for the Defendants in the above-captioned matter. We write to bring to the Court's attention a time-sensitive, potentially case-dispositive issue concerning subject matter jurisdiction.

It has come to our attention that the Court does not have—and has never had—subject matter jurisdiction over this matter. Plaintiff initially alleged subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) between Grifols, S.A., a foreign corporation, and Grifols Shared Services North America, Inc. ("GSSNA"), a domestic corporation, on the plaintiffs' side, and Daniel Yu, allegedly a resident of New York, Gotham City Research LLC ("Gotham"), a Delaware single-member LLC owned by Mr. Yu, General Industrial Partners LLP ("GIP"), a foreign partnership, and Cyrus de Weck, a foreign citizen, on the defendants' side. *See* Compl. ¶¶ 46-51, 58; *see also* Am. Compl., Dkt. No. 50 ¶¶ 52-57, 64. In reality, however, Plaintiff's allegations concerning Mr. Yu's residence were incorrect, and GSSNA is not and was not a proper plaintiff.

Specifically, while Mr. Yu is originally from the United States, his permanent, primary residence has been outside of the United States since at least 2020—long before Plaintiff filed this complaint in 2024 and the events giving rise to this case occurred in 2023 and 2024. For purposes of diversity, Mr. Yu is considered "stateless"—i.e., neither a foreign citizen nor a citizen of any U.S. state. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state."). As Mr. Yu is the sole member of Gotham, Gotham is stateless as well. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that under § 1332, an LLC is a citizen of any state of which a member of the company is a citizen);

*Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (holding that partnership was stateless where, among its U.S.-citizen partners, some were domiciled abroad).

Since the other defendants are all foreign entities, there was no diversity—and thus no subject matter jurisdiction—when Plaintiff first filed this case. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [28 U.S.C. § 1332(a)(2) and § 1332(a)(3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.").

Moreover, GSSNA also could not and cannot provide the basis for diversity. As Judge Liman held, GSSNA "was not a proper plaintiff" here, Dkt. No. 56 at 48. The dismissal of GSSNA further upends any suggestion of diversity, as the only remaining plaintiff—Grifols—is a foreign corporation. *See Tecon Oil Services Ltd. v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. 2007) (no diversity or subject matter jurisdiction existed where "[t]he sole plaintiff in this case is an alien . . . [and] [a]t least one of the defendants is an alien"); *see also Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (The "citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy," such that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy") (quotations omitted); *Airlines Reporting Corp. v. S&N Travel, Inc.*, 58 F.3d 857 (2d Cir. 1995) (dismissing for lack of subject matter jurisdiction where the purportedly diverse party "did not seek to protect any corporate interests of its own," did not suffer "any corporate damage or pecuniary loss itself," and did not "lay claim to any portion of the potential recovery"); *see also* 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.").

Given that subject matter jurisdiction cannot be waived and may be raised at any stage of the proceeding, including *sua sponte* by the Court, we intend to file a motion to dismiss this action under FRCP Rule 12(h)(3) for lack of subject matter jurisdiction and respectfully request a conference at the Court's earliest convenience. In the meantime, we are prepared to meet and confer with Plaintiff, at the Court's direction, to determine next steps. We thank the Court for its attention to this matter and are available to answer any questions.

Respectfully,

/s/ Michael A. Asaro
Michael A. Asaro
Akin Gump Strauss Hauer & Feld LLP

/s/ David S. Korzenik
David S. Korzenik
Miller Korzenik Rayman LLP

cc: Uri A. Itkin (Akin)