**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRIFOLS, S.A.,<br>Plaintiff,<br><br>v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,<br><br>Defendants. | Index No. 1:24-cv-00576-LJL-GWG<br><br>ORAL ARGUMENT REQUESTED |

# DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE GORENSTEIN'S RULING GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Michael A. Asaro
Uri A. Itkin
John C. Murphy

One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
masaro@akingump.com
uitkin@akingump.com
jmurphy@akingump.com

*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 2

STANDARD OF REVIEW ..... 5

ARGUMENT ..... 6

I. Defendants' Anti-SLAPP Counterclaim Requires Discovery into the Factual Bases for Grifols' Entire Action, Including Facts Relating to Its Dismissed Claims. ..... 6

II. Evidence Relating To Plaintiff's "Purpose" in Bringing the Action is Broader Than Documents Directly Relating To the Action. ..... 8

III. The Order Improperly Bars Discovery Needed to Rebut Falsity and Actual Malice as to the Scranton Loan Statements. ..... 9

A. Substantial Truth ..... 9

B. Actual Malice ..... 10

IV. Grifols' Financial Condition Is Relevant to Causation of Its Claimed Damages. 11

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
206 F.R.D. 78 (S.D.N.Y. 2002) ....................6

*Chau v. Lewis*,
771 F.3d 118 (2d Cir. 2014) ....................7

*Egiazaryan v. Zalmayev*,
No. 11 Civ. 2670 (PKC) (GWG), 2013 WL 6486258 (S.D.N.Y. Dec. 11, 2013) ....................6, 7

*Egiazaryan v. Zalmayev*, No. 11 Civ. 2670 (PKC) (GWG), 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) ....................6

*Grifols, S.A. v. Yu*,
No. 1:24-cv-00576 LJL-GWG, 2026 WL 1405988 (S.D.N.Y. May 19, 2026) ....................8

*Monocoque Diversified Ints., LLC v. Aquila Air Cap. (Ireland) DAC*,
No. 22-cv-10015 (MKV), 2024 WL 1312996 (S.D.N.Y. Mar. 27, 2024) ....................9, 10

*Olivet Univ. v. Newsweek Digital LLC*,
No. 23 Civ. 5670 (NRB), 2024 WL 1892563 (S.D.N.Y. Apr. 30, 2024) ....................9

*St. Amant v. Thompson*,
390 U.S. 727 (1968) ....................11

**Statutes**

28 U.S.C. § 636(b)(1)(A) ....................5

N.Y. Civ. Rights Law § 70-a(1)(a) ....................1, 3, 6, 7

N.Y. Civ. Rights Law § 70-a(1)(b) ....................8

N.Y. Civ. Rights Law § 70-a(1)(c) ....................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ....................7

Fed. R. Civ. P. 72(a) ....................5

Defendants Cyrus de Weck, Gotham City Research LLC, Daniel Yu, and General Industrial Partners LLP ("Defendants") submit this Memorandum in support of their objection to the September 17, 2026 order (the "Order"[1]) granting Plaintiff Grifols, S.A.'s ("Grifols") Motion for a Protective Order.[2]

## PRELIMINARY STATEMENT

To prevail on their anti-SLAPP counterclaim, Defendants must prove that Grifols' "***action***"—meaning every claim, including those based on non-actionable opinions that this Court has dismissed—was "commenced or continued without a substantial basis in fact ***and*** law." N.Y. Civ. Rights Law § 70-a(1)(a) (emphasis added). Accordingly, Defendants served discovery on Grifols relating not just to the facts underlying Plaintiff's sole remaining claim (regarding the Scranton Loan[3]), but also relating to facts underlying all other statements that Plaintiff alleged were false at the commencement of the action, including statements relating to Grifols' EBITDA, leverage, and related-party transactions.

The Order limited Defendants' discovery to the Scranton Loan. It did so on the premise that this Court's dismissal of the majority of Plaintiff's defamation claim on *legal grounds* (*i.e.*, that almost every challenged statement was a non-actionable opinion, not a statement of fact) was enough for Defendants to meet their anti-SLAPP burden as to those statements. That premise cannot be squared with the statute. The statute requires Defendants to show that Plaintiff's claims lacked a *factual* basis as well as a legal one. Because Defendants must show that Grifols' *entire*

---

[1] The transcript of the Order is attached as Ex. A. Citations to "Ex." refer to exhibits attached to the Declaration of John C. Murphy in Support of Defendants' Objection to Magistrate Judge Gorenstein's Ruling Granting Plaintiffs' Motion for Protective Order.
[2] ECF Nos. 188, 199.
[3] Capitalized terms not defined herein have the meaning set forth in this Court's Opinion and Order dated May 29, 2025 (ECF No. 48).

*action* lacked a factual basis, they are entitled to discover the facts underlying every aspect of the action Grifols commenced. That includes facts on the subject matter of each allegedly false statement, not just the Scranton Loan.

The Order errs in three further respects. First, it prevents discovery of circumstantial evidence relevant to both Grifols' and Defendants' state of mind: Grifols' purpose in bringing the action (which is relevant to anti-SLAPP damages) and Defendants' absence of actual malice (an essential element of Plaintiff's defamation claim). Second, it bars discovery bearing on the substantial truth of Defendants' statements about the Scranton Loan, which the Gotham Report presented as just one example of a broader pattern of obscured related-party dealings. Third, it confines damages discovery to third-party perception of Grifols' financial condition, while foreclosing inquiry into Grifols' *actual* financial condition, which is the root cause of Grifols' damages. Each ruling is contrary to law and should be modified or set aside.

**BACKGROUND**

Grifols filed its Amended Complaint (ECF No. 22) on September 9, 2024, asserting claims for defamation, unjust enrichment, tortious interference, and aiding and abetting arising out of Defendants' publication of a report about Grifols' business and financial disclosures (the "Gotham Report"). Grifols alleged that the Gotham Report contained false statements of fact relating to numerous aspects of its business, including its EBITDA, reported leverage, related-party transactions, and the Scranton Loan. ECF No. 22 ¶¶ 137-216.

On December 20, 2024, Defendants moved to dismiss Grifols' amended complaint. ECF No. 25. Defendants also moved for attorney's fees under N.Y. Civ. Rights Law § 70-a (the "Anti-SLAPP Law"), which provides that a defendant in a defamation case "may maintain an action . . . to recover damages, including costs and attorney's fees, from any person who commenced or

continued such action . . . if the action . . . was commenced or continued without a substantial basis in fact and law." N.Y. Civ. Rights Law § 70-a(1)(a); ECF No. 45.

On May 29, 2025, the Court dismissed Grifols' tortious interference and unjust enrichment claims, along with every facet of its defamation claim except the Scranton Loan statements. ECF No. 48. Other than the Scranton Loan statements, the Court found that every statement that Grifols challenged as defamatory was a non-actionable opinion. *Id.* at 28. Because the Court denied Defendants' motion in part, however, it declined to award attorney's fees, noting that the Anti-SLAPP Law "speaks to the commencement of the 'action,' not each individual claim." *Id.* at 49 n.20.

On June 26, 2025, Defendants filed a counterclaim under the Anti-SLAPP Law. ECF No. 55 ¶¶ CC 46-53. Defendants asserted that Grifols' action lacked a substantial basis in fact and law, and that Grifols' purpose in bringing the action was solely to harass, intimidate, punish, or maliciously inhibit Defendants' exercise of free speech (which would entitle Defendants to compensatory and punitive damages). *Id*. ¶¶ CC 24-30; CC 52-53. Grifols moved to dismiss, arguing that the Court's denial of Defendants' attorney's fee motion constituted a ruling that Grifols' action was commenced with a substantial basis. ECF No. 65 at 4-6. On March 26, 2026, this Court denied Grifols' motion and permitted Defendants' anti-SLAPP claim to proceed. ECF No. 132. Rejecting Grifols' argument, this Court stated that its prior decision "certainly cannot be read to preclude Defendants from arguing and attempting to prove—*based on information additional to what was presented on their earlier motion*—that the lawsuit was commenced or continued without a substantial basis in fact or law." *Id*. at 6-7 (emphasis added).

In July and August 2026, Defendants served discovery requests on Grifols to support their anti-SLAPP claim and their defenses to Grifols' remaining defamation claim. Defendants sought

discovery into the factual bases underlying the core allegations in Grifols' complaint, including Grifols' allegations that Defendants made false statements about Grifols' EBITDA, leverage ratio, and related party transactions in addition to the Scranton Loan.[4] Defendants also sought documents relating to Grifols' purpose for bringing the action, including its communications with the SEC, and with UBS, which terminated its banking relationship with Defendants shortly after the Gotham Report was published.[5]

Grifols refused to respond to most of Defendants' discovery requests, or agreed to respond only in narrowed form, on relevance grounds.[6] On September 2, 2026, Grifols moved for a protective order, arguing that the permissible scope of Defendants' discovery was limited to the Scranton Loan. ECF No. 188 at 1-2. Grifols further argued that documents about its purpose for bringing and maintaining its lawsuit should be limited to "documents concerning its reasons for commencing and maintaining this Action," *i.e.*, documents directly related to the lawsuit. *Id*. at 5.

On September 17, 2026, after a hearing, Judge Gorenstein granted Grifols' motion in full. At the hearing, Judge Gorenstein recognized (and Grifols' counsel conceded) that to succeed on

---

[4] *E.g.*, Ex. B (Grifols' Amended Responses to Defendants' First Requests for Production), Request Nos. 6 (documents concerning inclusion of Scranton's revenue in Grifols' EBITDA calculation in annual reports); 7 (documents concerning Grifols' EBITDA calculation); 8 (documents concerning transactions with Haema and BPC); 9 (documents concerning calculation and reporting of Grifols' leverage ratio); 10 (documents concerning reporting or exclusion of Scranton Loan in public filings); 11 (documents concerning Haema and BPC call option); 25 (documents concerning Grifols' work with ImmunoTek); Ex. C (Grifols' Amended Responses to Daniel Yu's First Set of Interrogatories) Interrogatory No. 14 (requesting information about why Scranton Loan was not disclosed in certain filings and tables); Ex. D (Grifols' Responses to Defendants' First Set of Requests for Admission) Requests Nos. 4-12 (concerning disclosures and accounting treatment of BPC and Haema).

[5] *E.g.,* Ex. B, Request Nos. 5 (documents concerning any Defendant); 16 (communications between Grifols and any governmental body concerning Defendants or the Gotham Report); 17 (documents concerning any investigator hired to look into Defendants); 22 (documents concerning the Gotham Report); Ex. E (Defendants' Second Request for Production) Request No. 43 (communications between Grifols and UBS concerning the Gotham Report).

[6] *See generally* Ex. B; Ex. C; Ex. D. Pursuant to an agreement between the parties, Grifols has not yet responded to Defendants' Second Requests for Production. Grifols challenged certain of those requests in its motion for a protective order. ECF No. 188 at 2.

their anti-SLAPP claim, Defendants must prove that *all of Grifols' claims* lack a substantial basis—not just the sole remaining claim regarding the Scranton Loan:

> THE COURT: I assume they will concede that if you win this lawsuit on the Scranton defamation, that there is no SLAPP claim as to the dismissed allegations. But here is my question: If you lost on Scranton at summary judgment, trial, whatever it was, and then the defendant wants to try to get SLAPP damages, would they need to prove that every single one of the claims was without substantial basis or would it be enough for them to show the Scranton claim was without a substantial basis?
>
> MR. WALSH: They would have to prove that the action as a whole brought was without a substantial basis.
>
> THE COURT: All of the claims, then.
>
> MR. WALSH: Yes.

Order at 4:11 – 23. Nevertheless, the Order denied Defendants' request to take discovery into the factual bases for any aspect of Grifols' claims other than the Scranton Loan. Addressing Defendants' burden under the anti-SLAPP statute, Judge Gorenstein reasoned that "it is going to be enough for [Defendants] to show that it was without a basis in terms of whether these items were actionable as facts, which is what the plaintiffs initially tried to portray them as, and that was completely rejected." Order at 45:20 – 46:11. In other words, the Order is based on the premise that Defendants can meet their burden under the Anti-SLAPP Law by showing that Plaintiff's claims lacked a *legal basis only* (*i.e.*, the challenged statements were non-actionable opinion), and that Defendants did not also need to show that the claims lacked a *factual basis*.

## STANDARD OF REVIEW

A district judge must modify or set aside a magistrate judge's non-dispositive discovery ruling that is "clearly erroneous or contrary to law[.]" (Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" where the reviewing court "is firmly convinced the

lower court decided an issue in error," and is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotation marks omitted).

## ARGUMENT

### I. Defendants' Anti-SLAPP Counterclaim Requires Discovery into the Factual Bases for Grifols' Entire Action, Including Facts Relating to Its Dismissed Claims.

To recover their costs and attorney's fees, Defendants must show that Grifols' action was "commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights Law § 70-a(1)(a). If even a single claim satisfies the statute, the anti-SLAPP claim fails. *See Egiazaryan v. Zalmayev*, 2013 WL 6486258, at *8 (S.D.N.Y. Dec. 11, 2013) (Gorenstein, M.J.) ("[I]f we find that at least one of [plaintiff's] claims is supported by a 'substantial argument for the extension, modification or reversal of existing law,' [the anti-SLAPP claimant] will not have met his burden and cannot recover under the anti-SLAPP statute.") report and recommendation adopted as modified, 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) Because Defendants must prove that *every claim* was brought without a substantial basis in law and fact, discovery is required into the factual basis for every claim.

Defendants' burden to challenge *every claim* is also reflected in this Court's observation that the Anti-SLAPP Law "speaks to the commencement of the 'action,' not each individual claim." ECF No. 48 at 49 n.20. Naturally, this applies to all claims present *at the "commencement"* of the action, including claims that have since been dismissed. N.Y. Civ. Rights Law § 70-a(1)(a) (providing for recovery if the action was "*commenced* or continued" without a substantial basis

(emphasis added)); *see also Egiazaryan*, 2013 WL 6486258, at *1 (discovery proceeded solely on anti-SLAPP counterclaim after all of plaintiff's defamation claims were dismissed).

The Order rests on a misapplication of the Anti-SLAPP Law. Under the statute, Defendants must show that the claims lacked a substantial basis in both "fact ***and*** law." N.Y. Civ. Rights Law § 70-a(1)(a) (emphasis added). This Court's holding that most of the challenged statements were statements of opinion addressed only the *legal* foundation for Plaintiff's claims, not the *factual* foundation. *See Chau v. Lewis*, 771 F.3d 118, 128 (2d Cir. 2014) ("Determining whether a statement is an allegation of fact or mere opinion is a legal question for the court.").[7] Defendants require discovery to build their case that Plaintiff's claims lacked a factual basis in addition to lacking a legal basis.

Finally, the Order indicates that Defendants cannot seek discovery into the dismissed claims because those claims related to opinions that are "not susceptible to proof." ECF No. 188 at 5; Order at 44:22-45:4. This argument misses the point: the question is not whether Defendants' opinions are provably true—it is whether *Plaintiff* had a factual basis to challenge those opinions through a defamation claim. Indeed, in opposing Defendants' motion to dismiss, Grifols argued (incorrectly and unsuccessfully) that these statements were false statements of *fact*.[8] To prove their anti-SLAPP claim, Defendants are entitled to discover Plaintiff's basis for these assertions.

---

[7] Nor does dismissal under Rule 12(b)(6) establish "*a fortiori*" that a "claim lacks a substantial basis." ECF No. 132 at 6 (quoting *Wang v. Sussman*, 2025 WL 2607155, at *4 (S.D.N.Y. Sept. 9, 2025)).

[8] For example, Grifols alleged that the following statement in the Gotham Report was false: "we estimate that [Grifols'] ***true debt***, at minimum, is closer to EUR8.9 billion, not EUR8.0 billion." ECF No. 22 ¶157. Implicit in Grifols' allegation is a factual assertion that its actual debt figure was different than what Defendants suggested. Defendants are entitled to test that factual premise through discovery into Grifols' actual debt.

## II. Evidence Relating To Plaintiff's "Purpose" in Bringing the Action is Broader Than Documents Directly Relating To the Action.

To recover compensatory damages through their anti-SLAPP claim, Defendants must demonstrate that Grifols' action "was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech . . . rights[.]" § 70-a(1)(b). To recover punitive damages, Defendants must establish that Grifols *solely* brought its action for one of these enumerated purposes. § 70-a(1)(c). Circumstantial evidence is often the best evidence of subjective mental state. *See Grifols, S.A. v. Yu*, 2026 WL 1405988, at *4 (S.D.N.Y. May 19, 2026) (commenting, with respect to the evidence relevant to actual malice, that "Grifols is permitted to seek inferential evidence that will illuminate defendants' state of mind").

Information in Plaintiff's possession demonstrating the objective truth of Defendants' statements would be strong circumstantial evidence of Plaintiff's state of mind and purpose in bringing its lawsuit. For example, if discovery uncovers that Plaintiff possessed facts supporting Defendants' contention that Plaintiff's EBITDA was overstated (or that Plaintiff itself believed its EBITDA was overstated), that would be powerful evidence that Plaintiff's purpose in bringing this action was to harass.

The Order determined that this was "too speculative" to support discovery. Order at 46:12-20. But there is good reason to believe such evidence exists. As this Court acknowledged, the Gotham Report precipitated an investigation into Grifols by the CNMV, a Spanish regulator, which found "significant deficiencies" in "the detail and accuracy of the breakdowns and explanatory notes supporting the figures of the financial information" that "hindered investors' ability to adequately understand the issuer's financial position." ECF No. 48 at 14 (quoting ECF No. 22-4 at 2). The CNMV's conclusion corroborates the fundamental theme of the Gotham Report—that

Grifols' financial reporting was misleading to investors. Grifols' internal documents may further corroborate it.

The Court should also permit discovery into documents that reflect Grifols' animus toward Defendants, which is directly relevant to whether Grifols filed this action for the purpose of harassment. Grifols' communications with the SEC to instigate a probe into Defendants, its communications with UBS[9] pressuring it to terminate UBS's banking relationship with Defendants, and documents about its hiring of private investigators to look into Defendants, all fall squarely into this category.[10]

## III. The Order Improperly Bars Discovery Needed to Rebut Falsity and Actual Malice as to the Scranton Loan Statements.

### A. Substantial Truth

With respect to Defendants' substantial truth defense, the Order barred discovery beyond the Scranton Loan on the basis that "[t]his very narrow allegation [regarding the Scranton Loan] does not require an understanding of the entire report to assess its import," and that other reporting improprieties "would not make this particular thing [statements regarding the Scranton Loan] . . . true." Order at 47:11–18.

This was error. Whether a statement is substantially true turns on its "gist" or "sting," and "*[t]he entire publication*, as well as the circumstances of its issuance, must be considered in terms of its effect upon the ordinary reader." *Olivet Univ. v. Newsweek Digital LLC*, 2024 WL 1892563, at *4 (S.D.N.Y. Apr. 30, 2024) (emphasis added); *see also Monocoque Diversified Ints., LLC v.*

[9] The Order did not expressly discuss Defendants' requests for communications with UBS, but Grifols argued in its brief that it should not be required to produce such documents. ECF No. 199 at 4. Defendants address it to the extent the Order covers it.
[10] *See, e.g.* Ex. B, RFP Nos. 16-17; Ex. E, RFP No. 42.

*Aquila Air Cap. (Ireland) DAC*, 2024 WL 1312996, at *6 (S.D.N.Y. Mar. 27, 2024) ("Minor inaccuracies do not amount to falsity so long as the substance or 'gist' of the statement is justified.") (internal quotations and citations omitted).

The Gotham Report did not mention the Scranton Loan in isolation. Rather, it referenced the alleged nondisclosure of that loan to support Defendants' view that "Scranton is at the heart of many suspicious transactions, a pattern of behavior that suggests that the GRF public company benefits the Grifols family at the subordination and sometimes detriment of common shareholders and creditors." ECF No. 1-1 at 24. Because the Gotham Report offered the loan as one example of a pattern, the sting of the statement is that Grifols kept its related-party dealings out of investors' view. Indeed, the CNMV found that Grifols "failed to report or failed to properly break down a number of related-party transactions, including with Scranton." ECF No. 48 at 14 (citing ECF No. 22-4 at 4–7). Discovery into Grifols' related-party disclosure practices, including (but not limited to) its dealings with Scranton, therefore bears directly on the gist of the one statement still at issue.[11]

**B. Actual Malice**

The discovery barred by the Order is also relevant to actual malice. The Order indicates that Defendants cannot negate "actual malice [regarding the Scranton Loan] by looking . . . to [Grifols'] non-Scranton alleged financial issues." Order at 41:10–13. This is incorrect. Evidence of the truth and objective reasonableness of the *entire report* may provide strong circumstantial evidence of whether Defendants acted recklessly or intentionally in connection with the Scranton Loan statements. For example, if it turns out that many other statements in the Gotham Report

---

[11] *See, e.g.,* Ex. B, RFP Nos. 1, 15, 20.

were correct and supported by Plaintiff's own internal documents, a jury could reasonably conclude on this basis alone that any false statements related to the Scranton Loan were honest mistakes, and not intentional or reckless.

While actual malice turns on Defendants' subjective awareness, objective facts are often relevant to assessing subjective intent. *See St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) (subjective state of mind may not prevail over publication "so inherently improbable that only a reckless man would have put them in circulation"). Defendants should be permitted to rebut Grifols' allegations with evidence that their speech was driven by plausible, good-faith skepticism which was not "inherently improbable," but actually grounded in inaccuracies and obscurities in Grifols' financial disclosures.

## IV. Grifols' Financial Condition Is Relevant to Causation of Its Claimed Damages.

Lastly, the discovery barred by the Order is relevant to assessing Plaintiff's damages. The Order limited damages discovery to facts relating to "the perception . . . of the outside world." Order at 46:21–47:8. While third-party perception is undoubtedly relevant to damages, it is only one side of the coin. Grifols will likely argue that its damages, including a decline in stock price, were caused entirely by Defendants' allegedly false Scranton Loan statements. Defendants are entitled to explore alternate theories, including that Plaintiff suffered losses because the other statements in the Gotham Report were well-supported, objectively reasonable, and correct, and that Plaintiff's losses were caused by its internal financial condition, which was worse than reported.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court modify or set aside the Order's limitations on the scope of discovery relevant to Defendants' counterclaim and defenses.

Dated: October 1, 2026
New York, New York

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Michael A. Asaro*
Michael A. Asaro
Uri A. Itkin
John C. Murphy

One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
masaro@akingump.com
uitkin@akingump.com
jmurphy@akingump.com

*Counsel for Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that the foregoing memorandum of law complies with the applicable word-count limitation. The memorandum contains 3,456 words, using the word-count function of Microsoft Word, excluding the caption, table of contents, table of authorities, signature blocks, and this certificate.

Dated: October 1, 2026
New York, New York

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Michael A. Asaro*

Michael A. Asaro
Uri A. Itkin
John C. Murphy

One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
masaro@akingump.com
uitkin@akingump.com
jmurphy@akingump.com

*Counsel for Defendants*