UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRIFOLS, S.A.,

Plaintiff,

v.

DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, and CYRUS DE WECK,

Defendants.

Index No. 1:24-cv-00576-LJL-GWG

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OF AUGUST 20, 2026 MEMORANDUM AND ORDER (ECF 186)**

Defendants Daniel Yu, Cyrus de Weck, Gotham City Research LLC ("GCR"), and General Industrial Partners LLP ("GIP") (collectively, "Defendants") respectfully submit this Reply in response to Plaintiff Grifols' Memorandum in Opposition (ECF 211) and in further support of their request for reconsideration of the Court's Memorandum and Order dated August 20, 2026 (the "Order," ECF 186), which affirmed Magistrate Judge Gorenstein's denial of Defendants' motion for a protective order under N.Y. Civ. Rights Law § 79-h, NY's Shield Law.

***The Central Point of Gotham's Motion for Reconsideration***

Plaintiff disingenuously avoids the central point of our request for reconsideration. One of the two prongs[1] of the §79-h test requires that the party asserting the Reporter's Privilege show that the person is a professional journalist:

> "[O]ne who for gain or livelihood, is engaged in gathering, preparing, collecting, writing, editing, filming, taping or photographing of news intended for a newspaper, magazine,

[1] The Magistrate Judge acknowledged that the Report that Defendants disseminated to the public was indeed "*news*" under 79-h(a)(8). This Court had already made that ruling in its Order on the Motion to Dismiss, finding that short reports furnish valuable information to the marketplace. *See* ECF 48 at p. 22.

news agency, press association or wire service or *other professional medium or agency* which has as ***one of*** *its regular functions processing and researching of news* intended for dissemination to the public. Such person shall be someone performing said function either as a regular employee or as *one otherwise professionally affiliated for gain* or livelihood with such medium of communication." 79-h(a)(6) (emphasis added)

But the Magistrate Judge's Order established a new test to stand in for that 79-h(a)(6) requirement. Because that new test, restricting 79-h(a)(6), required direct "non-contingent" earnings, and had no precedent nor any mention at all in any prior § 79-h case law, Defendants had no notice at all that this was a test that they would be required to meet. Not until after the Order was rendered.

Once we became aware of this new hurdle, we offered to provide evidence of direct regular non-continent earnings. Such evidence exists. But it was not allowed or considered. Due process requires that Defendants be permitted to offer that evidence.

Of course there were some contingent earnings, *but significantly the earnings were not only contingent; there were also regular, non-contingent and direct payments to Cyrus de Weck and Dan Yu for the regular services that they provided and specialize*[2] *in.* Defendants request the opportunity to put that evidence before the Court.

---

[2] It is also highly significant that Gotham Defendants objectively and independently research companies that they report on ***well before*** they ever take a short position. They do not short a stock first and then investigate and research the company at issue later. It is clear from discovery and allegations at hand that Gotham began researching Grifols ***long before*** it took any short position on the company. This Court stated that if de Weck and Yu had "state[d] that they gather the information first, as a result of a judgment about the interests that the information will have to their audience, and only then take the short position in order to subsidize their reporting" then they might well have passed §79-h(a)(6) muster and the new restrictive test would not then apply. See Court's ruling at ECF 186 at page 22. But that is precisely what the evidence and discovery showed and what should have been permitted and examined *before* shutting the door to §79-h protections.

### *Conclusion & Relief Sought*

The Court should therefore not adopt the Magistrate Judge's ruling; and even if the new standard is adopted in whole or in part, Defendants should be allowed to provide evidence 1) to address the new standard and 2) to show as well that they meet the terms of this Court's ruling at ECF 186 at page 22 – i.e. research first, short only later. We respectfully request that Your Honor and the Magistrate Judge allow us to make that showing. The Court should grant such other relief as the Court deems just and proper.

Respectfully Submitted,

By: //s// *David S. Korzenik*

Miller Korzenik Rayman LLP
David S. Korzenik
Gillian Vernick
1501 Broadway, Suite 2015
New York, NY 10036
212-752-9200

*Attorneys for Defendants*