USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/07/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRIFOLS, S.A.,

Plaintiff,

-v-

DANIEL YU, et al.,

Defendants.

24-cv-576 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendants Daniel Yu, Cyrus de Weck, Gotham City Research LLC ("Gotham"), and General Industrial Partners LLP ("GIP") (collectively, "Defendants") move, pursuant to Local Civil Rule 6.3 and the Court's inherent authority, for reconsideration of the Court's Memorandum and Order dated August 20, 2026 (the "Order"), Dkt. No. 186, which affirmed Magistrate Judge Gorenstein's denial of Defendants' motion for a protective order under New York's Shield Law, N.Y. Civ. Rights Law § 79-h. Dkt. No. 200. For the following reasons, the motion is denied.

"A motion for reconsideration should be granted only if the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (internal quotation marks omitted). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing

on the merits, or otherwise taking a second bite at the apple.'" *Brady v. NYP Holdings, Inc.*, 2022 WL 2223019, at *1 (S.D.N.Y. June 21, 2022) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) (cleaned up).

Defendants assert that the Court "overlooked controlling and persuasive authority." Dkt. No. 200 at 4; *see also id.* at 2, 5. However, the only arguably controlling authorities Defendants identify are *In re Fitch*, 330 F.3d 104 (2d Cir. 2003) and *Chevron Corp. v. Berlinger*, 629 F.3d 297, 309 (2d Cir. 2011), and the Court addressed both of them. *See* Dkt. No. 186 at 8, 17–21. Defendants simply disagree with the Court's reading of *Fitch*. Defendants argue that the decision turned upon editorial independence and whether the subject of the article had control over its content. Dkt. No. 200 at 3, 5–7. On that basis, a stock promotor which had a long position (with voting rights) in the stock of a company that was the subject of its report would be deprived of the benefit of the New York reporter's privilege, but a stock promoter in the same boiler room which had an equivalently sized short position in the same company would be entitled to the privilege's protection. For the reasons stated in the Order, the Court understood *Fitch* differently. It understood the result in the case to turn upon whether the gathering of information and its dissemination was "'based on a judgment about newsworthiness.'" Dkt. No. 186 at 19 (quoting *Fitch*, 330 F.3d at 110). On that understanding, it would be immaterial whether Defendants' economic interest took the form of a long or a short position in the company that was the subject of its report. Defendants failed to satisfy *Fitch*. They failed to show that they were "devoted at least in part to disseminating information because of a perception that such information would have inherent value and interest to its intended public audience." *Id.*

The remainder of Defendants' argument is devoted to a caricature of the Court's Order and to rearguing points the Court already considered. Defendants identify no intervening change of controlling law, the availability of new evidence, or any clear error or manifest injustice.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 200.

SO ORDERED.

Dated: October 7, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge