Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com

Akin

**Uri A. Itkin**
+1 212.872.1027 /fax: +1 212.872.1002
uitkin@akingump.com

October 9, 2026

**BY ECF**

Honorable Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Grifols, S.A. v. Yu, et al.*, Case No. 1:24-cv-00576-LJL-GWG
Opposition to Plaintiff's Motion to Compel

Dear Judge Gorenstein:

We write on behalf of Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck (collectively, "Defendants") in response to the October 7, 2026 letter motion to compel filed by Plaintiff Grifols, S.A. ("Grifols") (ECF No. 224).

Grifols' motion is premature and unnecessary. Defendants ***agreed*** to virtually all of Grifols' demands in its motion before Grifols even filed it (*see* Exhibit A). Defendants agreed to amend or revisit their responses to Grifols' requests for admission ("RFAs"), agreed to revisit certain documents marked confidential, and agreed to amend their interrogatory responses. The only dispute is by when. Defendants agreed to amend their interrogatory responses by next week and agreed to provide their RFA responses and confidentiality de-designations by October 30, 2026. Grifols provides no support for its arbitrary deadline.

Defendants' deadlines are reasonable. Grifols served over a hundred RFAs, many of which are burdensome or improper, and asked Defendants to review thousands of documents for potential de-designation, without any immediate need. Grifols does not meaningfully attempt to show otherwise. While it spends pages trying to prove that Defendants should do what they already agreed to do, Grifols fails to provide one good reason why Defendants' October 30 timeframe is unreasonable or would disadvantage Grifols in any way whatsoever.

The larger context bears mention too. As Defendants previewed to the Court, there is no subject matter jurisdiction here, and they intend to file a motion to dismiss on that basis. "[I]f granted, any discovery conducted in the interim would have been without purpose." *Salese v. JP Morgan Chase & Co.*, 2023 WL 5047890, at *2 (E.D.N.Y. Aug. 8, 2023). Defendants informed Grifols that they intend to file that motion and a motion to stay discovery by October 16, and sought to negotiate that process with Grifols in good faith. Grifols, however, exploited Defendants' good faith by trying to front-run that process with this motion. Defendants thus respectfully request that the Court deny this motion and permit Defendants to fulfill their agreement to amend their interrogatory responses by next week and complete the other tasks by October 30. Defendants also respectfully submit that no conference is necessary.

## I. Grifols' Motion Is Premature

As a threshold matter, Grifols' motion is premised on a nonexistent impasse. On October 7, 2026, before Grifols filed its motion, Defendants informed Grifols that they would provide amended interrogatory responses the following week, and endeavor to provide amended RFA responses and any de-designated documents by October 30, 2026. *See* Exhibit A. Grifols failed to respond to Defendants, failed to meet and confer about those dates, and failed to explain why those dates are unacceptable. That does not satisfy Grifols' meet and confer obligations prior to filing its motion. The motion is therefore premature.

## II. Defendants' Timeframes Are Reasonable, And Grifols Fails To Show Otherwise

### A. Amending Interrogatory Responses by Next Week Is Reasonable

Grifols' motion seeks amended responses within one week of the Court's order. Motion at 2. But Defendants agreed to provide amended interrogatory responses next week. *See* Exhibit A. In other words, this request will be moot by the time the Court hears this motion. The motion thus makes no sense and should be denied with respect to Defendants' interrogatory responses.

### B. Amending RFA Responses by October 30 Is Reasonable

Even though document discovery is not yet complete, and no depositions have taken place, Grifols served 149 RFAs on each Defendant. *See* Exhibit B, Instruction Nos. 2-3. Many of those RFAs are inappropriate substitutes for document or deposition discovery. Defendants timely responded, and Grifols challenged Defendants' responses to 138 RFAs.

Many of the 138 RFAs are highly burdensome. For example, nearly 100 of them seek sworn admissions concerning what Daniel Yu, Cyrus de Weck, Christian Cluett, and "Defendants' Personnel" "searched," "viewed," or "knew" about certain Grifols filings or sections of filings. *See* Exhibit B, RFA Nos. 15-38, 71-135, 138-145. "Defendants' Personnel" is defined impermissibly broadly as "Defendants and each of their respective members, partners, principals, officers, directors, employees, contractors, consultants, agents, and representatives, including without limitation Daniel Yu, Cyrus de Weck, Christian Cluett, Amy Gilliland, and Kristina Caruana." Exhibit B at 4.

Grifols has no basis to believe that any of "Defendants' Personnel" aside from Daniel Yu, Christian Cluett, and Cyrus de Weck actually reviewed any of the identified filings.[1] As such, those RFAs are improper. *See Galgano v. Cnty. of Putnam*, 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021) (Rule 36 is "not a discovery device.") (quotation omitted); *A.P. v. CHA Health Sys*., Inc., 2020 WL 13890245, at *4 (E.D.N.Y. Aug. 14, 2020) (RFAs cannot be used to seek "information as to who knew what or who did what[.]").

Still, responding to dozens of RFAs just with respect to Daniel Yu, Christian Cluett, and Cyrus de Weck will take significant time and effort. It will require Defendants to refresh recollections of each individual witness about what they knew and reviewed over two years ago.

[1] As evident by the chart Grifols attached as Exhibit A to its motion, Grifols provides no support to show that anyone within the definition of "Defendants' Personnel" aside from Daniel Yu, Christian Cluett, or Cyrus de Weck reviewed Grifols' filings.

That task is further complicated by the fact that Defendants are not in the U.S. and are in different time zones, many hours apart from counsel in New York.[2]

As noted, Grifols fails to show otherwise. It fails to explain why October 30 is unreasonable, why it would be disadvantaged in any way, and why its RFAs are not burdensome. The motion should therefore be denied with respect to RFA responses.[3]

**III. De-Designating Confidential Documents by October 30 Is Reasonable**

Defendants agreed to de-designate documents improperly marked confidential by October 30. This requires a review of 2,285 documents. Again, Grifols provides no basis for why this needs to be done several weeks sooner than Defendants have proposed, certainly not on an arbitrary one-week deadline.

Grifols' request to de-designate certain categories is improper. For example, Grifols seeks to de-designate "near-final" drafts of the Gotham Report and internal communications "merely discussing publicly available information." Motion at 5, Ex. B at Row 7. But drafts, no matter how "near-final," and deliberation about "publicly available information" reflect Defendants' internal processes, which are commercially sensitive. For example, Plaintiff seeks to de-designate GCR_0061022, a thread where one of the Defendants instructed an employee to research and analyze Grifols filings in connection with drafting the Gotham Report. Motion, Ex. B, Row 7. This is a non-public communication that reflects Defendants' confidential research methodology. Public access to such information would confer an unfair advantage on competitors by exposing the internal mechanics of Defendants' research and investment businesses. *See Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *11 (S.D.N.Y. Jan. 17, 2025) (sealing documents discussing a company's business strategies because others might exploit the information). There is no basis to categorically de-designate such documents. Indeed, Your Honor granted Defendants' request to seal an internal communication, ECF No. 207, Ex. R, discussing Grifols' filings in connection with drafting the Gotham Report. ECF No. 215.

In any event, such discussion is premature. Defendants should have the opportunity to parse through each of the 2,285 documents implicated by Grifols' challenge. To the extent any disagreement remains, Grifols can raise document-specific issues at that time. There is no reason that process should take place before October 30, and Grifols provides none. The motion should therefore be denied with respect to document de-designation as well.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion, and permit Defendants to amend their interrogatory responses by next week and amend or

---

[2] Grifols' assertion that these RFAs will "streamline depositions," Motion at 3, is at odds with the law. *See In re New York City Policing*, 2023 WL 167410, at *1 (S.D.N.Y. Jan. 12, 2023) (Gorenstein, M.J.) (RFA was problematic where, as here, whether it "were admitted or not, the plaintiffs would be taking depositions on the matters encompassing" that same topic).

[3] Grifols' claim that this process has dragged out for months is disingenuous. Defendants timely filed responses to the RFAs on September 16, 2026. The parties met and conferred shortly afterward, and Defendants asked Grifols to provide its factual basis to certain RFAs to reduce the burden on Defendants. Grifols complied with that request on September 29, 2026.

revisit their RFA responses and confidentiality designations by October 30.[4]

Respectfully submitted,

*/s/ Uri A. Itkin*

Uri A. Itkin

[4] Defendants also respectfully request that the Court permit Defendants to file a motion to seal the exhibits to Grifols' motion before unsealing them.