**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRIFOLS, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL YU, GOTHAM CITY RESEARCH LLC, GENERAL INDUSTRIAL PARTNERS LLP, CYRUS DE WECK,<br><br>Defendants. | No. 1:24-cv-00576-LJL |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

AKIN GUMP STRAUSS HAUER & FELD LLP

Uri A. Itkin
Michael A. Asaro
John C. Murphy

One Bryant Park
New York, NY 10036

*Counsel for Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck*

**Table of Contents**

PRELIMINARY STATEMENT....................4

RELEVANT FACTS....................5

ARGUMENT....................7

I. The Yu Stay Declaration, Stay Exhibits, and Corresponding References in the Stay Motion Warrant Sealing....................8

A. The Court Should Permit Redaction of PII Belonging to Defendants and Mr. Yu's Family in Public Filings....................8

B. The Court Should Seal the Stay Exhibits in Their Entirety....................11

C. The Court Should Seal Mr. Yu's Tax Records....................12

D. Limited Redaction in Exhibits to the Yu Sealing Declaration....................12

E. Limited Redactions in Exhibit A to the Asaro Declaration....................12

F. Specific Documents for Sealing....................12

II. The Court Should Permit Redaction of PII in Documents Filed under Seal....................14

CONCLUSION....................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. New York State Educ. Dep't*,
959 F. Supp. 2d 517 (S.D.N.Y. 2013)....................12

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
814 F.3d 132 (2d Cir. 2016)....................7

*In re Celsius Network LLC*,
644 B.R. 276 (Bankr. S.D.N.Y. 2022)....................9, 10

*Citgo Petroleum Corp. v. Starstone Ins. SE*,
1:21-cv-389, 2023 WL 7497858 (S.D.N.Y. Nov. 9, 2023)....................10

*Eckhart v. Fox News Network, LLC*,
No. 20-cv-5593 (RA), 2024 WL 4931857 (S.D.N.Y. Dec. 2, 2024)....................9

*Geller v. Branic Int'l Realty Corp.*,
212 F.3d 734 (2d Cir. 2000)....................8

*Giuffre v. Maxwell*,
No. 15 Civ. 7433 (LAP), 2020 WL 4370961 (S.D.N.Y. July 30, 2020)....................15

*Greer v. Carlson*,
1:20-cv-05484, 2020 WL 6064167 (S.D.N.Y. Oct. 14, 2020)....................14

*In re Orion Pictures Corp.*,
21 F.3d 24 (2d Cir. 1994)....................7

*Richmond v. Montefiore Med. Ctr.*,
21 Civ. 8700 (PGG), 2023 WL 6211978 (S.D.N.Y. Sept. 25, 2023)....................9

*Robinson v. DeNiro*,
19-cv-09156 (LJL), 2023 WL 3728350 (S.D.N.Y. May 26, 2023) (Liman, J.)....................9

*S.E.C. v. Ahmed*,
No. 3:15-cv-675 (JBA), 2018 WL 4266079 (D. Conn. Sept. 6, 2018)....................9

*Solomon v. Siemens Indus., Inc.*,
8 F. Supp. 3d 261 (E.D.N.Y. 2014)....................12

*Toretto v. Donnelley Fin. Sols., Inc.*,
583 F. Supp. 3d 570 (S.D.N.Y. 2022)....................8

*In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, 18-MD-2859 (PAC), 2021 WL 4706199 (S.D.N.Y. Oct. 8, 2021) ........................................11

**Rules**

Fed. R. Civ. P. 5.2(a) ..........................................................................................................9

Local Civ. R. 7.1(c)..............................................................................................................16

**Statutes**

28 U.S.C. § 1332(a) ..............................................................................................................14

Pursuant to Paragraph 15 of the confidentiality order entered in this action (ECF No. 104) ("Confidentiality Order"), Defendants Daniel Yu, Gotham City Research LLC ("Gotham"), General Industrial Partners LLP ("GIP"), and Cyrus de Weck (collectively, "Defendants") move to seal the following documents:

1. Portions of Defendants' Memorandum of Law in support of their Motion to Stay Merits Discovery ("Stay Motion"), ECF Nos. 254 and 255, relating to Mr. Yu's family affairs and country of domicile;

2. Mr. Yu's Declaration in Support of the Stay Motion ("Yu Stay Declaration"), ECF No. 257;

3. All Exhibits attached to Mr. Yu's Stay Declaration ("Stay Exhibits"), ECF Nos. 257-1 – 257-23;

4. Limited portions of two exhibits to Mr. Yu's Declaration in Support of Defendants' Motion to Seal ("Yu Sealing Declaration"), ECF No. 253;

5. Limited portions of Exhibit A to Michael Asaro's Declaration in Support of the Stay Motion ("Asaro Declaration"), ECF No. 262; and

6. Limited portions of this Memorandum of Law, ECF No. 250, in support of Defendants' Motion to Seal ("Sealing Motion"), ECF No. 249, relating to Mr. Yu's personal life.

Defendants further request permission to redact certain limited categories of personal identifying information ("PII") in documents filed under seal.

**<u>PRELIMINARY STATEMENT</u>**

Defendants have moved to stay all merits discovery in this action. ECF No. 254. In support of that Stay Motion, Defendants filed the Yu Stay Declaration, which establishes that he is a U.S. citizen domiciled abroad. ECF No. 257. The Yu Stay Declaration provides personal details of Mr. Yu's [redacted], [redacted] Mr. Yu, like other similarly situated financial researchers in the short-seller community, has been the target of threats, harassment, and attempted

doxxing, and he justifiably fears that public disclosure of his personal information will jeopardize the safety and security of his family. Virtually none of this information has any bearing on the merits of this case. Therefore, by Defendants' Sealing Motion, Defendants seek permission to (1) seal personal information relating to Mr. Yu's family affairs and country of domicile, and (2) redact certain limited categories of personal identifying information ("PII") in documents filed under seal.

## RELEVANT FACTS

### I. Threats and Harassment Against Short Sellers and Mr. Yu

Mr. Yu is a financial researcher who analyzes and publishes reports on companies that he believes are overvalued or have possibly engaged in misconduct. Yu Declaration in Support of Defendants' Motion to Seal ("Yu Sealing Decl.") ¶ 2. These reports often generate significant controversy, especially with parties who have strong financial or personal interests in those companies. Yu Sealing Decl. ¶ 2. As a result, the nature of this work has made Mr. Yu a target for threats and retaliation. Yu Sealing Decl. ¶¶ 3-10.

For example, sometime between 2015 and 2017, Mr. Yu received a text message from an unknown individual who indicated that they knew where he lived and included sufficient personal information about him to make the threat appear credible. Yu Sealing Decl. ¶ 4. On or about May 25, 2016, an anonymous sender using the name "Zatarra Leaks" distributed an email to sell-side research analysts falsely accusing Mr. Yu of participating in "criminal insider trading and stock market manipulation," which Mr. Yu believes was part of a broader harassment campaign by a company which he was researching and considering publishing a report on at the time. Yu Sealing Decl. ¶ 5. In early 2024, following publication of Gotham's report concerning Grifols, Mr. Yu received hostile, harassing, and threatening communications from members of the public through the Gotham website, including at least one message that contained racial slurs and referenced

violent acts against him. Yu Sealing Decl. ¶¶ 6-7.

Mr. Yu has also been the target of online campaigns designed to publicize personal information about him and damage his reputation. Yu Sealing Decl. ¶ 8. For example, various websites, social-media accounts, and online publications have devoted substantial effort to doxxing (i.e., publishing or revealing private, personally identifiable information without consent) him, publishing information concerning a criminal matter from nearly twenty years ago, republishing court and law-enforcement records, posting photographs associated with those records, and encouraging public scrutiny of his personal affairs. Yu Sealing Decl. ¶¶ 8-10. One such article identified Mr. Yu by name, discussed his ethnicity, revealed where the author believed he lived, highlighted and republished decades-old court records, and repeatedly portrayed him as a criminal. Yu Sealing Decl. ¶ 9. Individuals on social media have repeatedly directed hostile and disparaging comments toward Mr. Yu and Gotham, and these individuals appear to be actively monitoring this case. Yu Sealing Decl. ¶ 10. Mr. Yu's experiences are consistent with those of others in the activist short-selling community, who have faced hacking attempts, threats, surveillance, physical confrontations, and threats of violence because of their work. Yu Sealing Decl. ¶ 3. As this case has generated media attention, *see* Yu Sealing Decl. ¶¶ 11, 14, these concerns are particularly acute.

Mr. Yu's concern is further exacerbated by Grifols's inclusion of improper and inflammatory allegations against him in this case. In its original complaint, Grifols included irrelevant allegations regarding Mr. Yu's criminal history that, as the Court recognized, had no bearing on Grifols's claims. ECF No. 1 ¶¶ 93-107. This Court held that those allegations were "a personal attack" on Mr. Yu, "immaterial and impertinent," "scandalous and prejudicial," and included only to "impugn his character and inflame prejudice against him." ECF No. 49 at 4, 6,

7. However, because these allegations were stricken after Grifols filed its complaint publicly, the harm from Grifols's personal attack against Mr. Yu continues. To this day, the top results of a Google search of Mr. Yu's name parrot Grifols's stricken allegations alongside a link to Grifols's original complaint. Yu Sealing Decl. ¶ 12.

**II. The Yu Stay Declaration and Stay Exhibits**

In support of the Stay Motion, Mr. Yu has submitted a sworn declaration showing that he is a United States citizen domiciled abroad, and therefore not a citizen of any U.S. state or foreign state for purposes of diversity jurisdiction. To show both his physical presence in, and his intent to remain in, his foreign country of residence, the Yu Stay Declaration describes Mr. Yu's residential and family history over roughly the last decade, [redacted] The Stay Exhibits substantiate these facts and include [redacted]

**ARGUMENT**

Defendants respectfully request that the Court permit the filing under seal of the following documents: (1) portions of the Stay Motion referencing Mr. Yu's family affairs and country of domicile; (2) the Yu Stay Declaration; (3) all Stay Exhibits; (4) limited portions of exhibits to the Yu Sealing Declaration; (5) limited portions of Exhibit A to the Asaro Declaration; and (6) limited portions of this Memorandum of Law in support of the Sealing Motion relating to Mr. Yu's personal life. In addition, Defendants request permission to redact certain limited categories of personal identifying information ("PII") in documents filed under seal.

While there is a "strong presumption of public access to court records," *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994), sealing records is appropriate where it is "essential to preserve

higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). A court balances this common law presumption of access against competing considerations, including "the privacy interests of those resisting disclosure." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 607 (S.D.N.Y. 2022). A court presented with a motion to seal "enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

## I. The Yu Stay Declaration, Stay Exhibits, and Corresponding References in the Stay Motion and This Sealing Motion Warrant Sealing

The Yu Stay Declaration, Stay Exhibits, Stay Motion, and this Sealing Motion contain information regarding Mr. Yu's [redacted] This information has been properly designated confidential under the Confidentiality Order as "previously nondisclosed financial information" and "information of a personal or intimate nature regarding any individual," ECF No. 104 ¶ 2. It warrants sealing to protect such information from public disclosure.

Sealing is particularly appropriate here given the privacy interests of non-party family members and the documented history of threats and harassment against Mr. Yu. Yu Sealing Decl. ¶¶ 4-10, 14. Public disclosure of this information would create a material risk to the safety and security of Mr. Yu and his family. Yu Sealing Decl. ¶¶ 15-16. Accordingly, Defendants request permission to: (A) redact specific PII and information relating to Mr. Yu and his family, including their country of domicile, in public filings; and (B) file the Stay Exhibits entirely under seal.

### A. The Court Should Permit Redaction of PII Belonging to Defendants and Mr. Yu's Family in Public Filings

There is good cause to redact PII belonging to both Defendants and Mr. Yu's family in public filings, including their country of domicile. "Personal and financial information implicate

significant privacy interests that overcome the strong presumption of public access." *Robinson v. DeNiro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (Liman, J.) (quotation omitted). Redaction of such information "will prevent the documents from becoming a 'vehicle for improper purposes.'" *Id.* (internal citation omitted) (granting motion to redact home addresses, personal and otherwise non-public email addresses and phone numbers, and other sensitive information).

The "privacy interests of innocent third parties," in particular, "should weigh heavily in a court's balancing equation between the presumption of access and a request to seal." *S.E.C. v. Ahmed*, 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (internal quotation omitted). "There is only a weak presumption of public access for irrelevant [non-party PII], and courts routinely permit such redactions in order to protect the privacy of non-parties." *See Eckhart v. Fox News Network, LLC*, 2024 WL 4931857, at *2-3 (S.D.N.Y. Dec. 2, 2024) (sealing PII relating to non-parties).

One category of privacy interests that warrants sealing is "family affairs." *See Ahmed*, 2018 WL 4266079, at *2. Sealing is particularly warranted where, as here, the information to be sealed involves minor children. *See* Fed. R. Civ. P. 5.2(a) (permitting redaction of "the name of an individual known to be a minor"); *see also Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *5 (S.D.N.Y. Sept. 25, 2023) (granting motion to seal "materials discuss[ing] personal details regarding Plaintiff's husband and child"); *Ahmed*, 2018 WL 4266079, at *2 (granting motion to seal "a wide range of information regarding the [Defendants'] minor children, personal financial information related to [Defendants'] family members and friends, personal contact information, and information regarding the location and value of personal and real property").

Sealing or redaction is also particularly appropriate where, as here, it is necessary to protect the safety of parties and non-parties. *See, e.g.*, *In re Celsius Network LLC*, 644 B.R. 276, 293-94 (Bankr. S.D.N.Y. 2022) (permitting redaction of home addresses where debtors provided examples

of "online threats"); *Citgo Petroleum Corp. v. Starstone Ins. SE*, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023) (permitting redaction of identifying information where a witness declared they "have been threatened in the past and that they fear for their safety").

The Yu Stay Declaration and Stay Exhibits contain the PII of Mr. Yu and non-party members of his family, [redacted]. For example, Stay Exhibits A and B to the Yu Stay Declaration [redacted]. Stay Exhibits C through H contain [redacted] This PII is irrelevant to the Court's analysis of the Stay Motion and has no bearing on the underlying merits of the Parties' claims.

The strength of Mr. Yu's and his family's privacy interests is further heightened by the threats and harassment Mr. Yu has already faced due to his work, including (though not limited to) "personal attacks" by Grifols itself through public filing of "immaterial and impertinent" allegations relating to his personal life. ECF No. 49 at 4, 7; *see Celsius*, 644 B.R. at 293-94; *Citgo*, 2023 WL 7497858, at *2.

For these reasons, the privacy interests of Mr. Yu and his non-party family members outweigh the public's right to access this information. The Court should therefore permit redaction of all PII (including but not limited to home addresses, identification numbers, telephone numbers, email addresses, and names of non-party family members) in the Yu Stay Declaration and Stay Exhibits.

For the same reasons, Defendants request that references to Mr. Yu's country of domicile also be redacted from public filings. Mr. Yu has been the target of documented threats, and individuals have previously tried to identify and disclose where they believed he lived. Yu Sealing

Decl. ¶¶ 4, 9. Mr. Yu is concerned that public filing of additional personal information could facilitate attempts to identify his residence, [redacted]. Yu Sealing Decl. ¶¶ 15-16. There is every reason to believe that if the location of Mr. Yu's domicile were made public in court filings, such individuals could use that information to make good on their threats. The specific location of his domicile also is not necessary for the public's understanding of the Stay Motion: the relevant fact is that he is domiciled abroad, not the specific country in which he is domiciled. Plaintiff will have the information it needs to contest the Stay Motion, and the public will have sufficient information to understand the nature of the proceedings.

**B. The Court Should Seal the Stay Exhibits in Their Entirety**

Merely redacting specific PII in the Stay Exhibits is not sufficient to protect Mr. Yu's privacy interests and safety. For example, [redacted] all provide evidence of his country of domicile, even if all PII is redacted. Redacting specific PII from such documents would not prevent the public from determining Mr. Yu's country of domicile and using that information as a jumping-off point to determine his address. The Yu Stay Declaration, likewise, is replete with personal information regarding Mr. Yu's non-party family members. Due to the pervasiveness of the sensitive information in these documents, redaction would leave little meaningful information available to the public, such that the entirety of the documents should be filed under seal. *See, e.g.*, *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, 2021 WL 4706199, at *3 (S.D.N.Y. Oct. 8, 2021) (sealing documents where "redaction is impracticable, as it would encompass nearly all the text and images, leaving the public with unintelligible documents").

### C. The Court Should Seal Mr. Yu's Tax Records

"Tax returns are generally afforded special protection from public disclosure." *Solomon v. Siemens Indus., Inc.*, 8 F. Supp. 3d 261, 285 (E.D.N.Y. 2014); *see also Adams v. New York State Educ. Dep't*, 959 F. Supp. 2d 517, 519 (S.D.N.Y. 2013) (permitting litigant to file tax returns under seal). Stay Exhibits K through P comprise excerpts of Mr. Yu's [redacted] and should therefore be maintained under seal for the additional reasons discussed above.

### D. Limited Redaction in Exhibits to the Yu Sealing Declaration

Defendants also request permission to file two Yu Sealing Declaration Exhibits with limited redactions. Exhibit B, the Zatarra Leaks email, contains immaterial correspondence demonstrating that the email was forwarded to Mr. Yu. Exhibit E is an email containing an express threat made to Mr. Yu, in which the email addresses have been redacted.

### E. Limited Redactions in Exhibit A to the Asaro Declaration

Defendants also request permission to file Exhibit A to the Asaro Declaration with limited redactions. Exhibit A to the Asaro Declaration, the ESI protocol memorandum, contains the email addresses and phone numbers of Mr. Yu, Mr. de Weck, and other employees of Defendant GIP, which Defendants request remain redacted.

### F. Specific Documents for Sealing

As set forth in the chart below, Defendants request that each of the following documents be sealed in its entirety because they contain sensitive personal information relating to Mr. Yu's family affairs, personal finances, and country of domicile.

| Document Ref. | Type of Document | Reason for Sealing |
|---|---|---|
| Yu Stay Declaration | Declaration | Contains information relating to Mr. Yu's family affairs; PII of |

| | | |
|---|---|---|
| | | Mr. Yu and his family; identifies his country of domicile. |
| Stay Exhibit A | [redacted] | Contains Mr. Yu's PII; identifies his country of domicile. |
| Stay Exhibit B | [redacted] | Contains Mr. Yu's PII. |
| Stay Exhibits C, E, H | [redacted] | Contain information relating to Mr. Yu's family affairs; PII of Mr. Yu and his family; identifies his country of domicile. |
| Stay Exhibit D | [redacted] | Contain information relating to Mr. Yu's family affairs; PII of Mr. Yu and his family, [redacted] identifies his country of domicile. |
| Stay Exhibits F, G, I, J, W | [redacted] | Contain PII of Mr. Yu and his family members; identifies his country of domicile. |
| Stay Exhibits Q-V | [redacted] | Contain PII of Mr. Yu; identifies his country of domicile. |
| Stay Exhibits K-P | [redacted] | Contain PII of Mr. Yu and his family members; [redacted]; identifies his country of domicile. |

In addition, Defendants request permission to file the following with limited redactions:

| Document Ref. | Type of Document | Reason for Sealing |
|---|---|---|
| Memorandum of Law in Support of the Stay Motion | Memorandum of Law | Contains information relating to Mr. Yu's family affairs; PII of Mr. Yu and his family; identifies his country of domicile. |
| Asaro Decl. Ex. A | Memorandum re ESI Protocol | Contains PII of Parties Mr. Yu, Mr. de Weck, and employees of GIP. |
| Yu Sealing Decl. Ex. B | Email | Contains PII of Mr. Yu and non-party sender; immaterial correspondence with non-parties. |
| Yu Sealing Decl. Ex. E | Email | Contains PII of Mr. Yu and non-party sender. |

| | | |
|---|---|---|
| Memorandum of Law in Support of the Sealing Motion | Memorandum of Law | Contains information relating to Mr. Yu's family affairs. |

## II. The Court Should Permit Redaction of PII in Documents Filed under Seal

Defendants request permission to redact certain limited categories of PII relating to Mr. Yu and his family in sealed court filings, such as [redacted]. For documents containing addresses, Defendants would leave foreign countries and U.S. states unredacted so that Grifols may assess facts relevant to diversity of citizenship.

While Defendants have no concern with the Court's receipt and review of such information, any documents filed under seal would also need to be produced to Grifols in unredacted form. Considering the evidence of prior threats and harassment against Mr. Yu and Plaintiff's own demonstrated willingness to use Mr. Yu's personal information as a means of harassment, redaction is necessary to protect the privacy and safety of Mr. Yu and his non-party family members. *See Greer v. Carlson*, 2020 WL 6064167, at *7 (S.D.N.Y. Oct. 14, 2020) (holding, in connection with jurisdictional discovery, that defendants "shall be entitled to redact from the documents they produce personally identifiable information, as well as other non-relevant information of a personal or sensitive nature").

Redacting such PII, while leaving the location of Mr. Yu's domicile unredacted and accessible to Grifols and the Court, strikes the appropriate balance between protecting the privacy and safety of Mr. Yu and his family, while giving Grifols all the information it needs to contest the Stay Motion and subsequent motion to dismiss for lack of subject matter jurisdiction. It is the *country* of his domicile that is relevant to these inquiries, not his street-level address that he shares with his family. *See* 28 U.S.C. § 1332(a). These redactions would also protect against the

inadvertent publication of PII (for example, through an inadvertent failure to redact such information by the non-producing party).

To the extent there is any dispute regarding the propriety of redactions applied in this manner, Defendants will meet and confer with Plaintiff and attempt to resolve it. If the dispute cannot be resolved, Defendants respectfully propose to submit such documents for *in camera* review. *See Giuffre v. Maxwell*, 2020 WL 4370961, at *1 (S.D.N.Y. July 30, 2020) (approving redaction of nonparty names and PII following *in camera* review).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' request to file the above-referenced documents and information under seal and to redact PII in documents filed with the Court.

Dated: October 19, 2026
New York, New York

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Uri A. Itkin*

Uri A. Itkin
Michael A. Asaro
John C. Murphy

One Bryant Park
New York, NY 10036

*Counsel for Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck*

## WORD COUNT CERTIFICATION

Counsel for Defendants hereby certifies that this brief complies with Local Civil Rule 7.1(c) and contains 3,533 words.

Dated: October 19, 2026 *<u>/s/ Uri A. Itkin</u>*