Proskauer Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 21, 2026

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.

**Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Liman:

Having sought and used this jurisdiction, Defendants now tactically try to reverse course. The day after publishing the Gotham Report, Defendants contacted [redacted], calling it a "[redacted]." Ex. A. The next day, Mr. Yu considered tweeting that Defendants "[redacted]." Ex. B. On [redacted], after speaking with [redacted], Defendants celebrated that "[redacted]." Ex. C (emphasis added). Grifols then sued Defendants in New York, as Messrs. Yu and de Weck had [redacted], where Mr. Yu had previously defaulted in a defamation suit brought by another company he wrote about. Defendants accepted this Court's jurisdiction, affirmatively alleged it in their counterclaims, and used it to seek broad discovery from Grifols. The facts will show this Court has jurisdiction here.

Defendants are now pulling the rip cord to eject from their failed litigation strategy. The Court rejected their attempt to invoke New York's Shield Law for professional journalists, so they must soon produce the documents they tried to shield. And Judge Gorenstein denied their overbroad discovery requests to Grifols. Defendants now conveniently claim their own assertion of diversity jurisdiction was "mistaken." The Court should be skeptical: no declaration from counsel explains how the supposed mistake occurred and went uncorrected for so long. Defendants' heavily redacted submission also undercuts Mr. Yu: [redacted]. Discovery should proceed until the Court decides the stay motion a few weeks from now.

## I. The Court Should Disregard Defendants' Improperly Filed Submission.

Defendants' supporting exhibits heavily redact essentially all information central to Mr. Yu's claimed foreign domicile, such as witness identities, dates, and addresses on leases and tax returns. These redactions lack good cause and prejudice Grifols' ability to respond to this motion, the broader motion to stay for which briefing is under way, and the forthcoming motion to dismiss. *See* ECF 251 at 14–15. Jurisdictional discovery cannot be redacted when information therein may inform a party's investigation of a relevant fact. *New York v. Mountain Tobacco Co.*, 2015 WL 3455080, at *11–12 (E.D.N.Y. May 29, 2015) (compelling disclosure of redacted tax-return information relevant to jurisdiction).

Defendants requested that Grifols agree to treat information relating to Mr. Yu's "family affairs and personal finances" as Outside Counsel's Eyes Only. Ex. D (Oct. 13 and 15 emails). Grifols agreed. *Id.* Defendants now renege on yet another discovery-related agreement, this time by redacting this information even from outside counsel. When Grifols raised the redactions, Defendants said they "are not relying on the redacted portions of the documents for our motion to stay" and refused to provide unredacted copies even to outside counsel, despite Grifols' offer to permit continued redaction of Mr. Yu's [redacted]. Defendants have not justified concealing the

remaining information, including his [redacted] and his [redacted].[1] Defendants cannot unilaterally decide what information Grifols needs to test the evidence they submit. The Court should disregard the improperly redacted exhibits, or require Defendants to provide complete copies confidentially to outside counsel and then afford Grifols an opportunity to respond.

## II. Defendants Fail to Justify an Interim Stay of Discovery.

Each of the three governing factors—"(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion"—weighs against an interim stay. *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021).

### A. Defendants Voluntarily Assumed a Narrow Interim Burden.

Defendants identify two interim burdens: reviewing documents and amending RFA responses. ECF 261 at 2; ECF 263 ¶¶ 12–13, 16, 20–21.[2] Defendants voluntarily assumed both. They largely adopted Grifols' search protocol, custodians, and time period, ECF 255 at 7; ECF 263 ¶¶ 4–7; agreed to amend their RFA responses by October 30 (served August 17), ECF 241; and agreed to their November 16 substantial-completion deadline (already extended a month at their request made prior to announcing their motion to stay), ECF 205. The work is also manageable: by Defendants' own count, only 6,423 documents remain for first-level review. ECF 263 ¶¶ 11–13. And it must be done anyway, because Grifols will pursue its claims even if this case is dismissed. *See K.A. v. City of New York*, 2022 WL 3996710, at *2–3 (S.D.N.Y. Sept. 1, 2022).[3]

### B. An Interim Stay Would Substantially Prejudice Grifols.

Defendants committed to responding to the RFAs and producing more documents ***after*** announcing their jurisdictional challenge. They sought an extended stay-briefing schedule, and then more time for their opening brief. ECF 244; ECF 247. They ***thereafter*** confirmed they would keep producing documents absent a stay, including promising a production by October 26. Ex. D. Yet after 8 p.m. on Sunday, October 18, they abruptly announced their interim stay request and declared conferral futile unless done before 2 p.m. the next day. Ex. E. Nothing had changed. These burdens were foreseeable when they chose the briefing schedule, so any overlap between discovery and briefing is of their own making, rendering *Marquez v. Hoffman*, 2019 WL 5940151, at *3 (S.D.N.Y. Oct. 25, 2019), inapposite. Grifols gave up immediate enforcement in exchange for Defendants' discovery promises, which should be enforced. *Pinks v. M&T Bank Corp.*, 2016 WL 1216813, at *4 (S.D.N.Y. Mar. 25, 2016); *Int'l Painters & Allied Trades Indus. Pension Fund v. Statesville Painting & Maint., LLC*, 2025 WL 2472098, at *3–4 (D. Md. Aug. 28, 2025).

---

[1] Nor does that information fall within the categories of "PII" ordinarily subject to redaction *from public filings* under Rule 5.2(a), like Social Security numbers, birth dates, minors' names, and financial-account numbers.

[2] Defendants also promised to re-designate their production's confidentiality by October 30 after violating the protective order with mass designations. Their interim stay request does not mention or seek to stay this obligation.

[3] Defendants' claim that merits discovery will require "well over 1,100 hours of attorney time" spans fact discovery through February 2027 and consists largely of depositions—none of which will occur before the stay motion is fully briefed. ECF 255 at 22; ECF 263 ¶¶ 2, 22–33; ECF 247. That is an argument for the full stay motion, not interim relief. The "advanced stage of this case" also weighs against a stay, as does the forthcoming discovery concerning Defendants' subject matter jurisdiction objection. *Wilmington Tr., N.A. v. Aevri Salina Meadows LLC*, 2025 WL 3512140, at *2 (S.D.N.Y. Dec. 8, 2025).

**C. Defendants' Anticipated Motion to Dismiss Is Not Likely to Succeed.**

Defendants' challenge rests on Mr. Yu reversing his own positions. Mr. Yu [redacted]. ECF 257 ¶¶ 3–4. Defendants therefore must prove a change of domicile by clear and convincing evidence, *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000), while disavowing their own admissions. Grifols alleged Mr. Yu, as of January 2024, "resides in Manhattan, New York," ECF 115 ¶ 54, and rather than deny it, he claimed to lack "knowledge or information sufficient to form a belief" about where he himself lived. ECF 55 ¶ 54. Such improper denials may be deemed admissions, *Ins. Co. of N. Am. v. M.B. Assocs.*, 1992 WL 395571, at *4 (S.D.N.Y. Dec. 10, 1992); *Soto v. Lord*, 693 F. Supp. 8, 23 n.28 (S.D.N.Y. 1988), and parties may be bound by admissions of jurisdictional facts uniquely within their knowledge. *City of New York v. Fleet Gen. Ins. Grp., Inc.*, 2024 WL 3517856, at *2–3 (2d Cir. 2024). Defendants also expressly "accept[ed] jurisdiction and venue," ECF 55 ¶ 61, and for over a year pursued counterclaims asserting that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship." *Id.* ¶ CC1.[4]

Defendants' "incomplete investigation by counsel" explanation, ECF 255 at 8–9; ECF 257 ¶ 37, is unsupported by any declaration from counsel and does not explain why Mr. Yu—who knew where he lived—invoked diversity for his own claim. Contemporaneous evidence also undermines it, including Defendants' January 2024 outreach to [redacted] and [redacted]. *Supra* at 1. [redacted] days before suit, after "[redacted] provided "[redacted] Mr. de Weck called Mr. Yu's [redacted] a "[redacted] because "[redacted]." Ex. C (emphasis added); ECF 115 ¶ 104. Defendants did *not* contemplate suit where Mr. Yu now claims he resided; they instead celebrated that [redacted].

Mr. Yu's after-the-fact claim of intent to permanently reside abroad warrants scrutiny, *Shcherbakovskiy v. Seitz*, 2010 WL 1063566, at *3 (S.D.N.Y. Mar. 23, 2010), particularly given his history of false statements about his whereabouts, Ex. G at 4. [redacted]. ECF 257 ¶¶ 12–14, 22. [redacted]. *Id.* ¶¶ 33, 36. Any doubt should be resolved in Grifols' favor, particularly where the heavily and improperly redacted record remains untested. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677–78 (S.D.N.Y. 2018); *Robbins v. Candy Digital Inc.*, 2025 WL 307243, at *1 (S.D.N.Y. Jan. 27, 2025).

The Court should deny the interim stay and enforce Defendants' agreements pending resolution of the broader stay motion.

---

[4] After GSSNA's dismissal, Defendants confirmed they would not challenge jurisdiction, and Grifols relied on that assurance by forgoing seeking reconsideration or leave to amend its or GSSNA's claims. Ex. F, Decl. of Peter D. Doyle. Diversity is also measured at commencement and is not divested by later events. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). GSSNA was Grifols' substantial U.S. operating subsidiary and debt guarantor, ECF 115 ¶¶ 53, 83, 229, and was dismissed under Rule 12(b)(6)—not as a nominal or collusively joined party. ECF 56 at 48–49.

Proskauer



Respectfully submitted,

*/s/ Peter D. Doyle*