# Exhibit D

**From:** DeBrowner, Nolan J. <ndebrowner@akingump.com>
**Sent:** Friday, October 16, 2026 11:05 AM
**To:** Walsh, William T.; Murphy, Jack; Doyle, Peter D.; Warshafsky, Jeff; Guggenheim, Michael M.; Angelica, Peter C.; Sonn, Courtney E.
**Cc:** Asaro, Michael; Itkin, Uri; Freeman, Madeleine; Natera Hershey, Maria; Johnson, May; Stephens, Harris
**Subject:** RE: Grifols, S.A. et al v. Yu et al - Meet and Confer

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

*This email sent by ndebrowner@akingump.com originated from outside the Firm.*

Billy,

We respond to your email from yesterday. We look forward to speaking at noon.

Confidentiality

We will be prepared to discuss the confidentiality order on our meet and confer, but as an initial matter, we do not agree to your proposal that discovery may be used in any future proceeding. We will, however, continue to consider this request after discussing it further with you today. As to the protections we are seeking, Mr. Yu's personal information is particularly sensitive. He has a history of receiving threats, harassment, and doxing and thus has a reasonable concern that disclosure of such information could subject him to further harm. We can also discuss this in more detail on our call.

Foreign Law Objections

As we have repeatedly said, we will indicate on our privilege log whether we are withholding any documents on the basis of Spanish law. Can you explain how that does not address your issue?

Two-Week Search Without Search Terms

You are mistaken. The hit report of approximately 1,400 documents that Gillian sent corresponded to emails between any two of the three custodians, which she expressly said at the time. See Gillian's June 17, 2026 email to you ("Here are the corrected time periods, attached, for the raw data *between* those three individuals.") The paragraph you cited in ECF 171 says nothing about whose documents are being reviewed or what the parameters are aside from the date range and lack of search terms. It just reflects an agreement to review "approximately 1,400 documents," in the specified date range, which reflects the hits that corresponded to emails between the custodians.

The current number of documents in the two-week search between any of the two custodians is 3,083 (the number increased because of the newly collected Bloomberg messages). We are reviewing those. *All* communications involving any of those custodians in those two weeks is 11,261. In addition to not being what we agreed to, this number would make the review far more costly and burdensome,

especially for a request that is not tied to any search terms and is therefore likely to yield a substantial amount of non-responsive documents.

Next Rolling Production

There is no identified repository of documents that were being withheld as a result of the reporter's privilege. We will make the next document production by Monday, 10/26.

Turtle Ship Documents

As we understand it from discussion with our client, the agreement that reflects the revenue sharing relationship with GIP is the Investment Advisory Agreement that we have already agreed to produce. We will find out whether there were multiple agreements throughout the relevant period. Can you explain why the final agreements reflecting the revenue sharing relationship between Turtle Ship and GIP is not sufficient, and why you need drafts of those agreements and related communications?

Can you explain what issue you have with objection 3, 4, and 6, which say, in effect, that Turtle Ship will do what it is required to under the local and federal rules? Grifols made similar objections in its own discovery responses.

We think it would be more fruitful to discuss what you believe are the open issues about Turtle Ship on the call tomorrow, and to drill down on what exactly you think you need. If a document relates to Grifols, Scranton, etc. it will be produced. Turtle Ship does not possess unique documents concerning Grifols. It should not be necessary to collect documents from Opus, since it is our understanding that GIP has access to any documents that might be relevant to the case which are also in Opus's possession.

Best,
Nolan

**Nolan J. DeBrowner**
**Akin**
One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.8036
Fax: +1 212.872.1002 | Mobile: +1 347.526.8694 | ndebrowner@akingump.com | akingump.com | Bio

---

**From:** Walsh, William T. <WWalsh@proskauer.com>
**Sent:** Thursday, October 15, 2026 2:59 PM
**To:** Murphy, Jack <jmurphy@akingump.com>; Doyle, Peter D. <PDoyle@proskauer.com>; Warshafsky, Jeff <JWarshafsky@proskauer.com>; Guggenheim, Michael M. <MGuggenheim@proskauer.com>; Angelica, Peter C. <PAngelica@proskauer.com>; Sonn, Courtney E. <CSonn@proskauer.com>
**Cc:** Asaro, Michael <masaro@akingump.com>; Itkin, Uri <UItkin@akingump.com>; DeBrowner, Nolan J. <ndebrowner@akingump.com>; Freeman, Madeleine <mfreeman@akingump.com>; Natera Hershey, Maria <MNateraHershey@akingump.com>
**Subject:** RE: Grifols, S.A. et al v. Yu et al - Meet and Confer

Jack and Nolan—

We are available to meet and confer tomorrow between Noon and 2 pm regarding Defendants' proposed additional confidentiality protections.

We would also like to address the issues discussed below, as well as the attached, during that call.

Please let us know what works for you.

**Proposed Confidentiality Protections**

As to Jack's October 13 email, we have already agreed to the protections identified in Items 1 and 6. We are unlikely, however, to agree to any of the additional restrictions absent a showing of good cause. The existing Confidentiality Order already affords substantial protections for sensitive personal information, and generalized references to Mr. Yu's "concerns" do not establish a basis for further restrictions, particularly where Mr. Yu himself has placed his domicile at issue. We are happy to discuss these issues tomorrow, but Defendants will need to explain why the existing protections are inadequate.

**Amended Confidentiality Order**

Separately, we have attached additional proposed amendments to the Confidentiality Order, together with Defendants' proposed amendments to which we have already agreed. Our proposal would permit either party to use discovery obtained in this action to prosecute or defend a related action brought in another court, subject to appropriate confidentiality protections. Consistent with Judge Liman's comments yesterday concerning Grifols' ability to pursue its claims in a different court should this action be dismissed for lack of subject-matter jurisdiction, we believe this is a practical, fair, and efficient approach. Please confirm that Defendants consent to these amendments.

**ESI Protocol**

***Foreign Law Objections (Section IX).*** We do not understand Defendants' continued refusal to stipulate to a process for addressing documents they may withhold based on foreign law. Without such a process, Defendants could simply withhold responsive documents without Grifols knowing what was withheld or having a meaningful opportunity to challenge that decision. That is plainly unacceptable. We remain willing to consider an alternative proposal if you have one, but otherwise we intend to ask the Court for assistance.

***Communications Without Search Terms (Section VIII).*** Your characterization of the parties' agreement is incorrect. Defendants agreed to review communications involving Messrs. Yu, de Weck, or Cluett during the week before and after publication without applying search terms—not merely communications exchanged among those three individuals. Indeed, Defendants' express agreement, memorialized in ECF 171 and endorsed by the Court, was to "review the approximately 1,400 documents from the week before and week after publication of the Gotham Report without applying search terms" and "produce responsive, non-privileged communications." ECF 171 at 2. That agreement contains no qualification limiting the review to communications among the three custodians. Moreover, Defendants arrived at the approximately 1,400-document population by searching the custodial files of Messrs. Yu, de Weck, and Cluett for their names and email addresses. That population encompasses communications involving any one of those individuals and third parties, not merely communications among the three. Defendants agreed to review that entire population and cannot now unilaterally narrow their commitment. Please confirm that Defendants will review all communications in that population involving any one of the three custodians during the specified period, without applying search terms, and produce all responsive, non-privileged communications.

***Mobile Messaging Applications (Section III, Point 7).*** We agree to Defendants' proposed clarification limiting the applications to Signal, WhatsApp, Threema, and SMS/iMessage, consistent with Section VI.

**Next Rolling Production**

Thank you for confirming that Defendants will meet the Court-ordered production deadlines absent a stay. In the meantime, Defendants cannot compound the substantial prejudice they have already caused Grifols over the past year by continuing to withhold responsive documents. We have not received any productions from Defendants since June 24th. At a minimum, Defendants should immediately produce documents that have already been reviewed, namely

those that Defendants chose to withhold based on their rejected reporter's privilege objection. There is no legitimate reason to continue withholding those materials while awaiting a ruling on a stay that has not been entered. We expect to receive those documents by next week. Please also provide a schedule for Defendants' remaining rolling productions.

**Turtle Ship Subpoena**

Your October 5 response fails to address nearly all of the outstanding issues identified in our September 29 email. We have already explained the relevance of Turtle Ship's administrative documents, including its books and records: they may reveal whether proceeds from GIP's trading in Grifols securities flowed to Turtle Ship and, ultimately, Mr. Yu through revenue-sharing, compensation, or similar arrangements. Defendants agreed to investigate those arrangements, yet have provided no response.

Nor have Defendants addressed our requests to confirm (i) that their productions will include all documents responsive to the Turtle Ship subpoena, including those maintained by third-party service providers such as Opus; (ii) whether Defendants will enter into the proposed stipulation resolving General Objections 3, 4, and 6; and (iii) whether the Investment Advisory Agreement Defendants offered to produce remained operative throughout the relevant period of January 1, 2022 through January 29, 2025, or whether other agreements governed those arrangements.

These issues have been outstanding for weeks, and Defendants cannot continue avoiding them by repeating representations that do not answer our questions. Please provide substantive responses to each outstanding issue promptly.

***

We look forward to discussing these issues tomorrow and receiving Defendants' responses to the remaining items promptly.

Thanks,

Billy

**William Walsh**
Associate

Proskauer
Eleven Times Square
New York, NY 10036-8299
d +1.212.969.3908
wwalsh@proskauer.com

---

**From:** Murphy, Jack <jmurphy@akingump.com>
**Sent:** Thursday, October 15, 2026 8:44 AM
**To:** Walsh, William T. <WWalsh@proskauer.com>; Doyle, Peter D. <PDoyle@proskauer.com>; Warshafsky, Jeff <JWarshafsky@proskauer.com>; Guggenheim, Michael M. <MGuggenheim@proskauer.com>; Angelica, Peter C. <PAngelica@proskauer.com>; Sonn, Courtney E. <CSonn@proskauer.com>
**Cc:** Asaro, Michael <masaro@akingump.com>; Itkin, Uri <UItkin@akingump.com>; DeBrowner, Nolan J. <ndebrowner@akingump.com>; Freeman, Madeleine <mfreeman@akingump.com>; Natera Hershey, Maria <MNateraHershey@akingump.com>
**Subject:** RE: Grifols, S.A. et al v. Yu et al - Meet and Confer

***This email sent by jmurphy@akingump.com originated from outside the Firm.***

---

Billy,

We're following up on your availability to meet and confer on these issues.

Thank you,

**Jack Murphy**
**Akin**
Direct: +1 212.872.8177

**From:** Murphy, Jack
**Sent:** Tuesday, October 13, 2026 3:16 PM
**To:** 'Walsh, William T.' <WWalsh@proskauer.com>; Doyle, Peter D. <PDoyle@proskauer.com>; Warshafsky, Jeff <JWarshafsky@proskauer.com>; Guggenheim, Michael M. <MGuggenheim@proskauer.com>; Angelica, Peter C. <PAngelica@proskauer.com>; Sonn, Courtney E. <CSonn@proskauer.com>
**Cc:** Asaro, Michael <masaro@akingump.com>; Itkin, Uri <UItkin@akingump.com>; DeBrowner, Nolan J. <ndebrowner@akingump.com>; Freeman, Madeleine <mfreeman@akingump.com>; Natera Hershey, Maria <MNateraHershey@akingump.com>
**Subject:** RE: Grifols, S.A. et al v. Yu et al - Meet and Confer

Billy,

We intend to request the following relief:

(1) requiring the parties to treat as outside-counsel's-eyes-only ("OCEO") information relating to Mr. Yu's family affairs and personal finances, including his and his family's PII, addresses, and country of domicile;

(2) permitting the parties to file such information under seal in future proceedings without further motions to seal;

(3) allowing Defendants to redact personally identifiable information of Mr. Yu and his family, as well as other non-relevant information of a personal or sensitive nature, in documents produced to Plaintiff in discovery;

(4) requiring destruction of OCEO-designated discovery within thirty days of the resolution of the Motion;

(5) prohibiting reference to Mr. Yu's country of domicile in open court;

(6) amending the confidentiality order as discussed in our prior email correspondence.

In addition, we would like to discuss the sharing of third-party discovery.

Regards,

**Jack Murphy**
**Akin**
Direct: +1 212.872.8177

**From:** Walsh, William T. <WWalsh@proskauer.com>
**Sent:** Tuesday, October 13, 2026 8:05 AM

**To:** Murphy, Jack <jmurphy@akingump.com>; Doyle, Peter D. <PDoyle@proskauer.com>; Warshafsky, Jeff <JWarshafsky@proskauer.com>; Guggenheim, Michael M. <MGuggenheim@proskauer.com>; Angelica, Peter C. <PAngelica@proskauer.com>; Sonn, Courtney E. <CSonn@proskauer.com>
**Cc:** Asaro, Michael <masaro@akingump.com>; Itkin, Uri <UItkin@akingump.com>; DeBrowner, Nolan J. <ndebrowner@akingump.com>; Freeman, Madeleine <mfreeman@akingump.com>; Natera Hershey, Maria <MNateraHershey@akingump.com>
**Subject:** RE: Grifols, S.A. et al v. Yu et al - Meet and Confer

**EXTERNAL Email**

Jack—

We will confer internally and get back to you with our availability this week.

In the meantime, please provide either a draft of the proposed protective order or, at a minimum, a detailed description of the protections Defendants intend to seek and how they would differ from those already provided by the existing Confidentiality Order. Having that information in advance will allow us to evaluate Defendants' proposal and ensure a productive meet and confer.

Thanks,

Billy

**William Walsh**
Associate

Proskauer
Eleven Times Square
New York, NY 10036-8299
d +1.212.969.3908
wwalsh@proskauer.com

---

**From:** Murphy, Jack <jmurphy@akingump.com>
**Sent:** Monday, October 12, 2026 9:45 PM
**To:** Walsh, William T. <WWalsh@proskauer.com>; Doyle, Peter D. <PDoyle@proskauer.com>; Warshafsky, Jeff <JWarshafsky@proskauer.com>; Guggenheim, Michael M. <MGuggenheim@proskauer.com>; Angelica, Peter C. <PAngelica@proskauer.com>; Sonn, Courtney E. <CSonn@proskauer.com>
**Cc:** Asaro, Michael <masaro@akingump.com>; Itkin, Uri <UItkin@akingump.com>; DeBrowner, Nolan J. <ndebrowner@akingump.com>; Freeman, Madeleine <mfreeman@akingump.com>; Natera Hershey, Maria <MNateraHershey@akingump.com>
**Subject:** Grifols, S.A. et al v. Yu et al - Meet and Confer

***This email sent by jmurphy@akingump.com originated from outside the Firm.***

---

Counsel,

On Friday we intend to move for a protective order regarding confidentiality protections relating to our motion to dismiss and jurisdictional discovery. Can you please let us know your availability for a meet and confer before Friday?

Thank you,

**Jack Murphy**
**Akin**
One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.8177
jmurphy@akingump.com | akingump.com | Bio

This email message was sent from Akin Gump Strauss Hauer & Feld LLP. The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

***************************************************************************************************
*****************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
***************************************************************************************************
*****************************************************

This email message was sent from Akin Gump Strauss Hauer & Feld LLP. The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message
This email message was sent from Akin Gump Strauss Hauer & Feld LLP. The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message