# Exhibit G

| | |
|---|---|
| County Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 160<br>520 W. Colfax Ave.<br>Denver, CO 80204 | Filed in County Court<br>City & County of Denver, Colorado<br>OCT 19 2011<br>MATTHEW M. McCONVILLE<br>CLERK OF COURT |
| Plaintiff: The People of the State of Colorado<br><br>Defendant: **DANIEL YU (DOB: [redacted]1982)**<br>**W/M, 5'9", 140 lbs, BLACK HAIR, BROWN EYES** | ▲ COURT USE ONLY ▲ |
| | Case Number: 11CR04381<br><br>Div.: Criminal Ctrm: 2300/4H |

**ARREST WARRANT**

THE PEOPLE OF THE STATE OF COLORADO

TO: Any Peace Office authorized by law to execute arrest warrants:

WHEREAS, the District Attorney for the Second Judicial District, City and County of Denver, State of Colorado has this day filed a Complaint/Information in this Court charging **DANIEL YU** with the crime of Attempt To Influence A Public Servant in violation of 18-8-306, C.R.S. and Forgery in violation of 18-5-102(1)(c), C.R.S..

AND WHEREAS, the Court has examined the attached affidavit and has satisfied itself that there is probable cause to believe that the above named offense (s) charged have been committed by the above named person; and

WHEREAS, the District Attorney for this Judicial District has requested that an arrest warrant issue for the above named person.

THEREFORE, you are hereby commanded to arrest and bring **DANIEL YU** without unnecessary delay before the nearest available judge of a county or district court.

Bail fixed by the Court in the amount of $ 7,500.00 CSP DATED 10/19/11

ORDERED: [signature] Judge ORDERED: ______________ District Court Judge

and

______________ Clerk, District Court

Original Duly Verified

State of Colorado } ss
County of ______________ }

## RETURN OF WARRANT

I hereby certify that I duly executed this warrant as commanded by arresting:
**DANIEL YU**, DOB: [redacted]1982

on ______________, 2011.

______________
Arresting Officer

| | |
|---|---|
| County Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 160<br>520 W. Colfax Ave.<br>Denver, CO 80204 | Filed in County Court<br>City & County of Denver, Colorado<br><br>OCT 19 2011<br><br>MATTHEW M. McCONVILLE<br>CLERK OF COURT |
| Plaintiff: The People of the State of Colorado<br><br>Defendant: **DANIEL YU (DOB: [redacted] 1982)**<br>**W.M, 5'9", 140 lbs, BLACK HAIR, BROWN EYES** | ▲ COURT USE ONLY ▲ |
| | Case Number: 11CR04381<br>Div.: Criminal Ctrm: 4H |

**SUPPORTING AFFIDAVIT FOR ARREST WARRANT**

I, BRAD UYEMURA, of lawful age do swear upon my oath to the facts set forth below and on 1 continuation page:

Your affiant, BRAD UYEMURA, an investigator for the Denver District Attorney's Office, Economic Crime Unit, was assigned to investigate allegations of Attempt To Influence A Public Servant in violation of 18-8-306, C.R.S. and Forgery in violation of 18-5-102(1)(c), C.R.S. by **DANIEL YU** against STATE OF COLORADO 2ND JUDICIAL DISTRICT.

Your affiant has had numerous conversations with and received supporting documentation from Jennifer Durio of the Denver District Court Probation Department. Ms. Durio has related the following information:

Early in 2011, Durio, a Probation Officer for Denver District Court Probation, was assigned to supervise Daniel Yu. Yu was a felony probation client having been previously sentenced on Denver District Court case 2007 CR3207. Among the requirements of that sentence was the repayment of a restitution balance of $126,195.66. When Durio received Yu's case for supervision, he had paid a total of $8,244.35 the preceding four years. Durio also noted that Yu was required to pay at least $350 per month toward restitution. This minimum figure was predicated on Yu's ability to pay based upon Yu's reported employment status and earnings.

In the process of this employment and income verification, Durio became suspicious in early July of 2011 when Yu claimed he was employed by a company known as Avcott Research. Yu had previously indicated he had been employed by General Patent Corporation, a New York based business. On July 11, 2011, in an attempt to verify Yu's claim, Durio looked for a website for Avcott Research and could find none. Durio then checked the Colorado Secretary of State for corporate information on Avcott Research and found no listing. Durio searched the internet again on July 27, 2011 and was able to locate a site for Avcott Research.

As a result, Durio began to extensively question Yu about his employment with Avcott Research. Yu

replied that he was, in fact, working for General Patent again. Durio then became skeptical about all of Yu's recent representations about his income and employment. First Durio located three letters Yu had produced which purported to reflect the hourly wage he was being paid by General Patent Corporation. The letters, which appeared on General Patent letterhead, were dated 9/20/10, 8/5/11 and 8/18/11 and claimed that Yu was being paid between $20 & $25 an hour. Durio then found pay stubs submitted by Yu dated 12/31/10-2/28/11 & 3/18/11-4/1/11. Durio was also provided a copy of General Patent check # 12883 dates 5/23/11 by Yu as proof of income.

Durio then contacted Lee Stein, the assistant to the CEO of General Patent Corporation, on August 26, 2011. Durio provided Stein with photocopies of the aforementioned documents and inquired as to their accuracy. Stein replied that the General Patent letters Yu provided to the probation department were illegitimate as Yu was being paid between $100-$150 an hour as an analyst. Stein also indicated that the billing stubs were a forgery as they were not formatted in the same manner as General Patent used. Further, Stein stated that the check copy Yu had provided Durio had been altered. Stein provided Durio with a copy of the legitimate General Patent check # 12883 which had been written six months earlier than Durio's copy and also reflected a New York address for Yu.

It is Durio's belief that Yu has engaged in these activities in order to mislead her in the course of her duties as Yu's probation officer. Durio stated that if Yu had given accurate information about his financial situation, the minimum monthly restitution payment would have increased proportionately. Durio also believes that the reason Yu submitted the altered paycheck copy is that it indicates a Denver home address for Yu. The actual check reflects a home address for Yu in Staten Island, New York. Yu has not been granted permission by the probation department to reside outside of Colorado.

Based on the foregoing, your affiant respectfully requests that an At Large Warrant be issued for the arrest of **DANIEL YU,** DOB: [redacted]1982 for Attempt To Influence A Public Servant in violation of 18-8-306, C.R.S. and Forgery in violation of 18-5-102(1)(c), C.R.S..

I affirm this information to be true and correct. Brad [signature]
AFFIANT

Subscribed and Sworn to before me this 19th day of October, 2011, at the City and County of Denver, State of Colorado.

My commission expires: 9.2.2012

[signature]
NOTARY PUBLIC
201 West Colfax Ave., Dept. 801
Denver, CO 80202