USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

GRIFOLS, S.A.,

Plaintiff,

-v-

DANIEL YU, et al.,

Defendants.

---------------------------------------------------------------------X

24-cv-576 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

This Order resolves the motion of Defendants Daniel Yu, Gotham City Research LLC, General Industrial Partners LLP, and Cyrus de Weck ("Defendants") to file certain documents under seal. Dkt. No. 249.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is one "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing factors." *Lugosch*, 435 F.3d at 119–20. "[A]ll documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Lugosch*, 435 F.3d at 121. In other words, "[t]he weight will be strongest when the documents will 'directly affect an adjudication' of the

merits and weakest when they will 'play only a negligible role.'" *Pauwels v. Bank of N.Y. Mellon Corp.*, 2025 WL 41199, at *1 (S.D.N.Y. Jan. 7, 2025) (quoting *Lugosch*, 435 F.3d at 121).

Defendants have established compelling circumstances to file limited portions of Exhibit A to Michael Asaro's Declaration in Support of the Stay Motion, Dkt. No. 262, and limited portions of two exhibits to Yu's Declaration in Support of Defendants' Motion to Seal, Dkt. No. 253, under seal. Those portions contain personally identifiable information that would unnecessarily compromise the privacy of Defendants. The motion is granted as to Dkt. Nos. 253 and 262. The motion is otherwise denied. The remaining documents sought to be sealed contain only general information as to which Yu enjoys no privacy interest, and any information for which Yu arguably would be entitled to privacy protection has already been redacted in the sealed filings.

Accordingly, the Clerk of Court is respectfully directed to unseal Dkt. Nos. 251, 255, 257, and 257-1 to 257-23. The Clerk of Court is also respectfully directed to close the motion at Dkt. No. 249.

SO ORDERED.

Dated: October 26, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge