Proskauer Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 27, 2026

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.

**Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Liman:

Grifols respectfully requests that the Court order Defendants to promptly provide to Grifols' outside counsel at Proskauer unredacted copies of the exhibits accompanying Daniel Yu's declaration in support of Defendants' motion to stay discovery (ECF 257). Grifols' current deadline to respond to the motion to stay is November 6, and counsel needs the unredacted exhibits to analyze their contents, investigate Mr. Yu's assertions, and respond to the motion.[1]

There is no order in this case permitting Defendants to redact these exhibits from Grifols. In their motion to seal, Defendants moved the Court for permission to redact PII in documents filed under seal, including in the copies provided to Grifols. *See* ECF 250 at 14. The Court granted Defendants' motion to seal only in part, allowing Defendants to file under seal "limited portions of Exhibit A to Michael Asaro's Declaration" and "limited portions of two exhibits to Yu's Declaration in Support of Defendants' Motion to Seal." ECF 270 at 2. The Court ruled that "[t]he motion is otherwise denied." *Id.* Accordingly, Defendants have received no authorization to apply redactions to the copies of their exhibits that they are required to provide to Grifols.

Mr. Yu's privacy assertions concerning the redacted information are addressed by the parties' agreement to treat that information as Outside Counsel's Eyes Only. Whatever concerns Mr. Yu has about people who have emailed him or written about him on the internet, he has offered no reason to be concerned that providing the redacted information to counsel who has agreed to treat it as Outside Counsel's Eyes Only would cause him any harm.

Conversely, withholding the details of Mr. Yu's filing from Grifols' counsel will prejudice Grifols' ability to respond to the motion to stay discovery. The withheld information is necessary not only to identify witnesses and inform the scope of jurisdictional discovery, but also to assess and challenge Mr. Yu's existing assertions concerning his domicile. Those assertions are central to Defendants' anticipated motion to dismiss and must be addressed now in Grifols' response to Defendants' broader motion to stay discovery, where the likelihood of success on the jurisdictional challenge is a relevant factor. Without the complete exhibits, Grifols cannot meaningfully assess the evidence Defendants have already placed before the Court. ECF 265 at 1–2. For instance, Grifols' counsel should be allowed to review the names, dates, and addresses on documents to test Mr. Yu's story and to investigate other facts that may contradict his story. That analysis and investigation will be materially prejudiced without the redacted information.

[1] The Parties met and conferred about Defendants' improper redactions on October 20, 2026.

Proskauer



Grifols therefore respectfully requests that the Court direct Defendants to immediately provide complete, unredacted copies of Mr. Yu's supporting exhibits to outside counsel, subject to the agreed confidentiality protections.

Grifols further requests that its November 6 deadline to oppose Defendants' motion to stay be extended by at least one week to account for the delay thus far in receiving unredacted copies of the exhibits to the motion to stay.

Respectfully submitted,

*/s/ Peter D. Doyle*