Proskauer Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 28, 2026

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.

**Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Liman:

Grifols opposes Defendants' request to seal Exhibits A through C to Grifols' October 21, 2026 letter (ECF 265) in their entirety. ECF 272.[1] Grifols quoted and cited only a handful of discrete messages in those exhibits because they bear directly on Defendants' reversal of their own position on subject matter jurisdiction—the subject of Defendants' forthcoming motion to dismiss. Grifols takes no position on sealing the uncited remainder. As to the cited messages, however, Defendants have not offered the "specific facts" required to show that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020). Indeed, their motion never addresses those messages.

## I. A Strong Presumption of Access Attaches to the Cited Messages.

Defendants argue the presumption is weak because the exhibits accompanied a non-dispositive stay request that "does not turn on" this information. ECF 272 at 3. Not so. Grifols cited these messages to show that Defendants' jurisdictional challenge is unlikely to succeed, ECF 265 at 1–3, and they bear on the merits of that forthcoming dispositive motion, where a "strong presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *see Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Defendants' own authority found the presumption low only because the material "had no bearing on the Court's decision." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). Here, the cited messages go to whether Defendants' invocation of diversity jurisdiction was truly the product of an "incomplete investigation by counsel." ECF 256 at 8–9:

- **Exhibit A (GCR_0060400):** A contemporaneous message, sent shortly after publication of the Gotham Report, concerning Defendants' preparations for litigation in the United States—evidence of where Defendants expected to face suit. Defendants' declaration describes this page only as reflecting expense allocation, ECF 273 ¶ 3, and ignores the cited message. Defendants have not articulated any basis to redact this message.

- **Exhibit B (GCR_0059885):** Mr. Yu's contemporaneous views about the prospect of being sued in the United States. Defendants call this "litigation and public-communications strategy," ECF 272 at 2, but a principal's musings about a lawsuit are not proprietary business information, and Defendants claim no privilege over them.

[1] Grifols does not oppose the limited redactions Defendants requested for Exhibit G.

- **Exhibit C (GCR_0060420, GCR_0060422):** Contemporaneous discussions, days before Grifols filed suit, concerning the consequences of prior litigation involving Mr. Yu and where future litigation would occur. Defendants describe these pages only as reflecting business relationships, research ideas, and personal travel, ECF 272 at 2; ECF 273 ¶ 5—none of which describes the cited messages.

## II. Defendants Offer No Particularized Basis to Seal the Cited Messages.

Defendants instead seek to seal entire message threads based on generic categories—"research strategy and theses, confidential relationships, internal financial arrangements, unpublished investment ideas, and personal details." ECF 272 at 1. None describes the cited messages, which concern litigation, not research methodology or trading. Such "conclusory assertion[s]" cannot justify sealing, *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 170 (S.D.N.Y. 2018), and leave the presumption against sealing "essentially unopposed." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 257 (S.D.N.Y. 2022). Defendants' cases—*Telegram*, *Dodona*, and *Farsura*—protected private investment decisions and strategies that competitors could exploit, ECF 272 at 2–3, which Grifols does not, at least at this stage of the litigation, in the context of the underlying interim motion to stay, seek to unseal. The cited messages would not let anyone "anticipate and trade against" Defendants' research, *id.* at 2; they are detrimental to Defendants' litigation position, but that does not warrant sealing. *See Bernsten*, 307 F. Supp. 3d at 169. Nor does a "Confidential" designation suffice; the Confidentiality Order "does not create entitlement to file confidential information under seal." ECF 104 at 1; *see Delta Air Lines*, 462 F. Supp. 3d at 359.

## III. Wholesale Sealing Is Not Narrowly Tailored.

Sealing every page of three threads to protect discrete passages is not narrowly tailored. Defendants know how to tailor a request: for Exhibit G, they seek to redact only Mr. Yu's month and day of birth, and their phone-number authority supports redaction, not wholesale sealing. ECF 272 at 3. Grifols does not oppose targeted redactions of phone numbers, genuinely personal information, or, for purposes of this motion, the uncited portions of the exhibits. Defendants have not explained why such redactions would be inadequate.

Grifols therefore respectfully requests that the Court deny Defendants' request to seal Exhibits A through C in their entirety, and permit Grifols to file public versions of those exhibits that redact their contents, except for the messages in those exhibits that are quoted and cited in ECF 265.

Respectfully submitted,

*/s/ Peter D. Doyle*