Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T +1 202.887.4000
F +1 202.887.4288
akingump.com

Akin

**Uri Itkin**
+1 212.872.1027
uitkin@akingump.com

October 29, 2026

Via ECF
Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15C
New York, NY 10007-1312

Re: ***Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Liman:

We write for Defendants in response to Grifols' October 27, 2026 letter (ECF 271). Grifols seeks (i) a blanket order compelling Defendants to disclose sensitive personally identifiable information ("PII"), including the names and addresses of minor children and other family members, and (ii) an open-ended extension of "at least one week" of Grifols' November 6 deadline to respond to Defendants' stay motion (ECF 257) ("Stay Motion") so Grifols can "analyze" this information and "investigate [Defendant Daniel Yu's domicile] assertions." ECF 271 at pp. 1-2. Respectfully, both requests should be denied.

Grifols is not entitled to a blanket order compelling Defendants to disclose sensitive PII. The PII includes (a) the names and addresses of Mr. Yu and his family members, including minor children and their schools; (b) the names and addresses of other third-parties, such as Mr. Yu's landlords and accountant; and (c) and other sensitive information like passport and social security numbers, as well as other personal account numbers. Redactions of such PII are proper. *See* Fed. R. Civ. Pro. Rule 5.2(a) (authorizing redactions of "minor"-related information and certain account numbers); *see also Greer v. Carlson*, 2020 WL 6064167, at *6-7 (S.D.N.Y. Oct. 14, 2020) (holding in the context of jurisdictional discovery that defendants were "entitled to redact from the documents they produce personally identifiable information, as well as other non-relevant information of a personal or sensitive nature."); *SPV-LS, LLC v. Bergman*, 2019 WL 2257244, at *9 (E.D.N.Y. Jan. 14, 2019) (permitting redactions of "social security numbers, dates of birth, street addresses, bank account numbers and balances" from jurisdictional discovery documents), *report and recommendation adopted*, 2019 WL 1552914 (E.D.N.Y. Apr. 10, 2019).

The Court did not rule otherwise in its October 26, 2026 Order. On the contrary, the Court recognized that "Yu arguably would be entitled to privacy protection" of the redacted information. ECF 270 at p. 2. As proposed in their motion to seal (ECF 249 at p. 15), Defendants repeatedly offered to discuss individual PII redactions with Grifols, but Grifols declined and filed this letter. That does not satisfy due process, and notably, Grifols' letter fails to show a genuine need for the redacted information with any specificity.

Grifols' general assertions do not justify issuing the blanket order that Grifols seeks. As an initial matter, the only pending motion now is the Stay Motion, where the standard is different from a motion to dismiss. Grifols indeed concedes that it wants the redacted information "to identify witnesses and inform the scope of jurisdictional discovery" and to "challenge Mr. Yu's existing assertions concerning his domicile"—which are "central to Defendants' anticipated motion to dismiss." ECF 271 at p. 1. That does not warrant indiscriminately un-redacting Defendants' PII to respond to the Stay Motion.

Moreover, it is far from certain that Grifols is even entitled to the redacted PII in the course of jurisdictional discovery. As the party invoking the Court's federal jurisdiction, Grifols bears the initial "burden" of establishing diversity. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 324 (2d Cir. 2001). But Grifols' diversity allegations fall short. The only allegations it mustered are conclusory statements that "upon information and belief, [Mr. Yu] resides in Manhattan, New York" and that Mr. "Yu is a resident of and domiciled in the State of New York." ECF 1 ¶¶ 48, 55; ECF 50, ¶¶ 54, 61. Presumably, Grifols had a basis for those allegations, and it will describe that basis in its opposition to the Stay Motion. But Grifols' conclusory allegations alone do not open the door for Grifols to embark on "a fishing expedition for jurisdictional facts," *901 Props., LLC v. Bernstein-Burkley, P.C.*, 2026 WL 1283532, at *7 (S.D.N.Y. May 11, 2026) (quoting *Greer*, 2020 WL 6064167, at *5), let alone to unredact sensitive PII to respond to the Stay Motion.

Nor is Grifols entitled to an open-ended extension of its Stay Motion opposition deadline. Defendants have already given Grifols the professional courtesy of agreeing to extend its opposition deadline by four days, but the relief Grifols seeks here is not just a few extra days. Rather, Grifols wants an open-ended extension of "at least one week" to "analyze the[] contents" of Defendants' PII and "investigate Mr. Yu's [domicile] assertions." ECF 271 at pp. 1-2. In other words, Grifols is apparently contemplating jurisdictional discovery to respond to the Stay Motion. That would amount to an indefinite stay of the Stay Motion, and that is not what this Court discussed with the parties and ultimately ordered. ECF 244.

In sum, Grifols should respond to the Stay Motion on November 6, as the Court ordered. ECF 247 at p. 2. And to the extent that Grifols has a genuine need for any specific redacted PII, it should describe that need with particularity so that Defendants can appropriately consider the request. Defendants thus respectfully submit that the Court should deny both of Grifols' requests.

Respectfully submitted,

*/s/ Uri A. Itkin*

Uri Itkin

cc: All Counsel of Record