Proskauer Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 29, 2026

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.

**Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Liman:

Defendants' response (ECF 275) mischaracterizes both the relief Grifols seeks and the Court's October 26 Order (ECF 270).

First, Grifols does not seek a "blanket order" compelling disclosure of Mr. Yu's sensitive information. Nor does it seek disclosure of Mr. Yu's minor child's name. *See, e.g.*, ECF 266 at 1.[1] Rather, Grifols seeks to allow its outside counsel to investigate the complete documents Mr. Yu has put at issue, subject to the agreed Outside Counsel's Eyes Only protections. This is not a request to conduct jurisdictional discovery before opposing the stay motion. Defendants themselves submitted these documents in support of their motion to stay. Grifols will suffer prejudice if it cannot fully investigate and challenge that evidence. The redacted names, dates, and addresses may be critical to that inquiry, particularly given Mr. Yu's previous attempts to mislead others about his employment and whereabouts. *See* ECF 266, Ex. G. Defendants cannot rely on these documents while withholding the information needed to test their credibility. Nor have Defendants identified any risk of misuse or prejudice from disclosing that information to Grifols' outside counsel under the agreed confidentiality protections.

Second, the Court's Order does not support Defendants' position. Defendants selectively quote the Court's observation concerning documents filed with the Court. Federal Rule of Civil Procedure 5.2 governs documents filed with the Court—not documents produced to opposing counsel. ECF 270 at 2. Defendants specifically asked to redact information even from the copies provided to Grifols, ECF 250 at 14–15, and the Court held that their motion was "otherwise denied." ECF 270 at 2.

Finally, Grifols' requested extension is not open-ended. It is a definite extension, measured by the number of days Defendants take to provide the complete exhibits. ECF 271. To the extent Defendants want greater certainty, Grifols will file its opposition within five days of receiving the unredacted exhibits, should the Court grant Grifols' requested relief.

Respectfully submitted,

*/s/ Peter D. Doyle*

[1] Grifols will provide the parties' additional correspondence on this issue should the Court wish to review.