Proskauer Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

November 12, 2026

Peter D. Doyle
Member of the Firm
d +1.212.969.3688
f 212.969.2900
pdoyle@proskauer.com
www.proskauer.com

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.

**Re: *Grifols, S.A. v. Yu, et al.*, No. 1:24-cv-00576-LJL-GWG**

Dear Judge Liman:

Pursuant to Paragraph 4.b of Attachment A to Your Honor's Individual Practices in Civil Cases and Paragraph 13 of the Agreed Confidentiality Order entered in this action (ECF 104), Grifols respectfully requests leave to file under seal (i) portions of Grifols' brief, dated November 12, 2026, opposing Defendants' motion to stay discovery, ECF 256; (ii) portions of the Declaration of William T. Walsh in support of the same; and (iii) Exhibits 2, 9, 17, 18, 29, 37 and portions of exhibits submitted in support of the same; (collectively, the "Confidential Materials").

Portions of the Confidential Materials quote from, cite, or include documents that Defendants produced in discovery and designated "Outside Counsels' Eyes Only" or "Confidential" under Paragraph 2 of the Agreed Confidentiality Order, or reflect the contents of those Defendant-designated documents (bearing Bates numbers in the GCR_ series).[1] Because the Agreed Confidentiality Order restricts the disclosure of Confidential Discovery Material, Grifols submits this motion to comply with that Order and to avoid the public disclosure of materials that Defendants have designated as "Outside Counsels' Eyes Only" or "Confidential."

Grifols does not itself contend that those portions of the Confidential Materials associated with Defendants' designation of "Confidential" warrant sealing, and it submits this motion solely to honor its obligations as to Defendants' designations. As the Agreed Confidentiality Order expressly acknowledges, it "does not create entitlement to file confidential information under seal," and "there is no presumption that Confidential Discovery Material will be filed with the Court under seal," and the parties "will use their best efforts to minimize such sealing." Furthermore, because the Confidential Materials are Defendants' documents and reflect Defendants' designations, the burden of establishing that sealing is warranted, and of overcoming the presumption of public access, rests with Defendants as the designating party. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20, 124 (2d Cir. 2006); *Annunziato v. Collecto,*

[1] Grifols does not concede that Defendants' "Confidential" designations over these documents are proper, and Grifols reserves all rights with respect to those designations. To the contrary, Grifols disputes that the materials satisfy the standards for confidential treatment under Paragraph 2 of the Agreed Confidentiality Order, and is presently engaged in the process of challenging Defendants' designations in accordance with Paragraph 8 of that Order. Unless and until those designations are withdrawn or overruled, however, the documents remain designated "Confidential," and Grifols is therefore seeking to file them under seal solely to honor its obligations under the Agreed Confidentiality Order. Grifols' compliance here is without prejudice to, and expressly preserves, its pending and future challenges to the confidentiality of these materials.

*Inc*., 207 F. Supp. 3d 249, 268 (E.D.N.Y. 2016) (a "party seeking to maintain judicial documents under seal bears the burden"). Grifols respectfully defers to Defendants to make that showing and stands ready to file the materials publicly, in whole or in part, should the Court so direct or should Defendants withdraw or narrow their designations.

Consistent with Paragraph 15 of the Agreed Confidentiality Order and the parties' obligation to minimize sealing, Grifols is contemporaneously filing a publicly available, redacted version of the Brief that redacts only the Confidential Discovery Material itself. Grifols is filing the unredacted Letter Brief and Exhibits A through G under seal, with unredacted copies provided to the Court and to all counsel.

Counsel for Defendants, as the designating party, have been served with this motion and the sealed materials via ECF and email contemporaneously with this filing and may be heard regarding the appropriate treatment of the Confidential Materials.

* * *

For the foregoing reasons, Grifols respectfully requests that the Court grant leave to file the Confidential Materials under seal, without prejudice to Defendants' obligation to justify continued sealing under the governing standard.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Peter D. Doyle*